RANJANA NATARAJAN, SBN 230149
PETER BIBRING, SBN 223981
MARK ROSENBAUM, SBN 59940
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026
Telephone: (213) 977-9500 x236
Facsimile: (213) 250-3980
rnatarajan@aclu-sc.org
pbibring@aclu-sc.org

TASNEEM DOHADWALA, SBN 218067
JEREMY ROSS, SBN 244529
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5627
Facsimile: (213) 621-5627
tdohadwa@probonolaw.com
jeross@probonolaw.com

Attorneys for Plaintiffs

JEFFREY S. BUCHHOLTZ
Acting Assistant Attorney General
ELIZABETH J. SHAPIRO
MARCIA K. SOWLES, D.C. Bar No. 369455
Department of Justice, Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20530
Telephone: (202) 514-4960
Facsimile: (202) 514-8470
marcia.sowles@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA et al., ) ) ) | |
| Plaintiffs, ) ) | No.: SACV07-1088 CJC (ANx) |
| v. ) ) | JOINT REPORT PURSUANT TO |
| FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE ) ) ) ) ) | RULE 26(f) AND LOCAL RULE 26-1 |
| Defendants. ) | |

1         Plaintiffs Islamic Shura Council of Southern California, Council on American

2    Islamic Relations - California, Islamic Center of San Gabriel Valley, Islamic Center

3    of Hawthorne, West Coast Islamic Center, Human Assistance and Development

4    International, Inc., Muzammil Siddiqi, Shakeel Syed, Hussam Ayloush, Mohammed

5    Abdul Aleem, and Rafe Husain, and defendants United States Department of Justice

6    and Federal Bureau of Investigation, by and through their attorneys of record, hereby

7    propound a Joint Report on the Conference of the Parties as required by Federal Rule

8    of Civil Procedure 26(f) and Central District Local Rule 26-1. Counsel had a

9    telephone conference to discuss the case on December 14, 2007, and February 1,

10    2008.

11    <u>Fed. R. Civ. P. 26(f)</u>

12    1.    <u>Claims and Defenses</u>:  This is an action brought by plaintiffs pursuant to the

13         Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, <u>et seq.</u>, alleging that

14         defendants are obligated to search for, process, and release certain documents

15         to them in response to plaintiffs' FOIA request of May 15, 2006.  The case

16         presents the following issues:

17         a.    Did plaintiffs Council on American Islamic Relations - California and

18              Hussam Ayloush fail to exhaust their administrative remedies?

19         b.    Did defendants conduct an adequate search for responsive documents?

20         c.    Did defendants properly withhold documents or portions of documents

21              pursuant to one or more of the exemptions asserted withheld by

22              defendants under exemptions 1, 2, 6 or 7(C)?

23         d.    Did defendants violate the FOIA by failing to respond in a timely

24              fashion and by failing to expedite plaintiffs' request?

25    2.    <u>Discovery</u>

26         a.    <u>Plaintiffs' Position</u>:  Plaintiffs intend to seek only limited discovery in

27

28

order to test the sufficiency of defendants' anticipated Vaughn[1] index and defendants' declaration setting forth the factual basis of their search for documents responsive to plaintiffs' FOIA request. Plaintiffs expect discovery to consist of a deposition pursuant to Fed. R. Civ. P. 30(b)(6) on the way in which responsive documents would be generated and stored by defendants, and should defendants' Vaughn index indicate documents have been withheld, on the nature of documents withheld and the basis of their withholding. Plaintiffs may seek answers to limited, narrowly focused interrogatories in order to frame the deposition.  Plaintiffs believe the limited, narrowly focused discovery they intend to seek, should they deem it necessary after evaluating defendants' motion for summary judgment and supporting declaration/Vaughn index, is within the purview of a FOIA case.  It is within this Court's discretion to allow discovery as it sees fit in the interests of a fair and efficient resolution to this matter.[2]

   b.    Defendants' Position:  Defendants disagree with plaintiffs' suggestion that discovery is appropriate in this matter. Actions brought under the FOIA are usually resolved by motion for summary judgment without necessity of any discovery.[3]  Accordingly, the next step after completion

---

[1] The index of withheld documents is often referred to as a Vaughn index. See Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

[2] Renegotiation Bd. v. Grumman Aircraft Engineering Corp., 421 U.S. 168, 181 (1975) (noting that district court permitted deposition of agency chairman); Tax Analysts v. Internal Revenue Service, 214 F.3d 179, 184-85 (D.C. Cir. 2000) (remanding FOIA action for further discovery); Church of Scientology v. Internal Revenue Service, 991 F.2d 560, 563 (9th Cir. 1993) vacated in part on other grounds in 30 F.3d 101 (1994) (district court abused discretion in barring discovery by FOIA plaintiffs).

[3] "[D]iscovery relating to the agency's search and the exemption it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face."  Carney v. U.S. Dept. of Justice, 19 F.3d 807, 812 (2d Cir. 1994).  Accord Citizens Commission on Human Rights v. Food and Drug

3

*(cont'd)*

of the search and the production of any additional non-exempt responsive documents would be for the defendants to submit a motion for summary judgment supported by a declaration providing the factual basis for the search conducted by the FBI and any exemptions claimed. After reviewing the motion for summary judgment and supporting declarations, if plaintiffs still believe that there are issues on which discovery is required, plaintiffs will have the opportunity to file a motion under Fed. R. Civ. P. 56(f), and defendants reserve their right to object to any discovery.

c.    Discovery Cut-Off Date:  Plaintiffs intend to seek only limited discovery in this matter and should be able to complete discovery within 45 days after examining defendants' anticipated declaration setting forth the factual basis for the FBI's search and their Vaughn index. Defendants object to discovery and propose that no discovery cut-off date be incorporated.

