law enforcement investigations. They could therefore become targets of harassing inquiries for

unauthorized access to information relative to numerous investigations if their identities were

released. These individuals maintain substantial privacy interests in not having their identities

disclosed.

(70)     The FBI next balanced the privacy interests of the FBI support employees against

the public interest in disclosure. Disclosure of the names and related identifying information of

FBI support employees in the documents at issue would not shed light on the performance of the

FBI's statutory duties. Accordingly, after balancing the competing interests, the FBI concluded

that no public interest would be served by disclosing the identities of these FBI support

employees to the general public. The disclosure of the names and related identifying information

of the FBI support personnel would constitute a clearly unwarranted invasion of their personal

privacy; and therefore, the FBI has properly asserted Exemption (b)(6).

### Names and Identifying Information of Local Law Enforcement Personnel

(71)     Exemption (b)(6) has been asserted to protect the names and identifying

information (such as job titles, phone numbers, and addresses) of local law enforcement

employees. These local law enforcement employees are members of the Los Angeles Sheriff's

Department. These employees were acting in their official capacity. The rationale for protecting

the identities of FBI Special Agents and support personnel explained above also pertains to

withholding the names and identifying information of these local law enforcement employees.

To release the identities of these law enforcement employees could subject them to unnecessary,

unwarranted harassment.

(72)     The FBI examined the information at issue to determine whether there was any

public interest that outweighed the substantial privacy interests of the local law enforcement employees referenced in the responsive records. The FBI could not identify any discernible public interest. In particular, the FBI determined that disclosure of the names of these local law enforcement employees would shed no light on the internal operations and activities of the FBI. Thus, the FBI determined that the local law enforcement employees' privacy interests outweighed any public interest in disclosure, and that disclosure of the names and/or identifying information of these employees would constitute a clearly unwarranted invasion of privacy. Accordingly, the FBI has properly withheld this information pursuant to Exemption (b)(6).

Names and/or Identifying Information of Third Parties
Who Provided Information to the **FBI**

(73)    Exemption (b)(6) has been asserted to protect the names and identifying information (such as addresses, phone numbers, and social security numbers) of third parties who provided information to the FBI. Disclosure of the identities of these third parties would have a detrimental effect on the current and future cooperation of other individuals willing to provide information to the FBI inasmuch as they would have little or no faith in the FBI's ability to maintain their information in confidence. Thus, their names and any specific information provided by these third parties which could ultimately identify them has been protected.

(74)    The FBI examined the records at issue to determine whether there is any public interest that outweighed the substantial privacy interests of the individuals who provided information to the FBI referenced in the responsive records. The FBI could not identify any discernible public interest. In particular, the FBI determined that disclosure of the names of these individuals would shed no light on the internal operations and activities of the FBI. Thus, the

-32-

FBI determined that the privacy interest of those individuals who provided information to the
FBI  outweighed any public interest in disclosure, and that disclosure of the names and/or
identifying information of these individuals would constitute a clearly unwarranted invasion of
privacy.  Accordingly, the FBI has properly withheld this information pursuant to Exemption
(b)(6).

Names **and/or Identifying Information
of Third Parties  Merely Mentioned**

(75)    Exemption (b)(6) has been asserted  to protect the names and identifying
information of third parties that were merely mentioned in the documents responsive to
plaintiffs requests.  These individuals are not of investigative interest to the FBI.  Release of this
type of information about private citizens, without notarized authorizations permitting such a
release violates individuals legitimate privacy interests. If the FBI disclosed their names and/or
other personal information, the disclosure would reveal that these third parties were at one time
connected with an FBI investigation in some way.  Disclosure of their identities could subject
these individuals to possible harassment or criticism and focus derogatory inferences and
suspicion on them.

(76)    The FBI also examined the records at issue to determine whether there was any
public interest that outweighed the substantial privacy interests of the third parties merely
mentioned in the responsive records.  The FBI could not identify any discernible public interest.
In particular, the FBI could not determine how the disclosure of the names, and/or identifying
information of these individuals would shed any light on the operations and activities of the FBI.
Thus, the FBI determined that  these individuals' privacy interests outweighed any public interest

in disclosure, and that disclosure of the names and/or identifying information of the third parties

merely mentioned would constitute a clearly unwarranted invasion of privacy. Accordingly, the

FBI has properly withheld this information pursuant to Exemption (b)(6).

### Names of Non-FBI Federal Law Enforcement Employees

(77)    Exemption (b)(6) has been asserted  to protect the names of  non-FBI federal law

enforcement employees cited  in the records responsive to plaintiffs requests.  Accordingly, the

rationale for protecting FBI Special Agents and support personnel mentioned above also pertains

to withholding the names of these non-FBI federal law enforcement employees.

