1

2                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE CENTRAL DISTRICT OF CALIFORNIA
3     ────────────────────────────────────

4    ISLAMIC SHURA COUNCIL OF                    )
     SOUTHERN CALIFORNIA; COUNCIL ON             )
5    AMERICAN ISLAMIC RELATIONS -                )
     CALIFORNIA; ISLAMIC CENTER OF SAN           )
6    GABRIEL VALLEY; ISLAMIC CENTER OF           )
     HAWTHORNE; WEST COAST ISLAMIC               )
7    CENTER; HUMAN ASSISTANCE AND                )
     DEVELOPMENT INTERNATIONAL, INC.;            )
8    MUZAMMIL SIDDIQI; SHAKEEL SYED;             )
     HUSSAM AYLOUSH; MOHAMMED                    )
9    ABDUL ALEEM; and RAFE HUSAIN,               )
                                                 )
10        Plaintiffs,                            )
                                                 )
11                                               )
              v.                                 )
12                                               )Civil Action No. SACV
                                                 )07-1088 CJC (ANx)
13   FEDERAL BUREAU OF INVESTIGATION;            )
     and UNITED STATES DEPARTMENT OF             )
14   JUSTICE,                                    )
                                                 )
15        Defendants.                            )
                                                 )
16   ────────────────────────────────────

17

18

19

20                        **EXHIBIT K**

21

22

23

24

25

26

27

28



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**SEP - 5 2007**

Ms. Ranjana Natarajan                    Re:    Appeal No. 07-1922
ACLU of Southern California                    Request No. 1049664
1616 Beverly Boulevard                         ADW:RMF
Los Angeles, CA 90026-5711

Dear Ms. Natarajan:

You appealed from the action of the Headquarters Office and the Los Angeles Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to the Islamic Shura Council of Southern California.

After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI informed you that it could locate no records responsive to your request in its automated indices. I have determined that the FBI's response was correct.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

SEP 1 9 2007

Ranjana Natarajan, Esq.
ACLU of Southern California              Re:    Appeal No. 07-1924
1616 Beverly Boulevard                          Request No. 1049666
Los Angeles, CA  90026-5711                     ADW:RMF

Dear Ms. Natarajan:

        You appealed from the action of the Headquarters Office and the Los Angeles Field
Office of the Federal Bureau of Investigation on your request for access to records pertaining to
the Islamic Center of San Gabriel Valley.

        After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI informed you that it could locate no records responsive to your request in its automated
indices. I have determined that the FBI's response was correct.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director



FBI



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                                    *Washington, D.C. 20530*

SEP 1 9 2007

Ranjana Natarajan, Esq.                          Re:    Appeal No. 07-1925
ACLU of Southern California                              Request No. 1049667
1616 Beverly Boulevard                                  ADW:RMF
Los Angeles, CA 90026-5711

Dear Ms. Natarajan:

　　　　You appealed from the action of the Headquarters Office and the Los Angeles Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to the Islamic Center of Hawthorne.

　　　　After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI informed you that it could locate no records responsive to your request in its automated indices. I have determined that the FBI's response was correct.

　　　　If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　Janice Galli McLeod
　　　　　　　　　　　　　　　　　　Associate Director

FBI



. **U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                                    *Washington, D.C. 20530*

SEP 1 9 2007


Ranjana Natarajan, Esq.
ACLU of Southern California                    Re:    Appeal No. 07-1926
1616 Beverly Boulevard                                Request No. 1049669
Los Angeles, CA 90026-5711          .                 ADW:RMF

Dear Ms. Natarajan:

      You appealed from the action of the Headquarters Office and the Los Angeles Field
Office of the Federal Bureau of Investigation on your request for access to records pertaining to
the West Coast Islamic Center.

      After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI informed you that it could locate no records responsive to your request in its automated
indices. I have determined that the FBI's response was correct.

      If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director



FBI



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

SEP 2 7 2007

Ranjana Natarajan, Esq.                 Re:    Appeal No. 07-1927
ACLU of Southern California                    Request No. 1049670
1616 Beverly Boulevard                         ADW:RMF
Los Angeles, CA 90026-5711

Dear Ranjana Natarajan:

        You appealed from the action of the Headquarters Office and the Los Angeles Field
Office of the Federal Bureau of Investigation on your request for access to records pertaining to
the Human Assistance and Development International, Inc.

