IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. A. No. 07-1088-CJC |
| FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## SECOND DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)     I am currently the Section Chief of the Record/Information Dissemination Section

("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation

Headquarters ("FBIHQ") in Washington, D.C.  I have held this position since August 1, 2002.

Prior to joining the FBI, from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate

General of the Navy for Civil Law.  In that capacity, I had direct oversight of Freedom of

Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy.  From

October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and

routinely worked with FOIA matters.  I am also an attorney who has been licensed to practice law

in the state of Texas since 1980.

(2)     In my official capacity as Section Chief of RIDS, I supervise approximately 208

employees who staff a total of ten (10) FBIHQ units and a field operational service center unit

whose collective mission is to effectively plan, develop, direct, and manage responses to requests

for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial

decisions; and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

   (3)  Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the treatment which has been afforded the joint FOIA/Privacy Act request of plaintiffs

Islamic Shura Council of Southern California, Council on American Islamic Relations ("CAIR")

for Southern California, Islamic Center of San Gabriel Valley, Islamic Center of Hawthorne,

West Coast Islamic Center, Human Assistance and Development International, Inc. ("HADI"),

Dr. Muzammil Siddiqi, Shakeel Syed, Hussam Ayloush, Mohammed Abdul Aleem and Rafe

Husain to FBIHQ and Los Angeles Field Office ("LAFO") for records pertaining to themselves.

   (4)  The FBI originally released in part 124 pages of records responsive to plaintiffs'

requests. The justifications for the withheld portions was explained to the Court and plaintiffs in

accordance with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) by declaration dated March 21,

2008, which was filed in conjunction with the Motion for Summary Judgment on March 21,

2008.

-2-

(5)      The purpose of this declaration is to correct and clarify information previously submitted in the Declaration of David Hardy dated March 21, 2008 ("First Hardy Declaration"), to describe additional search efforts conducted by the FBI in response to plaintiffs' requests, which located 32 additional responsive documents, and to provide the court and plaintiffs, in accordance  with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), with the justifications for the withholding of information from these records pursuant to the FOIA Exemptions 2 and 6, 5 U.S.C. §§ 552(b)(2) and (b)(6).

### CORRECTIONS AND CLARIFICATIONS

(6)      In the First Hardy Declaration, the FBI inadvertently omitted an explanation regarding the applicability of the Privacy Act, Exemption (j)(2), 5 U.S.C.§552a, to some of the files released to the plaintiffs.

(7)      Section (j)(2) of the Privacy Act exempts from mandatory disclosure systems of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals . . . ."

(8)      Documents number 1-25[1], 28[2], 30[3], 33-35[4], 38-40[5] described in the first Hardy declaration were denied in their entirety pursuant Exemption (j)(2) of the Privacy Act;

_____

[1]Exhibit O, Bates stamp ACLU 1-47

[2]Exhibit O, Bates stamp ACLU 62-63

[3]Exhibit O, Bates stamp ACLU 73-75

[4]Exhibit O, Bates stamp ACLU 101-105

[5]Exhibit O, Bates stamp ACLU 119-124

-3-

5 U.S.C.§552a. The investigatory records at issue are part of the FBI's CRS and were compiled as a result of the FBI's legitimate law enforcement mission. The FBI's investigations include various on-going investigations of national security interest, and other criminal matters investigation. Accordingly, the documents contained in these files are exempt from disclosure under Privacy Act; 5 U.S.C. § 552a (j)(2), in conjunction with 28 C.F.R. § 16.96. Although access to these records was denied pursuant to the Privacy Act, they were then considered for release pursuant to the access provisions of the FOIA to achieve maximum disclosure.

(9)     In paragraph 34 of the First Hardy Declaration, the FBI inadvertently failed to mention that in addition to searching using the term "West Coast Islamic Center", the FBI also searched its FBIHQ and LAFO indices to the CRS using the name of "Masjid Al Ansar"[6] in response to plaintiff West Coast Islamic Center's request . This search failed to locate any responsive records at either FBIHQ or LAFO.

