IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | Civ. A. No. 07-1088-CJC |

# **EXHIBIT A**



**U.S. Department of Justice**

Civil Division

---

*Washington, D.C. 20530*

VIA EMAIL AND FIRST CLASS MAIL           June 27, 2008
Tasneem Dohadwala
300 South Grand Ave.
34th Floor
Los Angeles, CA 90071-3144

      Re:    Islamic Shura Council v. FBI, Case No. SA-CV-1088 CJS (C.D. Cal.)

Dear Tasneem:

      This is in response to your letter dated June 16, 2008, concerning the determinations made by the Federal Bureau of Investigation ("FBI") that portions of certain documents were outside the scope of your request because they did not mention or relate to one of the plaintiffs. The fact that only portions of some documents relate or refer to the plaintiffs is not surprising. As noted in the declaration of David Hardy, the documents at issue were located through the use of the "cross-reference" indices. Declaration of David Hardy ("Hardy Decl."), ¶ 45. As Mr. Hardy explained, when there is a cross-reference to a person or organization, it means that the person or organization is not the subject of the file. Id. ¶ 22. Instead, it means that the person or organization in simply mentioned or referenced in a file about another person or organization. Id.

      In your letter, you stated that plaintiffs intend to challenge all of the redactions made by the Federal Bureau of Investigation ("FBI") on the grounds that they were "outside the scope" of the request. You also stated that plaintiffs intend to pursue production of the pages within the document which FBI did not produce on the grounds that they were not responsive. As support for your challenges, you cite to a statement in FOIA Update, Vol. XVI, No. 3 (1995) ("OIP Guidance: Determining the Scope of a FOIA Request"), which suggests that "information should not be determined to be beyond the scope of a request on less than a page-by page basis."

      Your reliance on this statement made in this FOIA Update is misplaced. First, the statement made in the FOIA Update was simply intended to provide general guidance and is not legally binding on the agencies.

      Second, the Office of Information and Privacy ("OIP"), which issued the cited FOIA Update, has subsequently clarified that "in some circumstances" it is appropriate to determine the portions of a page are outside the scope of the request. See "FOIA Counselor Q & A" (posted 1/24/06) (www.usdoj.gov/OIP/FOIAPost/2006FOIAPost3.htm). As that Q & A notes, the "'processing' of a record's content under the FOIA can be very labor-intensive and time-

-2-

consuming process" when the documents contain information protected by an exemption. In such circumstances, "scoping" the page for only information responsive to the request can reduce the burden on the agency and allow the agency to respond to the request more expeditiously.

The prior FOIA Update, which you cited, also recognized that the "scoping" determination depends in part on the nature of the non-responsive material contained in the document. It advised agencies that before making "scoping" determinations "it should at least preliminarily review the contents of the document pages in question with an eye toward FOIA exemption applicability." FOIA Update, at 4. "In some cases, the potentially 'scoped' documents might contain little or no exempt information, such that they can be easily included in the FOIA request as not." Id. On the other hand, where the potentially "scoped" information contains exempt information, the processing OF the non-responsive material increases the burden on the agency. The suggestion made in the prior FOIA Update that an agency should include an entire page within the scope of the request failed to consider the circumstances in which the non-responsive information on the page contained information which is protected by one or more of the statutory exemptions. Instead, it was predicated on the assumption that this approach would "ordinarily involve[] only relatively minimal administrative burden on the agency." FOIA Update, at 4.

In this case, the determinations made by the FBI with respect to scoping are entirely proper and are consistent with the current guidance provided by OIP. As explained above, the documents at issue were not contained in files regarding the plaintiffs. Instead, the documents are contained in investigative files relating to other individuals or organizations. They simply contain reference to one or more of the plaintiffs. For example, document 5 (ACLU 6-7) is a witness statement made by another person in connection with an investigation. The only reference to one of the plaintiffs is that certain individuals – who are not plaintiffs – "are all members of the Shura Council of California, an organization that acts as an umbrella over sixty-two (62) mosques." Moreover, this is not a case where the material which has been determined to be out of scope contains little or no exempt information. As the declaration of Mr. Hardy explains, the documents from which the FBI has withheld pages or portions of pages based on "scoping" determinations are contained in investigative files involving national security concerns. A review of the redactions made as outside the scope of the request shows that in almost all cases the redacted information is classified as "SECRET." Thus, requiring the FBI to process the such non-responsive information for such documents would have impose a time-consuming and labor-intensive burden on the FBI and would have delayed the production of the responsive material.

