JENNIE PASQUARELLA*
MARK ROSENBAUM, SBN 59940
ACLU Foundation of Southern California
1313 West Eighth St.
Los Angeles, CA 90017
Telephone: (213) 977-9236
Facsimile: (213) 977-5297
jpasquarella@aclu-sc.org

TASNEEM DOHADWALA, SBN 218067
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5627
Facsimile: (213) 621-5627
tasneem.dohadwala@probonolaw.com

Attorneys for Plaintiffs

*Pro Hac Vice Application Pending

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE<br><br>Defendants. | Case No: SA CV07-01088-CJC (ANx)<br><br>PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW AND STATEMENT OF GENUINE ISSUES OF MATERIAL FACT<br><br>Hearing Date: April 20, 2009<br>Hearing Time: 1:30 p.m.<br>Judge: Hon. Cormac J. Carney |

Pursuant to Local Rule 56-1, Plaintiffs hereby submit the following statement of uncontroverted facts and conclusions of law:

## UNCONTROVERTED FACTS

1. By a letter dated May 15, 2006 to the FBI's Record Information and Dissemination Section and Los Angeles Field Office, Plaintiffs submitted a joint request under FOIA for various records, including all records relating to the FBI's surveillance, monitoring and other investigation of the Plaintiffs. *See* Ex. A-1.[1]

2. By a letter dated July 14, 2006 to the FBI FOIA Appeals Unit, Plaintiffs made a joint written appeal of their FOIA request stating that they had received neither any records in response to that request nor a timeline for its processing and release. *See* Ex. A-2.

3. On April 27, 2007, almost a year after the FOIA request was made, the FBI wrote letters stating that with respect to the following nine Plaintiffs, it had found no records responsive to their FOIA request: Islamic Shura Council of Southern California, Islamic Center of San Gabriel Valley, Islamic Center of Hawthorne, West Coast Islamic Center, HADI, Muzammil Siddiqi, Shakeel Syed, Mohammed Abdul Aleem, and Rafe Husain. *See* Ex. A-3.

4. The letters disclosed that the FBI's search was concentrated only on "identifying main files in the Central Records System at FBI Headquarters and the Los Angeles Office." *Id.*

5. By a letter dated May 10, 2007, the FBI informed Plaintiffs' counsel that the FOIA request for records relating to Plaintiff CAIR-California had been placed in a "perfected backlog" where it was awaiting assignment to an analyst. The letter failed to state any timeline for processing and release. *See* Ex. A-4.

6. By a letter dated May 30, 2007, the FBI informed Plaintiffs' counsel

---

[1] All exhibits are attached to the declaration of Tasneem Dohadwala filed herewith.

Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law and Statement of Genuine Issues of Material Fact
Case No. CV 07-01088 CJC (ANx)
1

that the FOIA request for records relating to Plaintiff Hussam Ayloush was being reviewed by an analyst. The letter failed to state any timeline for processing and release. *See* Ex. A-5.

7. On June 7, 2007, Plaintiffs, through their counsel, addressed a joint appeal letter to the OIP explicitly expressing their position that a search of the Central Records System was inadequate for FOIA purposes and that the FBI should also have searched all other offices and databases that may have responsive records. The Plaintiffs also stated with respect to CAIR-California and Hussam Ayloush, that the FBI had been untimely in its response to their FOIA request. *See* Ex. A-6.

8. On June 13, 2007, the FBI released three pages of records relating to Plaintiff Hussam Ayloush. *See* Ex. A-7.

9. On June 14, 2007, the FBI released one page of records relating to Plaintiff CAIR-California. *See* Ex. A-8.

10. By letters dated July 16, 2007, the OIP informed Plaintiffs' counsel that it had received each of the Plaintiffs' June 7, 2007 administrative appeal, including CAIR-California and Hussam Ayloush. *See* Ex. A-9.

