| 4-13-82 | Ehlschide v Labor Dept. | 82,649 |
|---|---|---|
| | Cite as 2 GDS ¶82,228 | |

It is clear that each of the four criteria are to be balanced and weighed in relation to each other as a guide in the court's discretion in awarding attorney's fees, no one criterion predominates. Blue v Bureau of Prisons, 570 F.2d 529, 534.

Further, there is a public benefit to be derived from placing some pressure on the bureaucracy to be more responsive to the legitimate requests of citizens rather than "giving them the runaround" as was done here.

In balancing the four criteria, it becomes obvious that, however weak the public benefit might be, the plaintiff's claim stands firmly on the remaining three legs. Concerning the commercial benefit to the complainant, the Senate report already noted stated that "under the second criterion a court would usually allow recovery of fees where the complainant was indigent or a non-profit public interest group . . . but would not if it were a large corporate interest (or a representative of such an interest)." S. Rep. 93-854, 93rd Cong., 2d Sess., (1974) at Page 171. The plaintiff in the case at hand is not a large corporation or a representative thereof, rather, the plaintiff is a former federal employee who had become disabled on the job and was seeking to prevent the reduction of his disability benefits. While he was not indigent, he was not wealthy either and should not have been put to legal expense to obtain information to which he was rightfully entitled.

Under the third criterion it is clear the plaintiff had a strong individual interest in the record sought. Such interest was not frivolous and was extremely important to the individual. Under the fourth criterion a court would not award fees where the government's withholding the record had a reasonable basis in law. In the case at hand it is not even argued that the government had a reasonable basis in law for withholding the record sought. Indeed, the court notes that there was never an outright refusal but simply delay and obfuscation to the point where the records were effectively withheld.

Utilizing these criteria as a guide in exercising discretion under §552(a)(4)(E) the court is of the view that attorney's fees and litigation costs are recoverable under the facts of this case.

Counsel for the plaintiff has submitted an affidavit to the court establishing that he worked 39¾ hours on the F.O.I.A. claim. The court has determined that $50 an hour is a reasonable legal rate to charge. The court therefore awards $1,987.50 in attorney's fees.

Judgment

In accordance with the memorandum opinion entered in the above case on this date,

IT IS ORDERED AND ADJUDGED as follows:

1. That the plaintiff recover of the defendant an attorney's fee in the amount of $1,987.50.

2. That the cost of this action be, and hereby is, assessed against the defendant.

## ¶82,229

Michael POSNER, et al. v DEPARTMENT OF JUSTICE (D D.C. 1982) Civ. Act. No. 80-2695, 3-9-82.

FOIA's exemption (b)(3) [¶200,025] protected over 5000 pages of FBI records, in conjunction with (1) 28 USC §534 [¶216,011] on criminal ID records, or "rap sheets," (2) Rule 6(e), Fed.R.Crim.P., covering grand jury matters, and (3) 18 USC §§2510—18 [¶213,967] on data derived from court-ordered wiretaps; exemptions (b)(6) [¶200,031] and (b)(7)(C) [¶200,033] protected data whose disclosure would unwarrantedly invade personal privacy ((b)(6) regarding rap sheets, and (b)(7)(C) regarding rap sheets as well as data that would identify officials involved in investigations); exemption (b)(7)(A) protected investigatory files containing data that, if disclosed, could impede ongoing law enforcement proceedings; exemptions (b)(7)(D) and (b)(7)(E) protected confidential source data and data regarding confidential investigative techniques [See also ¶10,134; ¶10,138; ¶10,139].

PARKER, D.J.:

Order Granting Summary Judgment

This proceeding is brought under the Freedom of Information Act (FOIA), 5 USC §552. The issue presented is whether the Federal Bureau of Investigation (FBI or Bureau) properly withheld some documents in their entireties and deleted material in other documents which were released in response to plaintiffs' request for information. The Court finds that the Bureau's actions were appropriate under relevant exclusion provisions of the Act and that it is therefore entitled to judgment and the proceeding is dismissed.

