JENNIE PASQUARELLA*
MARK ROSENBAUM, SBN 59940
ACLU Foundation of Southern California
1313 West Eighth St.
Los Angeles, CA  90017
Telephone:  (213) 977-9236
Facsimile:  (213) 977-5297
jpasquarella@aclu-sc.org

TASNEEM DOHADWALA, SBN 218067
300 South Grand Ave., Suite 3400
Los Angeles, CA  90071-3144
Telephone:  (213) 687-5627
Facsimile:  (213) 621-5627
tasneem.dohadwala@probonolaw.com

Attorneys for Plaintiffs

*Pro Hac Vice Motion Forthcoming

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA et al., | Case No: SA CV07-01088-CJC (ANx) |
| Plaintiffs, | |
| v. | PLAINTIFFS' REPLY IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT |
| FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE | DATE:    April 20, 2009 TIME:    1:30 P.M. JUDGE:  Hon. Cormac J. Carney |
| Defendants. | |

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................... ii

INTRODUCTION ............................................................................. 1

I.    THE GOVERNMENT'S EXTENSIVE "OUTSIDE THE SCOPE" REDACTIONS ARE IMPERMISSIBLE ..................................... 2

    A.    Governing FOIA Law Dictates That The Redacted Documents Are Within The Scope Of Plaintiffs' Request. ......... 2

    B.    The Agency's Internal Guidelines And Foia Law Do Not Permit Such Extensive Redactions .................................. 7

    C.    "Scoping" Material Otherwise Exempt Is Not Less Burdensome In This Case; Full Compliance With FOIA Would Be Most Efficient. .................................................. 9

II.   THE GOVERNMENT'S OWN ACTIONS CLEARLY ESTABLISH THAT CAIR-CALIFORNIA AND HUSSAM AYLOUSH PROPERLY EXHAUSTED ADMINISTRATIVE REMEDIES ................... 9

CONCLUSION .............................................................................. 13

# **TABLE OF AUTHORITIES**

Page

## CASES

*Alaska Department of Environmental Conservation v. E.P.A.,*
    540 U.S. 461, 488 (2004) ................................................................. 8

*Davis v. Astrue,*
    513 F. Supp. 2d 1137 (N.D. Cal. 2007) ........................................ 12

*Dunaway v. Webster,*
    519 F. Supp. 1059 (N.D. Cal. 1981) ...............................2, 3, 5, 6, 7

*Francis v. Federal Bureau of Investigation,*
    No. 1:06CV0968 AWI, DLB, 2008 WL 1767032
    (E.D. Cal. Apr 16, 2008) ............................................................... 12

*Gasparutti v. United States,*
    22 F. Supp. 2d 1114 (C.D. Cal. 1998)........................................... 12

*Hardy v. Daniels,*
    No. CV05-955-MO, 2006 WL 176531 (D. Or. Jan. 23, 2006).......... 12

*Hidalgo v. Federal Bureau of Investigation,*
    344 F.3d 1256 (D.C. Cir. 2003) .................................................... 11

*Hymen v. Merit System Protection Board,*
    799 F.2d 1421 (9th Cir. 1986)....................................................... 11

*In re Steele,*
    799 F.2d 461 (9th Cir. 1986) ........................................................ 11

*Johnson v. Commissioner of Internal Revenuw,*
    239 F. Supp. 2d 1125 (W.D. Wash. 2002) ..................................... 12

*LaCedra v. Executive Office for U.S. Attorneys,*
    317 F.3d 345 (D.C. Cir. 2003) ........................................................ 3

*Nation Magazine v. U.S. Customs Service,*
    71 F.3d 885 (D.C. Cir. 1995) .......................................................... 2

*Posner v. Department of Justice,*
    2 GDS ¶82,229 (D.D.C. 1982)...................................................... 5, 6

*Powell v. U.S. Department of Justice,*
    584 F. Supp. 1508 (N.D. Cal. 1984) ............................................... 8

*Rosenfeld v. United States Department of Justice,*
    No. C 07-03240 MHP, 2008 WL 3925633 (N.D. Cal. Aug. 22, 2008)........ 12

