**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-01088-CJC(ANx)                                              Date:  April 20, 2009

Title: <u>ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA ET AL. V. FEDERAL BUREAU OF INVESTIGATION ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                                                   <u>       N/A       </u>
Deputy Clerk                                                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                         None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REGARDING *IN CAMERA* INSPECTION OF DOCUMENTS, REASONABLENESS OF GOVERNMENT'S SEARCH FOR RESPONSIVE DOCUMENTS, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Introduction**

This dispute arises from an action filed under the Freedom of Information Act ("Act"), 5 U.S.C. § 552.  Plaintiffs are six organizations and five individuals—Islamic Shura Council of Southern California, Council on American Islamic Relations – California ("CAIR"), Islamic Center of San Gabriel Valley, Islamic Center of Hawthorne, West Coast Islamic Center, Human Assistance and Development International, Inc., Dr. Muzammil Siddiqi, Shakeel Syed, Hussam Ayloush, Mohammed Abdul Aleem, and Rafe Husain (collectively "Plaintiffs")—who seek information from the Federal Bureau of Investigation's ("FBI") headquarters and its Los Angeles Field Office.  Two issues are before the Court.  Although the FBI argues that it has complied with its obligations under the FOIA, Mr. Ayloush and CAIR challenge the reasonableness of the FBI's search for documents responsive to their FOIA request.  The remaining nine plaintiffs challenge the FBI's redactions to the documents the FBI produced in response to their requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01088-CJC(ANx)            Date: April 20, 2009
                                                                                                 Page 2

**Background**

Plaintiffs submitted their joint FOIA request to the FBI on May 15, 2006. Plaintiffs lodged an extremely broad request for FBI records, listing nineteen specific requested disclosures. (Pl.'s Mem. Supp. Summ. J. Ex. A-1 at 8-10.) Their first request asked for "[a]ny records relating or referring" to themselves, "including but not limited to records that document any collection of information about monitoring, surveillance, observation, questioning, interrogation, investigation and/or infiltration of any of the Requestors or their activities." (*Id.*)

In April and May 2007, the FBI responded to Plaintiffs' FOIA requests. On April 27, 2007, the FBI notified nine of the plaintiffs that its search of the Central Records System did not locate any responsive documents. (*Id.* Ex A-3.) On May, 10, 2007, the FBI notified CAIR that it located responsive documents, and the records would be assigned to an analyst. (*Id.* Ex. A-4.) On May 30, 2007, the FBI notified Mr. Ayloush that it had located responsive documents, and his request was being reviewed by an analyst. (*Id.* Ex. A-5.)

On June 7, 2007, Plaintiffs filed a written appeal of the FBI's responses to their requests with the Department of Justice's Office of Information & Privacy ("OIP"). (*Id.* Ex. A-6.) "First, with regard to the FBI's responses that it has searched the Central Records Service and found no responsive records with respect to *eleven* requestors," Plaintiffs argued the search was "not adequate under the FOIA, and that all other databases and offices that may have responsive records should have been searched as well." (*Id.* (emphasis added).)

On June 13, 2007, the FBI released three pages of documents to Mr. Ayloush in response to his request. (*Id.* Ex. A-7.) On June 14, 2007, the FBI released a one-page document to CAIR. (*Id.* Ex. A-8.)

On July 16, 2007, the OIP advised each of the Plaintiffs, including CAIR and Mr. Ayloush, that their administrative appeals had been received. (*Id.* Ex. A-9.) Then, on September 5, 2007 and September 27, 2007, the OIP notified CAIR and Mr. Ayloush, respectively, that they could "seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B)." (*Id.* Exs. A-11-A-12.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01088-CJC(ANx)　　　　　　　　　　　　　Date: April 20, 2009
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

　　　　Plaintiffs initiated this action on September 18, 2007, challenging the adequacy of the FBI's search. After they filed the lawsuit, the FBI conducted additional searches for nine of the plaintiffs, but not Mr. Ayloush or CAIR. In addition to the Central Records System, the FBI searched its electronic surveillance ("ELSUR") indices and performed a cross-reference search on behalf of these nine plaintiffs. In March 2008, the FBI produced 124 pages of responsive documents. (Ex. C-1.) In addition to redacting information on the basis of recognized exemptions to the FOIA, a large amount of the information was either redacted or withheld entirely as "outside the scope" of Plaintiffs' FOIA request. (*Id.*) In August 2008, the FBI released 32 additional documents related to the Los Angeles Multi-Cultural Advisory Committee.

