1  JENNIE PASQUARELLA, *Pro Hac Vice*
Email: jpasquarella@aclu-sc.org
2  MARK ROSENBAUM, SBN 59940
Email: mrosenbaum@aclu-sc.org
3  ACLU FOUNDATION OF
   SOUTHERN CALIFORNIA
4  1313 West Eighth Street
Los Angeles, CA 90017
5  Telephone: (213) 977-9500 x236
Facsimile: (213) 977-5297
6
THOMAS HAROLDSON, SBN 250136
7  Email: thomas.haroldson@probonolaw.com
300 South Grand Ave., Suite 3400
8  Los Angeles, CA 90071-3144
Telephone: (213) 687-5327
9  Facsimile: (213) 621-5327
Attorneys for Plaintiffs
10

11  **UNITED STATES DISTRICT COURT**

12  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13  **SOUTHERN DIVISION**

14
15  ISLAMIC SHURA COUNCIL OF      )   Case No.   SACV 07-1088 CJC (ANx)
SOUTHERN CALIFORNIA; et al.,     )
                                 )   REQUEST FOR STATUS
16         Plaintiffs,           )   CONFERENCE
                                 )
17      vs.                      )
                                 )
18  FEDERAL BUREAU OF            )
INVESTIGATION; and UNITED        )
19  STATES DEPARTMENT OF         )
JUSTICE,                         )
20                               )
           Defendants.           )
21  _____ )

22

23      Plaintiffs respectfully request a status conference in the above-titled action

24  to discuss the status of Defendants' production and release of the information at

25  issue in this case.  At the hearing on April 20, 2009, this Court ordered *in camera*

26  review of the material redacted and withheld as "outside the scope" of Plaintiffs'

27  FOIA requests and ordered Defendants to conduct additional searches for records

28  responsive to the FOIA requests of Hussam Ayloush and CAIR-California and

1    produce such records by May 20, 2009.  (*See* Order Re *In Camera* Inspection of

2    Documents, Apr. 20, 2009.)

3         Since the hearing on April 20, 2009, this Court has conducted an *in camera*

4    review of the material redacted and withheld as "outside the scope" of Plaintiffs'

5    FOIA requests.  (Order Scheduling *In Camera* Hearing Re Documents Submitted

6    for *In Camera* Review, May 11, 2009.)  It has also taken the unusual step of

7    holding two *in camera, ex parte* hearings with counsel for Defendants on May 14,

8    2009 and June 23, 2009.  (*Id.*; Order Scheduling *In Camera* Hearing Re

9    Documents Submitted for *In Camera* Review, May 18, 2009.)  In advance of those

10   hearings, Defendants submitted two *ex parte* classified affidavits on May 4, 2009

11   and June 19, 2009.  (Def.'s' Not. of *In Camera, Ex Parte* Submission Pursuant to

12   Court's Order, May 4, 2009; Def.'s' Not. of *In Camera*, *Ex Parte* Submission

13   Pursuant to Court's Order, Jun. 19, 2009.)  Finally, apparently as a result of the

14   issues raised by Defendants in their *ex parte* correspondence to the Court, this

15   Court stayed Defendants' review and production of the records resulting from

16   additional searches for Hussam Ayloush and CAIR-California, pending the

17   resolution of the issues discussed *ex parte* between the Court and Defendants.

18   (Order Denying *Ex Parte* App. to Extend Time for Def.'s to Complete Review of

19   Records for Pl.'s Ayloush and CAIR of Southern California, May 20, 2009.)

20        FOIA limits the circumstances in which *ex parte* communication is

21   permitted in the context of an *in camera* review of documents.  As a general

22   matter, courts are to proceed with caution in authorizing *in camera* review of

23   documents and *ex parte* communications, given the non-adversarial nature of such

24   proceedings.  *See Pollard v. FBI,* 705 F.2d 1151, 1153 (9th Cir. 1983) ("Indeed, it

25   is the *ex parte*, non-adversarial nature of *in camera* review that has prompted

26   courts to proceed with caution in endorsing *in camera* review of documents in

27   FOIA cases"); *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973) (stating *in*

28   *camera* review "may be very burdensome, and is necessarily conducted without

1

1    benefit of criticism and illumination by a party with the actual interest in forcing

2    disclosure"); *Stein v. Department of Justice & FBI*, 662 F.2d 1245, 1254 (7th Cir.

3    1981) (acknowledging the importance of *in camera* review, but stating it is a

4    "matter of conjecture whether the court performs any real judicial function when it

5    reviews classified documents *in camera.* Without the illumination provided by

6    adversarial challenge...., the court has no basis on which to test the accuracy of the

7    government's claims."). Because *ex parte* proceedings raise serious fairness

8    concerns, the courts have made clear that "the District Court should attempt to

9    create as complete a public record as possible." *Phillippi v. CIA*, 546 F.2d 1009,

10   1013 (D.C. Cir. 1976). The District Court should require the government to

11   provide public affidavits describing in as much detail as possible its justifications

12   for its withholdings before examining classified, *ex parte* affidavits, hearing *ex*

13   *parte* testimony, or holding *ex parte* hearings. *See Pollard,* 705 F.2d at 1153-54

14   ("the practice of *in camera, ex parte* review remains appropriate in certain FOIA

15   cases, provided the preferred alternative to *in camera* review – government

16   testimony and detailed affidavits –  has first failed to provide a sufficient basis for

17   a decision"); *Phillippi*, 546 F.2d at 1013 ("Only after the issues have been

18   identified by this process" of creating a public record "should the District Court, if

19   necessary, consider arguments or information which the Agency is unable to make

20   public.").

21         In this case, Plaintiffs, who desire expedient disclosure of the information

22   withheld as "outside the scope" and the records resulting from the additional

23   searches, agreed to *in camera* review of the information redacted and withheld on

24   that basis, with the understanding that the Court would provide the government

25   another opportunity to withhold sensitive, national security information that

26   properly falls within an enumerated exemption under FOIA. Plaintiffs understand

27   that Defendants' *ex parte* communications to the Court may help facilitate the

28   Court's careful evaluation and designation of exempted information in the interest

2

1  of ensuring that all non-exempt information previously withheld as "outside the

2  scope" is fully disclosed.  However, absent any information regarding the need for

3  numerous *ex parte* communications, Plaintiffs are concerned about the fairness of

4  such proceedings, where Defendants have now had at least four opportunities to

5  present *ex parte* testimony and arguments to the Court, without adversarial testing

6  by Plaintiffs.

7         In addition, Plaintiffs are concerned about the propriety of such

8  communications with respect to the records resulting from the additional searches

9  for Hussam Ayloush and CAIR-California.  A public record has not yet been made

10 as to those documents, as they have not been released to Plaintiffs, and the

11 government has not publicly justified any of the withholdings in those documents

12 in a detailed affidavit.

13        Plaintiffs respectfully request a status conference to address these concerns,

14 at which the Court and Defendants could inform Plaintiffs, in as much detail as

15 possible, as to the content of these *ex parte* communications and provide Plaintiffs

16 an update as to the status of the processing of the documents responsive to their

17 long-standing FOIA request.

18

19

20

   Dated: June 23, 2009                    Respectfully submitted,

21

22

                                           _____/S/_____
23                                         Mark Rosenbaum
                                           ACLU FOUNDATION OF
24                                              SOUTHERN CALIFORNIA

25                                         Attorney for Plaintiffs

26

27

28

                                           3