1  JENNIE PASQUARELLA, SBN 263241
   Email: jpasquarella@aclu-sc.org
2  MARK ROSENBAUM, SBN 59940
   Email: mrosenbaum@aclu-sc.org
3  ACLU FOUNDATION OF
      SOUTHERN CALIFORNIA
4  1313 West Eighth Street
   Los Angeles, CA 90017
5  Telephone: (213) 977-9500 x236
   Facsimile: (213) 977-5297
6
7  THOMAS HAROLDSON, SBN 250136
   Email: tharoldson@probonolaw.com
   300 South Grand Ave., Suite 3400
8  Los Angeles, CA 90071-3144
   Telephone: (213) 687-5327
9  Facsimile: (213) 621-5327
   Attorneys for Plaintiffs
10

11              **UNITED STATES DISTRICT COURT**

12        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                    **SOUTHERN DIVISION**

14

15  ISLAMIC SHURA COUNCIL OF          )   Case No.   SACV 07-1088 CJC (ANx)
    SOUTHERN CALIFORNIA; at al.,      )
16                                    )   MEMORANDUM OF POINTS &
                    Plaintiffs,       )   AUTHORITIES IN SUPPORT OF
17                                    )   PLAINTIFFS' MOTION FOR
              vs.                     )   RECONSIDERATION
18                                    )
    FEDERAL BUREAU OF                 )   Date: September 14, 2009
19  INVESTIGATION; and UNITED         )   Time: 1:30 p.m.
    STATES DEPARTMENT OF              )   Courtroom: 9B
20  JUSTICE,                          )
                                      )   Hon. Cormac J. Carney
21                  Defendants.       )
    _____   )

22

23

24

25

26

27

28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES......................................... iii

INTRODUCTION................................................. 1

RELEVANT PROCEDURAL HISTORY.............................. 2

ARGUMENT.................................................... 4

    I.     The Government's *Ex Parte* Filing is not Authorized by FOIA if it is not Required for the Court's *In Camera* Review.. ............... 4

    II.    If the Government's Filing is not Submitted for the Narrow Purpose of *In Camera* Review, Allowing the Government's Filing to Remain *Ex Parte* and Under Seal would Violate the Constitution.. ........ 6

         A.    The Court Must Disclose the Government's Filing to Plaintiffs Because to Allow it to Remain *Ex Parte* Violates the Due Process Clause of the Fifth Amendment................... 6

               i.    Plaintiffs' Private Interests in Disclosure of the Government's Filing are Very Strong... .............. 7

               ii.    The Risk of Error Inherent in the Use of *Ex Parte* Evidence and Legal Argument is Extremely High...... 8

               iii.    The Government's Putative Interest in Secrecy Cannot Justify Depriving Plaintiffs' Participation in their Own Litigation.. ............................... 9

         B.    The First Amendment and the Common Law Require the Government's Filing be Unsealed...................... 11

CONCLUSION.................................................. 18

i

# TABLE OF AUTHORITIES

*Abourezk v. Reagan,*
     785 F.2d 1043 (D.C. Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*American-Arab Anti-Discrimination Committee v. Reno,*
     70 F.3d 1045 (9th Cir. 1995),
     *vacated on other grounds,* 525 U.S. 471 (1999). . . . . . . . . . . . . . . . . . . . . 9

*Association for Reduction of Violence v. Hall,*
     734 F.2d 63 (1st Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Associated Press v. U.S. District Ct.,*
     705 F.2d 1143 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Bismullah v. Gates,*
     501 F.3d 178 (D.C. Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Brown & Williamson Tobacco Corp. v. F.T.C.,*
     710 F.2d 1165 (6th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Cont'l Ill. Sec. Lit.,*
     732 F.2d 1302 (7th Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Foltz v. State Farm Mutual Automobile Insurance Co.,*
     331 F.3d 1122 (9th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Globe Newspapers v. Superior Court,*
     457 U.S. 596 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Grove Fresh Distributing v. Everfresh Juice Co.,*
     24 F.3d 893 (7th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

*In re Guantanamo Bay Detainee Litigation,*
     No. 08-0442, 2009 WL. 50155 (D.D.C. Jan. 9, 2009). . . . . . . . . . . . . . . 10

*Guenther v. Commissioner,*
     939 F.2d 758 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hartford Courant Co. v. America Lawyer Media, Inc.,*
     380 F.3d 83 (2d Cir. 2004 ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hayden v. NSA,*
     608 F.2d 1381 (D.C. Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Joint Anti-Fascist Refugee Committee v. McGrath,*
     341 U.S. 123 (1951). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kamakana v. City and County of Honolulu,*
     447 F.3d 1172 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 15

*Lynn v. Regents of University of California,*
    656 F.2d 1337 (9th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Mathews v. Eldridge,*
    424 U.S. 319 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*National Association for the Advancement of Colored People v. Button,*
    371 U.S. 415 (1963). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*National Council of Resistance of Iran v. Department of State,*
    251 F.3d 192 (D.C. Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re National Sec. Agency Telecomm. Records,*
    595 F. Supp. 2d 1077 (N.D. Cal. 2009). . . . . . . . . . . . . . . . . . . . . . . 11, 17

*NBC  Subsidiary (KNBC-TV), Inc. v. Super. Ct.,*
    20 Cal. 4th 1178 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Nixon v. Warner Communications, Inc.,*
    435 U.S. 589 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18

*Oregonian Publishing Co. v. U.S. District Court for the District of Or.,*
    920 F.2d 1462 (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Parhat v. Gates,*
    532 F.3d 834 (D.C. Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16, 17

*Phillipi v. CIA,*
    546 F.2d 1009 (D.C. Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Pollard v. FBI,*
    705 F.2d 1151 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 6

*Press-Enterprise Co. v. Superior Court of Cal.,*
    464 U.S. 501 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Publicker Industrial v. Cohen,*
    733 F.2d 1059 (3d Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rafeedie v. INS,*
    795 F. Supp. 13 (D.D.C. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Richmond Newspapers, Inc. v. Virginia,*
    448 U.S. 555 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rushford v. New Yorker Magazine,*
    846 F.2d 249 (4th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 14

*San Jose Mercury News v. U.S. District Ct.,*
    187 F.3d 1096 (9th Cir 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

iii

*Stein v. Department of Justice,*
    662 F.2d 1245 (7th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*U.S. v. Rosen,*
    487 F. Supp. 2d 703 (E.D. Va. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*In re Under Seal,*
    945 F.2d 1285 (4th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Abuhamra,*
    389 F.3d 309 (2d Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10

*United States v. Moussaoui,*
    No. 03-4162, 65 Fed. Appx. 881 (4th Cir. 2003). . . . . . . . . . . . . . . . . . 13

*United States v. Nicholas,*
    594 F. Supp. 2d 1116 (C.D. Cal. 2008). . . . . . . . . . . . . . . . . . . . . . . . . 11

*Vining v. Runyon,*
    99 F.3d 1056 (11th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Washington Post Co. v. Soussoudis,*
    807 F.2d 383 (4th Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Westmoreland v. C.B.S.,*
    752 F.2d 16 (2d Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Woodford v. Ngo,*
    548 U.S. 81 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**STATUTES**                                                                  *Page(s)*

Exec. Order No. 13,292, § 1.2 (Mar. 25, 2003). . . . . . . . . . . . . . . . . . . . . 17

iv

**INTRODUCTION**

Plaintiffs respectfully seek reconsideration of the order of the Court on July 24, 2009, pursuant to Local Rule 7-18.[1]  In its order, the Court granted Defendants' request to file one or more documents *in camera* and *ex parte*, and ordered that the documents be filed under seal.  Plaintiffs did not have an opportunity to respond to the Defendants' application seeking leave to file *in camera* and *ex parte* before the Court issued its order.[2]  Therefore, Plaintiffs present their objections to the government's filing for the first time in this Motion for Reconsideration, and ask the Court to reconsider its decision based on Plaintiffs' objections not previously considered by this Court.

The Court's order requires reconsideration for two independent reasons. First, Defendants have not demonstrated that this *ex parte* filing falls within the narrow scope of *ex parte* filings permitted by the Freedom of Information Act (FOIA).  FOIA only permits *ex parte* filings and proceedings to enable the Court to conduct *in camera* review of documents.  Here, however, the government's filing of documents does not appear to be for that purpose.[3]

_____

[1] According to Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."

[2] The Court granted Defendants' application for leave to file documents *ex parte* on the same day Defendants filed their application.  (*See* Order, July 24, 2009 (filed July 28, 2009)).  Plaintiffs attempted to notify the Court of its intention to file an opposition to the Defendants' application on July 28, 2009, prior to receiving notice of the Court's order. Exh. 1 (Decl. of Christian Lebano). Plaintiffs received notice at the end of that day on July 28 that the Court had already granted the government's request on July 24, 2009.  *See id.*

[3] If, however, the filing is necessary to allowing the Court to conduct *in camera* review of documents, then the government should have disclosed this information

1

1    Second, the Constitution forbids the government's entirely *ex parte* filing.

2    The Due Process Clause of the Fifth Amendment provides that parties have a

3    fundamental right to participate in litigation.  Denying Plaintiffs access to the

4    entire filing of a party-opponent deprives Plaintiffs of that right.   Notably, in

5    cases involving sensitive national security information, Courts routinely ensure

6    the due process rights of the parties by fashioning alternatives to total secrecy to

7    allow an opposing party access to the government's sensitive information filed

8    under seal, rather than entirely denying access to the government's filings.

9    Moreover, maintaining the entire filing under seal violates the Plaintiffs' and the

10   public's First Amendment and common law right of access to court documents.

11   Accordingly, the Court should order the immediate disclosure of some or all

12   of the government's *ex parte* and under seal filing.  At a minimum, if some

13   portions of the government's filing contain classified or otherwise protected

14   information, the classified information should be disclosed to Plaintiffs' counsel

15   subject to a suitable protective order, as is the practice in other cases involving

16   such information, while those portions of the filing that do not disclose classified

17   information should be made available to Plaintiffs and the general public.

18   **RELEVANT PROCEDURAL HISTORY**

19   During the Court's *in camera* review of the documents responsive to

20   Plaintiffs' FOIA request, the government presented to the Court *ex parte*

21   evidence, and perhaps testimony and argument, on at least four occasions in *ex*

22   *parte* hearings and filings.  (*See* Order Scheduling *In Camera* Hearing re

23   Documents Submitted for *In Camera* Review, May 11, 2009; Order Scheduling *In*

24   *Camera* Hearing re Documents Submitted for *In Camera* Review, May 18, 2009;

25   Def.'s Not. of *In Camera, Ex Parte* Submission Pursuant to Court's Order, May 4,

26

27   when it made its filing, and the Court should order the government to disclose this
     information now.

28

2

2009; Def.'s Not. of *In Camera, Ex Parte* Submission Pursuant to Court's Order, Jun. 19, 2009).  Plaintiffs' raised their concerns about the extensive *ex parte* proceedings in their Request for a Status Conference on June 23, 2009.  (Pl's Request for Status Conf., Jun. 23, 2009).  That same day, the Court issued an *ex parte* sealed order regarding the government's responses to Plaintiffs' FOIA request.  The Court notified Plaintiffs of the existence of the sealed order on June 25, 2009, and indicated that "[t]he Court's order will be unsealed and made public on July 7, 2009, unless the Court of Appeals for the Ninth Circuit directs otherwise."  (Order Denying Request for a Status Conference, June 25, 2009).

On July 1, 2009, the government appealed that order.  The Ninth Circuit ordered this Court's order remain *ex parte* and under seal pending consideration of the appeal on the merits.  (Order, July 6, 2009).  On July 21, 2009, Plaintiffs moved for reconsideration of the Ninth Circuit's decision to allow the order to remain *ex parte* and under seal pending the government's appeal of the order on the merits.  (Appellee's Mot. for Reconsideration of the Order of the Emergency Motions Panel of July 6, 2009, July 21, 2009).

On July 24, 2009, the government applied for an *ex parte* order granting them leave to file documents *ex parte* and under seal in this Court.  (Def.'s Application Seeking Leave to File In Camera and Ex Parte Documents Regarding the Sealed June 23 Order, July 28, 2009).  In its application, the government claims that "[b]ecause documents relate to an order that is presently sealed under the direction of the Court of Appeals, defendants cannot on the public record provide any further description of their documents at this time.  Nor can defendants provide plaintiffs with a copy of the documents.  Defendants respectfully refer this Court to the sealed documents for further details."  *Id.*  The Court granted the government's request that same day, and Plaintiffs were notified of the Court's order on July 28, 2009.  (Order, July 24, 2009 (filed July 28, 2009)).

**ARGUMENT**

## I.    The Government's *Ex Parte* Filing is not Authorized by FOIA if it is not Required for the Court's *In Camera* Review.

Plaintiffs believe that the government's *ex parte* and under seal filing is not authorized by the Freedom of Information Act (FOIA).  FOIA permits the government to make *in camera*, *ex parte* filings to enable the Court to conduct *in camera* review of the documents, the disclosure of which is at issue.  *See, e.g., Pollard v. FBI*, 705 F.2d 1151, 1153 (9th Cir. 1983); *Phillipi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976).  However, FOIA generally limits the scope of the government's *ex parte* filings to the documents that are to be reviewed *in camera* and any explanatory affidavits describing the documents or the government's justifications for withholding information in the documents.  *See, e.g., Pollard*, 705 F.2d at 1152 (district court properly authorized the government to submit *in camera* and *ex parte* affidavits describing the relevance of a FOIA exemption to the documents under review).

The government has not attempted to show that its filing meets the limited scope of *ex parte* filings permitted under FOIA.  By stating simply that the documents "relate to" the sealed order, the government gives no indication that it has filed additional responsive documents or an affidavit describing such documents for *in camera* review.  Because the government gave Plaintiffs clear notice that it was filing responsive documents and classified affidavits for the Court's *in camera* review in its earlier *ex parte* filings on May 4, 2009 and June 19, 2009, Plaintiffs believe that the documents the government now submits are being filed *ex parte* for some purpose other than for *in camera* review.  (*See* Def.'s Not. of *In Camera, Ex Parte* Submission Pursuant to Court's Order, May 4, 2009 ("Defendants . . . . hereby provide notice that, pursuant to the Court's order on April 20, 2009, a classified declaration attaching copies of the pages which FBI redacted or withheld as 'outside the scope' of plaintiffs' Freedom of Information

4

Act request is being lodged . . . . for the Court's *in camera, ex parte* review."); Def.'s Not. of *In Camera, Ex Parte* Submission Pursuant to Court's Order, Jun. 19, 2009 ("Defendants . . . . hereby provide notice that, pursuant to the Court's order . . . . a submission containing classified and sensitive law enforcement information is being lodged . . . . for the Court's *in camera, ex parte* review."). The fact that the documents the government files "relate to" an order that is presently sealed is not a valid justification for continuing to submit documents *ex parte* in this case. Indeed, under the government's theory, even the most mundane procedural filing, such as a motion for an extension of time, could be filed *ex parte* and under seal because it *relates* to a sealed order, despite the absence of any legitimate reason for preventing its disclosure. In the context of a FOIA case, the only valid justification for continuing to submit documents *ex parte* and under seal would be if the documents were necessary for the Court's *in camera* review. *See, e.g., Pollard*, 705 F.2d at 1153-54. Furthermore, Plaintiffs have no other independent basis for believing that these documents are filed for the Court's *in camera* review because the Court has not informed Plaintiffs that it is continuing to conduct *in camera, ex parte* hearings, as it did previously. (*See* Order Scheduling *In Camera* Hearing Re Documents Submitted for *In Camera* Review, May 11, 2009; Order Scheduling *In Camera* Hearing Re Documents Submitted for *In Camera* Review, May 18, 2009) Therefore, as Plaintiffs have no reason to believe that the government has filed these documents for *in camera* review, it appears that FOIA does not authorize the government's *ex parte* filing.[4]

---

[4] As discussed in *infra* in Section II(A), even if the government's filing is properly submitted in accordance with the Court's ongoing *in camera* review, Plaintiffs have a right to notice of that fact, as well as a description of the documents the government submits and its authority for submitting them. The government provided such notice with its filing of May 4, 2009, but failed to do so here. Plaintiffs have to assess whether the government has properly submitted the documents *ex parte*, and they should not be required to blindly trust the government that that is the case.

## II.    **If the Government's Filing is not Submitted for the Narrow Purpose of *In Camera* Review, Allowing the Government's Filing to Remain *Ex Parte* and Under Seal would Violate the Constitution.**

If the government's filing is not submitted for the narrow purpose of *in camera* review, allowing it to remain *ex parte* would violate the Constitution because due process and the First Amendment require disclosure to Plaintiffs and the public.  In FOIA cases, in addressing due process concerns, Courts have permitted limited *ex parte* proceedings in certain cases in order to facilitate *in camera* review of responsive documents.  *See, e.g., Pollard,* 705 F.2d at 1153-54 ("Although courts have commented on the inherent problems, the practice of *in camera, ex parte* review remains appropriate in certain FOIA cases, provided the preferred alternative to *in camera* review – government testimony and detailed affidavits – has first failed to provide a sufficient basis for a decision."); *Stein v. Dep't of Justice*, 662 F.2d 1245, 1254 (7th Cir. 1981).  However, the Courts have confined their due process analysis to the narrow purpose of enabling Courts to conduct *in camera* review under FOIA and have never held that the government may submit evidence *ex parte* in a FOIA case for any purpose other than *in camera* review.  *See, e.g., Pollard,* 705 F.2d at 1153; *Stein*, 662 F.2d at 1254. Here, the government has given no indication that the filing is submitted for the purpose of *in camera* review, and it is therefore impermissible under the Fifth and First Amendments, for the following reasons.

### A. The Court Must Disclose the Government's Filing to Plaintiffs Because to Allow it to Remain *Ex Parte* Violates the Due Process Clause of the Fifth Amendment.

The Due Process Clause requires that Plaintiffs be afforded an opportunity to examine the evidence and arguments against them and an opportunity meaningfully to respond.  To determine what process is required under the Fifth Amendment, the Court considers three factors:

First, the private interests that will be affected by the official

6

action; second, the risk of an erroneous deprivation of such interest through the procedure used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See also United States v. Abuhamra*, 389 F.3d 309, 318 (2d Cir. 2004) (applying *Mathews* in challenge to use of *ex parte* evidence in post-trial bail proceedings); *cf. Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192, 206 (D.C. Cir. 2001) (applying *Mathews* to determine sufficiency of process for freezing assets of U.S. entities under national security statute).

### i. Plaintiffs' Private Interests in Disclosure of the Government's Filing are Very Strong.

Under the first prong of the *Mathews* test, Plaintiffs' interest in examining the government's filing is very strong for three reasons. First, the First Amendment protects Plaintiffs' right to litigate against the federal government and to enforce constitutional rights through litigation. *See, e.g., Woodford v. Ngo,* 548 U.S. 81, 122 (2006); *Nat'l Ass'n for the Advancement of Colored People v. Button,* 371 U.S. 415, 440 (1963). Second, being able to see and thus respond to the government's filing is crucial to Plaintiffs' ability to litigate their case. Courts have repeatedly recognized that parties have a basic right to be able to see and respond to filings so that they can conduct and participate in their own litigation. *See Guenther v. Commissioner*, 939 F.2d 758, 760-61 (9th Cir. 1991) (holding that it violates due process not to permitted defendant the opportunity to respond adequately to plaintiff's allegations in an *ex parte* memorandum filed the court ); *Abuhamra*, 389 F.3d at 322 ("due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other"); *Vining v. Runyon*, 99 F.3d 1056, 1057 (11th Cir. 1996) ("[A civil litigant's] right to due process encompasses the individual's right to be aware of and refute the

1    evidence against the merits of his case.") (internal quotations omitted).  The

2    government's *ex parte* filing has effectively shut Plaintiffs out of their own

3    litigation.

4            Third, Plaintiffs interests in disclosure are particularly strong if the Court is

5    relying on the *ex parte* filing to resolve remaining issues in the case.  *See*

6    *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986) ("It is therefore the

7    firmly held main rule that a court may not dispose of the merits of a case on the

8    basis of *ex parte, in camera* submissions.").  *See also Joint Anti-Fascist Refugee*

9    *Committee v. McGrath*, 341 U.S. 123, 170 (1951) (Frankfurter, J. concurring)

10   ("democracy implies respect for the elementary rights of men, however suspect or

11   unworthy; a democratic government must therefore practice fairness; and fairness

12   can rarely be obtained by secret, one-sided determination of facts decisive of

13   rights.").  Because the government's filing most likely relates to the ongoing

14   summary judgment proceedings, Plaintiffs' interests in disclosure and ensuring

15   that the case is not resolved on an *ex parte* basis are very strong.

16           At a minimum, Plaintiffs right to participate in their own litigation require

17   they be informed of the nature of and authority for the government's filing of

18   secret documents against them. Plaintiffs should be afforded a description of the

19   documents the government filed *ex parte* and notice of the legal authority

20   permitting the *ex parte* filing.  Plaintiffs should not be asked to blindly trust that

21   the government has properly filed the documents *ex parte*, nor should they be put

22   in the position of having to guess what type of documents the government

23   submitted and for what purpose, as they have been made to do here.

24           **ii.  The Risk of Error Inherent in the Use of *Ex Parte***
                 **Evidence and Legal Argument is Extremely High.**

25           The second prong of the *Mathews* test requires assessment of the risk of

26   error.  The risk of error is extremely high because the Court cannot accurately

27   assess the quality of the evidence or legal argument presented by the government

28

                                    8

without adversarial testing of some kind. The Ninth Circuit has already held that the risk of error inherent in a court's accepting *ex parte*, secret filings is severe: "One would be hard pressed to design a procedure more likely to result in erroneous deprivations…. Without any opportunity for confrontation, there is no adversarial check on the quality of the information on which the [government] relies." *American-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995), *vacated on other grounds,* 525 U.S. 471 (1999) (internal quotations omitted) (holding the use of undisclosed classified information in legalization proceedings violated due process). *See also Lynn v. Regents of Univ. of California*, 656 F.2d 1337, 1346 (9th Cir. 1981) (holding that where the district court received and reviewed a professor's tenure review file, *ex parte,* it "violated principles of due process upon which our judicial system depends to resolve disputes fairly and accurately. The system functions properly and leads to fair and accurate resolutions, only when vigorous and informed argument is possible"). Accordingly, the information contained in the *ex parte* filing must be disclosed to Plaintiffs, at least in some form, so that they may respond.

### iii. The Government's Putative Interest in Secrecy Cannot Justify Depriving Plaintiffs' Participation in their Own Litigation.

The third prong of the *Mathews* test requires assessing the interests of the government in maintaining the filing *ex parte*. The government may claim that national security interests require it to keep this filing *ex parte* and under seal. However, while the government's interest in national security is obviously weighty as a general matter, the national security concerns presented by this case can in no way be applied to deprive Plaintiffs access to a filing that may be determinative of their rights in litigation they initiated, unless the Court requires it to continue its *in camera* review, as discussed above. *See supra* Section I. As one court stated, "the issue in this instant case is not whether the government has such [a national security] interest, but whether that interest is so all-encompassing that

it requires that [the opposing party] be denied virtually every fundamental feature of due process." *Rafeedie v. INS,* 795 F. Supp. 13, 19 (D.D.C. 1992) (holding that summary exclusion procedures without allowing a returning lawful permanent resident to examine the evidence against him would violate due process, notwithstanding the national security interest). Indeed, the government's interests in secrecy cannot be so compelling as to outweigh Plaintiffs' interests in disclosure of the *ex parte* filing entirely, as that would plainly deprive Plaintiffs' of their ability to know and respond to the evidence or allegations presented by the government. *See, e.g., Abuhamra,* 389 F.3d at 322 ("due process demands that the individual and the government each be afforded the opportunity not only to advance their respective positions but to correct or contradict arguments or evidence offered by the other"); *Abourezk*, 785 F.2d at 1061 (holding that due process mandates that "no party [should] be faced. . . . with a decision against him based on evidence he was never permitted to see and to rebut" even where the government attempts to justify secrecy on the grounds of national security). The government has not provided to Plaintiffs any showing that national security requires this *ex parte* filing.

Assuming *arguendo* that the government has made a compelling showing, due process nonetheless requires at a minimum that the Court fashion an alternative to total secrecy. *See, e.g.*, *Abuhamra*, 389 F.3d at 321, 330 (stating that due process requires, at a minimum, some "substitute disclosure"). The Court can safeguard the interests of the government while preserving the due process rights of Plaintiffs through several mechanisms. First, the Court can impose a protective order prior to allowing plaintiffs access to the filing, as courts have done in other civil cases to protect classified information. *See, e.g.*, *In re Guantanamo Bay Detainee Litig.*, No. 08-0442, 2009 WL 50155 (D.D.C. Jan. 9, 2009); *In re Under Seal*, 945 F.2d 1285, 1287 (4th Cir. 1991). In addition, if the Court deems it necessary, the Court can order the government to process Plaintiffs' counsel for

1  appropriate security clearances on an expedited basis. *See, e.g., Parhat v. Gates,*

2  532 F.3d 834, 837 n.1 (D.C. Cir. 2008) (noting that counsel were given access to

3  classified portions of the court's opinion, which are redacted from the public's

4  view); *In re Nat'l Sec. Agency Telecomm. Records*, 595 F. Supp. 2d 1077, 1089

5  (N.D. Cal. 2009) (ordering the government to process plaintiffs' counsel for

6  "security clearances necessary to be able to litigate the case").

7      In sum, due process requires that the government provide its filing to

8  Plaintiffs, and if necessary, take measures to prevent disclosure of classified

9  information.  Due process does not permit the government to make entirely secret

10  *ex parte* filings.[5]

## B. The First Amendment and the Common Law Require the Government's Filing be Unsealed.

13      The First Amendment and the common law also require that the filing be

14  unsealed so that the public, including Plaintiffs, may have access to it.  The First

15  Amendment and the common law require that the judicial process remain as open

16  to the public as possible, and this principle extends to court documents and

17  proceedings.  *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)

18  (finding the right of the public and press to attend criminal trials is guaranteed by

19  the First and Fourteenth Amendments); *Nixon v. Warner Communications, Inc.*,

20  435 U.S. 589, 597-98 (1978) (recognizing a common law right of public access to

21  judicial records).  *See also United States v. Nicholas*, 594 F. Supp. 2d 1116, 1119

22  (C.D. Cal. 2008) (Carney, J.) (stating that "[t]ransparency is the hallmark of a fair

23  and equitable system of justice, and … the presumption of openness … is at the

24  foundation of our judicial system") (internal quotations omitted).

---

25

26  [5] At the very minimum, if the Court does not believe that a protective order or requiring Plaintiffs' counsel to obtain expedited security clearances is sufficient to protect the government's interests, the Court should require the government to provide Plaintiffs with a description of the documents filed *ex parte*, and the legal authority for the *ex parte* filing.

27

28

11

1    There is a First Amendment right of access to civil proceedings and to

2    documents filed in those proceedings. *See Grove Fresh Distrib. v. Everfresh*

3    *Juice Co.*, 24 F.3d 893, 897-98 (7th Cir. 1994) (First Amendment right of access

4    in civil proceedings to documents where "the court has relied on them or . . . the

5    litigants have offered them as evidentiary support"); *Rushford v. New Yorker*

6    *Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) ("the more rigorous First

7    Amendment standard should also apply to documents filed in connection with a

8    summary judgment motion in a civil case"); *Westmoreland v. C.B.S.*, 752 F.2d 16,

9    23 (2d Cir. 1984) ("the First Amendment does secure to the public and to the press

10   a right of access to civil proceedings"); *Publicker Indus. v. Cohen*, 733 F.2d 1059,

11   1070 (3d Cir. 1984) ("the 'First Amendment embraces a right of access to [civil]

12   trials'"); *In re Cont'l Ill. Sec. Lit.*, 732 F.2d 1302, 1308 (7th Cir. 1984) (right of

13   access to both civil and criminal proceedings is of "constitutional magnitude");

14   *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir.

15   1983) (vacating the district court's sealing of all documents filed in a civil case

16   based on First Amendment and common law right of access). *See also Hartford*

17   *Courant Co. v. Am. Lawyer Media, Inc.*, 380 F.3d 83, 91-96 (2d Cir. 2004 ) (right

18   of access to criminal and civil proceedings necessarily encompasses right of

19   access to docket sheets); *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1145

20   (9th Cir. 1983) (right of access to criminal proceedings encompasses documents);

21   *NBC Subsidiary (KNBC-TV), Inc. v. Super. Ct.*, 20 Cal.4th 1178, 1212 (1999) ("in

22   general, the First Amendment provides a right of access to ordinary civil trials and

23   proceedings, [and] that constitutional standards governing closure of trial

24   proceedings apply in the civil setting").[6]

25   The Ninth Circuit has never decided whether the First Amendment provides

26

27   [6] Plaintiffs urge the Court to adopt the approach taken in numerous other circuit courts of appeal and hold that there is a First Amendment right of public access to

28   documents in civil cases.

12

1    a right of access to documents in civil proceedings because it has found there is a

2    common law right of access to documents in civil proceedings. *San Jose Mercury*

3    *News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir 1999). Indeed, the Ninth

4    Circuit has repeatedly held there is a strong presumption in favor of access to

5    judicial records under common law. *See Foltz v. State Farm Mut. Auto. Ins. Co.,*

6    331 F.3d 1122, 1135 (9th Cir. 2003); *Kamakana v. City and County of Honolulu*,

7    447 F.3d 1172, 1178 (9th Cir. 2006).

8        The requirements of the First Amendment and common law right of access

9    to court documents apply with equal force even in the national security context.

10   *See United States v. Moussaoui*, No. 03-4162, 65 Fed. Appx. 881, 887 (4th Cir.

11   2003) (rejecting the government's request for closed appellate argument and

12   noting that "the mere assertion of national security concerns by the Government is

13   not sufficient reason to close a hearing or deny access to documents"). *See also In*

14   *re Washington Post Co. v. Soussoudis*, 807 F.2d 383, 391-92 (4th Cir. 1987)

15   (holding that traditional First Amendment prerequisites to closure or sealing are

16   "fully applicable in the context of closure motions based on threats to national

17   security" and stating that "[a] blind acceptance by the courts of the government's

18   insistence on the need for secrecy. . . . would impermissibly compromise the

19   independence of the judiciary and open the doors to possible abuse").

20       Restrictions on the First Amendment right of access to judicial proceedings

21   and documents are subject to strict scrutiny. *See, e.g., Globe Newspapers v.*

22   *Superior Court*, 457 U.S. 596, 606-07 (1982) (criminal proceedings); *Grove*

23   *Fresh*, 24 F.3d at 897 (civil proceedings); *Rushford*, 846 F.2d at 253 (civil

24   proceedings). To satisfy that standard, the government must show that "the denial

25   of access is necessitated by a compelling governmental interest, and is narrowly

26   tailored to serve that interest." *Rushford*, 846 F.2d at 253. *See Oregonian*

27   *Publishing Co. v. U.S. Dist. Court for the Dist. of Or.*, 920 F.2d 1462, 1465 (9th

28   Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501,

510 (1984)) (The presumed First Amendment right of public access to court documents can only be overcome by "an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'… 'The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" ).  The public's interest in access to documents is at its height in the case of documents relating to a dispositive motion, for if the motion is granted those documents become the substitute for the public trial that would otherwise occur and the basis for the court's decision on the merits.  *See id.* at 252 ("Because summary judgment adjudicates substantive rights and serves as a substitute for a trial, we fail to see the difference between a trial and the situation before us now.").

In the common law context, restrictions on access to judicial records are permissible only if supported by "compelling reasons" sufficient to heavily outweigh the strong presumption of disclosure of judicial records.  *See Kamakana*, 447 F.3d at 1178 (holding the magistrate judge did not err in ordering the City to unseal documents under the common law right of access); *Rushford*, 846 F.2d at 253 ("This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access.").  The presumption of disclosure applies fully to dispositive motions, including motions for summary judgment and related attachments.  *See Kamakana*, 447 F.3d at 1179.  The Ninth Circuit adopted the rule that the presumption of disclosure is strongest when the judicial records relate to dispositive motions "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant

1   public events." [7] *Id.* (internal citations omitted). Thus, to overcome the common

2   law presumption of access, the party interested in sealing a court document related

3   to a dispositive motion bears the burden of articulating compelling reasons

4   supported by specific factual findings. *See id.* In general, the "compelling

5   reasons" standard is met in only limited circumstances, including when "court

6   files might have become a vehicle for improper purposes, such as the use of

7   records to gratify private spite, promote public scandal, circulate libelous

8   statements, or release trade secrets." *Id.* (internal citations omitted). In

9   considering whether a party has demonstrated compelling reasons to unseal a

10  document, the court must "'conscientiously balance[ ] the competing interests' of

11  the public and the party who seeks to keep certain judicial records secret." *Id.* at

12  1179 (quoting *Foltz,* 331 F.3d at 1135).

13          When the government filed the documents under seal, it clearly did not

14  meet its burden to articulate compelling reasons why the documents should be

15  filed under seal under either the First Amendment or common law standards.

16  Indeed, the government articulated no reasons at all sufficient to demonstrate its

17  interest in secrecy. Rather, it merely made the tautological assertion that it can

18  file the documents under seal because they "relate to" an order which is sealed.

19  (*See* Def.'s Application, July 24, 2009). In addition, there is no evidence in the

20  public record to indicate that the government could meet the common law

21  "compelling reasons" standard because there is no suggestion that the sealed

22  documents would become "a vehicle for improper purposes." *See Kamakana,* 447

23  F.3d at 1179. Furthermore, the public interest and presumption of access is

24  particularly strong here where the government's filing most likely relates to the

---

[7] The Ninth Circuit has adopted an exception to the presumption of access to
judicial records for discovery documents attached to non-dispositive motions. *See
Kamakana*, 447 F.3d at 1179. In that context, the party interested in sealing the
court documents is only required to show that they have "good cause" to seal the
document. *Id.* at 1179-80.

1   government's motion for summary judgment, a dispositive motion.  Meanwhile,

2   the public interest in disclosure of court documents in this case is unusually

3   strong, as demonstrated by the media's consistent coverage of the legal outcomes

4   in this case.  *See, e.g.*, Amy Taxin, *Judge Orders Review of FBI Records on*

5   *Muslims*, San Francisco Chronicle, Apr. 20, 2009; H.G. Reza, *On Behalf of*

6   *Muslims, ACLU Seeks FBI Surveillance Data*, Los Angeles Times, May 16, 2006.

7   Finally, under the First Amendment and common law standards, this Court was

8   required to make a finding regarding whether the government's interests in sealing

9   could override the presumption of disclosure.  For these reasons, the Court erred

10  by granting the government's application for leave to file the documents under

11  seal without ensuring that the sealing was narrowly tailored to serve the

12  government's interest in secrecy or by weighing the competing interests.

13          Even if the government takes the position that the sealed filing, or portions

14  of the filing, disclose classified or otherwise protected information, such claims

15  standing alone are insufficient to overcome the presumption of disclosure of court

16  documents to the public in either the First Amendment or common law context.

17  The government cannot simply make generalized assertions that the information is

18  protected, but rather must provide a detailed explanation for why the specific

19  information is protected.  *See Parhat*, 532 F.3d at 836 ("Without an explanation

20  geared to the information at issue in this case, we are left with no way to

21  determine whether that specific information warrants protection – other than to

22  accept the government's own designation."); *Bismullah v. Gates*, 501 F.3d 178,

23  188 (D.C. Cir. 2007) (stating that the government "proposes unilaterally to

24  determine whether information is 'protected.'"); *U.S. v. Rosen*, 487 F. Supp. 2d

25  703, 716-17 (E.D. Va. 2007) (finding the government had not met its burden to

26  demonstrate harm to national security by disclosure of classified information, and

27  concluding that the government "has done no more than invoke 'national security'

28  broadly and in a conclusory fashion," and that "a generalized assertion. . . . of the

1    information's classified status. . . . is not alone sufficient to overcome the

2    presumption in favor of open trials."). Furthermore, the Court must determine,

3    through an independent assessment, whether the information is properly classified

4    or protected and can be withheld from the public record.[8] *See Hayden v. NSA*, 608

5    F.2d 1381, 1384 (D.C. Cir. 1979) (stating, in a FOIA case, that the "court must

6    make a de novo review of the agency's classification decision, with the burden on

7    the agency to justify nondisclosure"); *Bismullah*, 532 F.3d at 836 ("It is the court,

8    not the Government, that has discretion to seal a judicial record, which the public

9    ordinarily has the right to inspect and copy.") (internal citations omitted); *In re*

10   *Nat'l Sec. Agency Telecomm. Records*, 595 F. Supp. 2d at 1089.

11        Most importantly, if the Court determines that portions of the filing are

12   properly classified and cannot be disclosed to the public, the Court can satisfy the

13   public's right of access to the filing by simply redacting from the publicly released

14   copy of the filing those portions which are classified. The D.C. Circuit has

15   adopted this procedure repeatedly in the context of the litigation concerning

16   individuals imprisoned at Guantanamo Bay. *See, e.g.*, *Parhat v. Gates*, 532 F.3d

17   834 (D.C. Cir. 2008) (redacting classified portions of the publicly-released

18   opinion). Alternatively, the court could summarize those portions of the filing

19   which are classified and disclose the rest. *See, e.g.*, *Ass'n for Reduction of*

20   *Violence v. Hall,* 734 F.2d 63, 68 (1st Cir. 1984) (directing the district court to

21   redact or summarize the privileged material if necessary).

22        Ultimately, judicial transparency in this case serves a similar function to the

23   release of underlying FBI surveillance documents Plaintiffs seek through this

24

25   [8] In determining whether information is properly classified, the Court must

26   evaluate whether disclosure could be expected to cause harm to the nation's security, pursuant to Exec. Order No. 13,292, § 1.2 (Mar. 25, 2003), or whether, contrary to the Executive Order's prohibition, the information has been classified

27   in order to "conceal violations of law, . . . . prevent embarrassment[,]. . . . or prevent or delay the release of information that does not require protection in the

28   interest of national security," *id.* at § 1.7.

1  FOIA lawsuit, as both serve "the citizen's desire to keep a watchful eye on the

2  workings of public agencies … [and] the operation of government." *Nixon v.*

3  *Warner Commc'ns,* 435 U.S. at 598.

4  **CONCLUSION**

5       Plaintiffs respectfully request reconsideration of this Court's order

6  permitting the government to file documents *ex parte* and under seal.  Plaintiffs

7  request that the Court allow them access to the government's filing in accordance

8  with their Fifth Amendment Due Process rights.  Furthermore, Plaintiffs request

9  that the filing be unsealed in accordance with Plaintiffs' and the public's First

10  Amendment and common law right of access to court documents.

11  In the alternative, should the Court determine that portions of the filing are

12  properly classified, Plaintiffs request that the Court provide Plaintiffs or their

13  counsel access to the filing either through a protective order, or if necessary,

14  through security clearances.  In addition, Plaintiffs request that the Court publicly

15  issue an appropriately redacted version of the filing, or, alternatively, a

16  summarized version for the public record.

17  Dated: August 14, 2009                    Respectfully submitted,

18

19                    _____/s/_____

20                    Mark Rosenbaum
                      ACLU FOUNDATION OF
21                          SOUTHERN CALIFORNIA

22                    Attorney for Plaintiffs

23

24

25

26

27

28

**EXHIBIT 1**

**Declaration of Christian Lebano**

I, Christian Lebano, hereby declare:

1.     I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2.     I am a legal assistant at the ACLU of Southern California (ACLU/SC).

3.     On Tuesday, July 28, 2009, Jennie Pasquarella, staff attorney at the ACLU/SC and counsel for Plaintiffs in this matter, asked me to call the clerk for Judge Cormac J. Carney and inform her that the ACLU/SC would be filing an opposition to the government's application seeking leave to file *in camera* and *ex parte* documents regarding the sealed June 23 order, and respectfully request that Judge Carney hold off making a decision on the government's application until receiving the ACLU/SC's opposition.

4.     That same day, July 28, I called (714) 338-2849 at or about 11:15a.m. and left a voicemail message for the clerk, Michelle Urie, in which I relayed the information Ms. Pasquarella had outlined for me. I left my name and phone number and requested a return call.

5.     Later that afternoon, at or about 3:15p.m., I left another voicemail message for Ms. Urie in which I repeated the information and, again, requested a return call.

6.     The following day, July 29, we received notice through the electronic filing system of Judge Carney's order granting the government's application.


I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed this 5th day of August, 2009 in Los Angeles, California.

Christian Lebano

Exhibit 1
19