TONY WEST
Assistant Attorney General
JOHN R. TYLER
MARCIA K. SOWLES
D.C. Bar No. 369455
Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20530
Telephone: (202) 514-4960
Facsimile: (202) 514-8470

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | No. SACV07-1088 CJC (ANx) <br><br> OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION <br><br> Date:       October 5, 2009 <br> Time:      1:30 p.m. <br> Courtroom: 9B <br> Judge:     Hon. Cormac J. Carney |

## INTRODUCTION

The Sealed Order issued by this Court required defendants to file a document. However, filing that document on the public record (or explaining the nature of that document) would reveal (at least in part) the contents of the Sealed Order, which threaten disclosure of sensitive law enforcement and national security information, and would be in contravention of its sealed status. Defendants, therefore, filed that document *ex parte* and under seal, along with a more detailed motion (also filed *ex parte* and under seal) requesting leave to do so and explaining the need to file under

seal. On July 24, 2009, this Court granted defendants' *ex parte* motion to file these documents under seal. See Dkt. 70.

Plaintiffs seek reconsideration of this Court's order on three grounds. First, they contend that the Freedom of Information Act, 5 U.S.C. § 552, "only permits the Court to conduct *ex parte* filings and proceedings to enable the Court to conduct *in camera* review of documents." Memorandum of Points & Authorities in Support of Plaintiffs' Motion for Reconsideration ("Pl. Mem."), at 1. Second, plaintiff claim that the order violates their due process rights by preventing them from meaningfully participating in their own litigation. Plaintiffs lastly argue that the order violates First Amendment and common law rights of access to court documents. Id. 6-18. Based on these claims, they ask the Court to unseal the documents or, in the alternative, provide plaintiffs or their counsel "access to the filing either through a protective order, or if necessary, through security clearances." Id.

This Court should defer consideration of plaintiffs' motion. Whether the Sealed Order can be made public or whether it must remain under seal or be redacted to protect against disclosure of sensitive law enforcement and national security information is the issue currently pending before the Ninth Circuit. Accordingly, that decision will likely be determinative of whether the document required to be filed by the Sealed Order, as well as the related sealed motion, can be released, or its nature disclosed. This Court should, therefore, defer consideration of plaintiff's motion until after the Ninth Circuit has resolved the pending appeal and defendants have an opportunity to report back to the Court on the impact of that proceeding on issues presented by plaintiffs' motion.

In any case, plaintiffs fail to present any valid legal or factual basis for reconsidering this Court's order placing the documents at issue under seal. While defendants agree with plaintiffs as to the general principle that our judicial system

functions best when there is a robust adversarial process and court orders and filings are made public to the fullest extent possible, that general principle cannot control a case, such as this one, where application of that principle would destroy statutory protections and harm important law enforcement and national security interests. As our discussion below demonstrates, a substantial body of caselaw refutes plaintiffs' generalized constitutional grievances as applied to the unique facts and context of this case.

## BACKGROUND

This proceeding arises out of an action brought by plaintiffs under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging, *inter alia*, whether the Federal Bureau of Investigation and the United States Department of Justice had complied with its disclosure obligations under FOIA in response to their request, which sought records pertaining to themselves from the FBI Headquarters and its Los Angeles Field Office. After the parties cross-moved for summary judgment, this Court concluded that an *in camera, ex parte* hearing was necessary to determine whether defendants had properly disclosed all information that it was required to disclose under FOIA. Defendants submitted several *ex parte* and *in camera* filings to support its assertion that it had complied with its disclosure obligations under FOIA, and this Court conducted two *ex parte, in camera* hearings concerning those filings. The Court subsequently issued a sealed, *ex parte* order on June 23, 2009.

In defendants' view, this Court's June 23 order contains sensitive national security and law enforcement information – information that was provided to the this Court *ex parte* and *in camera* only for its internal use in evaluating whether defendants had fully complied with their FOIA obligations – and cannot be disclosed either to plaintiffs or the public. This Court, however, disagreed that such information could not be made public, and provided that it would unseal its order on

3

July 7, 2009, unless otherwise directed by the Ninth Circuit Court of Appeals. Accordingly, defendants filed a notice of appeal challenging the Court's decision to unseal the order and, on July 2, filed an emergency motion with the Court of Appeals for a stay pending appeal, to prevent the unsealing of the June 23 order until the Court of Appeals had an opportunity to resolve whether such information may properly be disclosed or must be redacted from June 23d order.

On July 6, 2009, the Court of Appeals entered an administrative stay to prevent disclosure of the district court's June 23 order pending appeal. See Dkt. No. 65. On July 27, 2009, plaintiffs filed a motion for reconsideration of the Ninth Circuit's stay. In their motion, as here, plaintiffs contended that (1) the stay violates their due process rights by preventing them from meaningfully participating in their own litigation, and (2) the stay deprives the public of a First Amendment and common law right of access to the June 23d order. On September 2, 2009, the Court of Appeals denied that plaintiffs' motion. See Dkt. No. 77. The court stated that its stay order "addressed the limited and narrow question, specifically whether an administrative stay of the unsealing of the district court's decision pending review by the merits panel was appropriate" and that "the grant of the administrative stay was done without prejudice to the ability of the merits panel to amend or vacate our order if it deems such action to be appropriate." Id.

The Sealed Order required defendants to file a document within 30 days of the order. Because filing the document on the public record (or explaining the nature of that document) would reveal (at least in part) the contents of the Sealed Order, which would threaten disclosure of the sensitive law enforcement and national security information, and would be in contravention of its sealed status, defendants filed an *ex parte* application to file this document along with a more detailed motion explaining the basis for the request under seal. Dkt. No. 69. This Court granted that motion on July 24, 2009. Dkt. No. 70. On August 17, 2009,

4

plaintiffs filed a motion for reconsideration raising essentially the same constitutional arguments they had made in their motion before the Court of Appeals. Dkt. No. 72.

## ARGUMENT

### I. THIS COURT SHOULD DEFER CONSIDERATION OF PLAINTIFFS' MOTION BECAUSE IT RELATES TO ISSUES NOW BEFORE THE COURT OF APPEALS.

The issues raised by plaintiffs' motion relate to issues currently before the Ninth Circuit Court of Appeals. Defendants filed the document at issue because they were required to do so by the Sealed Order. However, as explained supra at 4, filing that document (or the more detailed motion requesting that document to be placed under seal) on the public record would have revealed the contents of the Sealed Order and would threaten the disclosure of sensitive law enforcement and national security information which the Ninth Circuit's stay seeks to protect. Such a disclosure would itself be a violation of the administrative stay. Thus, while plaintiff's motion is framed as a challenge to the order entered by this Court placing these documents under seal, their real complaint is with the decision by Ninth Circuit to maintain the seal on the June 23 Order.

When, as here, an interlocutory appeal has been brought, the district court retains jurisdiction of other matters not before the appellate court. However, "[t]he power to proceed does not necessarily mean that the court should proceed." Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure, § 3911, 365 (2d ed. 1992). "The power to stay proceedings is incident to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for the litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936).

In this case, this Court should defer consideration of the motion because it implicates issues that are before the appellate court for determination. As the Ninth

Circuit recently observed in its order of September 2, 2009, the Government's interlocutory appeal seeks a determination "whether the district court can properly reveal its order [of June 23, 2009] or whether redaction is required. See Dkt. No. 77. The Ninth Circuit's determination of this issue would unquestionably be instructive regarding plaintiff's motion for reconsideration, in which they ask the Court to unseal records that would reveal either directly or indirectly sensitive national security and law enforcement information that is contained within the June 23, 2009 order. Moreover, because the documents at issue relate to the June 23 Sealed Order, further discussion or description of the documents presents a substantial risk of either the Court or defendants inadvertently disclosing the contents of the Sealed Order. Accordingly, this Court should defer any oral argument and consideration of plaintiffs' motion for reconsideration until after the Ninth Circuit has resolved the pending appeal and the defendants have an opportunity to report back to this Court on the impact of the outcome of that proceeding.

## II. THE FOIA DOES NOT PROHIBIT DEFENDANTS' *EX PARTE* FILING

In their memorandum, plaintiffs argue that defendants' *ex parte* filing is not authorized because "FOIA <u>generally</u> limits the scope of the government's *ex parte* filings to the documents that are to be reviewed *in camera* and any explanatory affidavits describing the documents or the government's justification for withholding information in the documents." Pl. Mem. at 6. (emphasis added).

This claim has no merit. Courts have recognized their inherent authority to permit *ex parte* filings in a variety of other contexts. See, <u>Jiffry v. Fed. Avaition Admin.</u>, 370 F.3d 1174, 1182 (D.C. Cir. 2004) ("[T]he court has inherent authority to review classified material ex parte, in camera as part of its judicial review function."). Indeed, the local rules recognize this authority by establishing

procedures for such filings. See Local Rule 79-5. Thus, while the FOIA explicitly provides that courts may examine the contents of agency records *in camera* "to determine whether such records or any part thereof shall be withheld under any exemption," 5 U.S.C. §552 (a)(4)(B), there is nothing in the FOIA that limits this general authority to permit *ex parte, in camera* filings to only that purpose. Nothing in the cases cited by plaintiffs suggests otherwise.

In this case, this Court clearly had authority to place the documents under seal because they relate to the Sealed Order and their disclosure would reveal the substance of the June 23rd Sealed Order. Indeed, to do otherwise would violate the administrative stay order entered by the Court of Appeals.

### III. THE ORDER PLACING UNDER SEAL DOCUMENTS RELATED TO THE SEALED ORDER DOES NOT VIOLATE THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT.

Plaintiffs' argument that the order placing the documents under seal violated their Fifth Amendment due process rights has no merit. "Due process" is not a fixed set of procedures. Gilbert v. Homar, 520 U.S. 924, 930 (1977). Instead, "due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). In determining what process is constitutionally due, courts must consider not only the private interests that will be affected and the risk of an erroneous deprivation of those interests, but also the particular government interests involved. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Numerous courts – including the Ninth Circuit – have rejected due process challenges to a court's consideration of *ex parte* and *in camera* submissions in civil or administrative proceedings. See, e.g., Jifry v. FAA, 370 F.3d at 1183-84; Holy Land Foundation v. Ashcroft, 333 F.3d 156, 164 (D.C. Cir. 2003); People's Mojahedin Org. v. Dep't of State, 327 F.3d 1238, 1242-43 (D.C. Cir. 2003); Patterson v. Federal Bureau of Investigation, 893 F.2d 595, 599-600 & n.9 (3d Cir.

1990); In re Grand Jury Proceedings, 867 F.2d 539, 541 (9th Cir. 1989); Pollard v. FBI, 705 F.2d 1151, 1153-54 (7th Cir. 1983); Stein v. Dep't of Justice, 662 F.2d 1245, 1255 (7th Cir. 1981).[1]

Plaintiffs have presented no valid legal or factual basis for reaching a different result in this case. Indeed, an examination of the factors set forth in Matthews demonstrates that the Court's order placing the documents at issue under seal did not violate due process.

First, the Government's interest is extremely strong. As previously explained, defendants requested that the documents be placed under seal because they would reveal the contents of the Sealed Order and threaten the disclosure of the sensitive national security and law enforcement information contained therein.[2] Disclosing

---

[1] Courts have also routinely declined to order the Government to provide classified information to private parties or their counsel during litigation against the Government, and have instead permitted the Government to file such information *ex parte* and *in camera*. See, e.g., Patterson, 893 F.2d at 600; Molerio v. FBI, 749 F.2d 815, 821-22 (D.C. Cir. 1984); Ellsberg v. Mitchell, 709 F.2d 51, 61 (D.C. Cir. 1983); Salisbury v. United States, 690 F.2d 966, 973 & n.3 (D.C. Cir. 1982); Weberman v. NSA, 668 F.2d 676, 678 (2d Cir. 1982); Hayden v. NSA, 608 F.2d 1381, 1385-86 (D.C. Cir. 1979); Halkin v. Helms, 598 F.2d 1, 7 (D.C. Cir. 1978).

[2] Courts have recognized that the government's assessment of the dangers of the release of such information is owed deference. See, e.g., Larson v. Department of State, 565 F.3d 857, 865 (D.C. Cir. 2009) ("reaffirm[ing] our deferential posture in FOIA cases regarding the 'uniquely executive purview' of national security"); El-Masri v. United States, 479 F.3d 296, 305 (4th Cir. 2007) ("the Executive and the intelligence agencies under [the President's] control occupy a position superior to that of the courts in evaluating the consequences of a release of sensitive information"); Center for National Security Studies v. U.S. Dep't of Justice, 331 F.3d 918, 928 (D.C. Cir. 2003) ("[B]oth the Supreme Court and this Court have expressly recognized the propriety of deference to the executive in the context of FOIA claims which implicate national security."); Gardel v. CIA, 689 F.2d 1100,

the documents would thus reveal the very information which the government is trying to protect in its appeal and violate the stay entered by the Ninth Circuit. Courts have routinely recognized that it is appropriate to permit *in camera* filings in FOIA cases where a public filing would otherwise "reveal the very information that the government seeks" to protect from disclosure. Lion Raisins, Inc. V. USDA, 354 F.3d 1072, 1083 (9th Cir. 2004).

Second, plaintiffs have failed to show any private interest that outweighs the strong government's interest.[3] Plaintiffs assert that "being able to see and thus respond to the government's filing is crucial to Plaintiff's ability to litigate this case." Pl. Mem. at 7. To support this claim, they rely on statements by courts discussing the general due process principles. The cases cited by plaintiffs, however, do not suggest that these general principles preclude *ex parte* filings altogether. Indeed, they explicitly recognize that *ex parte* filings may be appropriate in some cases. See Guenther v. Commissioner, 939 F.2d 758, 761 (9th Cir. 1991) (acknowledging that *ex parte* submissions may be appropriate in some cases); United States v. Abuhamara, 389 F.3d 309, 314 (2d Cir. 2004) (same); Vining v. Runyon, 99 F.3d 1056, 1057 (11th Cir. 1996) (recognizing that *in camera* submissions are permitted "when submissions involve compelling national security concerns or the statute granting the cause of action specifically provides for *in*

---

1104-05 (D.C. Cir. 1982) (review of agency's declaration in FOIA case should be deferential).

[3] Plaintiffs in their reach to buttress their private interest argue that "the First Amendment protects their right to litigate against the federal government and to enforce constitutional rights through litigation. Pl. Mem. at 7 (citing Woodford v. Ngo, 540 U.S. 81, 122 (2006) (Stevens, J., dissenting), and NAACP v. Button, 371 U.S. 415, 440 (1963)). This contention is without merit. Unlike plaintiff in NAACP, plaintiffs here do not seek to enforce any constitutional freedoms but rather their alleged statutory right to the production of records under FOIA.

9

*camera* resolution of the dispute).

Contrary to plaintiffs' claim, the *ex parte* filing here does not impair their ability to litigate this case. The documents at issue relate directly to the Sealed Order, which is being reviewed by the Ninth Circuit to determine whether it can be revealed or should be redacted or revised. If defendants are correct that the information contained in the order is protected as a matter of law, then plaintiffs have no right under either the Constitution or under the FOIA to such information or to documents at issue here, which would reveal that information. Once defendants' appeal has been resolved and the Sealed Order is redacted or revised to excise the sensitive national security and law enforcement information, the order may be unsealed and plaintiffs' FOIA action may proceed. Thus, the only private interest at stake is the temporary delay pending appeal. Plaintiffs try to obscure this fact by suggesting that the Court may rely on the documents at issue to reach a final judgment of the merits of the case. This claim is premature because this Court has not issued any such order.

Plaintiffs assert that at the very least they "should be afforded a description of the documents filed ex parte and notice of the legal authority for the ex parte filing." Pl. Mem. at 8. But as courts have recognized, "there are occasions when extensive public justifications would threaten to reveal the very information for which a FOIA exemption is claimed." <u>Lykim v. Dep't of Justice</u>, 725 F.2d 1455, 1463 (D.C. Cir. 1984). "In such circumstances, 'some sacrifice to our adversary process' will be necessary." <u>Public Educ. Center, Inc. V. Department of Defense</u>, 905 F. Supp. 19, 23 (D.D.C. 1995) (<u>quoting</u> <u>Hayden v. NSA</u>, 608 F.2d 1381, 1385 (D.C. Cir. 1980)). That is the situation here. The documents relate to the Sealed Order, and any further description of the documents would tend to reveal the very information remaining under seal pursuant to the Ninth Circuit's order of July 6, 2009. Accordingly, a more detailed description should not be required. <u>Lion Raisins, Inc. v. USDA</u>, 354

F.3d at 1083.

Finally, plaintiffs exaggerate the risk of error that will result from maintaining the documents under seal, arguing that the Court cannot accurately assess the quality of the evidence or legal arguments presented by the government without adversarial testing of some kind." Pl. Mem. at 8-9. This is an argument that can be made with respect to almost any *ex parte* filing and does not by itself provide a basis for finding that challenged order violates due process. The cases cited by plaintiffs do not hold otherwise. In <u>American-Arab Anti-Discrimination Comm. v. Reno,</u>, 70 F3d 1045 (9th Cir. 1995), the court did not opine that a "one-sided process" is never permissible, but simply rejected such process in that case, given the fact that the government was not "seek[ing] to shield state information from disclosure." <u>Id.</u> at 1070. Moreover, in the cases relied upon by plaintiffs, unlike here, the Court had relied upon the evidence in the *ex parte* filings to grant final judgment. Here, the Court has not issued a final determination in reliance upon the sealed filings at issue. Thus, allegations about the risk of any error is premature.

In any event, it is well-established that the general preference for adversarial proceedings should give way to national security interests when there is a conflict. See <u>Jifry</u>, 370 F.3d at 1184 (rejecting plaintiffs' due process argument that, without access to the "specific evidence" upon which the Government relied, "they are unable to defend against the charge that they are security risks"); <u>Solar Sources v. United States</u>, 142 F.3d 1030, 1040 (7th Cir. 1988) ("[W]e have not required disclosure of documents properly withheld under the FOIA in order to ensure the proper functioning of the adversary process."); <u>Vaughn v. Rosen</u>, 484 F.2d 820, 825 (D.C. Cir. 1973) (recognizing that in camera proceedings are "necessarily conducted without benefit of criticism and illumination by a party with the actual interest in forcing disclosure," but may nevertheless be "necessary," "particularly in national security cases"); <u>Heine v. Raus</u>, 399 F.2d 785, 791 (4th Cir. 1968) ("Disclosures in

11

camera are inconsistent with the normal rights of a plaintiff of inquiry and cross-examination, of course, but if the two interests cannot be reconciled, the interest of the individual litigant must give way to the government's privilege against disclosure of its secrets of state.").

Nor is there any requirement that the Court fashion proceedings to allow plaintiffs or their counsel to participate in *in camera* proceedings or provide plaintiffs' counsel access to the documents through a protective order. See, e.g., Solar Sources, Inc. v. United States, 142 F.3d at 1040 ("general rule is that counsel are not entitled to participate in in camera FOIA proceedings" because "such participation quite possibly would 'compromise the secrecy' of the information that is in dispute").[4] Indeed, to do so here would be inconsistent with the stay entered by the Ninth Circuit because the documents relate to the Sealed Order and their disclosure would reveal the contents of the Sealed Order. For all of those reasons, plaintiffs' due process arguments fail.

### IV. NEITHER THE FIRST AMENDMENT NOR THE COMMON LAW REQUIRE PUBLIC DISCLOSURE OF DOCUMENTS FILED UNDER SEAL.

Neither the First Amendment nor the common law entitles plaintiffs or the

---

[4] The cases cited by plaintiffs in which a protective order was entered are not comparable. In re Under Seal, 945 F.2d 1285, 1287 (4th Cir. 1991), involved an action brought by a defense contractor for a classified project. Although the government initially agreed to limited discovery regarding information which the parties had access to under the contract, the government asserted the state secrets privilege and sought to modify the protective order when the discovery encroached on matters regarding the full scope of the project, to which the contractors had not had access under the contract. In In re Guantanamo Bay Detainee Litigation, No. 8-0442, 2009 WL 50155 (D.D.C. Jan. 9, 2009), and Parhat v. Gates, 532 F.3d 834, 837 n. 1 (D.C. Cir. 2008), also relied on by plaintiffs, the limited access provided to counsel was in habeas actions involving the lawfulness of physical detention, and have no application here.

public access to the documents under seal. The qualified right of access to judicial proceedings under the First Amendment is confined to criminal proceedings and does not extend to civil proceedings in general. Nor does the common law provide a right of access to the national security and law enforcement information at issue, for federal common law operates only in the absence of federal legislation, and Congress has exercised its legislative authority under FOIA to determine what information may be withheld under that regime. In any event, any right to disclosure is overcome by the Government's compelling interest in protecting our Nation's security.

The Supreme Court has held that the qualified First Amendment right of access to judicial proceedings applies only to criminal proceedings. See Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 575-77 (1980); Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986); Oregonian Publishing Co. v. United States Dist. Ct., 920 F.2d 1462, 1465 (9th Cir. 1990) ("there exists a first amendment right of access in the context of criminal trials"). Plaintiffs have not identified any case in which the Ninth Circuit has extended a qualified First Amendment right of access to civil proceedings such as this case.

Plaintiffs are similarly mistaken in asserting a common law right of access to the documents here. Although the public "has a common-law right to inspect and copy public records and documents," that "right is not absolute, and doesn't apply to documents which have traditionally been kept secret for important policy reasons." In re Copley Press, Inc., 518 F.3d 1022, 1029 (9th Cir. 2008) (citation and internal quotation marks omitted).

In Copley Press, in addressing whether there was a common law right of access to government documents filed in support of a motion to seal, the Ninth Circuit noted that "there are good reasons to keep secret the documents filed in connection with motions to seal." Id. As the Ninth Circuit explained:

13

> the district court quite sensibly closed portions of the hearings so it could hear in private the government's explanation of how unsealing the plea would endanger [the defendant] and others. It would be highly illogical to give the public a right to read the transcripts of these portions of the hearings. The transcripts will inevitably contain not only the facts the parties hope to keep secret, but also their reasons for doing so, which are likely to be just as private as the facts at issue. It's rarely possible to justify one secret without telling other secrets. So by publishing these transcripts, we would force litigants to take a great risk: If they move to seal and lose, they make public all the additional secrets they have revealed to us in making a case for sealing the proceedings.

Id. at 1027-28. Based on that reasoning, the Ninth Circuit concluded that there is no common law right to documents filed in support of a motion to seal.

That logic compels the conclusion here that there is no common law right to access documents which would reveal the substance of a Sealed Order. As explained above, disclosure of those documents, or the nature of the contents of those documents, would reveal in part the contents of the Sealed Order, thereby threatening the disclosure of sensitive national security and law enforcement information contained in the Sealed Order, which was originally provided to the Court *ex parte* and under seal to demonstrate that the Government had complied with its obligations under FOIA. Defendants respectfully submit that they could not have anticipated that this information would subsequently be included in a public order, thereby undermining the government's very purpose for withholding the information. Thus, for the same reasons the Ninth Circuit relied on in Copley Press to find that there was no common law right of access to the documents submitted in connection with the Government's motion to seal, this Court should find that there is

14

no common law right of access to the documents at issue here.[5]

Moreover, even if plaintiffs could establish a common law right to the documents, that right of access is preempted by FOIA. Where there is a statutory scheme governing access to the documents sought, any common law right to those documents is preempted. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 603-06 (1978); United States v. El-Sayegh, 131 F.3d 158, 162 (D.C. Cir. 1997); Center for National Security Studies, 331 F.3d at 936-37. As explained, disclosure of the documents at issue would reveal either directly or indirectly sensitive information in the Sealed Order which was provided to that court *ex parte* and *in camera*. The Ninth Circuit is reviewing whether the information in the Sealed Order is required to be disclosed under the FOIA. If the Ninth Circuit agrees with the Government that there is no statutory duty to disclose that information, then there can be no common law right to access that information. Nor would they have a right of access to documents such as the ones at issue here, which would reveal the sensitive information contained in the Sealed Order. Indeed, "[i]t would make no sense for Congress to have enacted the balanced scheme of disclosure and exemption, and for the court to carefully apply that statutory scheme, and then to turn and determine that the statute had no effect on a preeexisting common law right

---

[5] The facts in the Ninth Circuit cases cited plaintiffs to support their common law right of access to court documents are clearly distinguishable from the facts in this case. In those cases, the parties had entered blanket stipulations treating all documents produced in connection with discovery as confidential and thus no particularized showing of harm in public release of the documents had been established. San Jose Mecury News v. U.S. Dist. Ct., 187 F.3d 1096, 1102 (9th Cir.1999); Flotz v. State Farm Mutual Insurance Co., 331 F.3d 1122, 1138 (9th Cir. 2003); Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006). In this case, the Court was able to review the documents to determine that the Government had a compelling interest in placing the documents under seal.

of access." <u>Center for National Security Studies</u>, 331 F.3d at 937.

In any event, even if plaintiffs could demonstrate either a First Amendment or common law right to the documents at issue, a qualified right to access "can be overcome if '(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" <u>Copley Press</u>, 518 F.3d at 1028.[6] One of the interests which has been found to be compelling is where, as here, the case involves an issue as to whether certain information should be made public and providing access to the record would reveal that information. <u>Publicker Industries, Inc. v. Cohen</u>, 733 F.2d 1059 (3d Cir. 1984). Here the stay entered by the Ninth Circuit provides such a "compelling interest" for maintaining that documents under seal because disclosure of the documents would reveal the substance of the Sealed Order and the sensitive national security and law enforcement information which it seeks to protect by the appeal. Moreover, disclosure of the sensitive national security and law enforcement information contained in the Sealed Order will irreparably harm our national security and law enforcement operations. See <u>Snepp v. United States</u>, 444 U.S. 507, 510 n.3 (1980) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence

---

[6] In their memorandum, plaintiffs suggest that the Court could redact or summarize portions of the documents. Pl. Mem. at 17. As the Court is aware from its review of the documents at issue, these are not viable options here. The information at issue is not reasonably segregable, and any further description of the documents would reveal the sensitive information at issue on appeal.

16

service.").[7]

## CONCLUSION

For the foregoing reasons, this Court should deny the motion for reconsideration.

Respectfully Submitted,

TONY WEST
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

  s/Marcia K. Sowles
MARCIA K. SOWLES
DC Bar No. 369455
Senior Counsel
United States Department of Justice
Civil Division
Federal Programs Branch
P.O Box 883
Washington, D.C. 20044
Tel.: (202) 514- 4960
Fax: (202) 616- 8470

---

[7] Nothing in United States v. Moussaoui, No. 03-4162, 65 Fed. Appx 881, 887 (4thCir. 2003), or In re Washington Post Co. v. Soussoudis, 807 F.2d 383, 391-92 (4th Cir. 1987), suggests that plaintiffs' First Amendment rights override national security concerns. Indeed, just the opposite. In Moussaoui, the Fourth Circuit determined that all classified information should remain under seal because "there can be no doubt that the Government's interest in protecting the security of classified information is compelling." 65 Fed. Appx. at 887. Although the court denied the Government's motion to close the entire appellate argument to the public, finding that "[s]uch hearings have historically been open to the public," the court ordered that the oral argument be bifurcated, whereby that portion dealing with issues not involving classified information would be open to the public, and that portion discussing classified information would be closed. Plaintiffs also get no help from In re Washington Post Co., in which the Fourth Circuit held only that the procedural requirements that generally apply to a determination whether criminal proceedings can be closed to the public also apply to cases where national security interests are at stake.

E-mail:  marcia.sowles@usdoj.gov

Attorneys for Defendants