JENNIFER PASQUARELLA, SBN 263241
Email: jpasquarella@aclu-sc.org
MARK ROSENBAUM, SBN 59940
Email: mrosenbaum@aclu-sc.org
ACLU FOUNDATION OF
SOUTHERN CALIFORNIA
1313 West Eighth Street
Los Angeles, CA 90017
Telephone: (213) 977-9500 x236
Facsimile: (213) 977-5297

THOMAS HAROLDSON, SBN 250136
Email: tharoldson@probonolaw.com
300 South Grand Ave., Suite 3400
Los Angeles, CA 90071-3144
Telephone: (213) 687-5327
Facsimile: (213) 621-5327
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA; et al.,

Plaintiffs,

vs.

FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE,

Defendants.

Case No. SACV 07-1088 CJC (ANx)

REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION

Date: October 5, 2009
Time: 1:30 p.m.
Courtroom: 9B
Judge: Hon. Cormac J. Carney

**INTRODUCTION**

Plaintiffs seek reconsideration of the Court's order of July 24, 2009 granting the government leave to file documents under seal and *ex parte*. (Dkt. 70, Order of July 24, 2009 (filed July 28, 2009)). The government initially justified its *ex parte*, sealed filing by stating only that the documents "relate to" the sealed order. (Dkt. 69, Defendant's Application Seeking Leave to File In Camera and Ex Parte Documents Regarding the Sealed June 23 Order, July 24, 2009 (filed July 28, 2009)). After Plaintiffs objected, the government responded to Plaintiffs' objection by justifying their *ex parte*, sealed filing in greater detail, claiming the documents would reveal "either directly or indirectly" the contents of the sealed order, although the government also continues to at least imply that the document could be filed *ex parte* and under seal as long as it "relates" to the sealed order. (Defendant's Opposition to Plaintiffs' Motion for Reconsideration ("Def.'s Opp.") at 1, 5, 6, 7, 10, 15).

In light of the government's more detailed explanation, Plaintiffs now request that the Court determine whether the documents must remain sealed pending the resolution of the government's appeal to the Ninth Circuit Court of Appeals, or whether they must be filed on the public record. If the documents cannot be filed on the public record, Plaintiffs request a ruling from this Court that provides some minimal explanation of the documents, sufficient to explain the authority for filing them under seal and *ex parte*.

**ARGUMENT**

Plaintiffs' motion for reconsideration can now be resolved through a simple inquiry by this Court. There are only three legal bases that could authorize the government to file the documents at issue under seal and *ex parte* at this stage in the litigation. The first basis to withhold the documents is if they *actually* reveal the contents of the sealed order. The government claims that they do, "at least in

part." (Def.'s Opp. at 1). If the Court finds that to be true, Plaintiffs have no objection to keeping the documents under seal and *ex parte* pending resolution of the government's appeal by the Ninth Circuit, which will resolve the question of whether the sealed order itself should remain sealed.

The second basis to withhold the documents is if they were submitted for the Court's *in camera* review for the narrow purpose of determining whether information responsive to Plaintiffs' Freedom of Information Act (FOIA) request is nonetheless exempt from disclosure. *See* (Plaintiffs' Motion for Reconsideration ("Pls' Mem.") at 4-5); 5 U.S.C. § 552(a)(4)(B) (courts "may examine the contents of [ ] agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions"); *Pollard v. FBI*, 705 F.2d 1151, 1153 (9th Cir. 1983) (authorizing the government to submit *in camera, ex parte* affidavits describing the relevance of a FOIA exemption to the documents under review); *Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976) (same).

The third basis, if neither the first nor the second situation applies, is if the documents contain information that the government asserts is classified or otherwise protected from disclosure. If the government makes a showing to establish that the information is classified or protected and if the Court independently concludes that the information is indeed protected, then Plaintiffs have no objection to its being filed under seal.[1] *See* (Pls' Mem. at 16-17); *Parhat v. Gates*, 532 F.3d 834, 836 (D.C. Cir. 2008) ("Without an explanation geared to the information at issue in this case, we are left with no way to determine whether the specific information warrants protection – other than to accept the

---

[1] If that is the basis for sealing the documents, Plaintiffs reiterate their request that they or their counsel be granted access to the sealed information either through a protective order, or if necessary, security clearances, as is the custom in other cases involving classified information. (*See* Pls' Mem. at 18).

government's own designation"); *Bismullah v. Gates*, 501 F.3d 178, 188 (D.C. Cir. 2007) ("It is the court, not the Government, that has discretion to seal a judicial record, which the public ordinarily has the right to inspect and copy."); *U.S. v. Rosen*, 487 F. Supp. 2d 703, 716-17 (E.D. Va. 2007) ("a generalized assertion. . . . of the information's classified status. . . . is not alone sufficient to overcome the presumption in favor of open trials.").

If none of these three narrow situations applies to the documents at issue, the documents must be filed on the public record. Plaintiffs are aware of no general authority allowing the government to file documents *ex parte* and under seal at its own discretion, and the government has pointed to no authority beyond the narrow circumstances set forth above.[2]

The government argues that this Court should defer consideration of Plaintiffs' motion for reconsideration pending the resolution of the government's appeal at the Ninth Circuit because "it relates to issues now before the Ninth Circuit Court of Appeals." (Def.'s Opp. at 5). Plaintiffs have no objection to such a deferral if this Court first determines that the documents filed by the government would reveal the contents of the sealed order. However, if the documents instead merely "relate to" the sealed order, that alone is insufficient to justify their remaining under seal. To give but one example, a motion for extension of time concerning document production would "relate to" the sealed order. However,

---

[2] The government cites *Jifry v. Fed. Aviation Admin.*, 370 F.3d 1174, 1182 (D.C. Cir. 2004) to support its broad claim that "[c]ourts have recognized their inherent authority to permit *ex parte* filings in a variety of other contexts." (Def.'s Opp. at 6). *Jifry*, however, only found "inherent authority" to review *classified information ex parte, in camera*, and provides no support for such a generalized claim of "inherent authority." *See Jifry*, 370 F.3d at 1182 ("the court has inherent authority to review classified material *ex parte, in camera* as part of its judicial review function."). Plaintiffs have already acknowledged that the review of classified information is one possible basis for withholding the documents at issue.

such a motion should (quite obviously) be publicly filed. Therefore, this Court should first assess whether the documents actually reveal information contained in the Court's sealed order. If they do, then the Court's ruling should be deferred pending the determination by the Court of Appeals as to whether the information is protected from disclosure. However, if the documents merely "relate to" the sealed order, as the government sometimes claims, the documents must fall into one of the other categories discussed above, or else be publicly disclosed.

In addition, if the documents at issue cannot be disclosed to Plaintiffs at this time because they fall into one of the categories set forth above, Plaintiffs are owed some minimal public explanation of the documents and the legal authority for filing them under seal and *ex parte*. *See* (Pls' Mem. at 8); *Phillippi*, 546 F.2d at 1013 (stating, in a FOIA case, that before accepting documents *in camera*, *ex parte* "the District Court should attempt to create as complete a public record as is possible."). The government argues it is not required to publicly justify the filing because to do so would "tend to reveal the very information remaining under seal." (Def.'s Opp. at 10). Plaintiffs concededly have no independent mechanism by which to assess this claim. However, it seems likely that the government could have found some minimal way to explain and justify its filing without revealing the contents of the order or the documents. The government could have explained, for example, that the sealed document is an affidavit from a named FBI official that the Court, in its sealed order, required the FBI to produce, and that it is being filed under seal because it discusses the Court's sealed order. Such an explanation would not reveal any information contained in the order.[3]

---

[3] Even if the government does not believe itself legally obligated to make such a statement, doing so would likely prevent continuing litigation over these issues in future filings in this case.

The government cites two cases in support of its claim that no public justification is required for its secret filing, however, these cases actually support Plaintiffs' claim that they are owed some minimal explanation of the documents and the legal authority for filing them. (*See* Def.'s Opp. at 10). In *Lykim v. Dep't of Justice*, a FOIA case, the Court did not require the government to provide a more detailed justification for the withholding of a few sentences because although the government offered only the conclusory statement that the withheld information would reveal the identity of a confidential source, the Court found that on balance the requirements of public disclosure were met where the rest of the affidavit had been publicly disclosed. 725 F.2d 1455, 1464 (D.C. Cir. 1984) ("when an agency has disclosed a great deal of a document and withholds only a few lines that would reveal the identity of a confidential source, and when the trial court's *in camera* review confirms that such a confidential source would be revealed, the kind of justification proffered in the public [ ] affidavit does not violate *Vaughn*'s strictures against overly sweeping and conclusory invocation of FOIA exemptions."). Here, the government's conclusion that any public justification would reveal the content of the sealed order, including a simple description of what the document is or the reason for its filing, coupled with its refusal to disclose any portion of the sealed documents, would fail the assessment made by the Court in *Lykim*. *See also Public Educ. Center, Inc. v. Dep't of Defense*, 905 F. Supp. 19, 23 (D.D.C. 1995) (*quoting Hayden v. NSA*, 608 F.2d 1381, 1384 (D.C. Cir. 1980)) ("the defendant bears the burden of 'creat[ing] as full a public record as possible, concerning the nature of the documents and the justification for nondisclosure.'").

The government makes a number of other arguments in its brief, but the Court need not resolve them to conclude that it should undertake the simple inquiry that Plaintiffs request. For this reason, Plaintiffs will not respond to the

government's other arguments, with one exception. The government asserts that "[t]he qualified right of access to judicial proceedings under the First Amendment is confined to criminal proceedings and does not extend to civil proceedings in general." (Def.'s Opp. at 13). If this were true, then there would be no First Amendment interest of any kind in the public disclosure of any of the filings in this case.

However, the government's statement of the law is contrary to the rule adopted by many circuits that have considered the question. As several circuits have recognized, the First Amendment protects the public's right of access to civil proceedings. *See* (Pls' Mem. at 12 (citing cases from the Second, Third, Fourth, Sixth, and Seventh Circuits); *Grove Fresh Distrib. v. Everfresh Juice Co.*, 24 F.3d 893, 897-98 (7th Cir. 1994) (First Amendment right of access in civil proceedings to documents where "the court has relied on them or . . . the litigants have offered them as evidentiary support"); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) ("the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case"); *Westmoreland v. C.B.S.*, 752 F.2d 16, 23 (2d Cir. 1984) ("the First Amendment does secure to the public and to the press a right of access to civil proceedings"); *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) ("we hold that the 'First Amendment embraces a right of access to [civil] trials'"); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983) (vacating the district court's sealing of all documents filed in a civil case based on First Amendment and common law right of access). *See also NBC Subsidiary (KNBC-TV), Inc. v. Super. Ct.*, 20 Cal.4th 1178, 1212 (Cal. 1999) ("[I]n general, the First Amendment provides a right of access to ordinary civil trials and proceedings"). Relatedly, the government's claim that "[t]he Supreme Court has held that the qualified First Amendment right of access to judicial

proceedings applies only to criminal proceedings" is also false. (Def.'s Opp. at 13). The Supreme Court has never held that the First Amendment right of access applies *only* in criminal proceedings, rather it has simply found that such a right exists in criminal proceedings, without reaching the question with respect to civil proceedings. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) (finding a First Amendment right to attend criminal trials and stating "[w]hether the public has a right to attend trials of civil cases is a question not raised by this case, but we note that historically both civil and criminal trials have been presumptively open."); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 2 (1986) (First Amendment right of access to criminal proceedings applies to preliminary hearings).

**CONCLUSION**

For the foregoing reasons, this Court should grant Plaintiffs motion for reconsideration. The Court should conduct the inquiry Plaintiffs request to determine whether the documents must remain sealed pending the resolution of the government's appeal to the Ninth Circuit Court of Appeals or whether they must be filed on the public record. If that inquiry reveals that the documents should remain sealed, the Court should provide some minimal explanation of the documents and the authority for filing them under seal and *ex parte*. The Court should also order the government to provide a public justification for any future *ex parte* and sealed filings in this case.

Dated: September 28, 2009

Respectfully submitted,

/S/
Jennifer Pasquarella
ACLU FOUNDATION OF SOUTHERN CALIFORNIA

Attorney for Plaintiffs