1  JENNIE PASQUARELLA, SBN 263241
   Email: jpasquarella@aclu-sc.org
2  AHILAN ARULANANTHAM, SBN 237841
   Email: aarulanantham@aclu-sc.org
3  HECTOR O. VILLAGRA, SBN 177586
   Email: hvillagra@aclu-sc.org
4  ACLU FOUNDATION OF
     SOUTHERN CALIFORNIA
5  1313 West Eighth Street
   Los Angeles, CA 90017
6  Telephone: (213) 977-9500 x236
   Facsimile: (213) 977-5297
7
   THOMAS HAROLDSON, SBN 250136
8  Email: tharoldson@probonolaw.com
   300 South Grand Ave., Suite 3400
9  Los Angeles, CA 90071-3144
   Telephone: (213) 687-5327
10 Facsimile: (213) 621-5327
   Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA; et al., | Case No.   SACV 07-1088 CJC (ANx) |
| Plaintiffs, | REQUEST FOR STATUS CONFERENCE |
| vs. | |
| FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendants. | |

| | |
|---|---|
| 1 | **REQUEST FOR STATUS CONFERENCE** |
| 2 | Plaintiffs respectfully request a status conference in the above-titled action |
| 3 | to discuss the status of Defendants' production and release of the records at issue |
| 4 | in this case, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552. |
| 5 | Plaintiffs make this request because they believe this Court may resume |
| 6 | proceedings in this case pending Defendants' interlocutory appeal.  The request is |
| 7 | particularly urgent given that no further documents have been produced to |
| 8 | Plaintiffs since the Court stated, on April 20, 2009, that documents from this FOIA |
| 9 | request should be produced expeditiously in light of the age of the original |
| 10 | request, which was filed on May 15, 2006. |
| 11 | On April 20, 2009, this Court ordered *in camera* review of records |
| 12 | containing material Defendants had redacted and withheld as "outside the scope" |
| 13 | of Plaintiffs' FOIA requests.  It also ordered Defendants to conduct additional |
| 14 | searches for records responsive to the FOIA requests of Hussam Ayloush and |
| 15 | CAIR-California and produce such records by May 20, 2009.  (Order Re *In* |
| 16 | *Camera* Inspection of Documents, Dkt. No. 49, Apr. 20, 2009). |
| 17 | Defendants subsequently submitted documents for *in camera* review and |
| 18 | held an *in camera* hearing with counsel for Defendants on May 14, 2009.  (Order |
| 19 | Scheduling *In Camera* Hearing Re Documents Submitted for *In Camera* Review, |
| 20 | Dkt. No. 51, May 11, 2009).  Subsequently, this Court stayed Defendants' review |
| 21 | of the records regarding Hussam Ayloush and CAIR-California pending resolution |
| 22 | of issues raised by Defendants pertaining to those documents.  (Order Denying *Ex* |
| 23 | *Parte* App. to Extend Time, Dkt. No. 54, May 20, 2009).  This Court held a |
| 24 | second *in camera* hearing, apparently to discuss those issues, on June 23, 2009. |
| 25 | (Order Scheduling *In Camera* Hearing Re Documents Submitted for *In Camera* |
| 26 | Review, Dkt. No. 53, May 18, 2009); (Order Denying *Ex Parte* App. to Extend |
| 27 | Time, Dkt. No. 54, May 20, 2009) ("The Court will be conducting another *in* |
| 28 | *camera* hearing in [regard to the government's review of records for Hussam |

1 Ayloush and CAIR-California] on June 23, 2009, and it is the Court's hope and
2 expectation to resolve the important issues shortly thereafter."). At the conclusion
3 of that June 23 *in camera* hearing, this Court issued a sealed order, which it
4 ordered to be unsealed on July 7, 2009. (Order Denying Request for Status
5 Conference, Dkt. No. 59, June 25, 2009).

6       On July 1, 2009, Defendants appealed this Court's unsealing order to the
7 Ninth Circuit Court of Appeals. (Notice of Appeal of Sealed Order, Dkt. No. 61,
8 July 1, 2009). The government's brief on appeal made clear that it did not
9 challenge the substance of the order, but rather only the decision to seal it. *See*
10 Exhibit B (Brief for Appellants – Public Version at 8 n.4 (9th Cir. Jan. 14, 2010))
11 (stating that the government does not appeal the court's substantive rulings).
12 Upon Defendants' *ex parte* motion, the Ninth Circuit ordered this Court's June 23
13 order to be stayed and remain sealed pending appeal. *See* Exhibit A (Order (9th
14 Cir. July 6, 2009)). Because Defendants only appeal the unsealing order, Plaintiffs
15 understand the Ninth Circuit's stay order to apply only to the unsealing of the June
16 23 order, not to its substantive rulings nor to any other portion of the case.[1]
17 Therefore, based on the publicly-available documents, district court proceedings in
18 this case have not been stayed.

19       Furthermore, interlocutory or collateral order appeals do not divest the
20 district court of jurisdiction over the entire case, but rather the district court retains
21 jurisdiction over those aspects of the case not under consideration in the appeal.
22 *See U.S. v. Crozier,* 674 F.2d 1293, 1297 (9th Cir. 1982) (finding that where

---

[1] Indeed, consistent with Plaintiffs understanding that the Ninth Circuit has not stayed the substantive rulings of the June 23 order, Defendants, apparently in compliance with those rulings, submitted documents to this Court *in camera* after the Ninth Circuit order staying the unsealing of this Court's order. *See* (Order Sealing, Dkt. No. 70, July 28, 2009) (submitting documents "regarding" the June 23 order).

2

1  "resolution of the issues raised in the appeal is collateral to and has no bearing on
2  the outcome. . . . a district court may retain jurisdiction during the interlocutory
3  appeal"), *vacated on other grounds*, 468 U.S. 1206 (1984); *U.S. v. Spilotro,* 680
4  F.2d 612, 615 (9th Cir. 1982) (same); *U.S. v. Leppo*, 634 F.2d 101, 105 (3d Cir.
5  1980) (district court had jurisdiction to proceed with trial while court of appeals
6  considered appeal of double jeopardy motion); *New York State Nat. Org. for*
7  *Women v. Terry*, 704 F.Supp. 1247, 1255 (S.D.N.Y. 1989) ("It is well settled that
8  an appeal from an interlocutory order granting or denying preliminary injunctive
9  relief does not strip the district court of jurisdiction to hear the merits."). *See also*
10 Charles Wright, Arthur Miller & Edward Cooper, 15A Fed. Prac. & Proc. Juris. §
11 3911 (2d ed.) ("There is no reason. . . . to treat the appeal [of a collateral order] as
12 transferring the entire case to the court of appeals.  Instead, the district court
13 should have the same power to proceed as it enjoys pending frankly interlocutory
14 appeals under 28 U.S.C. § 1292(a) or § 1292(b)"). *Cf. Griggs v. Provident*
15 *Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal
16 is an event of jurisdictional significance – it confers jurisdiction on the court of
17 appeals and divests the district court of its control *over those aspects of the case*
18 *involved in the appeal*.") (emphasis added).  Therefore, it appears that this Court
19 retains jurisdiction and can continue the proceedings with respect to at least some
20 aspects of this case.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

Accordingly, Plaintiffs respectfully request a status conference to discuss the status of the production and disclosure of the requested documents, now nearly four years since they were first requested, and nearly one year since the Court rejected the government's proffered reasons for withholding at least some of them.

Dated: March 24, 2010                                         Respectfully submitted,


   s/Jennifer Pasquarella

Jennifer Pasquarella
ACLU FOUNDATION OF
   SOUTHERN CALIFORNIA

Attorney for Plaintiffs

4