# EXHIBIT B

No. 09-56035

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————————

ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA; COUNCIL ON
AMERICAN ISLAMIC RELATIONS - CALIFORNIA; ISLAMIC CENTER OF SAN
GABRIEL VALLEY; ISLAMIC CENTER OF HAWTHORNE; WEST COAST ISLAMIC
CENTER; HUMAN ASSISTANCE & DEVELOPMENT INTERNATIONAL, INC.;
MUZAMMIL SIDDIQI; SHAKEEL SYED; HUSSAM AYLOUSH; MOHAMMED ABDUL
ALEEM; RAFE HUSAIN,
Plaintiffs-Appellees,

v.

FEDERAL BUREAU OF INVESTIGATION; UNITED STATES DEPARTMENT
OF JUSTICE,
Defendants-Appellants.

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

———————————————

BRIEF FOR APPELLANTS – PUBLIC VERSION
[Sealed/*Ex Parte* Material Redacted]

———————————————

TONY WEST
 Assistant Attorney General

GEORGE S. CARDONA
 Acting United States Attorney

LEONARD SCHAITMAN
 (202) 514-3441
DOUGLAS N. LETTER
 (202) 514-3602
CATHERINE Y. HANCOCK
 (202) 514-3469
 Attorneys, Appellate Staff
 Civil Division, Room 7236
 Department of Justice
 950 Pennsylvania Ave., N.W.
 Washington, D.C.  20530-0001

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    I.     THE DISTRICT COURT'S UNSEALING ORDER IS
          SUBJECT TO IMMEDIATE REVIEW AS A COLLATERAL
          ORDER OR, IN THE ALTERNATIVE, THROUGH A WRIT
          OF MANDAMUS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II.    THE DISTRICT COURT ERRED IN ORDERING
          DISCLOSURE OF SENSITIVE NATIONAL SECURITY
          AND LAW ENFORCEMENT INFORMATION. . . . . . . . . . . . . . . 19

          A.    [**Sealed/*Ex Parte* Material Redacted**]. . . . . . . . . . . . . . . . 19

          B.    The District Court's Purported Basis For Ordering Public
              Disclosure Is Legally Erroneous. . . . . . . . . . . . . . . . . . . . . . 19

Exhibit B - Page 8

C.      There Is No Constitutional Authority Requiring
        Disclosure To Plaintiffs Or The Public Of The
        Sensitive National Security And Law Enforcement
        Information Which Is In The District Court's
        Sealed Order.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

        1.      Procedural Due Process Does Not Require
                That Plaintiffs Be Provided Sensitive National
                Security And Law Enforcement Information That
                Was Filed *Ex Parte* And *In Camera*.. . . . . . . . . . . . . 20

        2.      No First Amendment Right Or Common Law
                Right Requires Public Disclosure Of The District
                Court's Order... . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

III.    [**Sealed/*Ex Parte* Material Redacted**]. . . . . . . . . . . . . . . . . . . . . . . 29

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

Exhibit B - Page 9

# TABLE OF AUTHORITIES

**Page**

**Cases:**

*Center for National Security Studies* v. *U.S. Dep't of Justice*,
  331 F.3d 918 (D.C. Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . 24, 28, 29

*Cheney* v. *United States Dist. Ct.*, 542 U.S. 367 (2004). . . . . . . . . . . . . . . . . . . . . . 2

*Church of Scientology of California* v. *U.S. Dep't of Justice*,
  612 F.2d 417 (9th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Cohen* v. *Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). . . . . . . . . . . . . . . 11

*Department of Air Force* v. *Rose*, 425 U.S. 352 (1976). . . . . . . . . . . . . . . . . . . . . 5

*Digital Equipment Corp.* v. *Desktop Direct, Inc.*, 511 U.S. 863 (1994). . . . . 13, 16

*Ellsberg* v. *Mitchell*, 709 F.2d 51 (D.C. Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . 22

*El-Masri* v. *United States*, 479 F.3d 296 (4th Cir. 2007). . . . . . . . . . . . . . . . . . . 24

*Ferguson* v. *FBI*, 957 F.2d 1059 (2d Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Gardels* v. *CIA*, 689 F.2d 1100 (D.C. Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Halkin* v. *Helms*, 598 F.2d 1 (D.C. Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Hayden* v. *NSA*, 608 F.2d 1381 (D.C. Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . 22

*Heine* v. *Raus*, 399 F.2d 785 (4th Cir. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*Holy Land Foundation* v. *Ashcroft*, 333 F.3d 156 (D.C. Cir. 2003). . . . . . . . . . . 21

*In re Copley Press, Inc.*, 518 F.3d 1022
  (9th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11, 12, 14, 22, 26, 27, 29

Exhibit B - Page 10

*In re Grand Jury Proceedings*, 867 F.2d 539 (9th Cir. 1989). . . . . . . . . . . . . . . 21

*In re Papandreou*, 139 F.3d 247 (D.C. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Steele*, 799 F.2d 461 (9th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Irons* v. *FBI*, 811 F.2d 681 (1st Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Jifry* v. *FAA*, 370 F.3d 1174 (D.C. Cir. 2004).. . . . . . . . . . . . . . . . . . . . . . . . 21, 24

*Kerr* v. *United States District Court*, 426 U.S. 394 (1976). . . . . . . . . . . . . . . . . 17

*Klein* v. *City of San Clemente*, 584 F.3d 1196 (9th Cir. 2009).. . . . . . . . . . . . . . 11

*Larson* v. *Department of State*, 565 F.3d 857 (D.C. Cir. 2009). . . . . . . . . . . . . . 24

*Lion Raisins Inc.* v. *USDA*, 354 F.3d 1072 (9th Cir. 2004). . . . . . . . . . . . . . . . . 20

*Mathews* v. *Eldridge*, 424 U.S. 319 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Miller* v. *Bell*, 661 F.2d 623 (7th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Mohawk Industries, Inc.* v. *Carpenter*, 130 S. Ct. 599 (2009). . . . . . . . . . 13, 15, 16

*Molerio* v. *FBI*, 749 F.2d 815 (D.C. Cir. 1984). . . . . . . . . . . . . . . . . . . . . . . . . . 21

*National Archives & Records Admin.* v. *Favish*, 541 U.S. 157 (2004). . . . . . . . . 16

*Nat'l Council of Resistance of Iran* v. *Dep't of State*, 251 F.3d 192
    (D.C. Cir. 2001).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Nixon* v. *Warner Communications, Inc.*, 435 U.S. 589 (1978).. . . . . . . . . . . . . . 28

*Oregonian Publishing Co.* v. *United States Dist. Ct.*, 920 F.2d 1462
    (9th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*Patterson* v. *Federal Bureau of Investigation*, 893 F.2d 595
    (3d Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

iv

*People's Mojahedin Org.* v. *Dep't of State*, 327 F.3d 1238
   (D.C. Cir. 2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Plata* v. *Schwarzenegger*, 560 F.3d 976 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . 18

*Pollard* v. *FBI*, 705 F.2d 1151 (9th Cir. 1983). . . . . . . . . . . . . . . . . . . . . . . . . 20, 21

*Press-Enterprise Co.* v. *Superior Court*, 478 U.S. 1 (1986). . . . . . . . . . . . . . . . . 26

*Providence Journal Co.* v. *FBI*, 595 F.2d 889 (1st Cir. 1979). . . . . . . . . . . . . . . 14

*Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555 (1980). . . . . . . . . . . . . . 26

*Salisbury* v. *United States*, 690 F.2d 966 (D.C. Cir. 1982). . . . . . . . . . . . . . . . 22

*Snepp* v. *United States*, 444 U.S. 507 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . 29

*Solar Sources, Inc.* v. *United States*, 142 F.3d 1033 (7th Cir. 1998). . . . . . . . . . . 24

*Stein* v. *Dep't of Justice*, 662 F.2d 1245 (7th Cir. 1981). . . . . . . . . . . . . . . . . . 21

*United States* v. *Catholic Healthcare West*, 445 F.3d 1147 (9th Cir. 2006). . . . . . 4

*United States* v. *El-Sayegh*, 131 F.3d 158 (D.C. Cir. 1997). . . . . . . . . . . . . . . . 28

*United States* v. *Fei Ye*, 436 F.3d 1117 (9th Cir. 2006). . . . . . . . . . . . . . . . . . . 18

*Upjohn Co.* v. *United States*, 449 U.S. 383 (1981).. . . . . . . . . . . . . . . . . . . . . . . 15

*Vaughn* v. *Rosen*, 484 F.2d 820 (D.C. Cir. 1973). . . . . . . . . . . . . . . . . . . . . . . . 24

*Weberman* v. *NSA*, 668 F.2d 676 (2d Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . 22

*Will* v. *Hallock*, 546 U.S. 345 (2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## **Statutes:**

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 11

Exhibit B - Page 12

28 U.S.C. § 1292(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

28 U.S.C. § 1292(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

28 U.S.C. § 1331. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 U.S.C. § 1651(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5 U.S.C. § 552. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 8

5 U.S.C. § 552(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. § 552(a)(3)(D). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. § 552(a)(4)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 21

5 U.S.C. § 552(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 U.S.C. § 552(f)(2)(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Exhibit B - Page 13

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

———————————

No. 09-56035

———————————

ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA; COUNCIL
ON AMERICAN ISLAMIC RELATIONS - CALIFORNIA; ISLAMIC
CENTER OF SAN GABRIEL VALLEY; ISLAMIC CENTER OF
HAWTHORNE; WEST COAST ISLAMIC CENTER; HUMAN
ASSISTANCE & DEVELOPMENT INTERNATIONAL, INC.; MUZAMMIL
SIDDIQI; SHAKEEL SYED; HUSSAM AYLOUSH; MOHAMMED ABDUL
ALEEM; RAFE HUSAIN,
Plaintiffs-Appellees,

v.

FEDERAL BUREAU OF INVESTIGATION; UNITED STATES
DEPARTMENT OF JUSTICE,
Defendants-Appellants.

———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

———————————

BRIEF FOR APPELLANTS – PUBLIC VERSION
[Sealed/*Ex Parte* Material Redacted]

———————————

## STATEMENT OF JURISDICTION

The district court exercised jurisdiction over plaintiffs' action, brought under

the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, pursuant to 28 U.S.C.

§ 1331.  The district court issued a sealed, *ex parte* order in that action on June 23,
2009, in which the district court provided that it would unseal that order and make it
a matter of public record on July 7, 2009, unless otherwise directed by this Court.  *See*
ER 5-21.  The Government filed a notice of appeal from the district court's order on
July 1, 2009, ER 3-4, and on July 2, filed an emergency motion for a stay pending
appeal.  This Court entered an administrative stay on July 6, 2009, to prevent
disclosure of the district court's order pending appeal.  ER 1.  As explained more
fully below, this Court has jurisdiction pursuant to 28 U.S.C. § 1291 under the
collateral order doctrine.  *See In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir.
2008).  In the alternative, this Court has jurisdiction, pursuant to 28 U.S.C. § 1651(a),
to issue a writ of mandamus barring the unsealing of the June 23 order.  *See Cheney*
v. *United States Dist. Ct.*, 542 U.S. 367, 380-81 (2004).

## STATEMENT OF THE ISSUES

On June 23, 2009, the district court issued a sealed, *ex parte* order, and
provided that it would unseal and make public that order on July 7, 2009.  In the
Government's view, the district court's order contains sensitive national security and
law enforcement information – information that was provided to the district court *ex
parte* and *in camera* only for the court's internal use in evaluating whether the
Government had fully complied with its FOIA obligations – and cannot be disclosed

2

Exhibit B - Page 15

either to plaintiffs or the public. The question presented is whether the district court erred in disregarding that assessment and instead directing that its order be made publicly available.

## STATEMENT OF THE CASE

This appeal arises out of an action brought by plaintiffs under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging, *inter alia*, whether the Federal Bureau of Investigation and the United States Department of Justice (collectively, "defendants" or "the Government") had disclosed all information required under FOIA in response to their request, which sought information pertaining to themselves from the FBI headquarters and its Los Angeles Field Office. After the parties cross-moved for summary judgment, the district court concluded that an *in camera*, *ex parte* hearing was necessary to determine whether the Government had properly disclosed all information that it was required to disclose under FOIA. The Government submitted several *ex parte* and *in camera* filings to support its assertion that it had complied with its disclosure obligations under FOIA, and the district court conducted two *ex parte*, *in camera* hearings concerning those filings. [**Sealed/*Ex Parte* Material Redacted**] the district court issued a sealed, *ex parte* order containing that information on June 23, 2009, and provided that it would unseal its order on July 7, 2009, unless otherwise directed by this Court.

3

The Government appealed the district court's unsealing order. The Government also filed in this Court an emergency motion, *ex parte* and under seal, for a stay pending appeal, to prevent the unsealing of the June 23 order until this Court has an opportunity to resolve whether the district court erred in directing the unsealing of its order. On July 6, 2009, this Court granted an administrative stay. ER 1. Plaintiffs sought reconsideration of that stay, which this Court denied.

## STATEMENT OF THE FACTS

1. Under the FOIA, an agency that receives a request for records must conduct an "adequate" search for agency records "that are responsive to the request." *United States* v. *Catholic Healthcare West*, 445 F.3d 1147, 1153 (9th Cir. 2006); *see also* 5 U.S.C. § 552(a)(3)(D) ("'search' means to review * * * agency records for the purpose of locating those records which are responsive to a request"). Agency records include "any information that would be an agency record subject to the requirements of [FOIA]." 5 U.S.C. § 552(f)(2)(a). The relevant agency "shall make the records" that are subject to the requirements of FOIA and responsive to the request "promptly available to any person." 5 U.S.C. § 552(a)(3). The district courts have jurisdiction under FOIA "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

Exhibit B - Page 17

Congress, however, expressly exempted certain categories of information from FOIA's disclosure requirements, even if the information would otherwise be an agency record and responsive to a FOIA request.  *See* 5 U.S.C. § 552(b) (providing that "[t]his section does not apply to" nine enumerated categories).  These Exemptions reflect Congress's decision that there are "'types of information that the Executive Branch must have the option to keep confidential.'"  *Church of Scientology of California* v. *U.S. Dep't of Justice*, 612 F.2d 417, 426 (9th Cir. 1979) (quoting *Department of Air Force* v. *Rose*, 425 U.S. 352, 361 (1976)).  Where information in a record is withheld pursuant to a FOIA Exemption, the agency shall release "[a]ny reasonably segregable portion" of the record "after deletion of the portions which are exempt," and indicate "the exemption under this subsection under which the deletion is made."  5 U.S.C. § 552(b).

2.  [**Sealed/*Ex Parte* Material Redacted**]

3.  [**Sealed/*Ex Parte* Material Redacted**[1]]

---

[1] [**Sealed/*Ex Parte* Material Redacted**]

Exhibit B - Page 18

4.  Plaintiffs are six organizations and five individuals[2] who filed a FOIA
request seeking records containing information pertaining to themselves from the
FBI. ER 30-36.  In response, the FBI released parts of two documents, indicating that
as to most of the plaintiffs there were no records responsive to the FOIA request.  ER
38-55, 57, 61.  Both documents produced were redacted.  The FBI explained that the
redactions encompassed information protected by FOIA Exemptions.  ER 57, 61.

Plaintiffs thereafter filed this action, alleging that the FBI improperly withheld
documents (or portions of documents) and failed to conduct an adequate search for
documents in its files.   ER 82.   After the FBI conducted further searches and
produced additional documents (portions of which were also redacted), ER 24, the
parties cross-moved for summary judgment.  Only two issues remained in dispute:
(1) whether the FBI's redactions of information as "outside the scope" of FOIA were
proper; and (2) whether the FBI's search for documents was adequate.  ER 24.
Plaintiffs did not challenge the FBI's withholding of any information pursuant to
FOIA Exemptions.  ER 25.

---

[2] The organizations are Islamic Shura Council of Southern California, Council
on American Islamic Relations – California, Islamic Center of San Gabriel Valley,
Islamic Center of Hawthorne, West Coast Islamic Center, and Human Assistance and
Development International, Inc.  The individual plaintiffs are Mazammil Siddiqi,
Shakeel Syeed, Hussam Ayloush, Mohammed Abdul Aleem, and Rafe Husain.

Exhibit B - Page 19

5. The district court concluded that an *in camera*, *ex parte* hearing was necessary to determine if the FBI had properly withheld documents as outside the scope of FOIA. ER 24. The court noted that, even if some of the redacted information were eventually found to be within the scope of plaintiffs' FOIA request, it might nevertheless be subject to a FOIA Exemption, and that plaintiffs, therefore, might not be entitled to the withheld information even if it were within the scope of their request. ER 26.

6. Pursuant to that order, the Government submitted a classified *in camera*, *ex parte* FBI declaration, in which the Government provided the district court with sensitive national security and law enforcement information for the court's internal use in determining whether the Government had fully complied with its FOIA obligations. Classified ER 182-96.

[**Sealed/*Ex Parte* Material Redacted**]

7. That same day, June 23, 2009, the district court issued a sealed, *ex parte* order. ER 5-21. [**Sealed/*Ex Parte* Material Redacted**][3]

8. Because the district court's June 23 order contains sensitive national security and law enforcement information – information that was provided to the

---

[3] On June 25, 2009, the court entered a brief order on the public docket, informing plaintiffs that it had issued an *ex parte* order under seal regarding the Government's responses to plaintiffs' FOIA request, and that it intended to unseal that order on July 7, 2009. *See* ER 101 (Docket Entry No. 59).

Exhibit B - Page 20

district court *ex parte* and *in camera* only for the court's internal use in evaluating whether the Government had fully complied with its FOIA obligations – the Government appealed the unsealing of the district court's order.[4] The Government also sought a stay pending appeal, to prevent the sealed order from being disclosed either to plaintiffs or the public, until this Court has an opportunity to resolve whether such information was erroneously ordered disclosed and must be redacted from the district court order before it may be unsealed. On July 6, 2009, this Court granted an administrative stay barring disclosure of the district court's June 23 order pending appeal. *See* ER 1.

## SUMMARY OF THE ARGUMENT

This appeal concerns the disclosure of sensitive law enforcement and national security information provided to the district court *ex parte* and *in camera* in the context of plaintiffs' suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The Government provided that information to the district court solely to assist the court's determination as to whether the Government had complied with its disclosure obligations under FOIA. [**Sealed/*Ex Parte* Material Redacted**] the district court nonetheless issued an interlocutory order, *ex parte* and under seal,

_____

[4] The Government's appeal challenges only the public disclosure of the sealed district court order, and does not challenge the court's substantive rulings concerning the underlying merits of plaintiffs' FOIA action.

8

containing that information and providing that it would unseal that order unless otherwise directed by this Court. Because the district court lacks authority to disclose that information, its order must be kept under seal until redacted or revised to exclude that information.

**I.** This Court has appellate jurisdiction to review the district court's unsealing order under the collateral order doctrine or, in the alternative, through a writ of mandamus. The district court's order satisfies the three prerequisites for application of the collateral order doctrine. First, the order conclusively resolves the issue on appeal – whether the district court may unseal the sensitive law enforcement and national security information – by ordering that information be made public. Second, that issue is completely separate from the underlying merits question in this action of whether the Government has disclosed all information that it is required to disclose under FOIA. That issue is also important because it implicates national security. Finally, immediate appeal under the collateral order doctrine is warranted because otherwise the Government's appeal to prevent disclosure of the information at issue will be rendered moot.

In the event this Court determines that the collateral order doctrine is not applicable, this Court should issue a writ of mandamus. The Government has no other remedy to prevent the harm to national security that will result from the

9

Exhibit B - Page 22

unsealing of the district court's order.  And, as explained more fully below, the
district court's unsealing order is plainly erroneous because it is contrary to FOIA.

**II.**  The district court lacks authority to unseal the sensitive law enforcement
and national security information contained in its order.

**A.** [**Sealed/*Ex Parte* Material Redacted**]

**B.** [**Sealed/*Ex Parte* Material Redacted**]

**C.**  There is no constitutional authority that would require the district court's
unsealing order.  Procedural due process does not require that plaintiffs or the public
have immediate access to the district court's order.  It is sufficient that the order be
publicly disclosed once the order has been redacted or revised to omit the sensitive
law enforcement and national security information at issue.  And neither plaintiffs nor
the public have a First Amendment or common law right of access to a sealed judicial
order in a civil proceeding such as this one.  In any event, even if plaintiffs could
demonstrate either a First Amendment or common law right to the sealed order, that
qualified right is overcome here by the Government's compelling interest in
protecting our national security.

**III.** [**Sealed/*Ex Parte* Material Redacted**]

Exhibit B - Page 23

## STANDARD OF REVIEW

The issue of whether the district court may order public disclosure of the sensitive national security and law enforcement information provided to it *ex parte* and under seal by the Government is a legal issue.  This Court reviews *de novo* questions of law.  *See*, *e.g.*, *Klein* v. *City of San Clemente*, 584 F.3d 1196, 1200 (9th Cir. 2009) ("'when the district court is alleged to have relied on an erroneous legal premise, we review the underlying issues of law *de novo*'").

## ARGUMENT

## I.   THE DISTRICT COURT'S UNSEALING ORDER IS SUBJECT TO IMMEDIATE REVIEW AS A COLLATERAL ORDER OR, IN THE ALTERNATIVE, THROUGH A WRIT OF MANDAMUS.

**A.**  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, because the district court's unsealing order is appealable under the collateral-order doctrine of *Cohen* v. *Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).  That doctrine provides that a decision may be treated as final if it "[1] conclusively determine[s] the disputed question, [2] resolve[s] an important issue completely separate from the merits of the action, and [3] [is] effectively unreviewable on appeal from a final judgment."  *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008).  In this case, all three of the *Cohen* requirements are satisfied.  Indeed, this

11

Court has previously concluded that a court order unsealing judicial records is
appealable under the collateral order doctrine.  *Id.* at 1025-26.

    1.  First, the district court's unsealing order "'conclusively determine[s]' that
the information will be public."  *Id.* at 1025.  The court's unsealing order directs full
disclosure of the order's contents, both to plaintiffs and the public.  Such disclosure
will reveal the sensitive national security and law enforcement information that
defendants seek to protect: [**Sealed/*Ex Parte* Material Redacted**].  As this Court
explained in *Copley Press* in response to a similar challenge to an unsealing order,
"[s]ecrecy is a one-way street: Once information is published, it cannot be made
secret again."  *Id.* at 1025.  Accordingly, the district court's unsealing order, by
directing public disclosure, conclusively resolves the issue here [**Sealed/*Ex Parte*
Material Redacted**].

    2.  That issue – [**Sealed/*Ex Parte* Material Redacted**] – is both "completely
separate" from the merits of the case and important.  *Copley Press*, 518 F.3d at 1025
(whether court records should be unsealed was "completely separate" from the merits
of the underlying criminal case).  The underlying merits issue presented in this action
is whether the Government has properly disclosed all records that it is required to
disclose to plaintiffs under FOIA.  The issue on appeal here, however, is not whether
the Government has an obligation to disclose additional documents to plaintiffs under

Exhibit B - Page 25

FOIA, but whether the district court can publicly disclose sensitive national security and law enforcement information that was provided to the district court *ex parte* and *in camera* only for the court's internal use in evaluating whether the Government had, in fact, fully complied with its FOIA obligations.  [**Sealed/*Ex Parte* Material Redacted**]

That issue is also sufficiently important to satisfy *Cohen*.  The district court's unsealing order will reveal sensitive national security and law enforcement information.  Protecting such critical information is plainly "weightier than the societal interests advanced by the ordinary operation of final judgment principles," and therefore "qualifies as 'important' in *Cohen*'s sense." *Digital Equipment Corp.* v. *Desktop Direct, Inc.*, 511 U.S. 863, 879 (1994); *see also Will* v. *Hallock*, 546 U.S. 345, 352-353 (2006) (recognizing that collateral orders regarding separation of powers, efficiency of government, and a State's dignitary interest have all qualified as important within the meaning of *Cohen*).

The Supreme Court has recently explained: "The crucial question * * * is not whether an interest is important in the abstract; it is whether deferring review until final judgment so imperils the interest so as to justify the cost of allowing immediate appeal of the entire class of relevant orders." *Mohawk Industries, Inc.* v. *Carpenter*, 130 S. Ct. 599, 606 (2009).  Deferring review of orders unsealing sensitive national

security and law enforcement information until final judgment would completely eviscerate the governmental and public interest in protecting such information. *See Copley Press*, 518 F.3d at 1025 ("[o]nce information is published, it cannot be made secret again").

## [**Sealed/*Ex Parte* Material Redacted**]

3. *Cohen*'s third factor is satisfied because the district court's unsealing order would be effectively unreviewable on appeal from a final judgment. If the court's order is unsealed, the Government's appeal to keep information in that order under seal would be rendered moot. *See Copley Press*, 518 F.3d at 1025 ("[o]nce information is published, it cannot be made secret again"); *see also In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998) ("[d]isclosure followed by appeal after final judgment is obviously not adequate" in cases involving privileges or sensitive information; after final judgment, "the cat is out of the bag"); *Providence Journal Co.* v. *FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("Meaningful review entails having the reviewing court take a fresh look at the decision of the trial court before it becomes irrevocable. * * * Once the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time. The status quo could never be restored.").

The Supreme Court's recent decision in *Mohawk Industries* does not undermine that conclusion. In that case, the Court held that court-ordered disclosures of material protected by the attorney-client privilege are not immediately appealable under the collateral order doctrine because "postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege." *Mohawk Industries*, 130 S. Ct. at 606. In so holding, the Supreme Court relied on several factors, none of which is applicable here.

The Supreme Court explained that a postjudgment appeal can generally undo the litigation-specific effects of an erroneously ordered disclosure of material protected by the attorney-client privilege. *See Mohawk Industries*, 130 S. Ct. at 606-07 ("Appellate courts can remedy the improper disclosure of privileged material * * * by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence."). That is because the attorney-client privilege does not rest on the premise that confidentiality is an end in itself; rather, confidentiality is a means of furthering a generalized societal goal of "encourag[ing] full and frank communication between attorneys and their clients and thereby promot[ing] broader public interests in the observance of law and administration of justice." *Upjohn Co.* v. *United States*, 449 U.S. 383, 389 (1981); *accord Mohawk Industries*, 130 S. Ct. at 606. Moreover, the attorney-client privilege

Exhibit B - Page 28

is a common-law privilege and is not "embodied in a constitutional or statutory provision." *Digital Equipment*, 511 U.S. at 879.

[**Sealed/*Ex Parte* Material Redacted**]

The Supreme Court also observed that immediate appeal for disclosures of information protected by the attorney-client privilege is not necessary because "protective orders are available to limit the spillover effects of disclosing sensitive information." *Mohawk Industries*, 130 S. Ct. at 608. But protective orders are not available in FOIA cases. *See National Archives & Records Admin.* v. *Favish*, 541 U.S. 157, 174 (2004) ("It must be remembered that once there is disclosure [under FOIA], the information belongs to the general public. There is no mechanism under FOIA for a protective order allowing only the requestor to see whether the information bears out his theory, or for proscribing its general dissemination.").

Finally, *Mohawk Industries* relied in part on the fact that a party has the "option * * * to defy a disclosure order" concerning privileged material, thereby "obtain[ing] post judgment review without having to reveal its privileged information," 130 S. Ct. at 608. That option, however, is unavailable to the Government here. The information that the Government seeks to protect has already been disclosed to the district court *in camera*, and the district court itself has ordered that information unsealed. Thus, any postjudgment review would be *after* disclosure of the sensitive

Exhibit B - Page 29

national security information at issue.  Accordingly, *Mohawk Industries* provides no basis for concluding that a postjudgment appeal would be adequate in these circumstances.

Thus, consistent with *Copley Press*, this Court should conclude that the district court's unsealing order is immediately appealable under the collateral order doctrine and that this Court has appellate jurisdiction over the Government's appeal.  That conclusion is also consistent with other FOIA caselaw, in which disclosure orders have routinely been determined to be immediately appealable, whether under the collateral order doctrine or under 28 U.S.C. § 1292(a)(1).  *See*, *e.g.*, *Ferguson* v. *FBI*, 957 F.2d 1059, 1064 (2d Cir. 1992); *Irons* v. *FBI*, 811 F.2d 681, 683-84 (1st Cir. 1987); *Miller* v. *Bell*, 661 F.2d 623, 625 (7th Cir. 1981) (per curiam); *In re Steele*, 799 F.2d 461, 464-65 (9th Cir. 1986).

**B.**   In the event that the Court should question the application of the collateral order doctrine to this appeal, the Government, in the alternative, seeks mandamus review of the district court's June 23 order that the information be disclosed.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary circumstances."  *Kerr* v. *United States District Court*, 426 U.S. 394, 402 (1976).  In determining whether mandamus is appropriate, this Court considers five factors: (1) whether the party seeking the writ has an alternative adequate remedy; (2) whether

17

Exhibit B - Page 30

the petitioner will be damaged in a way not correctable on appeal; (3) whether the

district court's order is clearly erroneous as a matter of law; (4) whether the error is

oft-repeated; and (5) whether the order raises new and important issues or matters of

first impression. *Plata* v. *Schwarzenegger*, 560 F.3d 976, 983 (9th Cir. 2009). A

petitioner need not establish all five factors. *United States* v. *Fei Ye*, 436 F.3d 1117,

1122 (9th Cir. 2006).

In this case, those factors weigh heavily in favor of mandamus review. Absent

a right to a collateral order appeal, mandamus is the only remedy to prevent

disclosure of the sensitive national security and law enforcement information at issue

here. As explained above, because the district court, itself, will unseal that

information, the Government does not have the option of defying a disclosure order

and obtaining postjudgment review *without* disclosure of the information. *Cf. Fei Ye*,

436 F.3d at 1122. And despite the Government's request, the district court did not

certify the issue for appellate review pursuant to 28 U.S.C. § 1292(b). *See* Classified

ER 95-97.

[**Sealed/*Ex Parte* Material Redacted**][5]

---

[5] [**Sealed/*Ex Parte* Material Redacted**]

18

## II. THE DISTRICT COURT ERRED IN ORDERING DISCLOSURE OF SENSITIVE NATIONAL SECURITY AND LAW ENFORCEMENT INFORMATION.

[Sealed/*Ex Parte* Material Redacted]

### A. [Sealed/*Ex Parte* Material Redacted][6]

[Sealed/*Ex Parte* Material Redacted][7]

### B. The District Court's Purported Basis For Ordering Public Disclosure Is Legally Erroneous.

[Sealed/*Ex Parte* Material Redacted][8]

[Sealed/*Ex Parte* Material Redacted]

### C. There Is No Constitutional Authority Requiring Disclosure To Plaintiffs Or The Public Of The Sensitive National Security And Law Enforcement Information Which Is In The District Court's Sealed Order.

There is no valid basis to support the district court's public disclosure. The public's right to government records and information derives exclusively from FOIA, not the Constitution. Disclosure of the sealed order is not required by due process principles, or by the First Amendment or common law right of access to public records.

---

[6] [Sealed/*Ex Parte* Material Redacted]

[7] [Sealed/*Ex Parte* Material Redacted].

[8] [Sealed/*Ex Parte* Material Redacted]

19

1.     Procedural Due Process Does Not Require That Plaintiffs Be Provided
Sensitive National Security And Law Enforcement Information That
Was Filed *Ex Parte* And *In Camera*.

Procedural due process does not require that plaintiffs be provided an
unredacted copy of the district court's sealed order.  Plaintiffs have no right to be
provided national security and law enforcement information that was provided to the
district court *ex parte* and *in camera* solely to permit the district court to determine
whether the Government had complied with its disclosure obligations under FOIA.
And denying plaintiffs an unredacted version of the sealed order does not impair
plaintiffs' ability to litigate their FOIA action; litigation on the merits of their FOIA
action is simply delayed pending resolution of this appeal, after which a revised or
redacted order can be provided.

Courts have routinely recognized that it is appropriate to review *ex parte*, *in
camera* submissions from the Government to determine whether the Government has
complied with FOIA's disclosure requirements where "the government's public
description" would otherwise "reveal the very information that the government" seeks
to protect from disclosure.  *See Lion Raisins Inc.* v. *USDA*, 354 F.3d 1072, 1083 (9th
Cir. 2004) (internal quotation marks omitted); *id.* at 1084 ("We do not imply that the
government must disclose facts that would undermine the very purpose of its
withholding."); *Pollard* v. *FBI*, 705 F.2d 1151, 1153-54 (9th Cir. 1983) ("the practice

20

of *in camera*, *ex parte* review remains appropriate in certain FOIA cases"); *Stein* v.

*Dep't of Justice*, 662 F.2d 1245, 1252 (7th Cir. 1981) ("It is somewhat ironic that

legislation intended to open up the workings of executive agencies incorporates a

scheme of judicial review designed to be closed in large part not only to the public

but to adverse parties.").  Indeed, FOIA explicitly contemplates that courts may

review documents *in camera*.  *See* 5 U.S.C. § 552(a)(4)(B).

And numerous courts – including this one – have rejected due process

challenges to a court's consideration of *ex parte* and *in camera* submissions in civil

or administrative proceedings.  *See*, *e.g.*, *In re Grand Jury Proceedings*, 867 F.2d

539, 541 (9th Cir. 1989); *Pollard*, 705 F.2d at 1153-54; *Jifry* v. *FAA*, 370 F.3d 1174,

1183-84 (D.C. Cir. 2004); *Holy Land Foundation* v. *Ashcroft*, 333 F.3d 156, 164

(D.C. Cir. 2003); *People's Mojahedin Org.* v. *Dep't of State*, 327 F.3d 1238, 1242-43

(D.C. Cir. 2003); *Nat'l Council of Resistance of Iran* v. *Dep't of State*, 251 F.3d 192,

208-09 (D.C. Cir. 2001); *Patterson* v. *Federal Bureau of Investigation*, 893 F.2d 595,

599-600 & n.9 (3d Cir. 1990); *Stein* v. *Dep't of Justice*, 662 F.2d at 1255.

Courts have also routinely declined to order the Government to provide

classified information to private parties or their counsel during litigation against the

Government, and have instead permitted the Government to file such information *ex*

*parte* and *in camera*.  *See*, *e.g.*, *Patterson*, 893 F.2d at 600; *Molerio* v. *FBI*, 749 F.2d

21

815, 821-22 (D.C. Cir. 1984); *Ellsberg* v. *Mitchell*, 709 F.2d 51, 61 (D.C. Cir. 1983); *Salisbury* v. *United States*, 690 F.2d 966, 973 & n.3 (D.C. Cir. 1982); *Weberman* v. *NSA*, 668 F.2d 676, 678 (2d Cir. 1982); *Hayden* v. *NSA*, 608 F.2d 1381, 1385-86 (D.C. Cir. 1979); *Halkin* v. *Helms*, 598 F.2d 1, 7 (D.C. Cir. 1978).

Due process principles also do not prohibit a court from issuing a sealed, *ex parte* order. Indeed, this Court in *Copley Press* issued a "sealed addendum" to the public opinion, which was available only to the government and the courts. *See In re Copley Press, Inc.*, 518 F.3d 1022, 1029 & n.5 (9th Cir. 2008). And, as the Third Circuit explained in rejecting a due process challenge to *ex parte* procedures, any "unfairness" in such procedures is remedied by "an *in camera* examination by the trial court of the withheld documents and any supporting or explanatory affidavits." *Patterson*, 893 F.2d at 600. Moreover, if the Government is permitted under the Constitution to withhold certain evidence from plaintiffs and the public, there is no reason that plaintiffs should acquire a constitutional right to that evidence simply because the district court here erroneously included that evidence in an *order*.

The due process analysis under *Mathews* v. *Eldridge*, 424 U.S. 319, 335 (1976), confirms that nondisclosure to plaintiffs of sensitive national security and law enforcement information, that has been disclosed to the Court *ex parte* and *in camera* solely for the purpose of permitting the Court to determine whether the Government

22

has complied with its obligations under FOIA, does not violate plaintiffs' due process rights in their FOIA action.

Plaintiffs have no private interest in the sensitive national security and law enforcement information that was disclosed to the district court *ex parte* and *in camera*.  [**Sealed/*Ex Parte* Material Redacted**]  To the extent plaintiffs have a private interest in the remainder of the order because it concerns their FOIA action, their access to that order is merely delayed during this appeal.  Once the Government's appeal has been resolved and the district court's order is redacted or revised to excise the sensitive national security and law enforcement information, the order may be unsealed, and plaintiffs' FOIA case may proceed.  And once the district court issues a final judgment in that action, plaintiffs can appeal from any adverse decisions, including the revised or redacted district court opinion.  Thus, the only private interest at stake is the temporary delay pending appeal in disclosure of the remainder of the district court's order.

Plaintiffs' interest in the *immediate* unsealing of the district court's opinion is insignificant, particularly in comparison to the Government's compelling interest in protecting sensitive national security and law enforcement information.  As we have explained, unsealing the district court's June 23 order could reasonably be expected to damage our national security.  That assessment is owed deference by this Court.

Exhibit B - Page 36

Case 8:07-cv-01088-CJC-AN Document 86-2 Filed 03/24/10 Page 32 of 41 Page
ID #:2023
Case 1:09-cv-00036 Document 86-2 3 of 40 DktEntry: 9 32-6

*See*, *e.g.*, *Larson* v. *Department of State*, 565 F.3d 857, 865 (D.C. Cir. 2009)
("reaffirm[ing] our deferential posture in FOIA cases regarding the 'uniquely
executive purview' of national security"); *El-Masri* v. *United States*, 479 F.3d 296,
305 (4th Cir. 2007) ("the Executive and the intelligence agencies under his control
occupy a position superior to that of the courts in evaluating the consequences of a
release of sensitive information"); *Center for National Security Studies* v. *U.S. Dep't
of Justice*, 331 F.3d 918, 928 (D.C. Cir. 2003) ("[B]oth the Supreme Court and this
Court have expressly recognized the propriety of deference to the executive in the
context of FOIA claims which implicate national security."); *Gardels* v. *CIA*, 689
F.2d 1100, 1104-05 (D.C. Cir. 1982) (review of agency's declaration in FOIA case
should be deferential).

Moreover, it is well-established that the general preference for adversarial
proceedings should give way to national security interests when there is a conflict.
*See Jifry*, 370 F.3d at 1184 (rejecting plaintiffs' due process argument that, without
access to the "specific evidence" upon which the Government relied, "they are unable
to defend against the charge that they are security risks"); *Solar Sources, Inc.* v.
*United States*, 142 F.3d 1033, 1040 (7th Cir. 1998) ("[W]e have not required
disclosure of documents properly withheld under the FOIA in order to ensure the
proper functioning of the adversary process."); *Vaughn* v. *Rosen*, 484 F.2d 820, 825

Exhibit B - Page 37

(D.C. Cir. 1973) (recognizing that *in camera* proceedings are "necessarily conducted without benefit of criticism and illumination by a party with the actual interest in forcing disclosure," but may nevertheless be "necessary," "particularly in national security cases"); *Heine* v. *Raus*, 399 F.2d 785, 791 (4th Cir. 1968) ("Disclosures *in camera* are inconsistent with the normal rights of a plaintiff of inquiry and cross-examination, of course, but if the two interests cannot be reconciled, the interest of the individual litigant must give way to the government's privilege against disclosure of its secrets of state.").

In sum, procedural due process does not require disclosure to plaintiffs of the district court's unredacted, sealed order. Requiring plaintiffs to wait for access to the district court's order until this appeal is resolved and the opinion is revised or redacted to exclude the sensitive national security and law enforcement information does not rise to the level of a due process violation.

2.  No First Amendment Right Or Common Law Right Requires Public Disclosure Of The District Court's Order.

Neither the First Amendment nor the common law entitles plaintiffs or the public to obtain the sensitive national security and law enforcement information contained in the district court's June 23 order. The qualified right of access to judicial proceedings created by the First Amendment is confined to criminal proceedings and does not extend to civil proceedings in general. Nor does the

common law provide a right of access to the national security and law enforcement information at issue because federal common law operates only in the absence of federal legislation.  Here, Congress exercised its legislative authority under FOIA to determine exactly what information must be disclosed under that regime.  In any event, any right to disclosure would be overcome by the Government's compelling interest in protecting our Nation's security.

The qualified First Amendment right of access to judicial proceedings applies only to criminal proceedings.  *See Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 575-77 (1980); *Press-Enterprise Co.* v. *Superior Court*, 478 U.S. 1, 8-9 (1986); *Oregonian Publishing Co.* v. *United States Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990) ("there exists a first amendment right of access in the context of criminal trials").  This Circuit has never extended a qualified First Amendment right of access to civil proceedings such as this case.

Plaintiffs cannot assert a common law right of access to the district court's sealed order here.  Although the public "has a common-law right to inspect and copy public records and documents," that "right is not absolute, and doesn't apply to documents which have traditionally been kept secret for important policy reasons." *In re Copley Press, Inc.*, 518 F.3d 1022, 1029 (9th Cir. 2008) (citation and internal quotation marks omitted).

26

In *Copley Press*, in addressing whether there was a common law right of access to government documents filed in support of a motion to seal, this Court noted that "there are good reasons to keep secret the documents filed in connection with motions to seal." *Id.* This Court explained:

> the district court quite sensibly closed portions of the hearings so it could hear in private the government's explanation of how unsealing the plea would endanger [the defendant] and others. It would be highly illogical to give the public a right to read the transcripts of these portions of the hearings. The transcripts will inevitably contain not only the facts the parties hope to keep secret, but also their reasons for doing so, which are likely to be just as private as the facts at issue. It's rarely possible to justify one secret without telling other secrets. So by publishing these transcripts, we would force litigants to take a great risk: If they move to seal and lose, they make public all the additional secrets they have revealed to us in making a case for sealing the proceedings.

*Id.* at 1027-28. Based on that reasoning, this Court concluded that there is no common law right to documents filed in support of a motion to seal.

That logic compels the conclusion here that there is no common law right to access the sensitive national security and law enforcement information that was provided to the court *ex parte* and under seal to demonstrate that the Government had complied with its obligations under FOIA. The Government could not possibly have anticipated that the district court would subsequently disclose that information in a public order, thereby undermining the very purpose for which the Government withheld that information from plaintiffs. Thus, for the same reasons on which this

27

Court relied in *Copley Press* to find that there was no common law right of access to the documents submitted in connection with the Government's motion to seal, this Court should find that there is no common law right of access to the information contained in the sealed district court order that was filed *ex parte* and *in camera* with the district court.

Moreover, even if plaintiffs could establish a common law right to the district court's sealed order, that right of access is preempted by FOIA. Where there is a statutory scheme governing access to the documents sought, any common law right to those documents is preempted. *See Nixon* v. *Warner Communications, Inc.*, 435 U.S. 589, 603-06 (1978); *United States* v. *El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997); *Center for National Security Studies*, 331 F.3d at 936-37. As we have explained, the sealed order contains information which was provided to that court *ex parte* and *in camera* – [**Sealed/*Ex Parte* Material Redacted**] – and which is *not* required to be disclosed under FOIA. If this Court agrees with the Government that there is no statutory duty to disclose that information, then there can be no common law right to access that information. Indeed, "[i]t would make no sense for Congress to have enacted the balanced scheme of disclosure and exemption, and for the court to carefully apply that statutory scheme, and then to turn and determine that the

28

statute had no effect on a preexisting common law right of access." *Center for National Security Studies*, 331 F.3d at 937.

In any event, even if plaintiffs could demonstrate either a First Amendment or common law right to the district court's sealed order and the sensitive national security and law enforcement information contained therein, a qualified right to access "can be overcome if '(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" *Copley Press*, 518 F.3d at 1028. The Government here has provided such a "compelling interest" for maintaining that order under seal, because unsealing that order will irreparably harm our national security and law enforcement operations. *See supra*, [**Sealed/*Ex Parte* Material Redacted**]; *see also Snepp* v. *United States*, 444 U.S. 507, 510 n.3 (1980) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.").

## III. [**Sealed/*Ex Parte* Material Redacted**]

# CONCLUSION

For the foregoing reasons, the case should be remanded to the district court

with instructions to maintain its order under seal, until such time as the district court

revises or redacts that opinion, consistent with this Court's instructions.

<div style="margin-left: 40%;">

Respectfully submitted,

TONY WEST
 Assistant Attorney General

GEORGE S. CARDONA
 Acting United States Attorney

LEONARD SCHAITMAN
 (202) 514-3441
DOUGLAS N. LETTER
 (202) 514-3602
CATHERINE Y. HANCOCK
 (202) 514-3469
 Attorneys, Appellate Staff
 Civil Division, Room 7236
 Department of Justice
 950 Pennsylvania Ave., N.W.
 Washington, D.C.  20530-0001

</div>

JANUARY 2010

Exhibit B - Page 43

## STATEMENT OF RELATED CASES

Counsel for appellants is not aware of any related cases, as defined in Ninth

Circuit Rule 28-2.6.

# CERTIFICATE OF COMPLIANCE

Counsel for appellant hereby certifies that the Brief for Appellant – Sealed/*Ex Parte* Version satisfies the requirements of Federal Rule of Appellate Procedure 32(a)(7) and Ninth Circuit Rule 32-1. That brief was prepared in Times New Roman font (14-point), and contains 13,846 words. The foregoing Brief for Appellant – Public Version [Sealed/*Ex Parte* Material Redacted] is identical in content to the Brief for Appellant –Sealed/*Ex Parte* Version, except for the fact that sealed and/or *ex parte* material has been redacted.

_____
Catherine Y. Hancock
 Counsel for Defendants-Appellants

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January, 2010, I filed the foregoing

Brief for Appellants – Public Version [Sealed/*Ex Parte* Material Redacted] with the

Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by

causing one copy to be delivered to the Court via Federal Express overnight. Two

copies of the Brief are being served on the following counsel via Federal Express

overnight:

Jennifer Pasquarella
Peter J. Eliasberg
Mark D Rosenbaum
Peter Bibring
ACLU Foundation of Southern California
1313 West Eighth Street
Los Angeles , CA 90017
213-977-9500

Tasneem Dohadwala
Thomas Haroldson
300 South Grand Avenue
Suite 3400
Los Angeles , CA 90071-3144
213-687-5627


_____
CATHERINE Y. HANCOCK
 Counsel for Defendants-Appellants