TONY WEST
Assistant Attorney General
JOHN R. TYLER
MARCIA K. SOWLES
D.C. Bar No. 369455
Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C. 20530
Telephone: (202) 514-4960
Facsimile: (202) 514-8470

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | No. SACV07-1088 CJC (ANx) <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** <br><br> [ Hon. Cormac J. Carney] |

In light of the Court's amended order regarding Plaintiffs' request under the Freedom of Information Act, this Court issued an order requiring plaintiffs "to show cause why the complaint should not be dismissed without prejudice." ECF No. 100. Because this Court has correctly and finally determined that plaintiffs

have received all of the documents to which they are entitled, the Court should dismiss. In their response, however, plaintiffs ask the Court to refrain from dismissing the case at this time for two reasons. First, stating that they have until June 15, 2011 to seek rehearing or rehearing en banc of the Ninth Circuit's decision regarding this Court's sealing order, plaintiffs ask the Court not to dismiss their case until the Ninth Circuit has issued a final decision, "as modification of the Ninth Circuit order could allow this Court to re-write its ruling, perhaps in a way that would permit a final written order more in keeping with the order issued on June 23, 2009." *See* Plaintiffs' Response to Order to Show Cause of April 27, 2011 ("Response") at 1. Second, plaintiffs represent that they "may seek an appealable order from this Court" on "the question of whether the government may mislead the courts in cases involving Section 552(c)" of the Freedom of Information Act, which plaintiffs contend might "require further action [in this Court] prior to dismissal." *Id.*

    1. Plaintiffs' first contention is without merit, as this case need not remain pending before this Court in order to preserve plaintiffs' ability to seek rehearing of the Ninth Circuit's panel decision of March 30, 2011. If plaintiffs seek rehearing and it is granted, and the Ninth Circuit modifies its order, that ruling would merely involve possible public disclosure or modification of this Court's earlier ruling. In the unusual circumstances of this case, we believe that this Court could then carry out the new mandate of the Ninth Circuit with regard to the public disclosure or modification of this Court's opinion, even if the underlying FOIA case had in the meantime been dismissed by the Court.

    2. Plaintiffs' second argument is equally unavailing. This argument is premised on the assumption that the government applied an exclusion in this case pursuant to 5 U.S.C. § 552(c). However, as *Attorney General's Memorandum on the 1986 Amendments to the Freedom of Information Act* (1987) explains, "in

order to maintain the effectiveness of the exclusion mechanism, agencies of course must, wherever the question arises, refuse to confirm or deny that an exclusion was employed in any particular case." Id. at 27. Accordingly, it is the government's policy in defense of FOIA lawsuits that "wherever a FOIA plaintiff raises a distinct claim regarding the suspected use of an exclusion, the government routinely will submit an *in camera* declaration addressing that claim, one way or the other." Id. at 30. Defendants, therefore, in conjunction with this filing submit an application to file an *ex parte, in camera* declaration indicating whether the government has applied an exclusion in this case. Moreover, pursuant to the Attorney General Memorandum, defendants urge the Court to issue "a public decision which does not indicate whether it is or is not an actual exclusion situation." Id. Any public decision "should specify only that full review of the claim was undertaken and that, if an exclusion in fact was employed, it was, and continues to remain amply justified." Id.

Finally, plaintiffs incorrectly state that the Government believes it may mislead the Court.[1] Regardless of how one characterizes the disagreement between the Court and the Department of Justice in this case, it does not provide a basis for plaintiffs to seek to review of the Court's findings on that matter or to probe into the nature of the disagreement. As the Ninth Circuit stated in its decision, the government's litigation strategy does not provide "an independent basis to make public information which, based upon our review of the record, should be kept within the privacy of the agencies that oversees it." Islamic Shura Council of Southern California v. FBI, No. 09-56035, 2011 WL 1136258, *5 (9th Cir. March

---

[1] See Transcript of Hearing on April 28, 201, at 15-16 (statement by Department of Justice attorney John Tyler explaining that while there was a "misunderstanding" between the Government and the Court, the Government's actions in this case "were never for the purpose of misleading this Court or Your Honor in any way.") (a copy of the transcript is attached as Exhibit A).

-3-

30, 2011). Based upon that Ninth Circuit's decision, this Court explained that the Government cannot defend itself without revealing information that is protected from disclosure (Transcript at 14) and that plaintiffs were not entitled to any additional information. Amended Order at 18.

## CONCLUSION

For the foregoing reasons, defendants request the Court to dismiss this case upon the government's filing of its *in camera* declaration notifying the Court whether or not defendants relied on an exclusion under 5 U.S.C. § 552(c).

Respectfully submitted,

TONY WEST
Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

s/ Marcia K. Sowles
MARCIA K. SOWLES
DC Bar No. 369455
Senior Counsel
United States Department of Justice
Civil Division
Federal Programs Branch
P.O Box 883
Washington, D.C. 20044
Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail: marcia.sowles@usdoj.gov

Attorneys for Defendants