AHILAN ARULANANTHAM SBN 237841
aarulanantham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, et al., <br><br> Defendants. | Case No. SACV 07-1088 CJC (ANx) <br><br> **SANCTIONS MOTION** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Honorable Cormac J. Carney <br><br> Hearing Date: November 14, 2011 <br><br> Hearing Time: 1:30 p.m. |

# I. INTRODUCTION

Plaintiffs respectfully request that the Court impose sanctions under Rule 11 on Defendants because they "lied to the Court." Dkt # 98 at 18. Sanctions are also appropriate because Defendants have apparently continued to defend their conduct since the Court's condemnation of it, and because this case will not produce a final (and appealable) order holding that Defendants' conduct was unlawful without a sanctions order. Given the likelihood that Plaintiffs and many others will engage in further FOIA litigation in the national security context, it is imperative that the Court establish a rule barring the government from deceiving the judiciary in FOIA cases. This motion provides the only opportunity for the recognition of such a rule.

# II. LEGAL BACKGROUND

Federal Rule of Civil Procedure 11 governs the conduct of litigants in the federal courts. Rule 11(b) imposes several substantive constraints, including most importantly constraints on the factual representations that attorneys and parties can make to the courts. Rule 11(c) imposes sanctions for violations of those constraints. Of particular relevance here, Rule 11(b)(3) and (b)(4) provide in relevant part that:

> (b) By presenting to the court a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The rule "imposes on any party who signs a pleading, motion, or other paper … an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." *Business Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 551 (1991).

Two other substantive features of Rule 11 bear mention at the outset. First, Rule 11 does *not* require a finding of bad faith prior to the imposition of sanctions.

1 Rather, it imposes an "objective standard of reasonable inquiry which does not
2 mandate a finding of bad faith." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991);
3 *see also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498
4 U.S. 533, 549 (1991) ("As originally drafted, Rule 11 set out a subjective standard,
5 but the Advisory Committee determined that this standard was not working. . . .
6 Accordingly, the Committee deleted the subjective standard.").

Second, courts should impose sanctions under Rule 11 only in extraordinary circumstances. "[J]udges … should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001). As explained below, this case presents one such extraordinary circumstance.

### III. ARGUMENT

This Court must sanction Defendants' conduct in this case in order to ensure the integrity of its processes with respect to judicial review under the Freedom of Information Act. The government's surveillance practices and other enforcement efforts undertaken in the name of national security will likely continue to generate public interest, which in turn will likely result in further litigation under the Freedom of Information Act. It is therefore critical that the Court establish as a legal rule what it has already stated forcefully in *dicta*: that the government may not deceive the courts in the name of national security.

### A. Defendant's Factual Misrepresentations to the Court Require Sanctions Under Rule 11(b)(3) and (4).

This Court has already found that Defendants engaged in conduct that clearly violates Rule 11's substantive requirements. Upon completion of the Court's *in camera* review of the documents and responses that Defendants provided in response to Plaintiffs' FOIA request, the Court found that Defendants had "previously provided

false and misleading information to the Court." Dkt 98 at 2. In other words, Defendants "lied to the Court." *Id*. at 18.

Defendants provided false information to the Court concerning both the number of documents at issue and the content of those documents. As the Court has already concluded, "[t]he Government represented to the Court in pleadings, declarations, and briefs that it had searched its databases and found only a limited number of documents responsive to Plaintiffs' FOIA request and that a significant amount of information within those documents was outside the scope of Plaintiffs' FOIA request." *Id*. at 2-3. In fact, however, "the Government located a significant number of documents that were responsive to Plaintiffs' FOIA request" and "[v]irtually all of the information within those documents is inside the scope of Plaintiffs' FOIA request." *Id*. at 3. As the Court concluded,"[t]he Government's representations were then, and remain today, blatantly false." *Id*. at 3. *See also id*. at 7-8 (describing nature of false information).

Such conduct violates Rule 11(b)(3) and (4), insofar as Defendants' "factual contentions" did not have "evidentiary support" and their "denials of factual contentions" were not "warranted on the evidence." *See, e.g.*, *Terran v. Kaplan*, 109 F.3d 1428, 1434-35 (9th Cir. 1997) (affirming sanctions without finding of bad faith where complaint repeatedly made claims contrary to record evidence); *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992) (affirming sanctions against Assistant Secretary of Mental Health for Puerto Rico for filing knowingly-false declaration, and holding that because he "knew that the disputed statement was incorrect and misleading; thus, no amount of outside advice can excuse his signing and swearing to it"); *cf. Chilcutt v. United States*, 4 F.3d 1313, 1322-23 (5th Cir. 1993) (affirming sanctions under Rule 37 on Assistant United States Attorney for attempting to deceive

the court and the plaintiffs into believing that certain documents either did not exist or were not requested).[1]

While of course not every erroneous statement in a pleading should be a basis for sanctions, this case involves extraordinary conduct on an issue of substantial importance. As the Court no doubt recalls, it already found Defendants' conduct here to be "very disturbing," Dkt 98 at 2. It already follows from the Court's findings that Defendants' conduct violated Rule 11(b)(3) and (4).

**B.  That Defendants' Statements May Have Been Made Pursuant to Section 552(c) Does Not Justify Making False Statements to the Court.**

Plaintiffs strongly suspect that Defendants may have justified (and in response to this motion may further seek to justify) their false statements to the Court on the ground that the law permits them to make false statements to the Court in the purportedly unique context of disclosures arising under 5 U.S.C. 552(c). *See, e.g.*, Dkt 98 at 9. Any such argument would be meritless.

First, neither Section 552(c)'s language nor any precedent even remotely suggests that Section 552(c) somehow abrogates the clear and long-standing proscriptions against misleading the judiciary. That longstanding proscription is embodied not only in the text of Rule 11(b)(3) and (4), but also in the rules of professional conduct applicable to the Central District of California, federal criminal statutes punishing false statements to government officials and criminal contempt, and in some contexts even the Due Process Clause. *See* Dkt 98 at 9 (citing, *inter alia*, Cal.

---

[1] The Fifth Circuit's description of the government's conduct in *Chilcutt* bears a striking resemblance to this Court's description: "the Government not only intentionally withheld documents that it knew existed, but it also knowingly made blatant misrepresentations to the district court about the existence of those documents." In *Chilcutt*, the Fifth Circuit concluded that "[s]uch conduct, in our view is patently willful and contumacious. Indeed, the district court considered Mr. Means' behavior to be so willful and contumacious that it seriously considered disbarring Mr. Means and holding him in criminal contempt." *Id*.

4

R. Prof'l Conduct 5-200 ("[A] member shall not seek to mislead the judge, judicial officer, or jury by artifice or false statement of fact or law."); 18 U.S.C. § 401 (authorizing courts to punish as contempt behavior that "obstruct[s] the administration of justice"); *Napue v. Illinois*, 360 U.S. 264, 270 (1959) ("The principle that a State may not knowingly use false evidence" is "implicit in any concept of ordered liberty."); *cf. United States v. Kojayan*, 8 F.3d 1315, 1323 (9th Cir. 1993) ("Lawyers representing the government . . . serve truth and justice first."). Notably, none of these statutes or doctrines contain exceptions permitting government officials to mislead the court for any reason, including national security reasons.

Even apart from the various rules, statutes, and doctrines that embody these bedrock principles, the structure of FOIA itself also obviously refutes any suggestion that the government may lie to the judiciary. As this Court already found, FOIA explicitly authorizes judicial review of the government's decisions to withhold information, including decisions under Section 552(c). Such review would be impossible were the government permitted to deceive the Court as to the nature and number of the documents withheld. *See* Dkt 98 at 11 ("Implicitly authorizing the Government to lie to the Court is 'antithetical' to the independent judicial review that Congress expressly provided for in the FOIA statute.") (citing 5 U.S.C. 552(a)(4)(B)). As a result, it should have been entirely clear to Defendants that "the FOIA does not permit the Government to withhold responsive information from the Court." *Id*. at 10 (citing *Islamic Shura Council of S. Cal. v. Fed. Bureau of Investigation*, __ F.3d __, No. 09-56035, 2011 WL 1136258, at *4–5 (9th Cir. Mar. 30, 2011) ("We thus agree with the district court that the FOIA does not permit the government to withhold information from the court."))[2]

---

[2] For similar reasons, Defendants cannot rely on the Attorney General's Memorandum on the 1986 Amendments to the Freedom of Information Act (hereinafter "Meese Memo") to support their apparent claim that Section 552(c) authorizes the government to deceive the courts. As this Court already found, reliance on the Meese Memo to support the government's conduct would be "entirely misplaced." Dkt. 98 at 14.

*(Footnote continued)*

Finally, that the government may have a policy established by attorneys that purports to authorize the routine provision of false statements to courts under Section 552(c) does not undermine the rationale for sanctions. In this respect, the First Circuit's decision in *Navarro-Ayala*, *supra*, is instructive. In *Navarro-Ayala*, the Assistant Secretary of Mental Health for Puerto Rico submitted a declaration containing statements that he knew to be false on an issue of central importance to the litigation. *Navarro-Ayala*, 968 F.2d at 1426. While the Secretary stated that he had expressed his reservation to counsel, who had nonetheless authorized the filing of the document, *id*. at 1426 n.4, the Court found this excuse insufficient: "Given the appellant's admission that he knew the truth, but nevertheless signed and swore to an answer that he had reason to believe was both incorrect and misleading, no more was required to warrant the imposition of sanctions." *Id*. at 1426.

Similarly, here, the fact that Defendants may have been acting on advice of other counsel, including perhaps high-ranking counsel within the government, provides no excuse. Indeed, the fact that Defendants' conduct in this case may be one instance of a more widespread practice established at a higher level provides greater reason for the Court to condemn the practice through an appealable order.

### C. The Court Need Not Find Bad Faith to Impose Sanctions Under Rule 11.

Contrary to the Court's suggestion at oral argument, it need not find bad faith on the part of Defendants in order to impose sanctions under Rule 11. At oral argument following the Court's issuance of its amended order, the Court suggested that sanctions might be inappropriate in this case because there may not be evidence of bad faith. Plaintiffs are not in a position to determine whether Defendants' behavior in this case arises from bad faith, given their limited access to the relevant

---

Most important, the Meese Memo contemplates judicial review of withholding decisions under 552(c), and therefore "does not condone lying to the Judiciary," but rather "prohibits such conduct." *Id*. at 16.

6

documents. *Cf. Chilcutt v. United States*, 4 F.3d 1313, 1322-23 (5th Cir. 1993) (treating misrepresentations to the court concerning the existence of documents as "patently willful and contumacious" for purposes of sanctions under Rule 37).

However, contrary to the Court's tentative suggestion at argument, for nearly thirty years Rule 11 has "impose[d] an objective standard of reasonable inquiry which does not mandate a finding of bad faith." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991). As the Supreme Court has explained, Rule 11 was amended in 1983 precisely due to the problems that arose with the bad faith requirement, where "the subjective bad-faith standard was difficult to establish and courts were therefore reluctant to invoke it as a means of imposing sanctions." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 549 (1991) (citing Advisory Committee's Notes on 1983 Amendment to Rule 11). Rather, the relevant standard is whether the individual potentially subject to sanctions made a "reasonable inquiry" that would have prevented the deception perpetrated upon the Court. Here, the Court's conclusions already make abundantly clear that no such inquiry took place; if anything, any inquiry apparently confirmed that it would be appropriate to mislead the court, notwithstanding the patently unreasonable nature of that position.

### D. The Court Must Impose an Appropriate Sanction in Order to Deter Defendants From Misleading Judiciary in the Future.

Finally, the Court should impose sanctions in this case because they are necessary to deter Defendants from misleading the judiciary in the future. As noted previously, the holding of this Court's amended order is simply that Plaintiffs are not entitled to further documents or any explanation as to why such documents will not be produced. Dkt 98 at 18. Similarly, the holding of the Ninth Circuit opinion in this case was simply that this Court's prior order had to be re-written to excise certain information. *See generally Islamic Shura Council of S. Cal. v. Fed. Bureau of Investigation*, __ F.3d __, No. 09-56035, 2011 WL 1136258 (9th Cir. Mar. 30, 2011). Therefore, there remains no published opinion in this case – either from this Court or

the Ninth Circuit – that holds that the government may not provide false information to the courts under these circumstances.

That no such holding has been established takes on particular importance because the government appears to have defended its actions in this case, and at no point has publicly stated that it no longer intends to deceive the federal courts in cases such as this one. *See* http://www.mainjustice.com/2011/04/28/judge-doj-deceived-me/ (quoting DOJ spokeswoman Tracy Schmaler stating that "We strongly disagree with the characterization that the Court was misled").

Therefore, this case will never generate an order holding that the government's conduct was unlawful absent a sanctions order from this Court.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court sanction Defendants pursuant to Rule 11(c). Plaintiffs request that the Court find that Defendants violated Rule 11, and then that it order Defendants to pay the modest fees associated with this motion. *See* Rule 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.").[3]

Respectfully submitted,

ACLU OF SOUTHERN CALIFORNIA

Dated: September 26, 2011

 s/ Ahilan T. Arulanantham
AHILAN T. ARULANANTHAM
Counsel for Plaintiffs

---

[3] Should the Court find Rule 11 insufficient to provide authority to sanction the conduct at issue here for any reason, Plaintiffs also invoke the Court's inherent power to sanction litigants in order to ensure the integrity of the Court's processes. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002) (affirming sanctions under the court's inherent power because "regardless of whether defense counsel's behavior constituted bad faith per se, we readily find that counsel's reckless and knowing conduct in this case was tantamount to bad faith and therefore sanctionable under the court's inherent power").