TONY WEST
Assistant Attorney General
IAN HEATH GERSHENGORN
Deputy Assistant Attorney General
JOHN R. TYLER
MARCIA K. SOWLES
D.C. Bar No. 369455
Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883
Washington, D.C.  20530
Telephone: (202) 5l4-4960
Facsimile: (202) 5l4-8470

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | No.  SACV07-1088 CJC (ANx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**<br><br>Hearing Date: Nov. 14, 2011<br>Time: 1:30 p.m.<br>Judge:  Hon. Cormac J. Carney |

**PUBLIC VERSION**

**(COMPLETE VERSION WITHOUT REDACTIONS FILED UNDER SEAL)**

## INTRODUCTION

Plaintiffs' motion for sanctions should be denied. The predicate for the motion is this Court's criticism of the approach the Government took in this case to protect sensitive national security and law enforcement information. While we respectfully disagree with the Court's ruling, the object of this response is not to reargue the issue, but rather to demonstrate that it does not implicate Rule 11. This Court did not find, and it decidedly is not the case, that the Government intended to mislead the Court. Disclosure of the information at issue, even public acknowledgment of its existence, would in fact have threatened serious harm to national security and law enforcement, and the Ninth Circuit found that the information was properly withheld from plaintiffs under the Freedom of Information Act ("FOIA"). <u>Islamic Shura Council of Southern California v. Federal Bureau of Investigation</u>, 635 F.3d 1160, 1169 (9th Cir. 2011). The Government's purpose, far from being nefarious, was to prevent such harm, and the Government's actions to that end were consistent with the Justice Department's long-standing policy. Rule 11 sanctions are an extraordinary remedy, and this case does not present the extraordinary circumstances in which they can be applied.

First, plaintiffs' characterization of the Government as having "lied" to the Court misconstrues the underlying basis for the misunderstanding between the Court and the Government. The misunderstanding did not arise from a factual misrepresentation made by the Government, but rather from a legal disagreement between the Court and the Government regarding the interpretation of the term "responsive" under the FOIA. <u>See</u> Amended Order Regarding Plaintiffs' Request under the Freedom of Information Act (Doc. # 98) ("Amended Order"), at 9-10 n. 4. While the Court disagreed with the Government's interpretation, the

Government's legal position on this issue was neither frivolous nor contrary to legal precedent.

Second, this is not a case in which the Government sought to hide any facts from the Court. Rather, the issue was the timing of the Government's *in camera* submission to the Court, specifically, whether the Government should have informed the Court about national security information relevant to plaintiffs' FOIA request in an *in camera, ex parte* submission at an earlier stage in the litigation, which the Government submits it could not do for reasons stated below. Even if the Court takes exception to the timing of the Government's submission, there is no dispute that the Court has now been provided all of the information which it required to issue a ruling in this case. There is no fact or legal contention that warrants correction at this time. And to require further statements from the Government regarding the disagreement or the nature of the *in camera* submissions would jeopardize the disclosure of the sensitive national security and law enforcement information which the Ninth Circuit held should not be in the public record.

Finally, sanctions are particularly inappropriate here because the Government is currently reviewing its regulations and considering steps to minimize future misunderstandings with the judiciary in similar cases.

As this Court has previously recognized, it is difficult for the Government to defend its actions without revealing the very national security information the Ninth Circuit has held is protected. Transcript of April 27, 2011 Hearing, at 14 (a copy of the transcript is attached as Exhibit A). Accordingly, the Government is compelled to redact portions of its opposition to plaintiffs' motion for sanctions in its public filing in order to protect national security and sensitive law enforcement at issue and has sought leave to file the unredacted copy of the opposition *ex parte* and under seal. See Notice of Manual Filing (dated October 24, 2011).

# ARGUMENT

Rule 11 imposes an objective standard of "reasonableness under the circumstances." Business Guides, Inc. v. Chromatic Commc'ns. Enters., 498 U.S. 533, 551 (1991). The Ninth Circuit has held that Rule 11 sanctions may be imposed only "where a litigant makes a 'frivolous filing,' that is, where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and where a litigant files a pleading or paper for an 'improper purpose,' such as personal or economic harassment." Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir. 1987) (internal citations omitted). Accord Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc); Zaldivar v. City of Los Angeles, 780 F.2d 823, 832 (9th Cir. 1986). The Ninth Circuit has stressed that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Co., 859 F.2d 1336, 1345 (9th Cir. 1988). Accord United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1115 (9th Cir. 2001).

This case does not present one of the extraordinary circumstances in which Rule 11 sanctions should be applied against the defendants.

1. First, plaintiffs' characterization of the issue as whether Defendants has "lied" to the Court regarding the number of responsive documents oversimplifies and misstates the nature of misunderstanding between the Court and the Government. It was never the Government's intention to mislead the Court regarding what documents were being withheld in response to plaintiffs' FOIA request. Instead, the misunderstanding stems from a disagreement between the Court and the Government regarding the interpretation of the term "responsive" under the FOIA. See Amended Order Regarding Plaintiffs' Request under the Freedom of Information Act, at 9-10 n.4. Thus, while plaintiffs characterize the Government's statements as "factual contentions," the statements at issue are based

on the Government's interpretation of the law.[1] Accordingly, the determination whether the statements were reasonable should be evaluated under Rule 11(b)(2), which requires that "claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing law or for establishing new law," not under Rule 11(b)(3) and (4), which govern purely factual contentions.

In applying Rule 11(b)(2), courts have stressed the key question is not whether the party "is correct in his perception of the law." Zaldivar, 780 F.2d at 830. Accord Hudson v. Moore Bus. Forms, Inc., 827 F.2d 450, 453 (9th Cir. 1987). Instead, Rule 11 "is targeted at situations 'where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands.'" Stern v. Luecadia Nat'l Corp., 844 F.2d 997, 1005 (2d Cir), cert. denied, 488 U.S. 852 (1988) (quoting Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985), cert. denied, 484 U.S. 918 (1987)). Therefore, "[t]he mere fact that a claim ultimately proves unavailing, without more, cannot support the imposition of Rule 11 sanctions." Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 58 (1st Cir. 1999).

---

[1] This case is, therefore, not analogous to the cases relied on by plaintiffs dealing with factual misrepresentations. Terran v. Kaplan, 109 F.3d 1428, 1434-35 (9th Cir. 1997) ) (no factual basis for the assertion in the complaint that defendant was not an attorney); Navarro-Ayala v. Nunez, 968 F.2d 1421, 1424 (1st Cir. 1992) (statement in declaration that patients in a mental health facility were free to depart the facility "at any time they want[ed]" had no factual basis); Chilcutt v. United States, 4 F.3d 1313, 1322-23 (5th Cir. 1993) (attorney, without raising any legal objection to a discovery order, was sanctioned for intentionally withholding documents subject to the discovery order after he falsely represented that those documents did not exist).

1  This is not a case in which the Government's legal position was clearly
2  contrary to existing legal precedent. Indeed, it is for this very reason that plaintiffs
3  have brought their motion – plaintiffs make clear they are seeking sanctions in
4  order to cause the Court to issue an opinion "that holds that the government may
5  not provide false information to courts when a Plaintiff seeks review of a FOIA
6  response that, according to the government falls [within an Exclusion] under
7  Section 552(c)." Plaintiffs' Status Report at 2 (Doc. # 115). See also Sanctions
8  Motion at 7-8 (Doc. # 123) ("there remains no published opinion in this case –
9  either from this Court or the Ninth Circuit – that holds that the government may
10 not provide false information to the courts under these circumstances").

11 As Government explained in its Reply to Plaintiffs' Response to Order to
12 Show Cause (Doc. # 107) at 2-3, the Government cannot confirm or deny whether
13 an Exclusion under Section 552(c) has been applied here. As explained 24 years
14 ago in the *Attorney General's Memorandum on the 1986 Amendments to the*
15 *Freedom of Information Act* (1987), "in order to maintain the effectiveness of the
16 exclusion mechanism, agencies of course must, wherever the question arises,
17 refuse to confirm or deny that an exclusion was employed in any particular case."
18 Id. at 27. However, assuming an Exclusion had been employed in this case, as
19 plaintiffs suggest, the FOIA provides that if records fall within the parameters of
20 one of the three Exclusions, the agency may "treat the records as not subject to the
21 requirements of [FOIA]." 5 U.S. C § 552(c)(1) - (3). Therefore, because excluded
22 documents are by law "not subject to the requirements of [FOIA]," the
23 Government believes it can accurately be stated that such records are not
24 "responsive."

25 In short, while the Government cannot identify the exact legal issue without
26 revealing the very information that the Ninth Circuit has held should be protected,
27 the Government's interpretation of the law was not frivolous. Although the Court

28

1  was not persuaded by the Government's legal interpretation, that is not a basis for
2  Rule 11 sanctions.
3      2.  Second, this is not a case in which the Government sought to hide facts
4  from the Court.  Instead, the issue is one of timing of the Government's *in camera*
5  disclosures to the Court.  SEALED/EX PARTE MATERIAL REDACTED

SEALED/EX PARTE MATERIAL REDACTED

SEALED/EX PARTE MATERIAL REDACTED

SEALED/EX PARTE MATERIAL REDACTED

- 7 -

1 **SEALED/EX PARTE MATERIAL REDACTED**

2

3

4 [2]

5 **SEALED/EX PARTE MATERIAL REDACTED**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 _____

24 [2] **SEALED/EX PARTE MATERIAL REDACTED**

25

26

27

28

1  **SEALED/EX PARTE MATERIAL REDACTED**
2
3  [3] **SEALED/EX PARTE MATERIAL REDACTED**
4
5
6
7
8  **SEALED/EX PARTE MATERIAL REDACTED**
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23  [3] **SEALED/EX PARTE MATERIAL REDACTED**
24
25
26
27
28

Moreover, the "safe harbor" provision in Rule 11(c)(2) contemplates that when a motion for sanction is served, the party against whom sanctions are sought can correct the record by withdrawing or amending a contention or claim. There is no dispute that the Court has now been provided with all of the information required to issue a ruling in this case. To the extent that the Court believed that it needed to amend its prior order to correct the record as a result of the Government's *in camera* submission, the Court has now issued its Amended Order. There is nothing more for the Government or the Court to correct in the record.[4] To require further statements from the Government regarding the disagreement or the nature of its *in camera* submissions would jeopardize the disclosure of the sensitive national security and law enforcement information that the Ninth Circuit found should not be included in the public record.

3. **SEALED/EX PARTE MATERIAL REDACTED**

**SEALED/EX PARTE MATERIAL REDACTED**

---

[4] Indeed, as plaintiffs admit, they are filing the motion for sanctions because it "may present the only vehicle" for obtaining an order holding "that the government may not provide false information to courts when a Plaintiff seeks review of a FOIA response that according to the government, falls [within an Exclusion] under Section 522 (c)" – an opinion which they sought to obtain in their petition for rehearing. Plaintiff's Status Report at 2. This is a misuse of Rule 11. Rule 11 should not be used to obtain a ruling on an issue which could not otherwise obtain. Nor should it be used as a backdoor attempt to probe the nature of the nature of the Government's *in camera* filings, information which the Ninth Circuit has found was properly withheld from them under the FOIA.

**SEALED/EX PARTE MATERIAL REDACTED**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Accordingly, contrary to plaintiffs' claim there is no basis for imposing Rule 11 sanctions on defendants.[5]

---

[5] Contrary to plaintiffs' contention (Motion at 8 n.3), there is no basis for the Court to impose sanctions under its inherent authority. The Ninth Circuit has held that sanctions are available under the court's inherent power only when it finds "bad faith or conduct tantamount to bad faith." Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 42, (1991); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1108 (9th Cir. 2002). At the hearing on April 27, 2011, this Court stressed that it "didn't make any findings in that order of bad faith" and that "[b]ecause of all the information I have received in the classified hearing, to try to understand what happened and what they did and why they did it, I just don't see any bad faith here." Transcript at 13. See also id. at 13 -14 ("it's not a record where I would say anybody on the government's part acted in bad faith." ); 16 ("I just didn't see any bad faith"). In its motion, plaintiffs try to avoid this finding by citing to the language in B.K.B. v. Maui Police Dep't, 276 F.3d at 1108, regarding actions "tantamount to bad faith" may be "sanctionable under the court's inherent power." The Ninth Circuit has interpreted "conduct tantamount to bad faith" to include willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id. This Court explained at the hearing, there were no such

(continued...)

                    Respectfully submitted,

                    TONY WEST
                    Assistant Attorney General

                    IAN HEATH GERSHENGORN
                    Deputy Assistant Attorney General

                    JOHN R. TYLER
                    Assistant Branch Director
                    DC Bar No. 297713

                    _s/Marcia K. Sowles_
                    MARCIA K. SOWLES
                    DC Bar No. 369455
                    Senior Counsel
                    United States Department of Justice
                    Civil Division
                    Federal Programs Branch
                    P.O Box 883
                    Washington, D.C.  20044
                    Tel.: (202) 514- 4960
                    Fax: (202) 616- 8470
                    E-mail:  marcia.sowles@usdoj.gov

                    Attorneys for Defendants

---

[5](...continued)
factors here.  Instead, the Court and the government "just have a fundamental disagreement."  <u>Id.</u> at 16.