# Exhibit 1

**DECLARATION OF AHILAN T. ARULANANTHAM
IN SUPPORT OF ATTORNEYS' FEES**

I, Ahilan T. Arulanantham, hereby declare:

1. I make this declaration based on my own personal knowledge and if called to testify I could and would do so competently as follows:

2. I am a member of the Bar of the State of California. I am admitted to practice before several federal courts, including the Supreme Court of the United States, the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for the Fifth Circuit, and this Court. I graduated from Yale Law School in 1999, after which I served as a law clerk to the Honorable Stephen Reinhardt. I then worked for two years as an Equal Justice Works Fellow and attorney for the ACLU Immigrants' Rights Project in New York, then practiced as an assistant Federal Public Defender in the Western District of Texas for two years, and came to work here at the ACLU of Southern California in June 2004.

3. I have litigated a number of national security cases and several cases involving the Freedom of Information Act over the last seven years. Some of those cases are: Barakat v. Arellano, No. 05-8635-SVW (C.D. Cal. 2005) (reversing government's denial of naturalization petition filed by Palestinian activist for engaging in First Amendment-protected activity); Kar v. Bush, No. 05-1348-JR (D.D.C. 2005) (habeas petition challenging detention of U.S. citizen held as enemy combatant in Iraq); Al-Kaby v. Bush, No. 05-1739-JR (D.D.C. 2006) (same, for lawful permanent resident); Hamdan v. Gonzales, No. 05-5144-TJH (JWJ) (C.D. Cal. 2006) (ordering release of former employee of Holy Land Foundation detained for alleged material support to a terrorist organization); Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006) (holding that asylum seeker could not be subject to prolonged and indefinite immigration detention as national security threat); In re Nadarajah, (BIA 2006) (granting asylum and relief under the Convention Against

Torture over claims that Mr. Nadarajah had engaged in material support of terrorist activity); Mallouk v. Obama, No. 08-2003-JR (D.D.C. 2009) (habeas petition challenging proxy detention of U.S. citizen detained by the United Arab Emirates at behest of U.S. government); Hamdan v. Gonzalez, No. 05-5144-TJH (JWJ) (C.D. Cal. 2011) (Freedom of Information Act suit regarding petitioner in Mallouk). My c.v. is attached here as Sub-Exhibit A.

4. I joined the ACLU of Southern California as a staff attorney, became the Director of Immigrants' Rights and National Security at the ACLU of Southern California in October of 2008, and became the Deputy Legal Director in February of 2011. As part of my job responsibilities, I have supervised much of the work of our office since at least October 2008.

5. With respect to the rates charged for our work, it is the practice of the ACLU of Southern California to poll attorneys working in the Los Angeles area to determine the rates they charge for individuals with different experience levels and then to set our rates accordingly. In general, we set our rates at or near the low end of the spectrum out of an abundance of caution, even though most if not all of our attorneys are more than qualified to work at the offices of the attorneys with whom we do the polling. Since I became the Deputy Legal Director, I have undertaken the task of conducting that polling for our whole office. The rates I have charged for the attorneys and paralegals billing time in this motion are based on that survey. The survey contains information from ten law offices, including other non-profit organizations, civil rights firms, and large commercial law firms that regularly do pro bono work with us.

6. I have served as lead counsel on this case since December 2007. (The lead attorney on this case at the time it was filed was my colleague Ms. Ranjana Natarajan, who has since left our office). Since that time I have supervised and coordinated the work of the other attorneys and law students in my office who worked on this case, including on the Motion for Sanctions Under Rule 11. I took

2

1  care to avoid duplicative work on the case, including on the Motion for Sanctions,
2  by dividing tasks to the extent possible.
3      7.    Three attorneys worked on the Motion for Sanctions – Sireen Sawaf,
4  Laura Moran, and I. Ms. Sawaf worked with me on the initial motion, and Ms.
5  Moran worked with me on the reply. As noted above, I graduated from Yale Law
6  School in 1999. Ms. Sawaf is a 2010 graduate of UCLA Law School who worked
7  here as a volunteer attorney for several months. Ms. Moran is a 2011 graduate of
8  Harvard Law School who is working in our office on national security issues as a
9  Radstone Public Interest Fellow. Ms. Sawaf and I are members of the California
10 Bar, while Ms. Moran has passed the bar exam and is now awaiting admission. We
11 seek $550/hour for my work, $285/hour for Ms. Sawaf's work, and $260 for Ms.
12 Moran's work. All three of these rates are comparable to or lower than that sought
13 for attorneys with similar experience in the Los Angeles area.
14      8.    It is the practice of the attorneys and other legal staff in this office to
15 keep track of their time through the use of contemporaneous timekeeping records.
16 Over the course of this litigation, the attorneys and other legal staff in our office
17 utilized a computer billing program that we use to maintain contemporaneous time
18 records of all work performed on our cases. It is the policy and regular practice of
19 the ACLU for a legal assistant to print out a billing statement that lists, among other
20 things, the hours worked on the matter, the billing rate for the person who worked
21 those hours, a total "lodestar" for each person who billed, and a cumulative lodestar
22 for the ACLU as a whole. Once this print-out is made, it is the practice of a senior
23 lawyer on the case to review the entries and note those that are duplicative,
24 improperly assigned to the matter, or otherwise not worthy of billing, and to reduce
25 or delete entries in an exercise of billing judgment. The senior lawyer who reviews
26 the bills then directs a paralegal to print out a revised statement.
27      9.    Apart from the time spent by our attorneys and other legal staff, some
28 of the work for which we typically seek compensation is performed by law students

3

and volunteer attorneys. The ACLU runs a very active program for law students, and we regularly have law student interns from various schools, including Boalt Hall (U.C. Berkeley), Columbia, Harvard, Loyola Marymount, N.Y.U., Stanford, University of Michigan, UCLA, USC, and Yale. We also have at least one law student intern from Loyola, UCLA, or USC almost every fall and spring semester. Recent graduates of these and other schools often volunteer at our office as well, typically for short periods of time, during which they assist us in all aspects of our litigation.

10. Because we do not have the financial means to obtain licenses for our timekeeping software for volunteer attorneys and students, we ask them to make timesheets, either on paper or in electronic form, for the work they perform. Attorneys review these timesheets to ensure that students and volunteer attorneys are keeping them accurately. Paralegals in our office periodically enter these time records into the computer billing program.

11. Of particulate note in this case, a substantial portion of the research for the initial motion for sanctions was performed by Ms. Sireen Sawaf, a recent graduate of UCLA Law School who was working pro bono as a volunteer attorney in our office at the time when we prepared the motion. Ms. Sawaf made timesheets for her work. It is my understanding based on my communication with her that some of her timesheets were made contemporaneously while others were based on a reconstruction of her time from the documents saved in her computer and her emails. Out of an abundance of caution, I substantially reduced (from 38.5 hours to 25 hours) the time claimed for Ms. Sawaf's research on the motion.

12. In determining the number of hours for which the ACLU would seek compensation in this matter, I exercised billing judgment to ensure that the ultimate claimed amount was reasonable. Most importantly, I chose not to seek fees for time spent researching issues that were relevant to this motion if that work was also relevant to the petition for rehearing that we filed in the Ninth Circuit. As a result,

4

we have not sought fees at this time for a large body of substantive work that was relevant to the motion, including all of the work concerning the legislative history and statutory analysis of Section 552(c). We may well seek compensation for that work at a later date, but I made the decision not to seek it now, in the context of this Motion for Sanctions, because we represented that the sanction we sought would be limited to "fees for the time spent on this Motion." I have construed that phrase narrowly in order to ensure that our billing request is reasonable.

13. In addition, I exercised billing judgment by eliminating all of the time that law students spent working on legal research projects underlying the motion and, as noted above, nearly half of the time spent by Ms. Sawaf. Although I believe that the fees I eliminated for such research are compensable, I nevertheless chose not to seek compensation for that work, out of an abundance of caution to ensure that we were billing reasonably.

14. With these reductions, the total amount we seek for fees incurred in the litigation of this Motion is $37,128. The time records for the attorneys and paralegals who worked on this motion are attached to this declaration as Sub-Exhibit B.

15. I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct. Executed this 1st day of December, 2011 in Los Angeles, California.

                                                                               s/Ahilan T. Arulanantham
                                                                              AHILAN T. ARULANANTHAM

# Sub-Exhibit A

# Ahilan T. Arulanantham

1124 Hope Street, South Pasadena, CA 91030
213.977.5211, ahilan@aclu-sc.org

**Education**

**Yale Law School**, New Haven, CT.  (J.D., June 1999)
Senior Editor, *Yale Law Journal*
Submissions Editor, *Yale Journal of Human Rights and Development*
Lowenstein Human Rights Project: Sri Lanka
*Honors*:  *Cullen* Prize (1997), Best Paper by a First-year student
   *Lemkin* Prize (1999), Best Paper in International Human Rights
   *Thomas Tang* Moot Court:  First Place, Northeast Region; Second Place, National Competition

**Oxford University**, Oxford, U.K.  (2nd B.A., *1st Class*, Philosophy, Politics and Economics, June 1996)
*Honors*: *Marshall* Scholar (1994 - 1996); *Fairbrother* Prize (1996) (Best Philosophy Paper, Lincoln College)

**Georgetown University**, Washington D.C.  (B.A., *summa cum laude*, Philosophy, June 1994)
*Honors*:   First Prize, National Debate Tournament 1992, Runner-up 1993
   Phi Beta Kappa; *Ryan* Award (1994) (Outstanding Philosophy Major)

**Experience**

Spring 2010    **Lecturer in Law, University of Chicago Law School**
Taught seminar on preventive detention in national security and immigration context.

June 2004-    **ACLU of Southern California,** (Deputy Legal Director), Los Angeles, CA
Present    National security and immigrants' rights litigation and advocacy.  Lead counsel in several Ninth Circuit and district court cases, including four class actions, several habeas petitions, and other complex terrorism-related immigration and criminal cases.
*Awards*: *California Lawyer* "Immigration Lawyer of the Year," 2007
   *Daily Journal* "Top 100 Attorneys in California," 2007, 2008, 2009
   *National Lawyers' Guild Daniel Levy Award*, Outstanding Achievement in Immigrants' Rights, 2008
   *American Immigration Lawyers' Association*, Arthur C. Helton Human Rights Award, 2010
   *Appellate Lawyer Representative* to Court of Appeals for the Ninth Circuit, 2009-2011

Sept. 2002-    **Federal Public Defender, Western District of Texas** (Assistant Federal Defender), El Paso, TX
May 2004    Represented over 150 criminal defendants in federal court, primarily in immigration and drug cases.  First or second chair in four jury trials, lead attorney in numerous sentencing hearings and other matters.

Sept. 2000-    **ACLU Immigrants' Rights Project,** (NAPIL Equal Justice Fellow), New York, NY
Sept. 2002    Interviewed and represented detained refugees. Extensive research and drafting for federal circuit and Supreme Court litigation concerning detention and judicial review issues in immigration context, including extensive work on *INS v. St. Cyr*.  Documented detention practices and conditions after 9/11 for litigation, including interviews with over 100 detainees immediately after 9/11/2001.

June 1999-    **The Honorable Stephen Reinhardt**, Ninth Circuit Court of Appeals (Law Clerk), Los Angeles, CA
June 2000    Worked on immigration, federal criminal, capital habeas, and other cases.

Spring 1999    **Capital Punishment Seminar in Advocacy** (taught by Prof. Stephen Bright), New Haven, CT
Researched and wrote memoranda on criminal procedure and federal habeas issues for capital case.

Fall 1998    **Teaching Assistant**, **Civil Procedure** (taught by Prof. William Eskridge), New Haven, CT
Tutored students in substantive law and legal writing; led discussions on course materials.

August    **Human Rights Watch**, New York, NY

| | |
|---|---|
| 1998 | Constructed legal framework for understanding corporate complicity in human rights violations (focusing on Nigeria and India); conducted detailed research for the annual review of Sri Lanka's human rights record. |
| June-July 1998 | **ACLU Immigrants' Rights Project**, San Francisco, CA<br>Composed memoranda on various issues, primarily concerning the jurisdiction-stripping provisions of the 1996 immigration laws and the relationship between post-conviction and immigration habeas corpus. |
| Sept. 1997-June 1998 | **Lowenstein International Human Rights Clinic,** New Haven, CT<br>Participated in international human rights litigation, including complex litigation research on class action issues, Alien Tort Statute, and Foreign Sovereign Immunity Act. |
| June-August 1997 | **South Asia Human Rights Documentation Centre,** New Delhi, India<br>Produced report evaluating Indian government and UNHCR treatment of Sri Lankan refugees in South India in the context of international and Indian refugee law. |
| Jan. 1996-June 1999 | **Immigration Clinic,** New Haven, CT, Student Director (Sept. 1997-June 1998)<br>Represented refugees in the political asylum application process. |

## Presentations

| | |
|---|---|
| October 2011 | *Secrecy Under the Obama Administration*, Presentation at University of California at Santa Barbara |
| May 2010 | *Detention in Immigration Cases*, Presentation to State and Federal Public Defenders, Chicago, IL |
| October 2009 | *Prolonged Immigration Detention*, Presentation for National Immigration Project of the National Lawyers' Guild, Seattle, WA |
| June 2009 | *Motions to Terminate and Suppress in Raids Cases*, Presentation for the ACLU of Arizona, Phoenix, AZ |
| October 2008 | *Defending Against National Security Charges in Removal Proceedings*, Presentation for National Immigration Project of the National Lawyers' Guild, Detroit, MI |
| October 2007 | *Advanced Evidentiary Issues in Immigration Proceedings*, Presentation for National Immigration Project of the National Lawyers' Guild, Washington, D.C. |
| October 2005 | *National Security Detainees as Political Prisoners*, Presentation for National Lawyers' Guild Conference, Portland, OR |
| October 2004 | *Due Process Issues in Terrorism-Related Civil Proceedings*, Presentation for National Lawyers' Guild at National Security Conference, Southwestern Law School, Los Angeles, CA |
| May 2004 (revised 2007) | *Analyzing Presentence Reports and Common Sentencing Issues in Illegal Reentry Cases*, (with Shari Allison and James Langell), Training Paper for Federal Public Defenders, Las Cruces, NM |
| May 2002 | *Mass Detention After September 11*, Plenary Session Presentation at Annual Meeting of ACLU of Pennsylvania, State College, PA. |
| December 2001 | *Reading the Patriot Act in Light of* St. Cyr *and* Zadvydas, Paper presented at Yale Law School Schell Center for International Human Rights, New Haven, CT. |

**Publications**

*'A Hungry Child Knows No Politics:' A Proposal for Reform of the Laws Governing Humanitarian Relief and 'Material Support' of Terrorism*, American Constitution Society Issue Brief, June 25, 2008

South Asia Human Rights Documentation Centre, *Sri Lanka: The Human Rights Tasks Ahead*, Human Rights Features (October 2002).

South Asia Human Rights Documentation Centre, *Racial Discrimination: The Record of Sri Lanka*, a Report for the World Conference Against Racism, Xenophobia and Related Intolerance (September 2001).

*Restructured Safe Havens: A Proposal for Reform of the Refugee Protection System*, 22 Human Rights Quarterly 1 (2000).

*Breaking the Rules: Wittgenstein and Legal Realism*, 107 YALE L.J. 1853 (1998).

## Significant Litigation

*Franco v. Holder*, --- F.Supp.2d ----, 2010 WL 5874537 (C.D.Cal. 2010) (in preliminary injunction filed for named representatives in class action, court ordered government to ensure legal representation for detainees with mental disabilities in removal proceedings)

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) (holding class certification warranted in action challenging prolonged immigration detention without bond hearings)

*Castellano, et al v. Napolitano*, CV 09-2281-PA-VBK (C.D. Cal. 2009) (class action challenge to detention conditions at ICE holding facility in Los Angeles) (settled with requirements to remedy violations)

*Martinez v. Gonzales*, 504 F.Supp.2d 887 (C.D. Cal. 2007) and *Casas-Castrillon v. Lockyer*, 535 F.3d 942 (9th Cir. 2007) (consolidated cases challenging government's policy of subjecting non-citizens to prolonged detention without hearings) (habeas petitions granted)

*Diouf v. Chertoff*, CV 07-3977-TJH (C.D. Cal. 2007) (challenge to government's policy of forcibly drugging non-citizens prior to removal) (government repealed the policy, case settled)

*NLG v. Chertoff*, CV 08-1000-GW (Shx) (C.D. Cal. 2008) (challenge to government policy refusing to allow workers arrested in immigration raid to consult with counsel) (settlement repealed the policy)

*In re Perez Cruz* (L.A. Imm. Ct. 2008) (removal proceedings seeking suppression of evidence obtained during worksite raid) (prevailed before immigration court, government appeal pending)

*Cerezo v. Mukasey*, 512 F.3d 1163 (9th Cir. 2008) (successful challenge to government's attempt to deport long-time lawful permanent resident for traffic-related offense) (petition granted)

*Hamdan v. Gonzales*, CV 05-5144-TJH (JWJ) (C.D. Cal. 2006) (challenge to government's detention of former employee of Holy Land Foundation for alleged material support to a terrorist organization) (petition granted, settlement permitted client to remain free)

*Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006) (challenge to government's detention and attempted deportation of refugee accused of engaging in terrorist activity) (petition granted, asylum granted)

*United States v. Omidvar*, CR 01-209(B)-RMT (C.D. Cal. 2001) (criminal prosecution of alleged supporter of Iranian group on State Department's terrorist organization list) (sentencing and appeal pending)

*Kar v. Bush, et al.*, CV 05-1348 (JR) (D.D.C. 2005) (habeas petition challenging U.S. military's detention without a hearing of a U.S. citizen accused of being an enemy combatant in Iraq) (dismissed as moot after client's release and return to the United States)

*In re Hamide and Shehadeh* (L.A. Imm. Ct. 2006) and *Barakat v. Arellano*, CV 05-8635-SVW (C.D. Cal. 2005) (a.k.a. "LA 8") (challenge to government's attempt to deport Palestinian activists for engaging in First Amendment-protected activity) (deportation proceedings terminated; naturalization granted)

# Sub-Exhibit B

| 12/1/2011 | ACLU of Southern California | |
|---|---|---|
| 2:43 PM | Pre-bill Worksheet | Page    1 |

---

## Selection Criteria

| | |
|---|---|
| Clie.Selection | Include: FBI-FOIA |
| Slip.Date | 8/8/2011 - Latest |
| Slip.Billing Status | Billable |

---

| | | | |
|---|---|---|---|
| Nickname | FBI-FOIA \| 1359 | | |
| Full Name | FBI-FOIA | | |
| Address | | | |
| Phone 1 | | Phone 2 | |
| Phone 3 | | Phone 4 | |
| In Ref To | Islamic Shura Council | | |
| Fees Arrg. | By billing value on each slip | | |
| Expense Arrg. | By billing value on each slip | | |
| Tax Profile | Exempt | | |
| Last bill | | | |
| Last charge | 11/30/2011 | | |
| Last payment | | Amount | $0.00 |

| Date<br>ID | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|
| **Timekeeper: Ahilan Arulanantham** | | | | | |
| 8/22/2011<br>64995 | ArulananthamAhilan<br>0<br>0  Talk w Sireen re sanctions motion.  Initial Review of Rule 11 text and caselaw. | 550.00 | 0.90 | 495.00 | Billable |
| 8/24/2011<br>64996 | ArulananthamAhilan<br>0<br>0  Review of memo on sanctions motion.  Then outlining motion. | 550.00 | 0.80 | 440.00 | Billable |
| 8/27/2011<br>64997 | ArulananthamAhilan<br>0<br>revising motion for sanctions, checking all underlying research, doing more research on bad faith requirement and cases sanctioning the government | 550.00 | 6.20 | 3,410.00 | Billable |
| 8/28/2011<br>64998 | ArulananthamAhilan<br>0<br>correspondence and further research re sanctions motion | 550.00 | 0.80 | 440.00 | Billable |
| 8/31/2011<br>64999 | ArulananthamAhilan<br>0<br>meet and confer w govt counsel re rule 11 motion.  Review of motion that we intend to serve on govt | 550.00 | 1.40 | 770.00 | Billable |
| 9/1/2011<br>65000 | ArulananthamAhilan<br>0<br>finalizing motion for sanctions, comprehensive line edit | 550.00 | 1.50 | 825.00 | Billable |

| 12/1/2011 2:43 PM | ACLU of Southern California Pre-bill Worksheet | | | Page 2 |

### FBI-FOIA:FBI-FOIA (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 9/19/2011 65001 | ArulananthamAhilan 0 0 Call re new DOJ reg proposal, interaction between efforts there and on Rule 11 motion. | 550.00 | 0.90 | 495.00 | Billable |
| 9/21/2011 65002 | ArulananthamAhilan 0 meet and confer for safe harbor under Rule 11. Talk w Sireen and Laura re timing for filing | 550.00 | 0.50 | 275.00 | Billable |
| 9/23/2011 65003 | ArulananthamAhilan 0 0 Prep for stip. More research on rule 11 substantive constraints on legal arguments | 550.00 | 0.60 | 330.00 | Billable |
| 9/26/2011 65004 | ArulananthamAhilan 0 0 Finalizing notice of motion, proposed order, and other ancillary issues for sanctions motion. Review of motion itself prior to filing. | 550.00 | 0.90 | 495.00 | Billable |
| 10/20/2011 65005 | ArulananthamAhilan 0 0 Talk w govt re position on their request to file response ex parte. Then research on whether our position shoudl be different on this iteration of the issue, then correspondence back. | 550.00 | 0.50 | 275.00 | Billable |
| 10/26/2011 65006 | ArulananthamAhilan 0 review of government's response, sketch of reply | 550.00 | 1.50 | 825.00 | Billable |
| 10/27/2011 65007 | ArulananthamAhilan 0 0 Outlniing Reply Brief | 550.00 | 0.80 | 440.00 | Billable |
| 11/1/2011 65008 | ArulananthamAhilan 0 0 Drafting off of outline for reply on rule 11. All sections, plus review of Laura's research on hardy dec, review of hardy dec, and research on def'n of "responsive". | 550.00 | 3.90 | 2,145.00 | Billable |
| 11/3/2011 65009 | ArulananthamAhilan 0 Comprehensive revisions to reply brief. Rewriting last section in light of govt's withdrawal of foia reg. | 550.00 | 2.00 | 1,100.00 | Billable |
| 11/4/2011 65010 | ArulananthamAhilan 0 0 Finalizing reply brief. Review of cases, further research on spot issues, comprehensive edit, restructuring b3 and b2 sections, etc. | 550.00 | 4.10 | 2,255.00 | Billable |
| 11/4/2011 65022 | ArulananthamAhilan 0 Reply ISO Sanctions Motion: format, cite check, tables, prep exhibits | 550.00 | 3.00 | 1,650.00 | Billable |

| 12/1/2011 2:43 PM | ACLU of Southern California Pre-bill Worksheet | | | | Page 3 |

### FBI-FOIA:FBI-FOIA (continued)

| Date / ID | Timekeeper / Task | Rate / Markup % | Hours / DNB Time | Amount / DNB Amt | Total |
|---|---|---|---|---|---|
| 11/11/2011 65011 | ArulananthamAhilan 0<br>0  Prep for oral argument - review of Meese memo, PFR briefing, prior motion briefing, argument transcript, Benavides, etc.  Begin to outline argument. | 550.00 | 2.60 | 1,430.00 | Billable |
| 11/14/2011 65012 | ArulananthamAhilan 0<br>0; 0  Prep for argument.  Travel to argument, then did it, then returned. | 550.00 | 4.60 | 2,530.00 | Billable |
| 11/15/2011 65013 | ArulananthamAhilan 0<br>0  checking and then editing notice of errata. | 550.00 | 0.60 | 330.00 | Billable |
| 11/29/2011 65016 | ArulananthamAhilan 0<br>0  Drafting fee dec for sanctions motion fees.  Review of timesheets. | 550.00 | 0.90 | 495.00 | Billable |
| 11/30/2011 65017 | ArulananthamAhilan 0<br>Correspondence with Sireen re her timekeeping | 550.00 | 0.10 | 55.00 | Billable |
| **Total: Ahilan Arulanantham** | | | **39.10** | | **$21,505.00** |

**Timekeeper: Christian Lebano**

| Date / ID | Timekeeper / Task | Rate | Hours | Amount | Total |
|---|---|---|---|---|---|
| 11/30/2011 65018 | ChristianLebano 0<br>Prepared attorney time reports for filing | 200.00 | 0.60 | 120.00 | Billable |
| **Total: Christian Lebano** | | | **0.60** | | **$120.00** |

**Timekeeper: Geneva Tien**

| Date / ID | Timekeeper / Task | Rate | Hours | Amount | Total |
|---|---|---|---|---|---|
| 8/25/2011 65019 | GenevaTien 0<br>research rules re filing and service of sanctions motions | 200.00 | 0.60 | 120.00 | Billable |
| 9/1/2011 65020 | GenevaTien 0<br>Sanctions Motion:  format, cite check | 200.00 | 1.50 | 300.00 | Billable |
| 9/22/2011 65024 | GenevaTien 0<br>draft joint stip re sanctions mot hrg | 200.00 | 0.35 | 70.00 | Billable |
| 9/26/2011 65021 | GenevaTien 0<br>Filing of Sanctions Motion:  draft notice of motion | 200.00 | 0.25 | 50.00 | Billable |
| 11/14/2011 65023 | GenevaTien 0<br>prep materials for sactions motion hrg | 200.00 | 0.60 | 120.00 | Billable |

| 12/1/2011 2:43 PM | ACLU of Southern California Pre-bill Worksheet | | | | Page 4 |

### FBI-FOIA:FBI-FOIA (continued)

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 11/30/2011 65025 | GenevaTien 0 Review time report for fees billing | 200.00 | 0.50 | 100.00 | Billable |
| Total: Geneva Tien | | | 3.80 | | $760.00 |

Timekeeper: Laura Moran

| Date ID | Timekeeper Task | Rate Markup % | Hours DNB Time | Amount DNB Amt | Total |
|---|---|---|---|---|---|
| 10/27/2011 64962 | LauraMoran 0 Research re: rule 11 sanctions on government's cases | 260.00 | 3.60 | 936.00 | Billable |
| 11/1/2011 64963 | LauraMoran 0 Research for Ahilan's brief, including the meaning of "responsive", reading the Hardy dec, looking up Rule 11 cases | 260.00 | 7.30 | 1,898.00 | Billable |
| 11/2/2011 64966 | LauraMoran 0 Added legal authority to arguments in Ahilan's brief | 260.00 | 0.60 | 156.00 | Billable |
| 11/2/2011 64965 | LauraMoran 0 Added legal authority to Ahilan's brief; finished up research on various Rule 11 questions. | 260.00 | 3.50 | 910.00 | Billable |
| 11/2/2011 64964 | LauraMoran 0 Read Ahilan's draft. | 260.00 | 0.50 | 130.00 | Billable |
| 11/3/2011 64968 | LauraMoran 0 Edited Ahilan's brief | 260.00 | 5.40 | 1,404.00 | Billable |
| 11/3/2011 64967 | LauraMoran 0 Read emails about congressional responses to the new DOJ foia reg; looked up timing of reg and shura court decisions | 260.00 | 0.90 | 234.00 | Billable |
| 11/4/2011 64969 | LauraMoran 0 Edited the brief, found and printed exhibits | 260.00 | 3.80 | 988.00 | Billable |
| 11/15/2011 64970 | LauraMoran 0 Drafted notice of errata; looked into rule 11 sanctioning of parties (vs sanctioning of attorneys) | 260.00 | 3.70 | 962.00 | Billable |
| Total: Laura Moran | | | 29.30 | | $7,618.00 |

| 12/1/2011<br>2:43 PM | ACLU of Southern California<br>Pre-bill Worksheet | | | Page 5 |
|---|---|---|---|---|

### FBI-FOIA:FBI-FOIA (continued)

| Date<br>ID | Timekeeper<br>Task | Rate<br>Markup % | Hours<br>DNB Time | Amount<br>DNB Amt | Total |
|---|---|---|---|---|---|

**Timekeeper: Sireen Sawaf**

| 8/8/2011<br>65075 | Sireen Sawaf<br>0<br>Research Sanctions under FRCP Rule 11 | 285.00 | 6.00 | 1,710.00 | Billable |
| 8/13/2011<br>65076 | Sireen Sawaf<br>0<br>Research Sanctions under FRCP Rule 11 & cases where court imposed sanctions for misleading the court by knowingly including false statements in a complaint and failing to conduct reasonable inquiry which resulted in presentation of false information to court | 285.00 | 4.50 | 1,282.50 | Billable |
| 8/22/2011<br>65077 | Sireen Sawaf<br>0<br>Discuss research on Rule 11 sanctions & case law with Ahilan over phone | 285.00 | 0.50 | 142.50 | Billable |
| 8/24/2011<br>65078 | Sireen Sawaf<br>0<br>Draft Memo on Rule 11 Sanctions & relevant / factually similar case law | 285.00 | 4.50 | 1,282.50 | Billable |
| 8/26/2011<br>65079 | Sireen Sawaf<br>0<br>Draft first draft of Sanctions Motion | 285.00 | 4.50 | 1,282.50 | Billable |
| 8/27/2011<br>65080 | Sireen Sawaf<br>0<br>Correspond w/Ahilan via email re Motion, particularly on whether 11b2 is offensive or defensive argument, and extract useful quotes from case (Chilcutt) to be added to Sanctions Motion | 285.00 | 2.00 | 570.00 | Billable |
| 8/28/2011<br>65081 | Sireen Sawaf<br>0<br>Correspond w/Ahilan via email re: Motion - whether bad faith is required if ct imposes sanctions via inherent power, useful languaeg from other cases, etc | 285.00 | 1.00 | 285.00 | Billable |
| 9/1/2011<br>65082 | Sireen Sawaf<br>0<br>Review final draft of Sanctions Motion to make sure all edits discussed by Ahilan and I were incorporated into motion; email Ahilan with concerns; and review Fink case to make sure bad faith is not required under R11 | 285.00 | 2.00 | 570.00 | Billable |

| Total: Sireen Sawaf | | | 25.00 | | $7,125.00 |
| TOTAL | Billable Fees | | 97.80 | | $37,128.00 |

| Total of billable expense slips | | | | | $0.00 |

FBI-FOIA:FBI-FOIA (continued)

## Calculation of Fees and Costs

|  | Amount | Total |
|---|---|---|
| **Fees Bill Arrangement: Slips** |  |  |
| By billing value on each slip. |  |  |
| Total of billable time slips | $37,128.00 |  |
| Total of Fees (Time Charges) |  | $37,128.00 |
| Total of Costs (Expense Charges) |  | $0.00 |
| Total new charges |  | $37,128.00 |
| New Balance |  |  |
| Current | $37,128.00 |  |
| Total New Balance |  | $37,128.00 |

## Timekeeper Summary

| Timekeeper | Rate | Hours | Charges | Slip Value | Adjustment |
|---|---|---|---|---|---|
| AA | 550.00 | 39.10 | $21,505.00 | $21,505.00 | 0.00 |
| LM | 260.00 | 29.30 | $7,618.00 | $7,618.00 | 0.00 |
| CCL | 200.00 | 0.60 | $120.00 | $120.00 | 0.00 |
| GT | 200.00 | 3.80 | $760.00 | $760.00 | 0.00 |
| SS | 285.00 | 25.00 | $7,125.00 | $7,125.00 | 0.00 |