UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA ET AL. <br><br> **Plaintiffs,** <br><br> vs. <br><br> FEDERAL BUREAU OF INVESTIGATION ET AL. <br><br> **Defendants.** | Case No.: SACV 07-1088-CJC(ANx) <br><br><br> ORDER GRANTING PLAINTIFFS AN AWARD OF REASONABLE ATTORNEYS' FEES IN THE AMOUNT OF $36,248 |

## I.  INTRODUCTION AND BACKGROUND

On November 17, 2011, the Court granted Plaintiffs' motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure against Defendants the Federal Bureau of Investigation (the "FBI") and the United States Department of Justice ("DOJ") (collectively, the "Government") for providing false and misleading information to the Court in pleadings, declarations, and briefs regarding the documents responsive to

Plaintiffs' request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  (Ct. Order, Dkt. No. 134, Nov. 17, 2011.)  The Court imposed monetary sanctions on the Government in the amount of reasonable attorneys' fees to Plaintiffs for bringing their motion for sanctions and ordered Plaintiffs to submit a detailed affidavit with an accounting of fees within fourteen (14) days of the Order.  (*Id.*)  Pursuant to the Court's Order, Plaintiffs filed a timely submission of attorneys' fees on December 1, 2011, in which they requested total fees in the amount of $37,128.  (Dkt. No. 135.)  The Government did not file any objections to the requested fees.  After careful review of Plaintiffs' submission papers, the Court awards Plaintiffs a total amount of $36,248 in reasonable attorneys' fees.

## II.  LEGAL STANDARD

In determining whether an award of attorneys' fees is reasonable, the lodestar method is the fundamental starting point.  *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (stating that "the 'lodestar' figure has . . . become the guiding light of [the court's] fee-shifting jurisprudence").  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.' "  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation and quotes omitted); *accord Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  The attorney's hourly rate is reasonable if it is in line with the prevailing market rate of the relevant legal community, regardless of whether a party is represented by private or nonprofit attorneys.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *see also Carson v. Billings Police Dep't.*, 470 F.3d 889, 891 (9th Cir. 2006) ("When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid" as well as "the burden to prove that the rate charged is in line with the prevailing market rate of the relevant community"

(citation and quotes omitted)); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.' " (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986))). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979. Reasonable hours expended on a case are hours that are not " 'excessive, redundant, or otherwise unnecessary.' " *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)); *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."). The lodestar figure is presumptively reasonable. *Dague*, 505 U.S. at 562 ("We have established a strong presumption that the lodestar represents the reasonable fee. . . ." (citation and quotes omitted)). Thus, adjustments to the lodestar amount are permitted only if warranted by the circumstances and are reserved for rare or exceptional cases. *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2010).

## III. DISCUSSION

The Court finds that there is sufficient evidence to justify an award of $36,248 in reasonable attorneys' fees. Plaintiffs' submission papers in support of attorneys' fees consist of a declaration by Plaintiffs' lead counsel Ahilan T. Arulanantham with the ACLU Foundation of Southern California ("ACLU") that discusses his educational background, legal experience, and role at the ACLU; the attorneys who worked on Plaintiffs' motion for sanctions and description of the tasks involved; and the ACLU's practice in polling attorneys in the Los Angeles area to determine rates for its attorneys as well as the ACLU's timekeeping and billing practices. Plaintiffs also attached as exhibits

Mr. Arulanantham's resume and a pre-bill worksheet showing the timekeepers, their hourly rate, the number of hours worked, and tasks performed.  In addition to Mr. Arulanantham, attorneys Sireen Sawaf and Laura Moran worked on Plaintiffs' motion for sanctions.  There are also two other timekeepers, Christian Lebano and Geneva Tien, who are listed on the pre-bill worksheet but are not specifically identified in Mr. Arulanantham's declaration.  Plaintiffs request a total of $37,128 in attorneys' fees in connection with their motion for sanctions.

## A.  Ahilan T. Arulanantham

Mr. Arulanantham has been Plaintiffs' lead counsel on this matter since December 2007.  (Arulanantham Decl. ¶ 6, attached as Exh. 1 to Pls.' Sub. of Fees.)  Mr. Arulanantham is a 1999 graduate of Yale Law School, a member of the Bar of the State of California, and has litigated a number of national security cases and several cases involving FOIA over the past seven years.  (*Id.* ¶¶ 2–3.)  He joined the ACLU as a staff attorney in June 2004 and is now its Deputy Legal Director.  (*Id.* ¶¶ 2, 4.)  His other relevant experience includes working as a federal public defender in the Western District of Texas for two years and as a law clerk at the Ninth Circuit Court of Appeals.  (*Id.*, Exh. A [Resume].)  Mr. Arulanantham has received a number of awards, including the *Daily Journal* "Top 100 Attorneys in California" (2007–2009).  (*Id.*)  Mr. Arulanantham's hourly rate is $\underline{$550}$.  (*Id.* ¶ 7.)  The Court finds that an hourly rate of $550 is reasonable in the Los Angeles legal market given Mr. Arulanantham's qualifications, legal experience in cases involving issues of national security and FOIA, and recognition of his skill in this state's legal community.  The Court also finds the rate reasonable in light of the ACLU's regular practice of determining its rates by polling attorneys working in the Los Angeles area with different experience level and then setting their rates at or near the low end of the spectrum.  (*Id.* ¶ 5.)  With regard to Plaintiffs' motion for sanctions, Mr. Arulanantham drafted the moving and reply papers

with Ms. Sawaf's and Ms. Moran's assistance, prepared for oral arguments, appeared at the sanctions hearing on December 5, 2011, and drafted Plaintiffs' submission papers for attorneys' fees. (*Id.*, Exh. B [Pre-Bill Worksheet], at 1–3.) Mr. Arulanantham worked a total of <u>39.10 hours</u>, which the Court finds necessary and reasonable. The lodestar figure for Mr. Arulanantham is <u>$21,505</u>, as calculated by multiplying the hourly rate ($550) times the numbers of hours worked (39.10). (*Id.*, Exh. B, at 3.) The Court finds the lodestar figure for Mr. Arulanantham to be reasonable.

**B.  Sireen Sawaf**

Ms. Sawaf did not file a separate declaration, but Mr. Arulanantham attests to the fact that she is a 2010 graduate of UCLA Law School and a member of the California bar who worked at the ACLU as a volunteer attorney for several months. (*Id.* ¶ 7.) Ms. Sawaf's hourly rate is <u>$285</u>. (*Id.*) The Court finds this rate reasonable for a junior attorney in the Los Angeles legal market given Ms. Sawaf's educational background and the nature of the work she performed. Ms. Sawaf conducted legal research, drafted legal memoranda on Rule 11, and wrote the initial draft of Plaintiffs' moving papers. (*Id.*, Exh. B, at 5.) Ms. Sawaf spent a total of <u>25 hours</u>, which the Court finds necessary, nonduplicative, and reasonable, especially given Mr. Arulanantham's review of the pre-bill and reduction of Ms. Sawaf's hours from 38.5 to 25 hours. (*Id.* ¶¶ 8, 11.) The lodestar figure for Ms. Sawaf is <u>$7,125</u>, as calculated by multiplying the hourly rate ($285) times the total hours worked (25). (*Id.*, Exh. B, at 5.) Ms. Sawaf's lodestar figure is reasonable.

**C.  Laura Moran**

Ms. Moran also did not file a separate declaration, but Mr. Arulanantham attests to the fact that she is a 2011 graduate of Harvard Law School who has been working at the

ACLU on national security issues as a Radstone Public Interest Fellow.  (*Id.* ¶ 7.)  Ms. Moran has recently passed the California bar and is awaiting admission.  (*Id.*)  Ms. Moran's hourly rate is $260.  (*Id.*)  The Court finds this rate reasonable for a recent law school graduate in the Los Angeles legal market given her educational background and the type of work she performed.  Ms. Moran assisted Mr. Arulanantham in drafting the reply brief in support of Plaintiffs' motion for sanctions by conducting research on Rule 11 sanctions cases cited by the Government, editing the reply brief, and preparing exhibits.  (*Id.*, Exh. B, at 4.)  Ms. Moran spent a total of 29.30 hours, which the Court finds necessary, nonduplicative, and reasonable.  The lodestar figure for Ms. Moran is $7,618, as calculated by multiplying the hourly rate ($260) times the total hours worked (29.30).  (*Id.*)  Ms. Moran's lodestar figure is reasonable.

### D.  Christian Lebano and Geneva Tien

The pre-bill worksheet also includes Christian Lebano and Geneva Tien as additional timekeepers.  (*Id.*, Exh. B, at 3–4.)  Mr. Lebano's hourly rate is set at $200.  (*Id.*)  Mr. Lebano spent .60 hours preparing attorney time reports, for a total lodestar of $120.  (*Id.*)  Ms. Tien's hourly rate is also set at $200.  (*Id.*)  Ms. Tien spent a total of 3.8 hours related to filing and service of the motion for sanctions, preparing materials for the December 5, 2011 hearing, and reviewing the time reports for billing, for a total lodestar of $760.  (*Id.* at 3–4.)  Mr. Lebano and Ms. Tien did not file separate declarations, and Mr. Arulanantham does not expressly identify them or discuss their experience level or qualifications in his declaration.  The type of work Mr. Lebano and Ms. Tien performed are typical of tasks performed by paralegals and do not appear duplicative or excessive.  However, although paralegal fees are generally included in an award of attorneys' fees, there is insufficient information in Plaintiffs' submission papers for this Court to determine whether their hourly rate is reasonable.  Plaintiffs thus have not met their

burden of providing sufficient evidence for an award of reasonable fees with respect to Mr. Lebano's and Ms. Tien's lodestar.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs an award of attorneys' fees as to the lodestar figure of $21,505 for Mr. Arulanantham, $7,125 for Ms. Sawaf, and $7,618 for Ms. Moran.  The Government shall pay Plaintiffs a total of $36,248 in reasonable attorneys' fees.

DATED:     December 14, 2011

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE