AHILAN ARULANANTHAM SBN 237841
aarulanantham@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 West 8th Street
Los Angeles, CA 90017
Telephone: (213) 977-5211
Facsimile: (213) 977-5297

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; and UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendants. | Case No. SA CV07-01088-CJC (ANx) <br><br> **JOINT STIPULATION FOR AN EXTENSION OF THE DEADLINE TO FILE FOR ATTORNEY'S FEES UNDER LOCAL RULE 54-12** <br><br> Honorable Cormac J. Carney |

### JOINT STIPULATION FOR AN EXTENSION OF THE DEADLINE TO FILE FOR ATTORNEY'S FEES UNDER LOCAL RULE 54-12

The parties in this case hereby stipulate and agree to extend the date on which any attorney's fees motion that Plaintiffs may file would be due.

Under this Court's local rules, any motion for attorney's fees must be filed within 14 days of the entry of final judgment or other final order.  Local Rule 54-12.  As a result, Plaintiffs believe that their Motion for Attorneys' seeking compensation for the merits of this litigation (as opposed to the sanctions order) would be currently due on February 13, 2012.[1]

However, Defendants currently have sixty days to take an appeal from the entry of judgment filed on January 30, 2012. (Dkt. No. 139.) Defendants' decision with respect to any appeal could potentially impact Plaintiffs' request for fees and the parties' litigation of it.  Therefore, in the interests of judicial economy, the parties request that Plaintiffs be relieved from the filing deadline under Local Rule 54-12. Should the Defendants not seek an appeal, Plaintiffs ask that the deadline for Plaintiffs to file a fee petition be extended until 14 days after the Defendants' time to file an appeal has expired. Should the Defendants file an appeal, Plaintiffs ask that the Court permit them to file any application for fees 14 days after final disposition of this case on appeal. *See Al-Harbi v. I.N.S.*, 284 F. 3d 1080, 1084 (9th Cir. 2002).

//
//
//
//

---

[1] While Plaintiffs recognize that the Court's ultimate order does not authorize the disclosure of any additional documents, Defendants produced a large volume of documents after Plaintiffs filed the complaint in this case.  Plaintiffs intend to argue that they are entitled to fees for having obtained these documents under a "catalyst theory" of recover.  *See* 5 U.S.C. § 552(a)(4)(E)(ii) (amending the Freedom of Information Act to explicitly authorize fee recovery under a catalyst theory).  Defendants do not concede that Plaintiffs are entitled to any fees under any potentially-applicable theory.

1

Plaintiffs do not seek a ruling on their entitlement to fees at this time, and Defendants agreement to this stipulation should not be taken as a concession as to any issue concerning any request for fees that Plaintiffs may file.

It is so stipulated.

Dated: February 9, 2012
            s/Ahilan T. Arulanantham
            AHILAN T. ARULANANTHAM
            Attorney for Plaintiffs

Dated: February 9, 2012
            s/ Marcia K. Sowles
            MARCIA K. SOWLES
            Attorney for Defendants