3.    Disclosures Under Fed. R. Civ. P. 26(a)(1)

a.    Fed. R. Civ. P. 26(a)(1)(A) and (B) – Witnesses and Documents

(1)    Plaintiffs' position:  Plaintiffs' position is that this case is subject to Rule 26(a)(1), that plaintiffs have no witnesses or documents to disclose, and that defendants should make disclosures under Rule 26(a)(1).

(2)    Defendants' position:  As explained in paragraph 2b above, defendants believe that discovery is not appropriate in this FOIA case and, therefore, exchange of witness lists is not necessary or

---

*(cont'd from previous page)*
Administration, 45 F.3d 1325, 1329 (9th Cir. 1995) (affirming district court's grant of summary judgment and denial of plaintiffs' request for discovery); Zemansky v. United States Environmental Protection Agency, 767 F.3d 569, 573 (9th Cir. 1985) (summary judgment appropriate where the agency's affidavit describes the search procedure).

1    appropriate because there is no "individual likely to have
2    discoverable information." Fed. R. Civ. P. 26(a)(1).[4] In regard to
3    documents, defendants will provide plaintiffs with all
4    correspondence between the plaintiffs and defendants concerning
5    their requests. However, it is believed the documents are mostly
6    duplicative of those referenced in the Complaint.

7    b.    Fed. R. Civ. P. 26(a)(1)(C) – Damages:  An award of damages is not
8          available under FOIA, and plaintiffs have not sought such an award in
9          their complaint.

10   c.    Fed. R. Civ. P. 26(a)(1)(D) – Insurance Coverage:  The question of
11         insurance coverage is not relevant in this case.

12                        Local Rule 26-1

13   1.   Complex Cases:  The parties do not believe that this case will require the use
14        of any the procedures outlined in the Manual of Complex Litigation.

15   2.   Motion Schedule:  The parties agree that the claims may be resolved by
16        motions for summary judgment. In response to plaintiffs' concerns about the
17        adequacy of the search, defendant FBI is currently conducting a further search
18        of its files to determine whether there are any additional documents responsive
19        to plaintiffs' FOIA request. This search includes a review for any "cross-
20        references" to plaintiffs. The parties propose the following schedule:[5]

21   a.    Defendants will file their motion for summary judgment together with
22         supporting declaration by March 17, 2008.

23

24   _____

25   [4] Indeed, in the United States District Court for the District of Columbia,
     where most FOIA cases are filed, actions filed under FOIA are exempt from Fed. R.
26   Civ. P. 26(a)(1). See Local Rule 26.2(a)(9) of the Local Rules for the United States
     District Court for the District of Columbia.

27   [5] In the event plaintiffs decide to seek limited discovery, as they have reserved
28   the right to do, any dates agreed to for summary judgment briefing are subject to
     change.

                                5

1     b.    Plaintiffs will file their opposition to defendants' motion and any cross-

2          motion for summary judgment by May 16, 2008.

3     c.    Defendants will file their reply in support of their motion for summary

4          judgment and opposition to any cross-motion for summary judgment by

5          June 27, 2008.

6     d.    Plaintiffs will file their reply in support of their cross-motion for

7          summary judgment by August 8, 2008.

8  3.    <u>Settlement</u>:  The parties agree that the likelihood of settlement cannot be

9     assessed until after defendants complete their search.

10  4.    <u>Trial Estimate</u>:  The parties do not anticipate that there will be a need for a

11     trial on this matter.

12  5.    <u>Additional Parties</u>:  Plaintiffs do not anticipate the filing of any such motions.

13  6.    <u>Expert Witnesses</u>:  The parties do not anticipate the need for expert witnesses

14     in this case.

15                    Respectfully submitted,

16

17                    RANJANA NATARAJAN, SBN 230149

18                    PETER BIBRING, SBN 223981
                        MARK ROSENBAUM, SBN 59940

19                    ACLU Foundation of Southern California
                        1616 Beverly Boulevard

20                    Los Angeles, CA  90026
                        Tel: (213) 977-9500 x236

21                    Fax: (213) 250-3980

22

23                    TASNEEM DOHADWALA, SBN 218067

24                    JEREMY ROSS, SBN 244529
                        300 South Grand Avenue

25                    34th Floor
                        Los Angeles, CA 90071-3144

26                    Tel: (213) 687-5000
                        Fax: (213) 621-5687

27                    Attorneys for Plaintiffs

28

1

2

3    ELIZABETH SHAPIRO
     Assistant Director, Federal Programs Branch

4

5    MARCIA K. SOWLES, D.C. Bar No. 396455
     U.S. Department of Justice
6    Civil Division, Federal Programs Branch
     20 Massachusetts Ave., N.W. Room 7114
7    Washington, D.C. 20530
     Tel: (202) 514-4960
8    Fax: (202) 616-8470

9    Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

494485-Los Angeles Server 1A - MSW