(78)    The FBI also examined the records at issue to determine whether there was any

public interest that outweighed the privacy interests of the non-FBI federal law enforcement

employees referenced in the responsive records.  The FBI could not identify any discernible

public interest.  In particular, the FBI could not determine how the disclosure of the names of

these individuals would shed any light on the operations and activities of the FBI.  Thus, the FBI

determined that the non-FBI federal law enforcement employees' privacy interest outweighed

any public interest in disclosure, and that disclosure of the names of these employees in these

specific contexts would constitute a clearly unwarranted invasion of privacy. There is no public

interest to be served in releasing the identity of these individuals.  Accordingly, the FBI has

properly withheld this information pursuant to Exemption (b)(6).

### EXEMPTION 7

### EXEMPTION 7 THRESHOLD

(79)    Exemption 7 of the FOIA protects from mandatory disclosure records or

information compiled for law enforcement purposes, but only to the extent that disclosure could

reasonably be expected to cause one of the harms enumerated in the subpart of the exemption.
See 5 U.S.C. § 552 (b)(7).  In this case, the harm that could reasonably be expected to result from
disclosure concerns invasion of personal privacy, revealing the identity of confidential sources,
and the disclosure of techniques and procedures.

(80)     Before an agency can invoke any of the harms enumerated in Exemption 7, it
must first demonstrate that the records or information at issue were compiled for law
enforcement purposes.  Law enforcement agencies such as the FBI must demonstrate that the
records at issue are related to the enforcement of federal laws and that the enforcement activity is
within the law enforcement duty of that agency. In the records responsive to plaintiffs' joint
request, documents relate to various criminal and national security investigations.  The FBI has
jurisdiction over this first type of law enforcement investigation pursuant to 18 U.S.C.§ 1030,
and others.  Thus, these investigations fall within the law enforcement duties of the FBI.
Accordingly, the information readily meets the threshold requirement of Exemption 7.

(81)     Because the records clearly meet the Exemption 7 threshold, the remaining inquiry
is whether its disclosure "could reasonably be expected to constitute an unwarranted invasion of
personal privacy,"  "disclose the identity of confidential sources," or "reveal sensitive law
enforcement techniques."

**EXEMPTION  *(b)(1)(C)*
UNWARRANTED INVASION OF PERSONAL PRIVACY**

(82)     5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only to the
> extent that the production of such law enforcement records or information . . .
> could reasonably be expected to constitute an unwarranted invasion of personal
> privacy.

(83)    When withholding information pursuant to this exemption, the FBI is required to balance the privacy interests of the individuals mentioned in the documents against any public interest in disclosure.  In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name or identifying data appears in these records.  The public interest in disclosure of the information is determined by whether the information in question would inform plaintiffs or the general public about the FBI's performance of its mission to enforce federal criminal and national security statutes and/or how the FBI actually conducts its internal operations and investigations.  In each instance where (b)(7)(C) information was withheld, it was determined that individual privacy interests outweighed any public interest in disclosure.  To reveal the names or identifying data of third party individuals in the context of these records could reasonably be expected to cause embarrassment and humiliation, and thus constitute an unwarranted invasion of personal privacy. Every effort has been made to release all reasonably segregable information contained in these records without invading the privacy interests of third parties. As explained below, there is no legitimate public interest in the information withheld pursuant to Exemption (b)(7)(C).

## Names and/or Identifying Information of FBI Special Agents and Support Personnel

(84)    Exemption (b)(7)(C) has been asserted to protect the names, business telephone numbers/extensions and facsimile numbers of FBI SAs who were responsible for conducting, supervising, and/or maintaining the investigative activities reported in the documents responsive to plaintiffs request.  Publicity (adverse or otherwise) regarding any particular investigation they have been assigned may seriously prejudice their effectiveness in conducting other

investigations.  The privacy consideration is also used to protect FBI SAs from unnecessary,

unofficial questioning as to the course of an investigation, whether or not they are currently

employed by the FBI.  FBI SAs conduct official inquiries into violations of various criminal

statutes and national security cases.  They come into contact with all strata of society, conducting

searches and making arrests, both of which result in reasonable but nonetheless serious

disturbances to people and their lives.  It is possible for an individual targeted by such law

enforcement actions to carry a grudge which may last for years, and to seek revenge on the agents

and other federal employees involved in a particular investigation. The publicity associated with

the release of an agent's identity in connection with a particular investigation could trigger

hostility toward a particular agent. Accordingly, SAs maintain a substantial privacy interest in not

having their identities disclosed.

(85)    The FBI next examined the records at issue to determine whether there was any

public interest that outweighed the substantial privacy interest of the FBI SAs referenced in the

responsive records.  The FBI could not identify any discernible public interest.  In particular, the

FBI could not determine how the disclosure of the names and identifying information of these

FBI SAs would shed any light on the operations and activities of the FBI.  Thus, the FBI

determined that the SAs' privacy interests outweighed any public interest in disclosure, and that

disclosure of the names and identifying information of the FBI SAs could constitute an

unwarranted invasion of their personal privacy.

(86)    The names of and/or identifying data of FBI support personnel are also withheld

pursuant to Exemption (b)(7)(C).  Support personnel are assigned to handle tasks relating to

official investigations.  These individuals are in positions to have access to information regarding

official law enforcement investigations. They could therefore become targets of harassing inquiries for unauthorized access to information relative to numerous investigations if their identities were released. These individuals maintain substantial privacy interests in not having their identities disclosed.

(87)    The FBI next balanced the privacy interests of the FBI support employees against the public interest in disclosure. Disclosure of the names and related identifying information of FBI support employees in the documents at issue would not shed light on the performance of the FBI's statutory duties. Accordingly, after balancing the competing interests, the FBI concluded that no public interest would be served by disclosing the identities of these FBI support employees to the general public. The disclosure of the names and related identifying information of the FBI support personnel could constitute an unwarranted invasion of their personal privacy; and therefore, the FBI has properly asserted Exemption (b)(7)(C) to withhold this information.

## Names and/or Identifying Information
## of Local Law Enforcement Personnel

(88)    Exemption (b)(7)(C) has been asserted to protect the names and identifying information such as job titles, phone numbers, and addresses of local law enforcement employees. These local law enforcement employees are members of the Los Angeles Sheriff's Department. These employees were acting in their official capacity. The rationale for protecting the identities of FBI Special Agents and support personnel explained above also pertains to withholding the names and identifying information of these local law enforcement employees. To release the identities of these law enforcement employees could subject them to unnecessary, unwarranted harassment.

(89)   The FBI examined the records at issue to determine whether there was any public interest that outweighed the substantial privacy interests of the local law enforcement employees referenced in the responsive records.  The FBI could not identify any discernible public interest. In particular, the FBI determined that disclosure of the names of these local law enforcement employees would shed no light on the internal operations and activities of the FBI. Thus, the FBI determined that the local law enforcement employees' privacy interests outweighed any public interest in disclosure, and that disclosure of the names and/or identifying information of these employees could constitute an unwarranted invasion of privacy.  There is no legitimate public interest to be served in releasing the names and/or identifying information of these local law enforcement employees. Accordingly, the FBI has properly withheld this information pursuant to Exemption (b)(7)(C).

## Names **and/or Identifying Information of Third Parties Who Provided information to the FBI**

(90)   Exemption (b)(7)(C) has been asserted  to protect the names and identifying information (such as addresses, phone numbers, and social security numbers) of third parties who provided information to the FBI. Disclosure of the identities of these third parties would have a detrimental effect on the current and future cooperation of other individuals willing to provide information to the FBI inasmuch as they would have little or no faith in the FBI's ability to maintain their information in confidence.  Thus, their names and any specific information provided by these third parties which could ultimately identify them has been protected.

(91)   The FBI examined the records at issue to determine whether there was any public interest that outweighed the substantial privacy interests of the individuals who provided

information to the FBI referenced in the responsive records. The FBI could not identify any

discernible public interest. In particular, the FBI determined that disclosure of the names of these

individuals would shed no light on the internal operations and activities of the FBI. Thus, the

FBI determined that the individuals who provided information to the FBI privacy interests

outweighed any public interest in disclosure, and that disclosure of the names and/or identifying

information of these individuals could constitute an unwarranted invasion of privacy. There is no

legitimate public interest to be served in releasing the names and/or identifying information of

these individuals. Accordingly, the FBI has properly withheld this information pursuant to

Exemption (b)(7)(C).

**Names and/or Identifying Information of
Third Parties Merely Mentioned**

(92)    Exemption (b)(7)(C) has been asserted to protect the names and identifying

information of third parties which were merely mentioned in the documents responsive to

plaintiffs requests. Identifying information concerning these individuals includes their complete

physical descriptions, addresses, dates of birth, and social security account numbers. These

individuals are not of investigative interest to the FBI. To release this type of information about

private citizens without notarized authorizations permitting such release violates the individual's

legitimate privacy interests. If the FBI disclosed their names and other personal information, the

disclosure would reveal that these third parties were at one time connected with an FBI

investigation in some way. Disclosure of their identities could subject these individuals to

possible harassment or criticism and focus derogatory inferences and suspicion on them.

(93)    The FBI also examined the records at issue to determine whether there was any

public interest that outweighed the substantial privacy interests of the third parties merely

mentioned in the responsive records.  The FBI could not identify any discernible public interest.

In particular, the FBI could not determine how the disclosure of the names, and/or identifying

information of these individuals would shed any light on the operations and activities of the FBI.

Thus, the FBI determined that these individuals' privacy interests outweighed any public interest

in disclosure, and that disclosure of the names and/or identifying information of the third parties

merely mentioned could constitute an unwarranted invasion of privacy.  Accordingly, the FBI has

properly withheld this information pursuant to Exemption (b)(7)(C).

### Names of Non-FBI Federal Law Enforcement Employees

(94)    Exemption (b)(7)(C) has been asserted  to protect the names of non-FBI federal

law enforcement employees cited  in the records responsive to plaintiffs requests.  Accordingly,

the rationale for protecting FBI Special Agents and support personnel mentioned above also

pertains to withholding the names of these non-FBI federal law enforcement employees.

(95)    The FBI also examined the records at issue to determine whether there was any

public interest that outweighed the privacy interests of the non-FBI federal law enforcement

employees referenced in the responsive records.  The FBI could not identify any discernible

public interest. In particular, the FBI could not determine how the disclosure of the names of

these individuals would shed any light on the operations and activities of the FBI.  Thus, the FBI

determined that the non-FBI federal law enforcement employees' privacy interest outweighed

any public interest in disclosure, and that disclosure of the names of these employees in these

specific contexts could constitute an unwarranted invasion of privacy. Thus there is no public

interest to be served in releasing the identity of these individuals. Accordingly, the FBI has

properly withheld this information pursuant to Exemption (b)(7)(C).

## (b)(7)(D)

### EXEMPTION (b)(7)(D) CONFIDENTIAL SOURCE MATERIAL

(96)    5 U.S.C. § 552 (b)(7)(D) provides protection for:

> records or information compiled for law enforcement purposes, but only to the
> extent that the production of such law enforcement records or information . ..
> could reasonably be expected to disclose the identity of a confidential source,
> including a State, local or foreign agency or authority or any private institution
> which furnished information on a confidential basis, and, in the case of a record or
> information compiled by a criminal law enforcement authority in the course of a
> criminal investigation or by an agency conducting a lawful national security
> intelligence investigation, information furnished by a confidential source."

(97)    Numerous confidential sources report to the FBI on a regular basis and are

"informants" within the common meaning of the term in various criminal and national security

intelligence investigations. During the course of an investigation, individuals are interviewed

under circumstances from which an assurance of confidentiality can reasonably be inferred.

These individuals are considered to be confidential sources since they furnish information only

with the understanding that their identities and the information provided will not be divulged

outside the FBI. Information provided by these individuals is singular in nature and if released,

could reveal the informant's identity.

(98)    Releasing the specific information provided by these sources may reveal a

confidential source's identity. The release of a source's identity could forever remove that source

as a future mean of obtaining information. In addition when the identity is revealed, that

revelation has a chilling effect on the activities and cooperation of other sources. It is only with

the understanding of complete confidentiality that the aid of such sources can be enlisted, and only through this confidence that these sources can be persuaded to continue providing valuable assistance in the future.  Those who provide information in these investigations should be secure in the knowledge that their assistance and their identities will be held in confidence.  Thus the information provided by, as well as the identities of these sources, has been protected pursuant to Exemption (b)(7)(D).

### Source Symbol Numbers

(99)    Exemption (b)(7)(D) has been asserted to protect the confidential source file numbers of permanent symbol number sources of the FBI. Paragraph 63, supra, describes the administrative aspect of using source symbol numbers to protect the identity of FBI sources. Similar in usage to the source symbol number, these confidential source file numbers are also assigned in sequential order to confidential informants who report information to the FBI on a regular basis pursuant to an express assurance of confidentiality.  The confidential source file is unique to the particular confidential informant and is used only in documentation relating to that particular informant.

(100)    Disclosure of confidential source file numbers documents could ultimately identify these sources since it would reveal the connections of confidential informants to the information provided by them.  Repeated release of confidential source file numbers along with the information provided by these confidential informants would narrow the possibilities of their true identities.  This is especially true since each confidential source file number is assigned to only one confidential informant.

(101)    The disclosure of the identity of the confidential sources would have a chilling

-43-

effect on the activities and cooperation of other FBI confidential informants. It is only with the understanding of complete confidentiality that the aid of such informants can be enlisted, and only through this assurance of confidentiality that these informants can be persuaded to continue their assistance in providing information to the FBI in the future. Accordingly, the disclosure of these confidential source numbers could reasonably be expected to identify permanent confidential sources of the FBI. Thus, the FBI has properly withheld this information pursuant to Exemption (b)(7)(D).

### Names. Identifying Information, and/or Information Provided by Individuals Under an "Express" Assurance of Confidentiality

(102)    Exemption (b)(7)(D) has been asserted to protect the names, identifying information and information provided by third parties under express assurance of confidentiality to the FBI or other law enforcement agency.

(103)    The FBI protected the contents of interviews in those instances when the release of this information could clearly determine the identity of the source. These sources provided valuable information that is detailed and singular in nature. The disclosure of the identities of these individuals are in direct contradiction to the interests of the FBI. If the FBI disclosed the identities of confidential sources that entered into express agreements, that revelation would have a chilling effect on the activities and cooperation of other FBI confidential sources. The FBI has found that it is only with the understanding of complete confidentiality that the aid of such sources can be enlisted, and only through this confidence that these sources can be persuaded to continue providing valuable assistance in the future. The FBI has released as much segregable information as possible without disclosing the sources' identification. Thus, the FBI has properly

withheld this information pursuant to Exemption (b)(7)(D).

## EXEMPTION *(bMD(E)*
## INVESTIGATIVE TECHNIQUES AND PROCEDURES

(104)   5 U.S.C. § 552(b)(7)(E) provides for the withholding of:

law enforcement records which would disclose techniques and
procedures for law enforcement investigations or prosecutions,
or would disclose guidelines for law enforcement investigations or
prosecutions if such disclosure could reasonably be expected to risk
circumvention of the law.

### Investigative Techniques and Procedures

(105)   Exemption (b)(7)(E) has been asserted to protect methods and techniques

involving the location and identity of the FBI and/or joint units which were involved in the

underlying investigations.  The office location and units are usually found  in the administrative

headings of internal FBI documents . These headings identify the location of the office and unit

that either originated or received the documents. Disclosure of the location of the units

conducting the investigation would reveal the targets, the physical areas of interest of the

investigation, and when taken together with the other locations if identified, could establish a

pattern or "mosaic" that identification of a single location would not.  If the locations are clusters

in a particular area, it would allow hostile analysts to avoid or circumvent those locations

especially if one or more location appeared with frequency or in a pattern.  This would disrupt

the method of the investigative process and deprive the FBI of valuable information.  The

withholding of the units involved is justifiable as well under a similar rationale.  Once identified,

the units's areas of expertise becomes known and an individual would then be aware of exactly

what the law enforcement agency's interest is.  For example, knowing that a unit whose focus is

on financial crimes is involved is quite different information than knowing that the unit involved has a focus on crimes of violence. This knowledge could allow an individual to avoid or circumvent activities in the area of the unit's focus. The revelation of the involvement that one or more units of differing focuses is critical information that can allow the adjustment of behaviors and activities to avoid detection.

<u>NARRATIVE DESCRIPTIONS OF THE DOCUMENTS IN EXHIBIT O</u>

(106) The following pages contain narrative descriptions of each page of every document being released to plaintiff in Exhibit O of this declaration and provides justifications for specific deletions of information in each document.

| | |
|---|---|
| FILE NUMBER: | CLASSIFIED |
| DOCUMENT NUMBER: | 1 |
| BATES PAGENUMBER(S): | ACLU-1 |
| DATE OF DOCUMENT: | 4/14/2003 |
| DESCRIPTION OF DOCUMENT: | FD302 |
| TOTAL NUMBER OF PAGES: | 1 |
| TOTAL NUMBER OF WITHHELD PAGES: | 0 |
| TOTAL NUMBER OF PAGES WITH DELETIONS OF INFORMATION: | **1** |
| TOTAL NUMBER OF DUPLICATE PAGES: | **0** |

## Justification of Deletions of Information
### Summary of Deletions of Information:

**ACLU-1**

The first deletion on ACLU-1 is outside the scope of plaintiffs' requests.

The second deletion of information on ACLU-1 **is** the file number which has been deleted pursuant to FOIA Exemption (b)(1). The classified information contained in this document is located within the bracketed portion at bottom left of the page. The withheld information contains a FBI file number that is assigned to specific intelligence activity, for channelization and dissemination instructions. The release of the file number would lead to exposure of the particular intelligence activity at issue. Individual file numbers are assigned by FBIHQ and field offices and contain a geographical prefix of the originating office and case number, which includes the numerical characterization of the type of investigation followed by a chronological

number assigned to a specific investigation/activity.

The disclosure of an intelligence file number in the aggregate will enable a hostile analyst to attribute any information released from the documents containing such a file number to that particular file. A hostile analyst can identify the specific intelligence activity by supplying further missing pieces. Hence, a partial mosaic of the activity begins to appear as more information is identified with the file leading to the exposure of actual current activities or methods. Disclosure of this file number will allow a hostile analyst, or anyone not privileged to this information, to patch bits and pieces of information together until the actual use of the application of the source or method can be determined. The identification of these intelligence sources or methods, which continues to furnish positive intelligence information to date, will severely limit its application. In addition, disclosure will inform hostile intelligence of the possible range of our intelligence capabilities, as well as the probable intelligence that the FBI has gathered, or can collect, concerning them. This knowledge provides potential or actual violators of the United States' national security laws a means of deflection or avoidance of lawful regulations. Disclosure will allow countermeasures to be implemented, making future operations more difficult, or compromise other ongoing planned intelligence operations. Accordingly, the release of the file number can lead to the exposure of the actual intelligence activity utilized in FBI investigations, and can reasonably be expected to cause serious damage to national security. The file number is properly classified at the "Secret" level and withheld pursuant to E.O. 12958, as amended, § 1.4(c), and exempt from disclosure pursuant to FOIA Exemption 1.

The third deletion at the bottom of ACLU-1 is the name of an FBI SA. Release of the identity of the SA to the public could reasonably be expected to constitute a clearly unwarranted

invasion of his/her privacy under Exemption (b)(6). Moreover, the SA's name appears in a law

enforcement file that, if released, would constitute an unwarranted invasion of his/her privacy

under Exemption (b)(7)(C).

| | |
|---|---|
| FILE NUMBER: | CLASSIFIED |
| DOCUMENT NUMBER: | 2 |
| BATES PAGENUMBER(S): | ACLU-2 |
| DATE OF DOCUMENT: | 04/14/2003 |
| DESCRIPTION OF DOCUMENT: | FD302 |
| TOTAL NUMBER OF PAGES: | **1** |
| TOTAL NUMBER OF WITHHELD PAGES: | **0** |
| TOTAL NUMBER OF PAGES WITH DELETIONS OF INFORMATION: | 1 |
| TOTAL NUMBER OF DUPLICATE PAGES: | 0 |

### Justification of Deletions of Information
### Summary of Deletions of Information:

**ACLU- 2**

Information contained within the first and last deletion of information contained withing ACLU-2 is outside the scope of plaintiffs' requests.  The second deletion of information on ACLU-2 is the Source Symbol Number and the information provided by the source which has been deleted  pursuant to FOIA Exemptions (b)(2) and (b)(7)(D) as release of the Source Symbol Number relates to internal practices of the FBI and the information provided could reasonable disclose the identity of this source who provided information to the FBI. The third portion of information being deleted on ACLU-2 are the names of third parties merely mentioned which have been deleted pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).  Release of the identities of these individuals to the public could reasonably be expected to constitute a clearly

unwarranted invasion of their privacy under Exemption (b)(6).  Moreover, the individuals' names

appear in a law enforcement file that, if released, would constitute an unwarranted invasion of

their privacy under Exemption (b)(7)(C).

| | |
|---|---|
| FILE NUMBER: | CLASSIFIED |
| DOCUMENT NUMBER: | 3 |
| BATES PAGE NUMBER(S): | ACLU-3 through 4 |
| DATE OF DOCUMENT: | Undated |
| DESCRIPTION OF DOCUMENT: | Teletype |
| TOTAL NUMBER OF PAGES: | 2 |
| TOTAL NUMBER OF WITHHELD PAGES: | 0 |
| TOTAL NUMBER OF PAGES WITH DELETIONS OF INFORMATION: | **2** |
| TOTAL NUMBER OF DUPLICATE PAGES: | **0** |

## Justification of Deletions of Information
### Summary of Deletions of Information:

ACLU-3

The first portion of information deleted on ACLU-3 is outside of the scope of plaintiffs' request.

The second information deleted on ACLU-3 is the file number which has been deleted pursuant to FOIA Exemption (b)(1). The classified information withheld on ACLU page 3 is located within the bracketed portion at bottom right of page, lines 1-2. The withheld information contains a FBI file number assigned to a specific intelligence activity, for channelization and dissemination. In addition to the above, the bracketed information identifies by name, the specific file for channelization . The release of the file number and file name would lead to exposure of the particular intelligence activities at issue.

The harm to national security and the justifications for withholding this information are the same as previously addressed on ACLU -1, supra. This information is properly classified at the "Secret" level and withheld pursuant to E.O. 12958, as amended, § 1.4(c) and exempt from disclosure pursuant to FOIA Exemption **1**.

## **ACLU-4**

The classified information withheld  on ACLU-4 is located within the bracketed portion of paragraph 2, lines 5-7.  The withheld information contains detailed intelligence activities information gathered or compiled by the FBI on a specific individual or organization of national security interest.

The classification redactions were made to protect from disclosure information that would reveal the actual intelligence activities utilized by the FBI against specific targets of foreign counterintelligence investigations or operations; identify a target of a foreign counterintelligence investigation; or disclose the intelligence gathering capabilities of the activities directed at specific targets.  The intelligence activities detailed in the withheld information are effective means for the FBI to gather, store, or disseminate intelligence information.  The criteria applied and priorities assigned in these records are used in the FBI's present intelligence or counterintelligence investigations, and are in accordance with the Attorney General's guidelines on FBI intelligence or counterintelligence investigations.

The information in this document concerning activities is very specific in nature and known to very few individuals.  Disclosure of the specific information which describes these intelligence activities are still used by the FBI today to gather intelligence information, and could reasonably be expected to cause serious damage to the national security for the following

reasons: (1) disclosure would allow hostile entities to discover the current activities used; (2)

disclosure would reveal current specific targets of the FBI's national security investigations; and

(3) disclosure would reveal or determine the criteria used—and priorities assigned to—current

intelligence or counterintelligence investigations.  Hostile entities could then develop

countermeasures which could severely disrupt the FBI's intelligence-gathering capabilities.  This

would severely damage the FBI's efforts to detect and apprehend violators of the United States'

national security and criminal laws.  This information is properly classified at the "Secret" level

and withheld pursuant to E.O. 12958, as amended, § 1.4(c), and exempt from disclosure pursuant

to FOIA Exemption 1.

The first portion of information deleted on ACLU-4 are the names of thirds parties merely

mentioned on the document, which has been deleted pursuant to FOIA Exemptions (b)(6) and

(b)(7)(C). Release of the identities of these individuals to the public could reasonably be

expected to constitute a clearly unwarranted invasion of their privacy under Exemption (b)(6).

Moreover, the individuals' names  appear in a law enforcement file that, if released, would

constitute an unwarranted invasion of their privacy under Exemption (b)(7)(C).

FILE NUMBER:                                      Classified

DOCUMENT NUMBER:                                  4

BATES PAGE NUMBER(S):                             ACLU-5

DATE OF DOCUMENT:                                 05/11/2006

DESCRIPTION OF DOCUMENT:                          Electronic Communication

TOTAL NUMBER OF PAGES:                            1

TOTAL NUMBER OF WITHHELD PAGES:                   0

TOTAL NUMBER OF PAGES WITH
DELETIONS OF INFORMATION:                         1

TOTAL NUMBER OF DUPLICATE PAGES:                  0

<u>Justification of Deletions of Information</u>
<u>Summary of Deletions of Information:</u>

**<u>ACLU-5</u>**

The first information deleted at the top of ACLU-5 is information pertaining the location

and identification of the unit involved on the underlying investigation which has been deleted

pursuant to FOIA exemption (b)(2) and (b)(7)(E) to protect FBI internal practices and techniques

used in the underlying investigation. The second, third and fourth deletions on top of ACLU-5

are the names of an FBI SA and two support employees and an internal FBI phone number which

have been deleted pursuant to FOIA Exemptions (b)(2), (b)(6) and (b)(7)(C).  Release of the

identities of these individuals and an internal FBI phone number to the public could reasonably

be expected to constitute a clearly unwarranted invasion of their privacy under Exemption (b)(6).

Moreover, the individuals' names appear in a law enforcement file that, if released, would

constitute an unwarranted invasion of their privacy under Exemption (b)(7)(C).  Exemption

(b)(2) has been used to withhold a telephone number, because it relates solely to the internal practices of the FBI.

The fourth deletion of information on ACLU-5 is the file number which has been deleted pursuant to FOIA Exemption (b)(1).   The classified information withheld is located within the bracketed portion of the "Case ID". The withheld information contains a FBI file number that is assigned to a specific intelligence activity for channelization and dissemination instructions.  The harm to national security and the justifications for withholding this information are the same as previously addressed on ACLU-1, supra.  This information is properly classified at the "Secret" level and withheld pursuant to E.O. 12958, as amended, § 1.4(c) and exempt from disclosure pursuant to FOIA Exemption 1.

| FILE NUMBER: | Classified |
| DOCUMENT NUMBER: | 5 |
| BATES PAGE NUMBER(S): | ACLU-6 through 7 |
| DATE OF DOCUMENT: | 06/21/2005 |
| DESCRIPTION OF DOCUMENT: | FD 302 |
| TOTAL NUMBER OF PAGES: | 2 |
| TOTAL NUMBER OF WITHHELD PAGES: | 0 |
| TOTAL NUMBER OF PAGES WITH DELETIONS OF INFORMATION: | 2 |
| TOTAL NUMBER OF DUPLICATE PAGES: | 0 |

## Justification of Deletions of Information
## Summary of Deletions of Information:

### ACLU-6

Information contained within the first portion of ACLU-6 is outside the scope of plaintiffs' request. The second and third deletions of information at the bottom of ACLU-6 are the names of third parties merely mentioned which have been deleted pursuant to FOIA Exemptions (b)(6) and (b)(7)(C). Release of the identities of these individuals to the public could reasonably be expected to constitute a clearly unwarranted invasion of their privacy under Exemption (b)(6). Moreover, the individuals' names appear in a law enforcement file that, if released, would constitute an unwarranted invasion of their privacy under Exemption (b)(7)(C).

The fifth deletion of information at the bottom of ACLU-6 are the files numbers which are deleted pursuant FOIA Exemption (b)(1). The classified information withheld is located within the bracketed portion at bottom left of page. The withheld information contains FBI file numbers

assigned to specific intelligence activities, for channelization and dissemination.  The harm to national security and the justifications for the withholding of this information are the same as previously addressed on ACLU-1, supra.

The sixth portion of information been deleted at the bottom part of  ACLU-6 is the name of a SA which has been deleted pursuant to FOIA Exemptions (b)(6) and (b)(7)(C).  Release of the identity of the SA to the public could reasonably be expected to constitute a clearly unwarranted invasion of his/her privacy under Exemption (b)(6).  Moreover, the SA's name appears in a law enforcement file that, if released, would constitute an unwarranted invasion of his/her privacy under Exemption (b)(7)(C).

## ACLU- 7

The first information deleted at the top of ACLU-7 are the files numbers, which has been deleted pursuant FOIA Exemption (b)(1).   The classified information withheld is located within the bracketed portion at top of page.  The withheld information contains FBI file numbers assigned to specific intelligence activities, for channelization and dissemination.  The harm to national security and the justifications for the withholding of this information are the same as previously addressed on  ACLU-1, supra .

FILE NUMBER:                                Classified

DOCUMENT NUMBER:                            6

BATES PAGE NUMBER(S):                       ACLU-8 through 9

DATE OF DOCUMENT:                           05/05/2005

DESCRIPTION OF DOCUMENT:                    FD 302

TOTAL NUMBER OF PAGES:                      2

TOTAL NUMBER OF WITHHELD PAGES:             0

TOTAL NUMBER OF PAGES WITH
DELETIONS OF INFORMATION:                   2

TOTAL NUMBER OF DUPLICATE PAGES:            0

<u>**Justification of Deletions of Information**</u>
<u>**Summary of Deletions of Information:**</u>

<u>**ACLU-8**</u>

  The first and seventh deletions of information on ACLU-8 are the name, date of birth,

social security number, drivers license number, address, telephone and facsimile numbers of a

confidential source and the date of investigation which has been deleted pursuant to FOIA

Exemptions  (b)(6) and (b)(7)(C) and (b)(7)(D) and inasmuch as release of this information

could disclose the identity of the confidential source under assurance of confidentiality. The

release of this confidential source identifying information to the public could reasonably be

expected to constitute a clearly unwarranted invasion of his/her personal privacy and could reveal

the time frame associated with the scope of the investigation. Further, the information appears in

a law enforcement file that, if released, would constitute an unwarranted invasion of his/her

privacy. The second, third and tenth deletions of information on ACLU-8 is the name of the FBI

-59-

SA who conducted the interview, and a third party telephone number which has been deleted pursuant to FOIA Exemptions (b)(6) and (b)(7)(C) inasmuch as release of the identity of the SA and a third party telephone number to the public could reasonably be expected to constitute a clearly unwarranted invasion of his/her privacy under Exemption (b)(6). Moreover, the SA's name appears in a law enforcement file that, if released, would constitute an unwarranted invasion of his/her privacy under Exemption (b)(7)(C).

The fourth, fifth and sixth deletion of information deleted on top, center and bottom of ACLU-8 is classified information which has been deleted pursuant to FOIA Exemption (b)(1). The classified information withheld is located as follows: ACLU 8, the bracketed portion of paragraph 1, line 8 and paragraph 2 in its entirety. The withheld information contains detailed intelligence information gathered or compiled by the FBI on a specific individual or organization of national security interest. The harm to national security and the justifications for withholding this information are the same as previously addressed on ACLU-4, supra. This information is properly classified at the "Secret" level and withheld pursuant to E.O. 12958, as amended, § 1.4(c), and exempt from disclosure pursuant to FOIA Exemption 1.

The eighth and ninth deletions of information are classified. The classified information withheld is contained within the bracketed portion at the bottom left of page. The withheld information contains FBI file numbers assigned to specific intelligence activities for channelization and dissemination. The harm to national security and the justifications for withholding this information are the same as previously addressed on ACLU -1, supra. This information is properly classified at the "Secret" level and withheld pursuant to E.O. 12958, as amended, § 1.4(c) and exempt from disclosure pursuant to FOIA Exemption 1.

**ACLU-9**

The first deletion of information on ACLU-9 is the file number, which has been deleted pursuant to Exemption (b)(1). The bracketed portion at top left of ACLU-9 contains an FBI file number that is assigned to specific intelligence activities for channelization and dissemination. The harm to national security and the justifications for withholding this information are the same as previously addressed on ACLU 1, supra. This information is properly classified at the "Secret" level and withheld pursuant to E.O. 12958, as amended, § 1.4(c) and exempt from disclosure pursuant to FOIA Exemption 1. Information contained withing the second and third deletions on ACLU-9 is outside the scope of plaintiffs' requests.