        After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI informed you that it could locate no records responsive to your request in its automated
indices. I have determined that the FBI's response was correct.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                   Sincerely,

                                   Janice Galli McLeod
                                   Associate Director

II&/-
FDPS

FBI



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

SEP 2 7 2007

Ranjana Natarajan, Esq.
ACLU of Southern California                Re:    Appeal No. 07-1928
1616 Beverly Boulevard                            Request No. 1071071
Los Angeles, CA  90026-5711                       ADW:RMF

Dear Ranjana Natarajan:

  You appealed from the action of the Headquarters Office and the Los Angeles Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to Muzammil Siddiqi.

  After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI informed you that it could locate no records responsive to your request in its automated indices. I have determined that the FBI's response was correct.

  If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

SEP 1 9 2007

Ranjana Natarajan, Esq
ACLU of Southern California          Re:    Appeal No. 07-1929
1616 Beverly Boulevard                       Request No. 1071079
Los Angeles, CA 90026-5711                  ADW:RMF

Dear Ms. Natarajan:

You appealed from the action of the Headquarters Office and the Los Angeles Field
Office of the Federal Bureau of Investigation on your request for access to records pertaining to
Shakeel Syed.

After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI informed you that it could locate no records responsive to your request in its automated
indices. I have determined that the FBI's response was correct.

If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director



FBI



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

SEP 1 8 2007

Ranjana Natarajan, Esq.
ACLU of Southern California          Re:    Appeal No. 07-1931
1616 Beverly Boulevard                     Request No. 1071083
Los Angeles, CA 90026-5711                 ADW:RMF

Dear Ms. Natarajan:

     You appealed from the action of the Headquarters Office and the Los Angeles Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to Mohammad Abdul Aleem.

     After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI informed you that it could locate no records responsive to your request in its automated indices. I have determined that the FBI's response was correct.

     If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director

FBI



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

SEP 1 8 2007

Ranjana Natarajan, Esq.
ACLU of Southern California
1616 Beverly Boulevard
Los Angeles, CA  90026-5711

Re:    Appeal No. 07-1932
       Request No. 1071089
       ADW:RMF

Dear Ms. Natarajan:

        You appealed from the action of the Headquarters Office and the Los Angeles Field
Office of the Federal Bureau of Investigation on your request for access to records pertaining to
Rafe Husain.

        After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI informed you that it could locate no records responsive to your request in its automated
indices. I have determined that the FBI's response was correct.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

FBI

1

2          IN THE UNITED STATES DISTRICT COURT
           FOR THE CENTRAL DISTRICT OF CALIFORNIA

3    _____

4    ISLAMIC SHURA COUNCIL OF                    )
     SOUTHERN CALIFORNIA; COUNCIL ON             )
5    AMERICAN ISLAMIC RELATIONS -                )
     CALIFORNIA; ISLAMIC CENTER OF SAN           )
6    GABRIEL VALLEY; ISLAMIC CENTER OF           )
     HAWTHORNE; WEST COAST ISLAMIC               )
7    CENTER; HUMAN ASSISTANCE AND                )
     DEVELOPMENT INTERNATIONAL, INC.;            )
8    MUZAMMIL SIDDIQI; SHAKEEL SYED;             )
     HUSSAM AYLOUSH; MOHAMMED                    )
9    ABDUL ALEEM; and RAFE HUSAIN,               )
                                                 )
10       Plaintiffs,                             )
                                                 )
11                                               )
         v.                                      )
12                                               )Civil Action No. SACV
                                                 )07-1088 CJC (ANx)
13   FEDERAL BUREAU OF INVESTIGATION;            )
     and UNITED STATES DEPARTMENT OF             )
14   JUSTICE,                                    )
                                                 )
15       Defendants.                             )
                                                 )
16   _____

17

18

19

20                    **EXHIBIT L**

21

22

23

24

25

26

27

28



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                     *Washington, D.C. 20530*


**SEP - 5 2007**

Ms. Ranjana Natarajan
ACLU of Southern California          Re:    Appeal No. 07-1923
1616 Beverly Boulevard                      Request No. 1049665
*Los Angeles, CA 90026-5711*                ADW:RMF

Dear Ms. Natarajan:

        You appealed from the action of the Headquarters Office and the Los Angeles Field
Office of the Federal Bureau of Investigation on your request for access to records pertaining to
the Council on American Islamic Relations.

        After carefully considering your appeal, I am affirming, on partly modified grounds, the
FBI's action on your request. The FBI properly withheld information because it is protected from
disclosure under the Freedom of Information Act pursuant to 5 U.S.C. § 552(b)(7)(C). This
provision concerns records or information compiled for law enforcement purposes the release of
which could reasonably be expected to constitute an unwarranted invasion of the personal
privacy of third parties.

        If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

ᴦᵢ

1

2        IN THE UNITED STATES DISTRICT COURT
         FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4    ISLAMIC SHURA COUNCIL OF                    )
     SOUTHERN CALIFORNIA; COUNCIL ON             )
5    AMERICAN ISLAMIC RELATIONS -               )
     CALIFORNIA; ISLAMIC CENTER OF SAN          )
6    GABRIEL VALLEY; ISLAMIC CENTER OF          )
     HAWTHORNE; WEST COAST ISLAMIC              )
7    CENTER; HUMAN ASSISTANCE AND               )
     DEVELOPMENT INTERNATIONAL, INC.;           )
8    MUZAMMIL SIDDIQI; SHAKEEL SYED;            )
     HUSSAM AYLOUSH; MOHAMMED                    )
9    ABDUL ALEEM; and RAFE HUSAIN,              )
                                                 )
10          Plaintiffs,                          )
                                                 )
11                                               )
            v.                                   )
12                                               )Civil Action No. SACV
                                                 )07-1088 CJC (ANx)
13   FEDERAL BUREAU OF INVESTIGATION;           )
     and UNITED STATES DEPARTMENT OF            )
14   JUSTICE,                                    )
                                                 )
15          Defendants.                          )
                                                 )

16

17

18

19

20                    **EXHIBIT M**

21

22

23

24

25

26

27

28



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

SEP 27 2007

Ranjana Natarajan, Esq.
ACLU of Southern California                 Re:     Appeal No. 07-1930
1616 Beverly Boulevard                               Request No. 1071082
Los Angeles, CA 90026-5711                          ADW:RMF

Dear Ranjana Natarajan:

You appealed from the action of the Headquarters Office and Los Angeles Field Office of
the Federal Bureau of Investigation on your request for access to records pertaining to Hussam
Ayloush.

After carefully considering your appeal, I am affirming the FBI's action on your request.
The FBI properly withheld certain information that is protected from disclosure under the
Freedom of Information Act pursuant to:

    5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal
    agency practices;

    5 U.S.C. § 552(b)(6), which concerns material the release of which would
    constitute a clearly unwarranted invasion of the personal privacy of third parties;
    and

    5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for
    law enforcement purposes the release of which could reasonably be expected to
    constitute an unwarranted invasion of the personal privacy of third parties.

If you are dissatisfied with my action on your appeal, you may seek judicial review in
accordance with 5 U.S.C. § 552(a)(4)(B).

                                        Sincerely,

                                        Janice Galli McLeod
                                        Associate Director

FBI

1

2          IN THE UNITED STATES DISTRICT COURT
        FOR THE CENTRAL DISTRICT OF CALIFORNIA

3     _____

4   ISLAMIC SHURA COUNCIL OF                    )
    SOUTHERN CALIFORNIA; COUNCIL ON             )
5   AMERICAN ISLAMIC RELATIONS -                )
    CALIFORNIA; ISLAMIC CENTER OF SAN           )
6   GABRIEL VALLEY; ISLAMIC CENTER OF           )
    HAWTHORNE; WEST COAST ISLAMIC               )
7   CENTER; HUMAN ASSISTANCE AND                )
    DEVELOPMENT INTERNATIONAL, INC.;            )
8   MUZAMMIL SIDDIQI; SHAKEEL SYED;             )
    HUSSAM AYLOUSH; MOHAMMED                    )
9   ABDUL ALEEM; and RAFE HUSAIN,               )

10        Plaintiffs,                           )

11                                              )
                v.                              )
12                                              ) Civil Action No. SACV
                                                ) 07-1088 CJC (ANx)
13   FEDERAL BUREAU OF INVESTIGATION;           )
     and UNITED STATES DEPARTMENT OF            )
14   JUSTICE,                                   )

15        Defendants.                           )
     _____

16

17

18

19

20                  **EXHIBIT N**

21

22

23

24

25

26

27

28



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

March 14, 2008

RANJANA NATARAJAN ESQ
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF SOUTHERN CALIFORNIA
1616 BEVERLY BOULEVARD
LOS ANGELES, CA 90026 5711

Subject: ISLAMIC SHURA COUNCIL OF SOUTHERN
         CALIFORNIA(THE)

FOIPA No. 1049664- 001

Dear Mr. Natarajan:

        The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5,
United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure,
with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was
inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked
below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

20 **page(s)** were reviewed and 20 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other
    Government agency(ies) [OGA]. This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this
       information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in
writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425
New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the
date of this letter. The envelope and the letter should be clearly marked "Freedom of Information
Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it
may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was
the focus of the investigation. Our search located additional references, in files relating to other
individuals, or matters, which may or may not be about your subject(s). Our experience has shown,
when ident, references usually contain information similar to the information processed in the main file(s).

Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



**U.S. Department of Justice**



**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MARCH 14, 2008

RANJANA NATARAJAN ESQ
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF SOUTHERN CALIFORNIA
1616 BEVERLY BOULEVARD
LOS ANGELES, CA 90026 5711

Subject: ISLAMIC CENTER OF SAN GABRIEL VALLEY

FOIPA No. 1049666- 001

Dear MR. NATARAJAN:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

|   Section 552   |   |   Section 552a   |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) |   | ☐(k)(7) |


2 **page(s)** were reviewed and 2 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐  referred to the OGA for review and direct response to you.

    ☐  referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

RANJANA NATARAJAN ESQ.
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1616 BEVERLY BOULEVARD
LOS ANGELES, CA 90026-5711

MARCH 14, 2008

Subject: ISLAMIC CENTER OF HAWTHORNE

FOIPA No. 1049667- 001

Dear MR. NATARAJAN:

　　　　The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | Section 552 | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

<u>1</u> **page(s)** were reviewed and *1* **page(s)** are being released.

☐　Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

　　☐　referred to the OGA for review and direct response to you.

　　☐　referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)     (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)     information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ





U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

RANJANA ACLU/ NATARAJAN ESQ
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1616 BEVERLY BOULEVARD
LOS ANGELES, CA 90026 5711

MARCH 14, 2008

Subject: HUMAN ASSISTANCE AND DEVELOPEMENT
INTERNATIONAL, INC.

FOIPA No. 1049670- 001

Dear Mr. Natarajan:

      The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

2 **page(s)** were reviewed and 2 **page(s)** are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

    ☐ referred to the OGA for review and direct response to you.

    ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s).

Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
  Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

MARCH 14, 2008

MR RANJANA NATARAJAN
AMERICAN CIVIL LIBERITIES UNION
 FOUNDATION OF SOUTHERN CALIFORNIA
1616 BEVERLY BOULEVARD
LOS ANGELES, CA 90026 5711

Subject: SIDDIQI, MUZAMMIL

FOIPA No. 1071071- 001

Dear MR. NATARAJAN:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☒(b)(7)(D) | ☐(k)(2) |
| _____ | ☒(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

26 **page(s)** were reviewed and 26 **page(s)** are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

   ☐ referred to the OGA for review and direct response to you.

   ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☐ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

RANJANA NATARAJAN ESQ                                    March 14, 2008
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SOUTHERN CALIFORNIA
1616 BEVERLY BOULEVARD
LOS ANGELES, CA 90026 5711

Subject: SYED, SHAKEEL

FOIPA No. 1071079- 001

Dear Mr. Natarajan:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5,
United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure,
with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was
inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked
below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☐(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

13 **page(s)** were reviewed and 13 **page(s)** are being released.

☐  Document(s) were located which originated with, or contained information concerning other
     Government agency(ies) [OGA]. This information has been:

☐  referred to the OGA for review and direct response to you.

☐  referred to the OGA for consultation. The FBI will correspond with you regarding this
     information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in
writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425
New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the
date of this letter. The envelope and the letter should be clearly marked "Freedom of Information
Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it
may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was
the focus of the investigation. Our search located additional references, in files relating to other
individuals, or matters, which may or may not be about your subject(s). Our experience has shown,
when ident, references usually contain information similar to the information processed in the main file(s).

Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

□ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

MR RANJANA NATARAJAN ESQ.
AMERICAN CIVIL LIBERTIES UNION
  FOUNDATION OF SOUTHERN CALIFORNIA
1616 BEVERLY BOULEVARD
LOS ANGELES, CA 90026 5711

MARCH 14, 2008

Subject: ALEEM, MOHAMMED ABDUL

FOIPA No. 1071083- 001

Dear Mr. Natarajan:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | Section 552a | |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☒(b)(2) | ☐(b)(7)(B) | ☒(j)(2) |
| ☐(b)(3)_____ | ☒(b)(7)(C) | ☐(k)(1) |
| _____ | ☐(b)(7)(D) | ☐(k)(2) |
| _____ | ☐(b)(7)(E) | ☐(k)(3) |
| _____ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

56 **page(s)** were reviewed and 56 **page(s)** are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

☐ referred to the OGA for review and direct response to you.

☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information and Privacy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001 within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation. Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s). Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s).

If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