(10)    In page 76 of the First Hardy Declaration, Document 13[7] was identified as one document, when in fact it is two separate documents, which are now being identified as Document 13, and Document 13A. Information contained in page 76 of the First Hardy Declaration regarding the description and the justifications for specific deletions of information is accurate for Document 13, Bates stamped page ACLU-22 of Exhibit O. Information contained in page number 77 of the declaration is an accurate narrative description of the justification for deleting information in the document that is now 13A, Bates page number ACLU-23 of Exhibit

---

[6]Per request letter dated May 15, 2006, West Coast Islamic Center is also known as "Masjid Al Ansar".

[7]Document 13 is comprised of Bates stamp pages ACLU-22 through ACLU-23 of Exhibit O of the First Hardy Declaration.

O.[8]  The description of Document 13A is as follows:

| | |
|---|---|
| File Number : | Classified |
| Bates Pages number(s): | ACLU-23 |
| Date of document: | 07/12/2002 |
| Total Number of Pages: | 1 |
| Description of the Document: | FD 302 |
| Total number of withheld pages: | 0 |
| Total number of pages with deletions of information: | 1 |
| Total number of duplicate pages: | 0 |

(11)    It should also be noted that on page 88 of the First Hardy Declaration, the date of

the document was misstated.  The correct date for Document 19, Bates stamp page number

ACLU-32-34, Exhibit O, is 05/27/2004.[8]

(12)    Additional information was provided to plaintiffs by letters dated

June 6, 2008 and June 27, 2008, regarding FBI's determination that portions of some documents

were non-responsive to plaintiffs' request and thus redacted as outside the scope.  If only portions

of a page were determined to be non-responsive, the FBI redacted those portions and noted the

reason for the redaction on the redacted page. If an entire page of a document was determined to

be non-responsive and thus outside the scope of the request , that page was neither identified nor

produced.  To clarify these redactions, the FBI prepared a page count chart detailing the number

of pages in each document processed for released and number of responsive pages.  This chart

was provided to plaintiffs as an attachment to the June 27th letter.  **(See Exhibit A.)**

(13)    In reviewing the document released in the First Hardy Declaration, the FBI

_____

[8]The FBI already provided the plaintiffs with this clarification by letter dated June 6,
2008.

-5-

discovered that it had inadvertently failed to identify the first page of Document 2 (ACLU-2).

This page had not been identified or released because it did not contain information responsive to

plaintiffs' request.  Although the first page did not contain information responsive to the request,

the FBI's policy is to produce the first page (with appropriate redactions) in order to provided

plaintiffs with some information on the nature of the document .  By letter dated June 6, 2008,

the FBI released the first page redacting the non-responsive portions other than the heading, date

and place of the document.  (**See** **Exhibit B.**)

## ADDITIONAL SEARCH EFFORTS AND RELEASE OF ADDITIONAL DOCUMENTS

(14)    A further review of the 124 pages released, revealed that some documents were

not provided  to all of the plaintiffs mentioned in the document.[9]  The FBI therefore conducted a

page by page review to ensure proper release to all of the individual plaintiffs referenced in it.

Based on this review, by  the June 6, 2008 letter mentioned above, the FBI released an additional

set of documents[10] to the following plaintiffs:  Islamic Center of Hawthorne, Muzammil Siddiqi,

Islamic Shura Council, Hussam Ayloush, and CAIR.  (**See** **Exhibit B.**)

(15)    While in the process of this page by page review, the FBI discovered that the

reason for this omission was due to the fact that not all of the subjects mentioned in the

---

[9]Although plaintiffs had filed their FOIPA request jointly, the FBI treated the requests as separate requests because each sought information pertaining himself.  Thus in order to protect each individual plaintiff's privacy, the FBI provided individual responses to each plaintiff.

[10]These were not newly discovered documents, as they were already provided to some of the plaintiffs in the original release.  Justification for deletion of information in these documents was provided in the First Hardy Declaration.  In those cases where the same document was provided to more than one plaintiff, each plaintiff received the document with names other than that of their own redacted. This was done to ensure the protection of the privacy of each individual plaintiff.

documents pertaining to the Los Angeles Multi-cultural Advisory Committee were indexed.[11] Although the FBI normally limits its search based on the index, in this case the FBI took the extraordinary step of manually searching the Electronic Case File ("ECF") pertaining to the Los Angeles Multi-cultural Advisory Committee[12], to ensure that all responsive documents contained in this file were released to all of the plaintiffs mentioned in it, whether indexed or not. As a result of this search, the FBI located 32 additional documents responsive to some of the plaintiffs' requests.

(16)    In addition to these documents, the FBI also located an additional one-page email, responsive to the request of two of the plaintiffs, which was inadvertently omitted in the original release.

(17)    By letter dated August 28, 2008, FBIHQ released to the plaintiffs collectively an additional 1260  pages responsive to the requests of the following plaintiffs:  Islamic Shura Council (three hundred twenty seven (327) pages); CAIR (three hundred eight (308) pages); HADI (seventy two (72) pages); Mohamed Abdul Aleem (one hundred sixty two (162) pages; Hussam Ayloush (one hundred ninety two (192) pages); Shakeel Syed (one hundred seventy nine (179) pages; Muzammill Siddiqi (twenty (20) pages).  These additional pages comprised the additional 32 documents located, that in many instances the same serial was found to be responsive to more than one plaintiff.  In each individual release the privacy of the others

---

[11]As explained in First Hardy Declaration the FBI does not index every name in its files, rather it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. See First Hardy Declaration ¶22 and ¶ 25 for a detail explanation on the FBI's Central Records System and indexing procedures.

[12]This file was originally opened as file number 66F-LA-C236680.  The file number was latter changed to 188A-LA-C236680.

-7-

plaintiffs was protected.  (**See** **Exhibit C.**)

## FAILURE TO EXHAUST

(18)     With regard to plaintiffs Hussam Ayloush and CAIR-Southern California,

defendants maintain their defense that those two plaintiffs failed to exhaust their administrative

remedies, by not appealing the FBI's response to their requests to the Office of Information and

Privacy of DOJ.  OIP is the administrative appellate authority for the FBI.  In this instance the

only documents that are being released to the two plaintiffs are those which also reference any of

the other plaintiffs.

## NARRATIVE DESCRIPTIONS OF THE DOCUMENTS FROM MULTI-CULTURAL ADVISORY COMMITTEE FILE

(19)     The following pages contain a description of the additional documents released to

plaintiff.  These documents have been consecutively numbered Document 41-72.[13]  Copies of the

pages released in full or in part are attached hereto as **Exhibit D** and **Exhibit E**.  Each page of

Exhibit D is consecutively numbered ACLU 125-678 in the lower right hand corner.  Documents

contained in Exhibit D are responsive to the individuals plaintiffs Shakeel Syed, Muzammil

Siddiqi, Hussam Ayloush, and Mohammed Abdul Aleem.  Each page of Exhibit E is

consecutively numbered ACLU 679-1385 in the lower right hand corner.  Documents contained

in Exhibit E are responsive to the Islamic Shura Council, CAIR and HADI.  Justifications for

specific deletions of information in each document is being provided further in this declaration.

---

[13]Document numbers start at 41 and continue the sequence of the documents previously
released by the first Hardy declaration.

**(1)**    **Document 41**

| | |
|---|---|
| File Number: | 66F-LA-C236680-1 |
| Bates Page number: | ACLU 659-660, ACLU 679-680, ACLU-1006-1007 |
| Date of document: | 01/27/2004 |
| Description of document: | Electronic Communication |
| Total number of pages: | 2 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 2 |
| Total number of duplicate pages: | 0 |

**(2)**    **Document 42**

| | |
|---|---|
| File Number: | 66F-LA-C236680-16 |
| Bates Page number: | ACLU-125-132, ACLU-681-688, ACLU-1008-1015 |
| Date of document: | 05/18/2004 |
| Description of document: | Minutes |
| Total number of pages: | 8 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 7 |
| Total number of duplicate pages: | 0 |

**(3)**    **Document 43**

| | |
|---|---|
| File Number: | 66F-LA-C236680-18 |
| Bates Page number: | ACLU-133-137, ACLU-689-693, ACLU-1016-1020 |
| Date of document: | 06/22/2004 |
| Description of document: | Minutes |
| Total number of pages: | 5 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 4 |
| Total number of duplicate pages: | 0 |

**(4)    Document 44**

| | |
|---|---|
| File Number: | 66F-LA-C236680-20 |
| Bates Page number: | ACLU-497-501, ACLU-138-142, ACLU-694-698 |
| Date of document: | 06/21/2004 |
| Description of document: | Minutes |
| Total number of pages: | 5 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 4 |
| Total number of duplicate pages: | 0 |

**(5)    Document 45**

| | |
|---|---|
| File Number: | 66F-LA-C236680-31 |
| Bates Page number: | ACLU-143-152, ACLU-699-708, ACLU-1021-1030 |
| Date of document: | 07/19/2004 |
| Description of document: | Minutes |
| Total number of pages: | 10 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 10 |
| Total number of duplicate pages: | 0 |

**(6)    Document 46**

| | |
|---|---|
| File Number: | 66F-LA-C236680-35 |
| Bates Page number: | ACLU-661-664, ACLU-153-156, ACLU-709-712 |
| Date of document: | 08/14/2004 |
| Description of document: | Minutes |
| Total number of pages: | 4 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 1 |
| Total number of duplicate pages: | 0 |

**(7)     Document 47**

| | |
|---|---|
| File Number: | 66F-LA-C236680-42 |
| Bates Page number: | ACLU-157-173, ACLU-713-729 |
| Date of document: | 10/18/2004 |
| Description of document: | Minutes |
| Total number of pages: | 17 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 5 |
| Total number of duplicate pages: | 0 |

**(8)     Document 48**

| | |
|---|---|
| File Number: | 66F-LA-C236680-48 |
| Bates Page number: | ACLU-665-667, ACLU-174-176, ACLU-730-732 |
| Date of document: | 10/24/2004 |
| Description of document: | Minutes |
| Total number of pages: | 3 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 1 |
| Total number of duplicate pages: | 0 |

**(9)     Document 49**

| | |
|---|---|
| File Number: | 66F-LA-C236680-62 |
| Bates Page number: | ACLU-177-198, ACLU-733-754, ACLU-1031-1052 |
| Date of document: | 12/14/2004 |
| Description of document: | Minutes |
| Total number of pages: | 22 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 6 |
| Total number of duplicate pages: | 0 |

(10)    **Document 50**

| | |
|---|---|
| File Number: | 66F-LA-C236680-72 |
| Bates Page number: | ACLU-199-205, ACLU-755-761, ACLU-1053-1059 |
| Date of document: | 01/30/2005 |
| Description of document: | Minutes |
| Total number of pages: | 7 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 7 |
| Total number of duplicate pages: | 0 |

(11)    **Document 51**

| | |
|---|---|
| File Number: | 66F-LA-C236680-77 |
| Bates Page number: | ACLU-206-207, ACLU762-763 |
| Date of document: | 02/01/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 2 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 2 |
| Total number of duplicate pages: | 0 |

(12)    **Document 52**

| | |
|---|---|
| File Number: | 66F-LA-C236680-87 |
| Bates Page number: | ACLU-208-214, ACLU-764-770, ACLU-1060-1066, ACLU-305-311 |
| Date of document: | 02/22/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 7 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 7 |
| Total number of duplicate pages: | 0 |

**(13)    Document 53**

| | |
|---|---|
| File Number: | 66F-LA-C236680-96 |
| Bates Page number: | ACLU-215-216, ACLU-771-772, |
| | ACLU-1067-1068, ACLU-312-313 |
| Date of document: | 02/22/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 2 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of | |
| information: | 2 |
| Total number of duplicate pages: | 0 |

**(14)    Document 54**

| | |
|---|---|
| File Number: | 66F-LA-C236680-99 |
| Bates Page number: | ACLU-217-221, ACLU-773-777, |
| | ACLU-1069-1073, ACLU-314-318 |
| Date of document: | 05/05/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 5 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of | |
| information: | 4 |
| Total number of duplicate pages: | 0 |

**(15)    Document 55**

| | |
|---|---|
| File Number: | 66F-LA-C236680-103 |
| Bates Page number: | ACLU-222-236, ACLU-778-792, |
| | ACLU-1074-1088, ACLU-319-334 |
| Date of document: | 06/27/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 15 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of | |
| information: | 15 |
| Total number of duplicate pages: | 0 |

-13-

**(16)    Document 56**

| | |
|---|---|
| File Number: | 66F-LA-C236680-104 |
| Bates Page number: | ACLU-237-244, ACLU-793-800, ACLU-1089-1096, ACLU-335-342 |
| Date of document: | 07/19/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 8 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 8 |
| Total number of duplicate pages: | 0 |

**(17)    Document 57**

| | |
|---|---|
| File Number: | 66F-LA-C236680-109 |
| Bates Page number: | ACLU-245-253, ACLU-801-809, ACLU-1097-1105, ACLU-343-351 |
| Date of document: | 08/19//2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 9 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 7 |
| Total number of duplicate pages: | 0 |

**(18)    Document 58**

| | |
|---|---|
| File Number: | 66F-LA-C236680-110 |
| Bates Page number: | ACLU-254-256, ACLU-810-812, ACLU-1106-1108 |
| Date of document: | 09/01/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 3 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 3 |
| Total number of duplicate pages: | 0 |

**(19)    Document 59**

| | |
|---|---|
| File Number: | 66F-LA-C236680-114 |
| Bates Page number: | ACL-257-274, ACLU-813-830, ACLU-1109-1126, ACLU-352-369 |
| Date of document: | 10/18/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 18 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 9 |
| Total number of duplicate pages: | 0 |

**(20)    Document 60**

| | |
|---|---|
| File Number: | 66F-LA-C236680-115 |
| Bates Page number: | ACLU-275-281, ACLU-831-837, ACLU-1127-1133, ACLU-370-376 |
| Date of document: | 10/18/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 7 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 6 |
| Total number of duplicate pages: | 0 |

**(21)    Document 61**

| | |
|---|---|
| File Number: | 66F-LA-C236680-117 |
| Bates Page number: | ACLU-502-509, ACLU-668-675, ACL-282-289, ACLU-838-845 |
| Date of document: | 10/24/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 8 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 1 |
| Total number of duplicate pages: | 0 |

**(22)    Document 62**

| | |
|---|---|
| File Number: | 66F-LA-C236680-119 |
| Bates Page number: | ACLU-290-298, ACLU-846-853, ACLU-1134-1141, ACLU-377-384 |
| Date of document: | 11/22/2005 |
| Description of document: | Electronic Communication |
| Total number of pages: | 8 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 7 |
| Total number of duplicate pages: | 0 |

**(23)    Document 63**

| | |
|---|---|
| File Number: | 66F-LA-C236680-143 |
| Bates Page number: | ACLU-1142-1151 |
| Date of document: | 02/21/2005 |
| Description of document: | Minutes |
| Total number of pages: | 10 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 9 |
| Total number of duplicate pages: | 0 |

**(24)    Document 64**

| | |
|---|---|
| File Number: | 66F-LA-C236680-150 (enclosure) |
| Bates Page number: | ACLU-510-514, ACLU-854-858, ACLU-1156-1160, ACLU-385-389 |
| Date of document: | 04/17/2006 |
| Description of document: | Minutes |
| Total number of pages: | 5 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 5 |
| Total number of duplicate pages: | 0 |

**(25)   Document 65**

| | |
|---|---|
| File Number: | 66F-LA-C236680-165 |
| Bates Page number: | ACLU-515-521, ACLU-859-865, ACLU-1161-1167 |
| Date of document: | 07/11/2006 |
| Description of document: | Electronic Communication |
| Total number of pages: | 7 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 5 |
| Total number of duplicate pages: | 0 |

**(26)   Document 66**

| | |
|---|---|
| File Number: | 66F-LA-C236680-166 |
| Bates Page number: | ACLU-522-535, ACLU-866-879, ACLU-1168-1181 |
| Date of document: | 07/31/2006 |
| Description of document: | Electronic Communication |
| Total number of pages: | 14 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 8 |
| Total number of duplicate pages: | 0 |

**(27)   Document 67**

| | |
|---|---|
| File Number: | 66F-LA-C236680-173 |
| Bates Page number: | ACLU-536-570, ACLU-880-914, ACLU-1182-1216, ACLU-390-424 |
| Date of document: | 09/05/2006 |
| Description of document: | Electronic Communication |
| Total number of pages: | 35 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 11 |
| Total number of duplicate pages: | 0 |

**(28)    Document 68**

| | |
|---|---|
| File Number: | 66F-LA-C236680-178 |
| Bates Page number: | ACLU-571-583, ACLU-915-927, ACLU-1217-1229 |
| Date of document: | 09/19/2006 |
| Description of document: | Electronic Communication |
| Total number of pages: | 13 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 8 |
| Total number of duplicate pages: | 0 |

**(29)    Document 69**

| | |
|---|---|
| File Number: | 66F-LA-C236680-181 |
| Bates Page number: | ACLU-1230-1241 |
| Date of document: | 10/19/2006 |
| Description of document: | Electronic Communication |
| Total number of pages: | 12 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 8 |
| Total number of duplicate pages: | 0 |

**(30)    Document 70**

| | |
|---|---|
| File Number: | 66F-LA-C236680-183 |
| Bates Page number: | ACLU-584-586, ACLU-676-678, ACLU-299-301, ACLU-928-930 |
| Date of document: | 10/30/2006 |
| Description of document: | Electronic Communication |
| Total number of pages: | 3 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 1 |
| Total number of duplicate pages: | 0 |

**(31)    Document 71**

| | |
|---|---|
| File Number: | 66F-LA-C236680-188 |
| Bates Page number: | ACLU-931-1002, ACLU-1242-1313 |
| | ACLU-425-496, ACLU-1314-1385 |
| Date of document: | 11/17/2006 |
| Description of document: | Electronic Communication |
| Total number of pages: | 72 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 10 |
| Total number of duplicate pages: | 0 |

**(32)    Document 72**

| | |
|---|---|
| File Number: | 66F-LA-C236680-201 |
| Bates Page number: | ACLU-587-658, ACLU-302-304, |
| | ACLU-1003-1004 |
| Date of document: | 02/28/2007 |
| Description of document: | Letter |
| Total number of pages: | 2 |
| Total number of pages withheld: | 0 |
| Total number of pages with deletion of information: | 1 |
| Total number of duplicate pages: | 0 |

## JUSTIFICATIONS FOR SPECIFIC DELETIONS OF INFORMATION

(20)    All documents have been thoroughly reviewed to achieve maximum disclosure consistent with the access provisions of the FOIA. Every effort was made to provide plaintiffs with all material in the public domain and with all reasonably segregable portions of releasable material. Accordingly, a review of this information will reveal that all material withheld is exempt from disclosure pursuant to a FOIA exemption. Copies of the pages released in full or in part are attached hereto as **Exhibits D and E.** Each page of Exhibit D is consecutively numbered ACLU-125-678 in the lower right-hand corner. Each page of Exhibit E is consecutively

numbered ACLU-679-1385 in the lower right-hand corner

    (21)    The following paragraphs explain the FBI's rationale for withholding specific

information in these documents pursuant to FOIA Exemptions (b)(2) and (b)(6).

### JUSTIFICATION FOR REDACTIONS

    (22)    The FBI's rationale for withholding each particular category of information under

the specific exemption categories is explained below.

### EXEMPTION (b)(2)
### INTERNAL AGENCY RULES AND PRACTICES

    (23)    5 U.S.C. § 552 (b)(2) exempts from disclosure information "related solely to the

internal personnel rules and practices of an agency." This exemption protects routine internal

administrative matters and functions of the FBI which have no effect on the public at large.

Disclosure of this information could impede the effectiveness of the FBI's internal law

enforcement procedures.

    (24)    Exemption (b)(2) has been asserted to protect the internal FBI telephone and

facsimile numbers of various SAs, or support employees at LAFO. The telephone numbers and

facsimiles relate directly to the internal practices of the FBI in that the numbers are routinely used

by FBI employees during the performance of their investigative duties. Disclosure of those

telephone and facsimile numbers could subject the FBI employees or personnel to harassing

telephone calls which could disrupt the official business of the FBI, including impeding his/her

ability to conduct and conclude law enforcement investigations in a timely manner. Additionally,

in the current technological environment, it is now possible for persons so inclined to utilize an

automated dialing system to repeatedly dial the same telephone number resulting in an

inundation of telephone calls, thus rendering the telephone useless to the FBI.  Disclosure of

routine internal administrative information such as these FBI telephone and facsimile numbers

would not result in any benefit to the public at large and there is no indication of a genuine public

interest to be served in disclosing these numbers.  Accordingly, because these internal FBI

telephone and facsimile numbers relate solely to the FBI's internal practices, and disclosure

would not serve any public interest, and because disclosure would impede the FBI's

effectiveness, the FBI properly withheld these numbers pursuant to Exemption (b)(2).  In FOIA

practice, this is known as a "low (b)(2)."

### FOIA EXEMPTION (b)(6):
### CLEARLY UNWARRANTED INVASION OF PERSONAL PRIVACY

(25)    5 U.S.C. § 552 (b)(6) exempts from disclosure "personnel and medical files and

similar files when the disclosure of such information would constitute a clearly unwarranted

invasion of personal privacy."

(26)    When withholding information pursuant to this exemption, the FBI is required to

balance the privacy interests of the individuals mentioned in these records against any public

interest in disclosure.  In asserting this exemption, each item of information has been scrutinized

to determine the nature and strength of the privacy interest of every individual whose name

and/or identifying information appears in the documents at issue.  In conducting this analysis, the

public interest in disclosure of this information is determined by whether the information in

question would shed light on the FBI's performance of its mission to protect and defend the

United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal

laws of the United States, and to provide leadership and criminal justice services to federal, state,

municipal, and international agencies and partners. In each instance where information was withheld pursuant to Exemption (b)(6), the FBI determined that the individual's privacy interests outweighed any public interest in disclosure.

(27)    Exemption (b)(6) has been asserted to protect the names, identifying information, telephone numbers/extensions, facsimile numbers, mobile phones numbers, and addresses of FBI SAs, FBI support employees, non-FBI federal law enforcement employees, and third parties merely mentioned in the documents at issue.

(28)    The FBI next examined the records at issue to determine whether any public interest outweighed the substantial privacy interest of these individuals names and their personal information referenced in the responsive records. The FBI could not identify any discernible public interest. In particular, the FBI could not determine how the disclosure of the names and identifying information of these individuals would shed any light on the operations and activities of the FBI. Thus, the FBI determined that these individuals' privacy interests outweighed any public interest in disclosure and that disclosure of the names, identifying information, business telephone numbers/extensions, facsimile numbers, mobile phones numbers, and addresses would constitute a clearly unwarranted invasion of their personal privacy. There is no public interest to be served in releasing the identity of these individuals and their personal information . Accordingly, the FBI properly withheld this information pursuant to Exemption (b)(6).

### NARRATIVE DESCRIPTION OF ADDITIONAL ONE PAGE EMAIL

(29)    In reference to the additional one-page email which the FBI inadvertently failed to produce to plaintiffs, this declaration will provide a narrative description of the document, separately, as the document is different in nature than the ones retrieved from the LAFO

-22-

Multi-cultural Advisory Committee file.   The narrative description of the document and

justification for deletion of information is as follow:

| | |
|---|---|
| FILE NUMBER: | NOT AVAILABLE |
| DOCUMENT NUMBER: | 33 |
| BATES PAGE NUMBER(S): | ACLU-1005 |
| DATE OF DOCUMENT: | 10/12/2006 |
| DESCRIPTION OF DOCUMENT: | EMAIL |
| TOTAL NUMBER OF PAGES: | 1 |
| TOTAL NUMBER OF WITHHELD PAGES: | 0 |
| TOTAL NUMBER OF PAGES WITH | |
| DELETIONS OF INFORMATION: | 1 |
| | |
| TOTAL NUMBER OF DUPLICATE PAGES: | 0 |

**Justification of Deletions of Information**
**Summary of Deletions of Information:**

**ACLU- 1005**

(30)     The first through seventh deletions of information on ACLU-1005 protect the

names of three support employees.  These names have been deleted pursuant to FOIA Exemption

(b)(6) inasmuch as release of the identity of the three support employees would constitute a

clearly unwarranted  invasion of their personal privacy.  See supra ¶ 25-28, for additional

explanation.

**CONCLUSION**

(31)     The FBI processed and released all reasonably segregable information from the

records responsive to plaintiffs' joint request to the FBI.  Information has been properly withheld

pursuant to Privacy Act (j)(2); 5 U.S.C.§552a and FOIA Exemptions 2, and 6, 5 U.S.C. §§ 552

(b)(2) and (b)(6).  The FBI carefully examined the responsive documents and determined that

information withheld from plaintiffs, if disclosed, could reasonably be expected to disclose

internal administrative information and cause a clearly unwarranted invasion of personal privacy. Accordingly, the FBI has released all reasonably segregable, nonexempt information to plaintiffs in response to the joint FOIA/Privacy Act request to the FBI. After extensive re-review of the documents at issue, I have determined that there is no further reasonably segregable information that can be released.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibits A-E attached hereto is true and correct copy.

Executed this __3rd__ day of __November__, 2008.


DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.