As I previously explained, the FBI does not believe that it is necessary or appropriate to provide a page by page description of why the remaining portion of each document at issue is not responsive. However, and while not required by law, in an effort to resolve this matter, the FBI is willing in this case to try answer any specific contextual questions that you might have regarding particular documents to the extent it is possible without revealing exempt information.

-3-

I hope that this proposal will resolve the issues raised by your letter. If you have any questions, please contact me.

Sincerely,

*Marcia K Sowles*

Marcia Sowles
Senior Counsel

## ACLU (SHURA LITIGATION) PAGE COUNT

| Document Number: | Number of pages reviewed: (total number of pages of document) | Number of responsive pages: (Number of pages processed) | Bates stamps # ACLU 1-124 |
|---|---|---|---|
| 1 | 2 | 1 | 1 |
| 2 | 8 | 2 | 2a-2 |
| 3 | 5 | 2 | 3-4 |
| 4 | 1 | 1 | 5 |
| 5 | 2 | 2 | 6-7 |
| 6 | 2 | 2 | 8-9 |
| 7 | 3 | 2 | 10-11 |
| 8 | 8 | 2 | 12-13 |
| 9 | 7 | 3 | 14,15,16 |
| 10 | 4 | 2 | 17-18 |
| 11 | 5 | 2 | 19-20 |
| 12 | 1 | 1 | 21 |
| 13 | 1 | 1 | 22 |
| 13a | 1 | 1 | 23 |
| 14 | 4 | 2 | 24-25 |
| 15 | 1 | 1 | 26 |
| 16 | 2 | 2 | 27-28 |
| 17 | 2 | 2 | 29-30 |
| 18 | 1 | 1 | 31 |
| 19 | 3 | 3 | 32,33,34 |
| 20 | 4 | 3 | 35,36,37 |
| 21 | 6 | 4 | 38,39,40,41 |
| 22 | 2 | 1 | 42 |
| 23 | 2 | 2 | 43-44 |

ACLU (SHURA LITIGATION) PAGE COUNT

| Document Number: | Number of pages reviewed: (total number of pages of document) | Number of responsive pages: (Number of pages processed) | Bates stamps # ACLU 1-124 |
|---|---|---|---|
| 24 | 3 | 2 | 45-46 |
| 25 | 1 | 1 | 47 |
| 26 | 3 | 3 | 48,49,50 |
| 27 | 11 | 11 | 51-61 |
| 28 | 2 | 2 | 62-63 |
| 29 | 10 | 9 | 64-72 |
| 30 | 4 | 3 | 73,74,75 |
| 31 | 17 | 17 | 76-92 |
| 32 | 8 | 8 | 93-100 |
| 33 | 2 | 2 | 101-102 |
| 34 | 4 | 2 | 103-104 |
| 35 | 1 | 1 | 105 |
| 36 | 10 | 2 | 106-107 |
| 37 | 13 | 11 | 108-118 |
| 38 | 3 | 3 | 119-121 |
| 39 | 1 | 1 | 122 |
| 40 | 2 | 2 | 12-124 |
| Total documents: 40 | Total pages reviewed: 172 | Total pages released: 125 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | Civ. A. No. 07-1088-CJC |

# **EXHIBIT B**



**U.S. Department of Justice**

Civil Division

Washington, D.C. 20530

June 6, 2008

Federal Ex
Tasneem Dohadwala
300 South Grand Ave.
34th Floor
Los Angeles, CA 90071-3144

Re:   Islamic Shura Council v. FBI, Case No. SA-CV-1088 CJS (C.D. Cal.)

Dear Tasneem:

This letter is in response to your letter dated May 12, 2008, and to confirm our telephone conversations about the search conducted by the Federal Bureau of Investigation ("FBI"). I hope that this response will answer your questions.

First, as you recognized, in order to protect each individual plaintiff's privacy, the FBI sent separate responses to each plaintiff enclosing the pages which referred or related to them.[1] You noted that in some cases, a page may have referred to more than one plaintiff but that only one plaintiff received the page in his letter from the FBI. As I explained, this was an inadvertent error, and we apologize for it. Although a page is cross-referenced to one plaintiff, if the FBI in the process of reviewing the pages for exemptions discovers that the page also contained references to another plaintiff, it should have produced the page to the other plaintiff. Accordingly, as I explained in our telephone conference, except as noted below, the FBI reviewed each of the pages produced to check if there were any references on the pages to any other plaintiffs. Based on this review, we are producing two pages to Islamic Center of Hawthorne (ACLU 8-9), seven pages to Muzammil Siddiqi ███████████████████ ███████, fifty-three pages to Islamic Shura Council (ACLU 43-44, ACLU 48-50, ACLU 51-61, ACLU 76-92, ACLU 93-100, ACLU 108-118, ACLU 2a),[2] thirty-three pages to Hussam Ayloush

---

[1] The pages were provided to the individual plaintiffs as follow: ACLU 1-20 (Shura Council), ███████(Muzammil Siddiqi), ███████(Mohamed Abdul Aleem), ACLU 103-104 (Islamic Center of San Gabriel), ACLU 105 (Islamic Center of Hawthorne), ███████(Shakeel Syed), ███████(Hussam Ayloush), ACLU 122 (CAIR) and ACLU 123-124 (HADI).

[2] ACLU 2a is the first page of document 2. See note 5.

-2-

███████████████████████████████████,[3] and thirty-four pages to CAIR (ACLU 48-50, ALCU 76-92, ACLU 119-121). Copies of these documents are enclosed in Tabs 1 - 5.

Second, as I mentioned in our telephone conference, when the FBI was conducting the review discussed in the prior paragraph, it noticed that there were other pages in a file for the Multi-Cultural Advisory Board Committee, which contained references to some of the plaintiffs. These pages were not cross-referenced to any of the plaintiffs, and therefore had not be identified in our prior searches.[4] Although, the FBI normally limits its search based on references in the index, the FBI is taking the extraordinary step of conducting a manual search of this file for any additional references to any of the plaintiffs. The FBI currently processing these additional pages for production. I will provide you the non-exempt portions as soon as the FBI has completed its review. These pages are similar in nature to the other pages which have already been produced relating to Multi-Cultural Advisory Committee. See ACLU 76-80. They include such documents as minutes of the meeting, agendas, and sign-in sheets, minutes of the meeting and agendas.

Third, you also had questions because in some cases it appeared that the pages which were produced were part of a larger document. As I explained, because the FBI only processed those pages which were responsive, there are cases in which the responsive pages may have been part of a larger document. If a page which contained information pertaining to one of the plaintiffs also contained information which was not responsive, that deletion was noted on the page as being "outside the scope of the request." If an entire page was determined not be responsive, it was treated like any other non-responsive page and is not identified. Therefore, the reference in the Hardy Declaration to the "total number of pages" refers to the "total number of responsive pages," not the total number of pages in the document.[5] In our telephone conference, you asked if the FBI could clarify this point by identifying the total number of pages in the document as well as the total number of responsive pages for each document. I have attached a

---

[3] Mr. Ayloush's name had been redacted from the copies of ███████████████ and ███████ provided to Mr. Aleem, and Mr. Aleem's name has been redacted from the copies provided to Mr. Ayloush under exemption 6.

[4] As explained in the Declaration of David Hardy, ¶ 25, the FBI does not index every name in its files; rather it indexes only that information considered to be pertinent, relevant, or essential for future retrieval.

[5] In order to provide you information on the nature of the document containing responsive pages, the FBI's policy is to identify the first page (with appropriate redactions) even if that page does not contain responsive material. In reviewing the documents, we discovered that the FBI had inadvertently failed to identify the first page of document 2 (ACLU-2). The FBI has now processed that page and marked it as ACLU-2a.

-3-

chart providing this information. See Tab 6.[6]

Fourth, in your letter you identified certain aliases for some of the plaintiffs and asked whether the FBI would be willing to conduct additional searches to cover these aliases. As noted in the Hardy Declaration, ¶¶ 31-41, the FBI has already used many of these variations in its search. These variations specifically included any aliases mentioned in their initial request dated May 15, 2006. For example, the FBI searched for records relating to Islamic Center of Gabriel Valley included "Masjid Quba." See Hardy Declaration, ¶ 32. Likewise, although not mentioned the declaration, a review of the records for the search indicates that the FBI also searched for records relating to the West Coast Islamic Center using the name "Masjid Al Ansar." If plaintiffs were aware of other possible aliases, they should have mentioned them in their initial FOIA request. The FBI, therefore, believes that the searches conducted by the FBI were adequate and that no additional search for the aliases should be required. In an effort to resolve the matter, however, the FBI would be willing to conduct a new search for the other aliases without requiring the plaintiffs formally to submit another FOIA request if plaintiffs were to agree that the searches which have already been conducted were adequate.

Finally, the FBI is not willing to drop the exhaustion defense regarding the challenges to the adequacy of the searches for documents relating to Hussam Ayloush and CAIR. Unlike the other plaintiffs, the FBI responded to their requests by providing them with some documents. The response letters clearly indicated that if they wanted to challenge that response, they could file an appeal to the Office of Information and Privacy. Despite this notice, neither of them filed an appeal after receiving the notice. Your reliance on the joint administrative appeal filed by the plaintiffs is misplaced. On its face that appeal only challenged to the adequacy of the search with respect to the eleven requestors who had received no responsive records. The only "claim" made with respect to CAIR and Mr. Ayloush was that FBI had not yet responded and "responsive records should be disclosed promptly." Therefore, the FBI cannot agree to conduct a further search because they failed to exhaust. However, in an effort to meet your concerns and without waiving its defense, the FBI is willing to review the Multi-Cultural Advisory Council file mentioned in paragraph three for any references to CAIR or Mr. Ayloush in pages referencing other plaintiffs and provide them any pages which also reference them.

---

[6] As I noted in our telephone call, in the process of reviewing the documents, we also noted two other minor errors which may have caused some confusion. First, in the declaration, ACLU 22-23 are denoted as one document (see page 76 of the declaration). They are actually two separate documents -- ACLU-22 is dated 4/28/03 and ACLU is dated 7/12/03. This does not change the description of the redactions made on these pages. Second, the date for ACLU-32-ACLU-34 is listed in the declaration as 11/24/04. However, as you can tell from the redacted pages provided to you, the actual date is 5/27/04. We are sorry for any confusion that this may have caused.

-4-

We hope that this answers your questions regarding the search. If you have any other questions, please contact me.

Sincerely,

*Marcia K Sowles*

Marcia Sowles
Senior Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | Civ. A. No. 07-1088-CJC |

# **EXHIBIT C**



**U.S. Department of Justice**

Civil Division

*Washington, D.C. 20530*

Federal Ex  
Tasneem Dohadwala  
300 South Grand Ave.  
34th Floor  
Los Angeles, CA 90071-3144

August 28, 2008

      Re:   <u>Islamic Shura Council v. FBI</u>, Case No. SA-CV-1088 CJS (C.D. Cal.)

Dear Tasneem:

      I have enclosed the documents identified as a result of the additional search which the Federal Bureau of Investigation ("FBI") agreed to conduct of the Multi-Cultural Advisory Board Committee file. In reviewing the pages produced by the FBI in March, you had noted that some pages had been produced only to one plaintiff even though they mentioned other plaintiffs. In response to that concern, the FBI reviewed the pages for references to any other plaintiffs and produced such pages to the respective plaintiffs on June 6, 2008. As I explained in my letter enclosing those pages, when the FBI was conducting this review, it noticed that there were other pages in the Multi-Cultural Advisory Board file containing references to some of the plaintiffs. These pages were not cross-referenced to any of the plaintiffs, and therefore had not been identified in the FBI's prior searches.[1] Although the FBI normally limits its search based on references in the index, the FBI agreed to take the extraordinary step of conducting a manual search of this file for any additional references to any of the plaintiffs. As a result of that search, the FBI is producing 159 additional responsive pages to Mohamed Abdul Aleem (Tab A), 20 pages to Muzammil Siddiqi (Tab B), 174 pages to Shakeel Syed (Tab C), 327 pages to Islamic Shura Council (Tab D), 308 pages to CAIR (Tab E), 190 pages to Hussam Ayloush (Tab F), and 72 pages to HADI (Tab G).[2] These pages are similar in nature to the other pages which have already been produced relating to Multi-Cultural Advisory Committee. <u>See</u> ACLU 76-80. They include such documents as minutes of the meeting, agendas, and sign-in sheets. Like the prior

---

    [1] As explained in the Declaration of David Hardy, ¶ 25, the FBI does not index every name in its files; rather it indexes only that information considered to be pertinent, relevant, or essential for future retrieval.

    [2] As with the prior releases, the same documents are being produced to more than one plaintiff in some cases. The only difference is that the names of other plaintiffs are redacted under exemption 6. We have enclosed a chart to help you identify the documents being produced to more than one plaintiff. <u>See</u> Tab H.

-2-

documents produced from this file, the redactions made on these pages contain the names of other members of the Multi-Cultural Advisory Committee or FBI employees (which are protected by exemption 6) or the phone numbers of FBI employees (which are protected by exemptions 2 and 6).

In addition to these documents, the FBI has also discovered an additional one-page email which it inadvertently failed to include in the initial production. The email contains a reference to Mr. Syed. We have included a copy of this email in Tab C with the other pages being produced to Mr. Syed.

If you have any questions, please contact me.

Sincerely,

*Marcia Sowles*

Marcia Sowles
Senior Counsel

Enclosures