11. The OIP reviewed Plaintiffs' joint appeal with respect to nine of the Plaintiffs and affirmed, by letters to Plaintiffs' counsel dated September 5, 18, 19 and 27, 2007, the FBI's response to those Plaintiffs' FOIA request. The nine Plaintiffs were Islamic Shura Council of Southern California, Islamic Center of San Gabriel Valley, Islamic Center of Hawthorne, West Coast Islamic Center, HADI, Muzammil Siddiqi, Shakeel Syed, Mohammed Abdul Aleem, and Rafe Husain. *See* Ex. A-10.

12. The OIP reviewed Plaintiffs' joint appeal with respect to Plaintiff CAIR-California and affirmed, by a letter to Plaintiffs' Counsel dated September 5, 2007, the FBI's actions on CAIR-California's FOIA request. *See* Ex. A-11.

13. The OIP reviewed Plaintiffs' joint appeal with respect to Plaintiff

Hussam Ayloush and affirmed, by a letter to Plaintiffs' Counsel dated September 27, 2007, the FBI's actions on Hussam Ayloush's FOIA request. *See* Ex. A-12.

14. On March 14, 2008, the FBI released 124 pages of redacted records responsive to the following Plaintiffs' FOIA request: Islamic Shura Council of Southern California, Islamic Center of San Gabriel Valley, Islamic Center of Hawthorne, HADI, Muzammil Siddiqi, Shakeel Syed, and Mohammed Abdul Aleem. *See* Exs. C-1, C-2.

15. On August 28, 2008, the FBI released approximately 1260 pages of records responsive to the following Plaintiffs: Islamic Shura Council of Southern California, HADI, Muzammil Siddiqi, Shakeel Syed, Mohammed Abdul Aleem, CAIR-California and Hussam Ayloush. *See* Second Declaration of David M. Hardy ¶ 17, filed November 4, 2008.

16. Any of the foregoing statements deemed to be a conclusion of law are hereby incorporated as conclusions of law.

## CONCLUSIONS OF LAW

1. **Defendant's "Outside the Scope" Redactions Are Impermissible under FOIA.**

2. First, the redacted portions of the documents contain information that is within the scope of Plaintiffs' FOIA request.

3. Second, FOIA requires government agencies to release their records to the public upon request, unless the information contained within the records falls within one of the nine statutory exemptions. 5 U.S.C. § 552(b); *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 741-42 (9th Cir. 1980) (FOIA "mandates a policy of broad disclosure of government documents").

4. The FOIA exemptions are the exclusive grounds for withholding information and must be narrowly construed. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976); *Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1082, 1085

(9th Cir. 1997).

5. When an agency withholds responsive records, it bears the burden of justifying its withholdings under the applicable FOIA exemptions, which the district court must review *de novo*. 5 U.S.C. § 552(a)(4)(B); *Rosenfeld v. Dep't of Justice*, 57 F.3d 803, 808 (9th Cir. 1995).

6. To justify its withholdings, the agency may not rely upon "conclusory and generalized allegations of exemptions" and must provide sufficient detail to allow the court to independently assess its claims. *Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973).

7. "Scoping" on a page-by-page basis is not allowed. Ex. I-1 (DOJ, *FOIA Update, OIP Guidance: Determining the Scope of a FOIA Request* (1995)).

8. FOIA also does not permit "scoping" of information that would otherwise be "reasonably segregable" from the information withheld pursuant to a FOIA exemption. FOIA requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b).

9. In this case, the redacted information is clearly segregable because it contains factual and contextual information necessary for understanding why Plaintiffs' names appear on a page. *See Pac. Fisheries Inc. v. U.S.*, 539 F.3d 1143, 1150 (9th Cir. 2008).

10. Even if "scoping" within a page is permissible under certain limited circumstances (not present in this case), FOIA does not permit the broad swath "outside the scope" redactions that the FBI has made in this case.

11. An agency is required to liberally interpret a request when deciding what records are responsive and it must be careful to "not unduly [limit] the records found responsive." *See Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (stating that an agency "has a duty to construe a FOIA request

liberally").

12. An agency must not treat "lightly" a decision to "scope" information within a responsive document page. *See* Ex. I-2 (DOJ, *FOIA Post, FOIA Counselor Q & A* (2006)).

13. Finally, information can be "scoped" within a document page only if the information clearly relates to a different subject "that [has] nothing to do with the subject of the FOIA request." *Id.*

14. Here, FBI's invasive "scoping" within pages ACLU 1-124 reveals that the FBI did not liberally construe Plaintiffs' request, but rather construed it as conservatively as possible.

15. The extent of the scoping throughout indicates that the FBI did not use a "light" or cautious approach to "scoping," but an aggressive one.

16. The FBI does not appear to have "scoped" material that relates to a subject separate from the subject of the released material.

17. Finally, the FBI cannot claim material is "outside the scope" if it believes it is within the scope but subject to an exemption. The FBI must either claim the exemption or disclose the information.

18. "Outside the scope" redactions cannot be used to circumvent FOIA requirements that information may only be withheld if it falls within one of nine enumerated exemptions, and that such withholdings must be explained and justified.

19. In a FOIA case, summary judgment in favor of the agency is proper only if the agency establishes that it has fully discharged its obligations under FOIA. *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979).

20. Requestors are entitled to summary judgment if the government fails to adequately justify its withholdings to sustain its burden of proof under FOIA. *See, e.g., Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 861 (D.C. Cir. 1980); *Parke Davis & Co. v. Califano*, 623 F.2d 1, 6-7 (6th Cir. 1980).

21. This Court should order the FBI to lift the "outside the scope" redactions and disclose the information in accordance with FOIA. *See Maine v. U.S. Dep't of Interior*, 298 F.3d 60, 72 (1st Cir. 2002) (stating that where an agency does not meet its burden to justify its withholdings, the courts "may require supplementation of the Vaughn index, conduct an *in camera* review of the documents in question, authorize limited discovery, or *order immediate disclosure of the documents*.") (emphasis added).

22. If this Court declines to order the FBI to lift the redactions, FOIA authorizes the district court to "examine the contents" of withheld records "in camera to determine whether such records or any part thereof shall be withheld." 5 U.S.C. § 552(a)(4)(B).

23. *In camera* review is appropriate where the public interest in disclosure is particularly strong. *See Allen v. C.I.A.*, 636 F.2d 1287, 1299 (D.C. Cir. 1980) ("When citizens request information to ascertain whether a particular agency is properly serving its public function, the agency often deems it in its best interest to stifle or inhibit the probes…. [S]ince it is in these instances that the representations of the agency are most likely to be protective and perhaps less than accurate, the need for in camera inspection is greater.") (overruled on other grounds in *Founding Church of Scientology of Washington, D.C. v. Smith*, 721 F.2d 828 (D.C. Cir. 1983)).

24. Absent disclosure, *in camera* review is necessary to correct Plaintiffs' extreme informational handicap in light of those redactions. *See Jones v. F.B.I.*, 41 F.3d 238, 242 (6th Cir. 1994) ("[T]he plaintiff is handicapped in this endeavor by the fact that only the agency truly knows the content of the withheld material. Except in cases in which the court takes the entire set of responsive documents *in camera*, even the court does not know." (citations omitted)); *Vaughn*, 484 F.2d at 825 (recognizing that *in camera* review can "compensate" for the requestor's lack of knowledge by checking "whether the Government has properly characterized the information as

exempt").

25. Because the FBI fails to meet its burden to justify the "outside the scope" withholdings, it is not entitled to summary judgment.

26. Upon granting summary judgment for Plaintiffs, this Court should order the FBI to disclose the "scoped" information, or, at the very least, conduct *in camera* review.

27. **Plaintiffs Hussam Ayloush and CAIR-California Properly Exhausted Administrative Remedies.** Plaintiffs CAIR-California and Mr. Ayloush fully complied with the FOIA's requirement to exhaust administrative remedies when they submitted their appeal letter on June 7, 2007.

28. The June 7, 2007 appeal constitutes a proper exhaustion of administrative remedies with respect to the adequacy of the search. *See N.A.A.C.P. Legal Def. & Educ. Funds Inc. v. U.S. Dep't of Housing & Urban Dev.*, No. 07 Civ. 3378 (GEL), 2007 WL 4233008 at *5-7 (S.D.N.Y. Nov. 30, 2007) (the practical implications of accepting defendant's exhaustion argument counted strongly against doing so, where it would mean that every time the agency eventually made some disclosure, however inadequate, the requester would be required to return to the agency to pursue administrative appeals).

29. This Court should order the FBI to search CRS cross-references and ELSUR indices for CAIR-California and Mr. Ayloush, just as the FBI did for the nine other plaintiffs after this lawsuit was filed.

30. The FBI's actions in initially searching only main CRS files were inadequate, as Plaintiffs stated in the June 7 letter on behalf of *all eleven plaintiffs*. *Oglesby v. U.S. Dep't of Army*, 920 F. 2d 57, 68 (D.C. Cir. 1990).

31. The adequacy of the agency's search is judged by a standard of reasonableness, construing the facts in the light most favorable to the requestor. *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th

Cir. 1995) (citing *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985) ("The agency must: demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents.")).

32. In order to fulfill the FOIA's goal of providing public access to government documents, "agencies must make more than perfunctory searches and must follow through on obvious leads to discover requested documents." *Kean v. Nat'l Aeronautics & Space Admin.*, 480 F. Supp. 2d 150, 155-56 (D. D.C. 2007) (citing *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).

33. The agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested. *Oglesby v. U.S. Dep't of Army*, 920 F. 2d 57, 68 (D.C. Cir. 1990) (holding that at the very least, the government was required to explain in its affidavit that no other record system was likely to produce responsive documents; it was not clear from the government's affidavit that the Central Records System was "the *only* possible place" that responsive records were likely to be located); *see also Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998) (finding that the weight of authority required the FBI to search ELSUR in addition to CRS in response to a general FOIA request for which ELSUR may be relevant, collecting cases); *Campbell v. U.S. Dep't of Justice*, 193 F. Supp. 2d 29, 35 (D. D.C. 2001) ("in the summary-judgment stage, the agency has the burden to show . . . that it searched all locations likely to contain responsive materials.").

34. The FBI has not demonstrated in its affidavits that the search it conducted for CAIR-California and Mr. Ayloush of the "main" files of the CRS was the only possible place that responsive records were likely to be located and that no other record system was likely to produce responsive documents.

35. Exhaustion of administrative remedies is *not* a jurisdictional prerequisite to a FOIA suit. *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) ("[T]he

exhaustion requirement is not jurisdictional because the FOIA does not unequivocally make it so.").

36. Courts usually look at the purposes of exhaustion and the particular administrative scheme in deciding whether they will hear a case or return it to the agency for further processing. *Oglesby*, 920 F.2d at 62. *See also Wilbur v. C.I.A.*, 355 F.3d 675, 676-77 (D.C. Cir. 2004) (refusing to grant summary judgment on the basis of failure to exhaust when an "action presents no risk of undermining the purposes and policies underlying the exhaustion requirement").

37. The present case presents no risk of undermining the purposes and policies underlying the exhaustion requirement. *Wilbur*, 355 F.3d at 677 (citing *Hidalgo*, 344 F.3d at 1259 and cases cited therein).

38. CAIR-California and Mr. Ayloush did not ignore the exhaustion requirement. *Cf. In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) (holding jurisdiction absent where plaintiff made "no attempt" to comply fully with agency procedures); *Davis v. Astrue*, 250 F.R.D. 476, 483 (N.D. Cal. 2008) (in contrast to a case where "no attempt" to exhaust was made, plaintiff's exhaustion of administrative remedies *after* suit was filed did not deprive court of jurisdiction).

39. All Plaintiffs, including CAIR-California and Mr. Ayloush, clearly attempted to exhaust their administrative remedies in good faith.

40. Because exhaustion is a prudential consideration rather than a jurisdictional prerequisite, this Court is not precluded under these circumstances from deciding the merits of CAIR-California's and Ayloush's FOIA claims, even if it finds that they failed to exhaust administrative remedies.

## STATEMENT OF GENUINE ISSUES OF MATERIAL FACT

Pursuant to Local Rules 56-2, Plaintiffs hereby submit the following statement of genuine issues of material fact:

---

Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law and Statement of Genuine Issues of Material Fact
Case No. CV 07-01088 CJC (ANx)
9

The following responses correspond to the paragraph numbers listed in Defendants' Statement of Uncontroverted Facts and Conclusions of Law filed on March 21, 2008. Plaintiffs dispute Defendant's interpretations and characterizations of important facts, however, Plaintiffs do not believe that these disputes create genuine issues of material facts because the facts themselves are uncontroverted.

1. No opposition
2. No opposition
3. No opposition
4. No opposition
5. No opposition
6. No opposition
7. Plaintiffs oppose Defendants' interpretation of the June 7, 2007 letter to the extent it restricts the joint administrative appeal challenging the adequacy of the search to only nine of eleven Plaintiffs. Plaintiffs challenged the adequacy of the search with respect to all eleven Plaintiffs and assert that the document speaks for itself.
8. No opposition
9. No opposition
10. No opposition
11. Plaintiffs oppose Defendants' characterization of Plaintiffs' actions and assert that both CAIR-California and Hussam Ayloush properly appealed the FBI's actions with respect to their FOIA requests.
12. Plaintiffs oppose Defendants' statement to the extent it could be interpreted to limit Plaintiffs' appeal regarding the adequacy of the search to only nine of eleven Plaintiffs. Otherwise Plaintiffs do not oppose this statement.
13. Plaintiffs do not oppose this statement but clarify that the FBI's further search of its CRS and ELSUR indices was limited to nine of eleven Plaintiffs. The

FBI failed to conduct this further search on behalf of Plaintiffs CAIR-California and Hussam Ayloush.

14. No opposition

15. No opposition

16. No opposition

17. Plaintiffs do not oppose this statement but clarify that the FBI's further search of cross-references was limited to nine of eleven Plaintiffs. The FBI failed to conduct this further search on behalf of Plaintiffs CAIR-California and Hussam Ayloush.

18. No opposition

19. No opposition

20. No opposition

21. No opposition

22. No opposition

23. No opposition

24. No opposition

25. No opposition

26. No opposition

27. No opposition

28. No opposition

29. No opposition

30. No opposition

31. No opposition

32. No response necessary

---

Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law and Statement of Genuine Issues of Material Fact
Case No. CV 07-01088 CJC (ANx)
11

| | | |
|---|---|---|
| 1 | 26. | No opposition |
| 2 | 27. | No opposition |
| 3 | 28. | No opposition |
| 4 | 29. | No opposition |
| 5 | 30. | No opposition |
| 6 | 31. | No opposition |
| 7 | 32. | No response necessary |

Dated: November 26, 2008

Mark D. Rosenbaum
Jennie Pasquarella*
ACLU Foundation of Southern California

_____
TASNEEM DOHADWALA, SBN 218067
300 South Grand Avenue, 34th Floor
Los Angeles, CA 90071-3144
Tel: (213) 687-5000
Fax: (213) 621-5687

Attorneys for Plaintiffs

*Pro hac vice application pending.

Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law and Statement of Genuine Issues of Material Fact
Case No. CV 07-01088 CJC (ANx)
12

537052-Los Angeles Server 2A - MSW