The material facts are undisputed thus the only matters presented are legal issues. Plaintiff Michael Posner requested access

**82,650**     Posner v Justice Dept.     4-13-82
Cite as 2 GDS ¶82,229

to documents relating to him at the FBI Chicago Field Office. One document was promptly released and he was informed that otherwise his request was being processed. Subsequently, he was provided with 667 pages of documents, 294 of which were completely released while the balance were released with deletions. Over 8000 additional pages of documents were withheld in their entireties. Contending that the release constituted only a fraction of the relevant information, plaintiff then appealed the Bureau decision. Later, the Department of Justice affirmed the Bureau's action, stating that the remainder of the requested documents was properly withheld or deleted under the FOIA exemptions which the FBI had invoked.

The government's motion for summary judgment relies upon two affidavits prepared by FBI Special Agent Byron L. Price who is assigned in a supervisory capacity to the Records Managment Division of the FBI in Washington, D.C. The government has also submitted two in camera filings pertaining to the plaintiff and consisting of FBI Headquarters files and Chicago Field Office files. The documents are accompanied by an index indicating the nature of the material deleted and the FOIA exemption invoked by the FBI. The plaintiffs contend that the submitted affidavits and indices are conclusory and therefore fail to satisfy the concerns of Vaughn v Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974).

The Court disagrees with the plaintiffs' contentions. The submitted affidavits and indices are thorough and complete. See Vaughn, 484 F.2d 827-28. Six FOIA exemptions are involved. Under exemption (b)(3), excluding material consistent with statutory provisions, the Bureau has withheld over 5000 pages in their entireties and relies upon three statutes: (1) 28 USC §534, covering the exclusion of criminal identification records or "rap sheets" of third parties;[1] (2) Rule 6(e), Fed.R.Crim.P., covering federal grand jury matters;[2] and (3) 18 USC §§2510-18, pertaining to information derived from court-ordered wiretaps. The Bureau also relies upon exemptions (b)(6) and (b)(7)(C) to justify the withholding of information which would constitute an unwarranted invasion of personal privacy. Exemptions (b)(6) is asserted with regard to third party "rap sheets" while (b)(7)(C) is invoked to exclude "rap sheets" as well as information which would identify agents and other officials involved in FBI investigations. In addition, the FBI withheld documents under exemption (b)(7)(A) where they pertain to investigatory files containing information which, if disclosed, could interfere with ongoing law enforcement proceedings. Further deletions are justified under exemptions (b)(7)(D) and (b)(7)(E) which encompass confidential source material and information regarding confidential investigative techniques. Read in conjunction with a random examination of many of the in camera documents, the FBI affidavits and indices demonstrate that the material was properly withheld under those exemptions.

Moreover, the two affidavits of Special Agent Price demonstrate that the documents which the FBI refused to release on the grounds that they fell outside the scope of the request were properly designated. In each instance, although plaintiff's name appeared in a large investigative file, the affidavit reflects that a page-by-page assessment of the file by the Bureau revealed either that plaintiff was not a target of the investigation or that his name did not even appear in the file until the later volumes. Only those portion which pertained directly to plaintiff were considered to be within the scope of the request.

In assessing the agency's claim, its supporting documentation deserves "substantial weight." Lesar v Department of Justice, 636 F.2d 472, 481 (D.C. Cir. 1980). The Court is free to exercise discretion to "decide the case on the basis of reasonably detailed, explanatory affidavits submitted by the agency in good faith." Exxon Corporation v Federal Trade Commission, 466 F.Supp. 1088, 1094 (D.D.C. 1978), citing Goland v CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980). The Price affidavits provide adequate and sufficient information demonstrating that the withheld material was properly denied under the noted exemption categories. They have not been contradicted by the plaintiffs or any other source, and there is no evidence of bad faith by the agency. Here the Court has had the benefit of complete and detailed FBI affidavits and has, in addition, conducted a limited review of the in camera documents. The supporting papers of the government fully satisfy the requirements set forth in Hayden v National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980); accord, Holy Spirit Association for the Unification of World Christianity v CIA, 636 F.2d 838, 845 (D.C.Cir. 1980). The

---

[Footnote ¶82,229] 1. See Menard v Saxbe, 498 F.2d 1017 (D.C. Cir. 1974).

2. See Fund for Constitutional Government v National Archives and Records Service, 656 F.2d 856, 866-68 (D.C.Cir. 1981).

defendant is entitled to summary judgment.

Accordingly, it is this 9th day of March, 1982,

ORDERED that judgment is entered for the defendant and the complaint of the plaintiff is dismissed with prejudice.

## ¶82,230
### Donald HAYWARD v UNITED STATES DEPARTMENT OF JUSTICE, et al. (D D.C. 1982) Civ. Act. No. 80-0489, 3-11-82.

FOIA's exemption 2 [¶200,023] protected Drug Enforcement Administration violator identifiers and other administrative markings since these markings were used for internal purposes only, disclosure could have impeded law enforcement efforts by revealing initials of DEA officials who reviewed and approved documents, and markings bore no relation to substance of documents; exemption 7(C) [¶200,033] protected identifying data concerning persons involved with requester since: (1) records were compiled during law enforcement investigation, and (2) disclosure would have invaded personal privacy and subjected individuals to harassment, annoyance, and humiliation without producing any public benefit; exemption 7(F) protected names and identities of government employees since past disclosures had led to threats, harassment, physical attacks and murder, and nondisclosure was necessary for continued effectiveness of undercover and investigatory activities [See also ¶10,133; ¶10,139].

---

JOHNSON, D.J.:

### Memorandum Opinion

In this Freedom of Information Act case, plaintiff seeks de novo review of a decision by the Drug Enforcement Administration (DEA) of the United States Department of Justice which denied plaintiff access to certain requested information that is allegedly exempt from disclosure under the provisions of 5 USC §552(b)(2), (b)(7)(C), and (b)(7)(F) (1976). Plaintiff maintains that he has a statutory right to be accorded prompt access to the withheld materials, because at least portions of those materials do not fall within any of the claimed FOIA exemptions. The matter is currently before the Court on the defendants' motion to dismiss or, in the alternative, for summary judgment.

### BACKGROUND

By letter dated September 6, 1979, plaintiff requested copies of any "information, records, and other materials relating to me, including materials identified by or in reference to a personal identifier assigned to my name." Affidavit of Harvey C. Varenhorst, Exhibit A. DEA acknowledged receipt of plaintiff's request on September 12, 1979, and shortly thereafter the Freedom of Information Division conducted a canvass of the security files in DEA's Washington, D.C. Office, the New York Regional Office, and the Northeast Field Office of Internal Security. On February 19, 1980, DEA notified plaintiff that the documents uncovered during the administrative processing of his FOIA/Privacy Act request were part of the DEA Investigative Reporting and Filing System and were accordingly exempt from the access and accountability provisions of the Privacy Act. See 5 USC §552a(j)(2). Nevertheless, DEA informed plaintiff that it would release certain documents or portions thereof as a matter of administrative discretion. Plaintiff thereafter filed an administrative appeal with the Office of Privacy Information and Appeals (OPIA) at the Department of Justice, seeking review of DEA's denial of full access to the documents encompassed by his original request.[1] On June 26, 1980, the OPIA affirmed DEA's partial release of the records that DEA had originally determined to be within the scope of plaintiff's request. At the same time, the OPIA released portions of another document pertaining to plaintiff which had been reviewed during the pendency of the administrative appeal. See Varenhorst Affidavit, Exhibit J.

A total of thirty-four pages of material have been identified as pertinent to plaintiff's request; all of these documents are located in DEA's Investigative Reporting and Filing System, which is exempt from the access provisions of the Privacy Act.[2] Nevertheless, pursuant to 28 C.F.R. §16.57 (1979), DEA has decided to release the requested materials in excised form. Defendants have compiled a detailed itemization describing each of the thirty-four pages contained in the DEA investigative files

---

[Footnote ¶82,230]  1. This was actually plaintiff's second administrative appeal. On January 14, 1980, plaintiff had attempted to appeal DEA's failure to release all relevant documents on an expedited basis. However, in a letter dated January 28, 1980, the Director of the OPIA informed plaintiff that the OPIA could not act on his appeal until DEA had made an initial determination.

2. These documents are clearly investigative records compiled during the course of criminal law enforcement activities; accordingly, they are exempt from access under 5 USC §552a(j)(2).