*Said v. Gonzales,*
    No. C 06-986MJP, 2007 WL 2789344 (W.D. Wash. Sept. 24, 2007) ......... 11

*U.S. Department of Justice v. Reporters Committee for Freedom of the Press,*
    489 U.S. 749 (1989)............................................................................ 1

*Van Strum v. U.S. Environmental Protection Agency,*
    680 F. Supp. 349 (D. Or. 1987) ........................................................ 3

*Wilbur v. CIA,*
    355 F.3d 675 (D.C. Cir. 2004) .......................................................... 11

*Wilderness Social v. U.S. Department of Interior,*
    344 F. Supp. 2d 1 (D.D.C. 2004) ...................................................... 3

## STATUTES

5 U.S.C. 552(a)(3)(A) .................................................................................. 2

## OTHER

Teresa Watanabe and Paloma Esquivel, *OC Muslims say FBI Surveillance has
    a Chilling Effect*, L.A. Times, Mar. 1, 2009 ....................................... 1

# INTRODUCTION

Plaintiffs are Muslim leaders, mosques and organizations in the Los Angeles area. Plaintiffs filed this FOIA lawsuit to exercise their basic right to know "what their government is up to" (*U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)) in selectively monitoring Plaintiffs' constitutionally protected activities, and, more generally, to shine the light of public scrutiny on the FBI's practice of surveilling the legitimate First Amendment activities of Arab and Muslim-Americans and organizations where there is no reasonable basis for suspicion. Recent news reports have highlighted the importance of their FOIA request. As the Los Angeles Times reported just last week, when describing the response to news that the FBI had sent informants to infiltrate mosques in Southern California "some people are avoiding mosques, preferring to pray at home. . . . And some mosques have asked speakers to refrain from political messages in their sermons, such as criticism of U.S. foreign policy." Teresa Watanabe and Paloma Esquivel, *OC Muslims say FBI Surveillance has a Chilling Effect*, L.A. Times, Mar. 1, 2009. (*See* Ex. A attached to the Declaration of Tasneem Dohadwala Supporting Plaintiffs' Reply in Support of Cross-Motion for Summary Judgment, filed herewith). Plaintiff Hussam Ayloush told the Los Angeles Times, "Everybody is afraid, and it is leading to an infringement of the free practice of our religion." *Id.*

Understood in this context, it is clear that the government has grossly misinterpreted Plaintiffs' FOIA request. By its terms, the request sought, inter alia, all records "relating or referring to" Plaintiffs, and was explicitly "not limited to" records of FBI surveillance of Plaintiffs themselves. Nor was the request limited to only those portions of the records that name Plaintiffs, or those records that are primarily about Plaintiffs; Plaintiffs seek general knowledge of the FBI's

1  surveillance activities with respect to Arab and Muslim Americans.

2       Because the government's redactions are justified by neither FOIA law nor the

3  plain text of Plaintiffs' request, the Court must order disclosure of much of the

4  withheld and redacted material.

5  **I.    THE GOVERNMENT'S EXTENSIVE "OUTSIDE THE SCOPE"
        REDACTIONS ARE IMPERMISSIBLE**

6

7       The information contained in the "outside the scope" redactions that are at

8  issue in this case are very likely to reveal to Plaintiffs and the public the nature of the

9  surveillance that has so acutely affected Plaintiffs' lives and activities.  Yet, the

10 government claims that the "scoped" information is not responsive to Plaintiffs'

11 request because Plaintiffs are not the primary subjects of the underlying documents

12 or investigatory files.  On this basis, the government seeks to justify its paltry

13 disclosures, many of which reveal nothing but a sentence or partial sentence in which

14 a Plaintiff's name appears.  Had the Plaintiffs exercised their rights under FOIA

15 simply to discover how many times their names appeared in FBI documents, there

16 would be no dispute as to the propriety of the government's "outside the scope"

17 redactions.  But Plaintiffs' request is plainly far broader:  to uncover any document

18 "relating or referring to" the Plaintiffs, because all such documents will shine a light

19 on the surveillance that Plaintiffs routinely experience, irrespective of whose

20 investigatory file the documents are contained in.

21 **A.    Governing FOIA Law Dictates That The Redacted Documents Are
        Within The Scope Of Plaintiffs' Request.**

22      FOIA requires a federal agency to grant "any request for records which …

23 reasonably describes such records," unless subject to certain enumerated exceptions.

24 5 U.S.C. 552(a)(3)(A); *see Dunaway v. Webster*, 519 F. Supp. 1059, 1083 (N.D. Cal.

25 1981).  The government does not dispute that it is obligated to construe a FOIA

26 request liberally.  *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C.

27 Cir. 1995); *LaCedra v. Executive Office for U.S. Attorneys*, 317 F.3d 345, 348 (D.C.

28

1   Cir. 2003); *Wilderness Soc. v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 20 (D.D.C.

2   2004).  Indeed, "[t]he agency is obliged to release any information, subject to the

3   specified exemptions, which relates to the subject of the request or which in any

4   sense *sheds light on, amplifies, or enlarges upon* that material which is found in the

5   same documents." *Dunaway*, 519 F. Supp. at 1083 (emphasis added); *Van Strum v.*

6   *U.S. Envtl. Protection Agency*, 680 F. Supp. 349, 351 (D. Or. 1987).

7        Here, the plain terms of Plaintiffs' request are broad and expansive, leaving

8   little room for ambiguity.  The government does not challenge the clarity of

9   Plaintiffs' request; rather it acknowledges that Plaintiffs' seek "records *relating or*

10  *referring to* the [Plaintiffs], including but *not limited to* records that document any

11  collection of information about monitoring, surveillance, observation, questioning,

12  interrogation, investigation and/or infiltration of any of the [Plaintiffs] or their

13  activities." [1]  Defendant's Opposition to Plaintiffs' Motion for Summary Judgment

14  and Reply in Support of Defendants' Motion for Summary Judgment ("Def. Opp.")

15  at 5; 11-26-08 Dohadwala Decl., Ex. A-1 at 3 (Plaintiffs' FOIA Request) (emphases

16  added).  By the terms of the request, a document is responsive, in its entirety, as long

17  as it *refers* to a Plaintiff, even if the Plaintiff is not the primary subject of the

18  document, or as long as it *relates* to a Plaintiff, even if it does not refer to the

19  Plaintiff by name.

20        Yet, inexplicably, the FBI ignores the fact that Plaintiffs' request clearly states

21  that it seeks "records relating or referring to" Plaintiffs, and that it is "not limited to"

22  records documenting surveillance of Plaintiffs themselves.  It seeks to rewrite

23  Plaintiffs' request, concluding that a document is only responsive to Plaintiffs'

24  _____

25        [1] Plaintiffs' complete FOIA request is not limited to this phrase, but rather
    expanded in great detail on the types of information and records Plaintiffs desired.
26  *See* Ex. A-1 to the Declaration of Tasneem Dohadwala filed on November 26, 2008
    in support of Plaintiffs' Cross-Motion for Summary Judgment ("11-26-08
27  Dohadwala Decl.") (Plaintiffs' FOIA Request).

28  _____

1  request if a Plaintiff is the primary subject of the document or the underlying

2  investigatory file.  Where that is not the case, the government contends that it can

3  simply reveal the sentence or partial sentence where a Plaintiff is mentioned by name,

4  providing no context for why the Plaintiff's name appears on the page.  For example,

5  page ACLU 2 is blacked out except for the partial sentence "[a]ccording to [ ] who

6  attended [ ] speakers at the event included [ ] of the Islamic Shura Council of

7  Southern California, and."  Page ACLU 4 reveals only "during the late 1980's [ ]

8  Shura Council included."  ACLU 25 discloses only "[e]arlier in the week Muzammil

9  Siddiqui and other leaders in the Muslim community issued a fatwa and spoke

10  against violence." ACLU 73 reveals only "Mohammed Abdul Aleem, obtained a visa

11  and went to study at Southern Illinois University" and ACLU 75 reveals only

12  "Mohammed Abdul Aleem, purchased a condominium." (*See* 11-26-08 Dohadwala

13  Decl., Ex. C-1.)  These documents clearly "relate or refer" to Plaintiffs, rendering the

14  entire documents responsive to Plaintiffs' request.

15       In defense of its imaginary limitations on Plaintiffs' request, the government

16  claims that "FOIA does not require an agency to produce an entire document simply

17  because the name of the person or organization which is the subject of the request is

18  mentioned in the document."  Def. Opp. at 7.  This argument fundamentally

19  misunderstands either the law of FOIA or Plaintiffs' request.  FOIA requires an

20  agency to respond to any request for records that reasonably describe such records,

21  unless subject to an exemption.  There is no further requirement that the record

22  pertain to the individual requestor, analogous to an injury-in-fact or standing rule.[2]

23

24       [2] The government's suggestion that Plaintiffs are not entitled to satisfy their
25  "curiosity" about the surveillance of other groups reflects this confusion.  See Def.
    Opp. at 7.  Curiosity is an entirely sufficient basis to seek records under FOIA,
26  particularly where, as here, the government's surveillance has profoundly altered the
    climate of Plaintiffs' communities.  Similarly, the government's suggestion that
27  Plaintiffs seek an explanation as to why such records were created is incorrect.

*(cont'd)*

28

1    Thus, whether an agency is required to produce an entire document that

2    mentions a given person or organization that is the subject of the request depends

3    entirely on the terms of the request.  Here, Plaintiffs request any records that "relate

4    or refer" to them; they do not limit their request to records primarily *about* them or

5    documents in which they are the primary subject.  Therefore, the government must

6    disclose all documents referring to Plaintiffs unless they are subject to an exemption.

7    Contrary to the government's assertion, it is irrelevant that the documents

8    containing "outside the scope" redactions came from investigatory files of third

9    parties.  Plaintiffs' request FBI records that "relate or refer" to them irrespective of

10    how the FBI gathered the information or whose investigatory file the documents

11    came from.  Additionally, information about Plaintiffs gathered in files pertaining to

12    third-parties serves the broad purpose of Plaintiffs' FOIA request to obtain

13    information about FBI surveillance and monitoring of Plaintiffs and their activities.[3]

14    The government cites two district court cases, dating back to the early 1980s,

15    where the courts upheld defendants' "outside the scope" redactions, *Posner v. Dep't*

16    *of Justice*, 2 GDS ¶82,229 (D.D.C. 1982) and *Dunaway*, 519 F. Supp. at 1059.

17    These cases are unpersuasive, and, if anything, support Plaintiffs' position.  In

18    *Posner*, an unpublished case, the decision does not describe Posner's FOIA request

19    in any detail other than to say that he requested "documents relating to him at the

20    FBI Chicago Field Office."  2 GDS ¶82,229 (D.D.C. 1982).  It is impossible to

21    assess from the decision whether the withheld information was actually responsive to

22    ─────────────────
(cont'd from previous page)

23    Plaintiffs merely seek the records legitimately subject to their FOIA request, not an
explanation as to why such records were created.

24    [3] The government's suggestion that in order for this material to be responsive
25    to Plaintiffs' request, they would have had to request "records relating to any
investigations or surveillance of any Muslim or Arab individuals and organizations"
26    is simply absurd.  Def. Opp. at 4.  Plaintiffs have already requested any records or
documents that relate or refer to them.  Whether or not they are the primary subject
27    of the investigation or surveillance is irrelevant to Plaintiffs' request.

28

1  his request, and therefore impossible to assess whether it supports the government's

2  position. Additionally, the decision in *Posner* indicates that portions of documents

3  that "pertained directly to [him] were considered to be within the scope of the

4  request" and released to him. *Id.* It is impossible to tell, however, whether the

5  portions released to Posner were more substantial than the paltry sentences or partial

6  sentences revealed to Plaintiffs in this case. Finally, the court in *Posner* upheld the

7  "outside the scope" redactions because the FBI supplied two affidavits that

8  adequately demonstrated that the material withheld as "outside the scope" was

9  properly designated. *Id.* Here, the FBI provides no such explanation of the "outside

10  the scope" redactions. *See* Declaration of David M. Hardy filed March 21, 2008.

11        *Dunaway* is similarly unpersuasive. While the court in *Dunaway* stated that

12  "the agency is under no obligation to release an entire document simply because the

13  name of a person or organization which is the subject of the request is mentioned in

14  the document," the court supplied this limitation to protect the interests of the

15  requester, not the agency. *Dunaway*, 519 F. Supp. at 1083. The court was concerned

16  about overburdening the requester with disclosure of "mounds of documents of

17  dubious relevancy, not only making it harder to pick out the material which was truly

18  the object of the request, but also potentially making the costs of receipt of the

19  documents prohibitively expensive." *Id.* This concern is inapplicable here because

20  there are only forty-eight pages at issue that contain "outside the scope" redactions,

21  the relevancy of the material to Plaintiffs' request is plainly apparent, and Plaintiffs'

22  fees are waived under FOIA. Furthermore, the court concluded only that an agency

23  may withhold material "if [it] is clearly and without any doubt unrelated to the

24  subject of the request." *Id.* After conducting an *in camera* inspection, the court

25  found that defendants improperly withheld some material as "outside the scope" and

26  ordered such material released where "there was *any possibility* that the material

27  might bear some relationship to the subject of the request, or [that] the information

28

1  was *necessary to understand the context in which the reference to the subject of the*

2  *request arises* in the document." *Id.* at 1083-84 (emphasis added).  Here, as

3  described above, it is very likely that the redacted material "bears some relationship

4  to the subject of the request," and moreover, where the government only reveals a

5  sentence or partial sentence in which a Plaintiff's name appears, the redacted

6  material is clearly "necessary to understand the context in which the reference to the

7  subject of the request arises" in the document.

8  **B.  The Agency's Internal Guidelines And Foia Law Do Not Permit
       Such Extensive Redactions.**

9

10  The Department of Justice's FOIA guidelines and FOIA law governing

11  redaction of exempt material demonstrate that the FBI's "outside the scope"

12  redactions are overbroad and improper.  Plaintiffs' discussion of the Department's

13  FOIA advisories regarding "scoping," the agency's obligation to reasonably

14  segregate and release non-exempt material, and its obligation to provide a *Vaughn*

15  index describing redactions made pursuant to an exemption are not misplaced, as the

16  government claims.  Def. Opp. at 9-11.

17  The government argues that it complied with the guidelines, and that in any

18  event the guidelines do not define the agency's legal obligations.  Def. Opp. at 10-11.

19  Both arguments are mistaken.  First, by "scoping" within pages deemed responsive

20  to Plaintiffs' request, the FBI has flatly defied the agency's directives.  *See* 11-26-08

21  Dohadwala Decl., Ex. I-1 (*FOIA Update, OIP Guidance: Determining the Scope of a

22  FOIA Request* (1995)) (instructing agencies that "information should not be

23  determined to be beyond the scope of a request on less than a page-by-page basis.").

24  Second, the FBI has "scoped" responsive information that relates to the subject of

25  Plaintiffs' request, as discussed above.  *See* 11-26-08 Dohadwala Decl., Ex. I-2 (DOJ,

26  *FOIA Post, FOIA Counselor Q & A* (2006)) (advising that information can be

27  "scoped" within a document page only if the information clearly relates to a different

28

1 subject "that [has] nothing to do with the subject of the FOIA request."). Third, for

2 reasons stated *infra* in Section I(C), this is not a case in which "scoping" to reduce

3 the agency's burden of processing exempt material is justified. Therefore, by

4 "scoping" in this case, the FBI completely flouts its own internal directives. Finally,

5 the government's argument that the guidelines do not define an agency's legal

6 obligations is equally meritless. While they may not have the force of law in and of

7 themselves, they obviously provide evidence as to the statute's meaning, and

8 therefore of the agency's obligations. In addition, it is reasonable to assume that an

9 agency would comply with its own internal guidance directives. *See Alaska Dep't of*

10 *Envtl. Conservation v. E.P.A.*, 540 U.S. 461, 488 (2004) ("cogent 'administrative

11 interpretations . . . not [the] products of formal rulemaking . . . nevertheless warrant

12 respect.'") (quoting *Washington State Dept. of Social and Health Servs. v.*

13 *Guardianship Estate of Keffeler*, 537 U.S. 371, 385 (2003)).

14        The government also argues that Plaintiffs' analogy to an agency's obligation

15 to reasonably segregate non-exempt material and the rules from *Vaughn* to describe

16 exempted material are misguided because those rules concern exemptions rather than

17 "scope" redactions. Def. Opp. at 9. However, the same rationale applies in both

18 instances. Extensive and broad sweeping redactions made pursuant to statutory

19 exemptions are often treated as presumptively overbroad, indicating a possible

20 failure to reasonably segregate exempt from non-exempt material. *See Powell v. U.S.*

21 *Dep't of Justice*, 584 F. Supp. 1508, 1514 (N.D. Cal. 1984) (finding that some of the

22 exemptions claimed "may be unjustified or overbroad" where they were "so

23 substantial in size, in some cases exceeding ten pages" and that the Department may

24 have failed to segregate and release non-exempt material). Where the government

25 redacts massive portions of documents as "outside the scope" when those documents

26 appear to fall within the purview of Plaintiffs' request, constraints similar to the duty

27 to segregate and provide a *Vaughn* index must exist to prevent the government from

28

1  abusing its discretion.

2  **C.    "Scoping" Material Otherwise Exempt Is Not Less Burdensome In
       This Case; Full Compliance With FOIA Would Be Most Efficient.**

3      The government claims that some of the material it maintains is "outside the

4  scope" of Plaintiffs' request is also subject to an exemption, and that because

5  processing this material for exemptions would impose an undue burden on the

6  agency, it is easier to just withhold it all as "outside the scope" of the request.  Def.

7  Opp. at 11 n.7.  Whatever the merits of such a procedure in other cases, there is no

8  rationale for adopting it here.  First, as discussed above, the "scoped" material is

9  actually responsive given the terms of Plaintiffs' request.  Second, even if some of

10  the material is not responsive, the FBI clearly redacted too broadly, because the

11  redactions prevent Plaintiffs from seeing any context surrounding the appearance of

12  their names on a page.  Third, the burden of processing the "outside the scope"

13  documents for exemptions is hardly severe here, where only forty-eight pages of

14  documents are at issue.  Indeed, the government's approach is particularly inefficient

15  here, given that the extensive "scoping" of documents has forced Plaintiffs to litigate

16  the propriety of the withholding.  Nothing would prevent Plaintiffs from simply

17  filing another FOIA request seeking the material withheld as "outside the scope."  It

18  would surely be more efficient for the FBI to simply process Plaintiffs' FOIA request

19  in accordance with its terms and disclose the material subject only to claimed

20  exemptions.

21      For all of these reasons, the Court should order the government to disclose

22  those documents withheld as "outside the scope," or alternatively examine them *in*

23  *camera* to determine if there is any justification for withholding them.

24  **II.    THE GOVERNMENT'S OWN ACTIONS CLEARLY ESTABLISH
       THAT CAIR-CALIFORNIA AND HUSSAM AYLOUSH PROPERLY
25       EXHAUSTED ADMINISTRATIVE REMEDIES**

26      The government's argument that Plaintiffs CAIR-California and Hussam

27

28

1  Ayloush failed to properly exhaust administrative remedies is misguided.  Indeed,

2  the government itself treated the claims as exhausted.  Its contention in this regard is

3  utterly meritless.

4         Plaintiffs CAIR-California and Mr. Ayloush properly submitted an

5  administrative appeal on June 7, 2007 (11-26-08 Dohadwala Decl., Ex. A-6) and

6  followed the administrative appeal process to its very end.  The Court need only look

7  at two letters from the government to make this determination:  (1) a September 5,

8  2007 letter in which the Office of Information & Privacy ("OIP") affirmed the FBI's

9  actions on CAIR-California's FOIA request (11-26-08 Dohadwala Decl., Ex. A-11);

10  and (2) a September 27, 2007 letter in which the OIP affirmed the FBI's actions on

11  Mr. Ayloush's request (11-26-08 Dohadwala Decl., Ex. A-12).  Both letters

12  explicitly state, "If you are dissatisfied with my action on your appeal, you may seek

13  judicial review in accordance with 5 U.S.C. § 552(a)(4)(B)."  (11-26-08 Dohadwala

14  Decl., Exs. A-11, A-12.)  These letters constitute final agency action reviewable by

15  the Court, and these letters alone confirm that CAIR-California and Mr. Ayloush

16  exhausted their administrative remedies.[4]

17         The FBI claims that the June 7, 2007 appeal was premature because

18  documents were first produced to Mr. Ayloush on June 13, 2007 and to CAIR-

19  California on June 14, 2007 (Def. Opp. at 14, 16).  However, the OIP acknowledged

20  receipt of CAIR-California's and Mr. Ayloush's appeal in letters dated July 16, 2007,

21  over a month after the FBI produced documents to them.  (11-26-08 Dohadwala

22  Decl., Ex. A-9).  Then, in its letters dated September 5 and 27, 2007, (11-26-08

23  Dohadwala Decl., Exs. A-11, A-12) the OIP affirmed the FBI's actions on CAIR-

24

25         [4] The government made no attempt to address these letters in its opposition
26  brief, though they were raised in Plaintiffs' opening brief.  (Plaintiffs' Cross-Motion
   for Summary Judgment and Opposition to Defendants' Motion for Summary
27  Judgment at 19).

28

1   California's and Mr. Ayloush's FOIA requests. The FBI's argument that the appeal
2   was premature thus must fail, since the government's own actions treated their
3   appeal as valid.

4          The Court should not force CAIR-California and Mr. Ayloush to re-start the
5   FOIA process and further delay resolution of this suit. The exhaustion requirement
6   is not jurisdictional in this context. *See Hidalgo v. FBI*, 344 F.3d 1256, 1258-59
7   (D.C. Cir. 2003) ("[T]he exhaustion requirement is not jurisdictional because the
8   FOIA does not unequivocally make it so."). Rather, the purpose of the requirement
9   is to prevent premature interference with agency processes, to give the parties and
10  the courts the benefit of the agency's experience and expertise, and to compile an
11  adequate record for review. *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004)
12  (citing *Hidalgo*, 344 F.3d at 1259 and cases cited therein).

13         The FBI's argument that in the Ninth Circuit, the exhaustion requirement is
14  jurisdictional rather than prudential is based on Ninth Circuit cases where *no attempt*
15  was made to exhaust. *See Hymen v. Merit Sys. Prot. Bd.*, 799 F.2d 1421, 1423 (9th
16  Cir. 1986), *overruled on other grounds by Capital Tracing, Inc. v. United States*, 63
17  F.3d 859 (9th Cir. 1995) (stating that the agency had issued regulations providing for
18  FOIA administrative appeals but the plaintiff had "failed to take this route."); *In re*
19  *Steele*, 799 F.2d 461, 466 (9th Cir. 1986) ("Where *no attempt* to comply fully with
20  agency procedures has been made, the courts will assert their lack of jurisdiction
21  under the exhaustion doctrine.") (emphasis added); cited in Def. Opp. at 15. The
22  FBI cites a number of cases where courts in the Ninth Circuit have dismissed FOIA
23  cases on jurisdictional grounds, but each case is inapposite. In *none* of those cases
24  did the FOIA plaintiff actually make an attempt to exhaust.[5]

25  _____

26         [5] *See Said v. Gonzales*, No. C06-986MJP, 2007 WL 2789344, at *5 (W.D.
    Wash. Sept. 24, 2007) (Plaintiffs filed their lawsuit before the time for the agencies
27  to respond to their FOIA requests had even passed, so they necessarily did not

                                                                              *(cont'd)*

28  _____

1    By contrast, here, CAIR-California and Mr. Ayloush have set forth clear

2  evidence that they made a good faith attempt to exhaust administrative remedies and

3  pursued that process to its end.  At least two cases within the Ninth Circuit have

4  relied on *Hidalgo* for the proposition that FOIA's exhaustion requirement is not

5  jurisdictional:  *Rosenfeld v. U.S. Dep't of Justice*, No. C 07-03240 MHP, 2008 WL

6  3925633, at **7-9 (N.D. Cal. Aug. 22, 2008) (in a factual pattern resembling the

7  current case, the government released documents after the plaintiff had appealed, and

8  the court held that FOIA did not require the plaintiff to renew his appeal following

9  an interim release of documents); *Francis v. F.B.I.*, No. 1:06CV0968 AWI, DLB,

10  2008 WL 1767032, at **6, 8 (E.D. Cal. Apr. 16, 2008) (since the FBI had the

11  opportunity but failed to address Plaintiff's contention that he could not afford

12  copying costs, the exhaustion requirement was held to be met based on prudential

13  considerations).  Therefore, even if this Court finds that CAIR-California's and Mr.

14  Ayloush's attempt to exhaust administrative remedies was lacking, it should adopt

15  the reasoning in *Hidalgo* and exercise jurisdiction over Plaintiffs' request.

16    CAIR-California and Mr. Ayloush did not bypass the administrative review

17  process.  The FBI and OIP had ample opportunity to address Plaintiffs' concerns

18  regarding the adequacy of their searches, but failed to do so.  Indeed, the fact that the

19  FBI and OIP made no such effort even as to the nine Plaintiffs that concededly

20  exhausted administrative remedies shows that the exhaustion issue here is a red

21  
(cont'd from previous page)

22  exhaust administrative remedies); *Davis v. Astrue*, 513 F. Supp. 2d 1137, 1148 (N.D. Cal. 2007) (neither Plaintiff's complaint nor his opposition made "any showing" that he had complied with exhaustion procedures); *Hardy v. Daniels*, No. CV05-955-MO,

23  2006 WL 176531, at *2 (D. Or. Jan. 23, 2006) (it was clear Plaintiffs did not exhaust because they did not even give the agency twenty working days to respond to the

24  request); *Johnson v. Comm'r of Internal Revenue*, 239 F. Supp. 2d 1125, 1136 (W.D. Wash. 2002) (Plaintiff made no showing that she had filed administrative appeals);

25  *Gasparutti v. U. S.*, 22 F. Supp. 2d 1114, 1116 (C.D. Cal. 1998) (Plaintiff failed to allege a proper FOIA request, let alone exhaustion of administrative remedies).  The

26  cases cited by the FBI from jurisdictions outside the Ninth Circuit suffer from similar infirmities.

27  

28

1  herring.  The FBI released only three pages to Mr. Ayloush and one page to CAIR-
2  California.  They have already waited over two years for an adequate response to
3  their FOIA requests.  They should not have to wait further.

4      It would be a waste of resources to require these two Plaintiffs to start the
5  FOIA process over from the beginning.  If the Court finds that they failed to exhaust,
6  they will simply re-file their FOIA requests, requiring the FBI to process a brand
7  new request instead of simply conducting additional searches of its ELSUR indices
8  and cross-references now, as it did for the other nine Plaintiffs, and producing the
9  responsive documents.  Should litigation be required to resolve disputes, it would
10 unnecessarily burden judicial resources to file a new case when the issues could
11 easily be addressed in the present litigation.

12                           **CONCLUSION**

13     For the above stated reasons, this Court should grant Plaintiffs' cross-motion
14 for summary judgment and deny the government's motion for summary judgment.
15 In granting Plaintiffs' cross-motion, the Court should order the FBI to disclose all
16 material improperly withheld as "outside the scope."  Alternatively, the parties agree
17 that an *in camera* review of the FBI's "outside the scope" redactions would be
18 appropriate.  The Court should also order the FBI to conduct additional searches of
19 its ELSUR and cross-reference indices on behalf of CAIR-California and Mr.
20 Ayloush.

21 DATED:  March 6, 2009

22

23                          Tasneem Dohadwala
                            300 South Grand Ave., Suite 3400
24                          Los Angeles, CA 90071-3144
                            Telephone: (213)687-5627
25                          Facsimile: (213) 621-5627
                            Tasneem.dohadwala@probonolaw.com

26                          Attorneys for Plaintiffs Islamic Shura Council
                            of Southern California et al.
27

28

---

549329-Los Angeles Server 2A - MSW