　　　　Over the past year, the parties have attempted to resolve their dispute. At this point, two issues remain: (1) whether the FBI's "outside the scope" redactions are proper, and (2) whether the FBI's searches for documents responsive to Mr. Ayloush's and CAIR's requests were adequate. For the following reasons, the Court finds that an *in camera* review is necessary to determine the propriety of the FBI's "outside the scope" redactions, and the Court concludes that the FBI must expand its search for records responsive to Mr. Ayloush's and CAIR's requests.

**Analysis**

　　**A. The FBI's "Outside the Scope" Redactions**

　　　　A district court reviews an agency's response to a FOIA request *de novo*. 5 U.S.C. § 552(a)(4)(B). The FOIA "mandates a policy of broad disclosure of government documents when production is properly requested." *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir. 1980). "When a request is made, an agency may withhold a document, or portions thereof, only if the information contained in the document falls within one of nine statutory exemptions to the disclosure requirement." *Id.*

　　　　Although the government has no obligation to disclose information that falls outside the scope of a FOIA request, the government should construe a request for information broadly.[1] "Given the policy embodied in the FOIA requiring disclosure of

---

[1] As the Court of Appeals for the District of Columbia Circuit noted, "[o]bviously, it does little good for the government to note that a document falls outside of the original request" if the requestor "can simply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01088-CJC(ANx)                                     Date:  April 20, 2009
                                                                    Page 4

information in government documents unless it falls within the reach of one of the specified exemptions, the agency should err on the side of liberally construing what material falls within the scope of the request." *Dunaway v. Webster*, 519 F. Supp. 1059, 1083 (C.D. Cal. 1981).  The government "is obliged to release any information, subject to the specified exemptions, which relates to the subject of the request or which in any sense sheds light on, amplifies, or enlarges upon that material which is found in the same documents." *Id.*  Thus, the government may only withhold material found in documents on the ground that it is outside the scope of the request if "that material is clearly and without any doubt unrelated to the subject of the request." *Id.*

The government has the burden of establishing that a given document, or portion thereof, "is exempt from disclosure." *Church of Scientology*, 611 F.2d at 742.  To satisfy this burden, the government must supply "a reasonably detailed affidavit describing the document and facts sufficient to establish an exemption." *Id.*  If the government's basis for not disclosing information is "too generalized" to establish that a particular statutory exemption applies, the district court "may, in its discretion, proceed to examine the disputed documents in camera for a first-hand determination of their exempt status." *Id.*  Likewise, if the district court is concerned that the information withheld is not beyond the scope of the request, the court may conduct an *in camera* review of the documents.  *Dunaway*, 519 F. Supp. at 1083.  In determining whether to engage in discretionary review, the district court should consider the burden an *in camera* review will impose on the district and appellate courts and the public's interest in the case.  *See Powell v. U.S. Dep't of Justice*, 584 F. Supp. 1508, 1513 (N.D. Cal. 1984).

Here, Plaintiffs do not challenge the information withheld pursuant to statutory exemptions.  Rather, they object to the FBI's justification for redacting and withholding large amounts of information as "outside the scope" of their request, and argue that this justification is not sufficient under the FOIA.  Plaintiffs' objection is well taken.  Plaintiffs submitted an extremely broad request for information.  Plaintiffs requested "[a]ny records relating or referring" to themselves, "including but not limited to records that document any collection of information about monitoring, surveillance, observation, questioning, interrogation, investigation and/or infiltration of any of the Requestors or their activities." (Pl.'s Mem. Supp. Summ. J. Ex. A-1 at 8-10.)  Indeed, the request is so

---

initiate another request and thereby force it to search for the new document." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1355 n.12 (D.C. Cir. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01088-CJC(ANx)         Date: April 20, 2009
                                        Page 5

---

broad that it is difficult to imagine that any document containing a plaintiff's name would not be responsive.

In response to Plaintiffs' request, the FBI produced over one hundred pages of documents. (*Id.* Ex. C-1.) In addition to the information redacted pursuant to specific FOIA exemptions, the FBI redacted and withheld much of the information as "outside the scope" of Plaintiffs' request. (*Id.*) Although the FBI has offered a detailed account of the applicability of the FOIA exemptions, it has produced no evidence beyond the bare assertion that certain information is "outside the scope of plaintiffs' request" to support the remaining redactions. (Def.'s Mot. for Summ. J. Ex. A at 47.) Often, these "outside the scope" redactions cover an entire page. (Pl.'s Mem. Supp. Summ. J. Ex. C-1 at 77, 87, 90, 92, 97, 100, 102, 104, 107, 116, 120.) On other pages, the only information that appears is a sentence mentioning one of the plaintiffs. For example, "Mohammed Abdul Aleem, obtained a visa and went to study at Southern Illinois University" and "Mohammed Abdul Aleem purchased a condominium" appear on pages that are otherwise completely redacted as "outside the scope." (*Id.* at 115, 117.)

The Court concludes that *in camera* review of these documents is necessary to determine the propriety of the FBI's "outside the scope" redactions. First, *in camera* review does not pose an unreasonable burden on the Court. This case does not involve thousands of pages of documents, and the Court can review the documents that have been redacted or not produced. Second, the public's interest in this case is significant. As Plaintiffs' motion notes, "the public has been intensely concerned about the legality of the FBI surveillance of Muslim and Arab individuals and organizations." (Pl.'s Mem. Supp. Summ. J. at 1.)

The Court appreciates that even if some of the information in the redacted or withheld documents is within the scope of the Plaintiffs' request, FOIA exemptions may apply. Thus, Plaintiffs may not be entitled to some or all of the information, even if it falls within the scope of their request. However, with respect to any information within the scope of Plaintiffs' request, the FBI has an obligation to supply "a reasonably detailed affidavit describing the document and facts sufficient to establish" the applicability of any exemptions. *Church of Scientology*, 611 F.2d at 738.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01088-CJC(ANx)            Date: April 20, 2009
                                                                                                 Page 6

**B. The Adequacy of the Searches Conducted in Response to Mr. Ayloush's and CAIR's Requests**

Mr. Ayloush and CAIR also challenge the adequacy of the FBI's search for documents responsive to their requests. The FOIA requires government agencies to conduct a "search reasonably calculated to uncover all relevant documents." *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995) (quoting *Zemansky v. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 19885)). "[T]he agency cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990.)

Here, the FBI failed to perform a sufficient search for responsive documents on behalf of Mr. Ayloush and CAIR. In response to Plaintiffs' FOIA request, the FBI conducted a search of the Central Records Service on behalf of all Plaintiffs. (Pl.'s Mem. Supp. Summ. J. Ex. A-3.) After Plaintiffs filed their lawsuit, the FBI conducted additional searches for nine of the plaintiffs, but not Mr. Ayloush or CAIR. In addition to the Central Records System, the FBI searched its ELSUR indices and performed a cross-reference search. The Court concludes that the FBI is obligated to perform these additional searches on behalf of Mr. Ayloush and CAIR as well.

The FBI argues that Mr. Ayloush and CAIR have failed to exhaust their administrative remedies, and therefore the Court lacks jurisdiction to determine the adequacy of the FBI's search for responsive documents. The FBI is mistaken. On June 7, 2007, Plaintiffs filed a written appeal of the FBI's responses to their requests with the OIP. (Pl.'s Mem. Supp. Summ. J. Ex. A-6.) "First, with regard to the FBI's responses that it has searched the Central Records Service and found no responsive records with respect to *eleven* requestors," Plaintiffs argued the search was "not adequate under the FOIA, and that all other databases and offices that may have responsive records should have been searched as well."[2] (*Id.* (emphasis added).) On July 16, 2007, the OIP advised each of the Plaintiffs, including CAIR and Mr. Ayloush, that their administrative appeals had been received. (*Id.* Ex. A-9.) Then, on September 5, 2007 and September 27, 2007,

---

[2] The Court recognizes that this sentence is not accurate; the FBI found no responsive records for *nine* of the plaintiffs, not eleven. Nevertheless, the Court is confident that Plaintiffs' June 2007 appeal properly put the government on notice that Plaintiffs—all eleven of them—disputed the adequacy of the FBI's search for responsive documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01088-CJC(ANx)　　　　　　　　　　　　Date: April 20, 2009
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

the OIP notified CAIR and Mr. Ayloush, respectively, that they could "seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B)." (*Id.* Exs. A-11-A-12.)  While Mr. Ayloush and CAIR did not file an additional notice of appeal after the FBI produced the four pages of documents found in the FBI's Central Records Service search, Mr. Ayloush and CAIR did not need to do so.  The FBI has been on notice that Mr. Ayloush and CAIR were not satisfied with the breadth of the FBI's search since June 2007.  Furthermore, Mr. Ayloush and CAIR were advised that they had exhausted their administrative remedies, and they reasonably relied on that information.

**Conclusion**

　　　　For the foregoing reasons, the Court finds that an *in camera* review is necessary to determine the propriety of the FBI's "outside the scope" redactions. The FBI is ordered to provide any documents redacted or withheld as "outside the scope" to the Court for an *in camera* review no later than May 4, 2009.  The Court also orders the FBI to search its ELSUR indices and perform a cross-reference search for records responsive to Mr. Ayloush's and CAIR's requests.  The FBI is ordered to perform these searches and produce any responsive documents no later than May 20, 2009.

law

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU