**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
U.S. COURTHOUSE, ROOM G8
LOS ANGELES, CALIFORNIA 90012

**OFFICIAL BUSINESS**

Case: 8:07cv1088   Doc: 155

Ranjana Nataranjan
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026

NIXIE   900261008-1N   04/02/14

RETURN TO SENDER
VACANT
UNABLE TO FORWARD
RETURN TO SENDER







Case: 8:07cv1088   Doc: 155

Ranjana Nataranjan
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, CA 90026

-------------------------------------------------------

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:ecfnef@cacd.uscourts.gov Bcc: Message-Id:<17188772@cacd.uscourts.gov>Subject:Activity in Case 8:07-cv-01088-CJC-AN Islamic Shura Council of Southern California et al v. Federal Bureau of Investigation et al USCA Order Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 3/20/2014 at 1:23 PM PDT and filed on 3/18/2014

| | |
|---|---|
| Case Name: | Islamic Shura Council of Southern California et al v. Federal Bureau of Investigation et al |
| Case Number: | 8:07-cv-01088-CJC-AN (https://ecf.cacd.uscourts.gov/cgi-bin/DktRpt.pl?397245) |
| Filer: | |
| WARNING: CASE CLOSED on 06/27/2011 | |
| Document Number: | 155 (https://ecf.cacd.uscourts.gov/doc1/031118596043?caseid=397245&de_seq_num=558&magic_num=MAGIC&pdf_toggle_possible=1) |

**Docket Text:**
ORDER from 9th CCA filed re: Notice of Appeal to 9th Circuit Court of Appeals, [142] filed by United States Department of Justice, Federal Bureau of Investigation, CCA # 12-55305. The order granting the motion for sanctions is REVERSED and the order awarding fees VACATED. Order received in this district on 3/18/14. [See document for details] (mat)

**8:07-cv-01088-CJC-AN Notice has been electronically mailed to:**
Hector O Villagra     hvillagra@aclu-sc.org
Jennifer L Pasquarella     mlopez-krulak@aclu-sc.org, jpasquarella@aclu-sc.org
Marcia Sowles     marcia.sowles@usdoj.gov
Ahilan T Arulanantham     gtien@aclu-sc.org, aarulanantham@aclu-sc.org
Thomas E Haroldson     thomas.haroldson@skadden.com
**8:07-cv-01088-CJC-AN Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**



RECEIVED
CLERK, U.S. DISTRICT COURT

3/18/14

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MAT___ DEPUTY

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISLAMIC SHURA COUNCIL OF SOUTHERN CALIFORNIA; COUNCIL ON AMERICAN ISLAMIC RELATIONS - CALIFORNIA; ISLAMIC CENTER OF SAN GABRIEL VALLEY; ISLAMIC CENTER OF HAWTHORNE; WEST COAST ISLAMIC CENTER; HUMAN ASSISTANCE AND DEVELOPMENT INTERNATIONAL, INC.; MUZAMMIL SIDDIQI; SHAKEEL SYED; HUSSAM AYLOUSH; MOHAMMED ABDUL ALEEM; RAFE HUSAIN, *Plaintiffs-Appellees*, v. FEDERAL BUREAU OF INVESTIGATION; UNITED STATES DEPARTMENT OF JUSTICE, *Defendants-Appellants*. | No. 12-55305 D.C. No. 8:07-cv-01088-CJC-AN ORDER AND OPINION |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
June 26, 2013—Seattle, Washington

2      ISLAMIC SHURA COUNCIL OF SO. CAL. V. FBI

Filed March 18, 2014

Before: Mary M. Schroeder, Richard C. Tallman, and Milan D. Smith, Jr., Circuit Judges.

Order;
Per Curiam Opinion

### SUMMARY[*]

**Sanctions/Fed. R. Civ. P. 11(c)**

The panel ordered that its opinion filed July 31, 2013 be withdrawn and filed a superseding opinion reversing the district court's order granting the Islamic Council of Southern California's motion for Federal Rule of Civil Procedure 11(c) sanctions against the Federal Bureau of Investigation.

The panel held that the sanctions order must be reversed because Shura Council served its motion after the district court decided the merits of the underlying dispute, and the motion for fees could not serve Rule 11's purpose of judicial economy. The panel noted that before Shura Council filed its motion for sanctions, the FBI had already "corrected" the challenged pleadings and provided all the additional documents it was obligated to provide under the Freedom of Information Act (FOIA) to the district court in an *in camera* proceeding. Shura Council moved for sanctions long after the district court had ruled on the adequacy of the government's

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

eventual compliance with FOIA, and *a fortiori* after it had ruled the FBI's original response had been inadequate and misleading.

## COUNSEL

Stuart F. Delery, Acting Assistant Attorney General, Andre Birotte, Jr., United States Attorney, Beth S. Brinkmann (argued), Deputy Assistant Attorney General, Michael S. Raab and Daniel Tenny, Department of Justice, Washington, D.C., for Defendants-Appellants.

Ahilan T. Arulanantham (argued), ACLU Foundation of Southern California, Los Angeles, California, for Plaintiffs-Appellees.

Clare Pastore, USC Gould School of Law, Los Angeles, California, for Amici Curiae Professors of Legal Ethics.

## ORDER

The Opinion filed July 31, 2013, slip op. 1, and appearing at 725 F.3d 1012 (9th Cir. 2013), is withdrawn. It may not be cited as precedent by or to this court or any district court of the Ninth Circuit. A superseding Opinion is being filed concurrently with this order.

The petition for panel rehearing and the petition for rehearing en banc are denied. Further petitions for rehearing and rehearing en banc shall not be entertained.

**OPINION**

PER CURIAM:

The Federal Bureau of Investigation ("FBI") appeals the district court's order granting the Islamic Shura Council of Southern California's ("Shura Council") motion for sanctions under Federal Rule of Civil Procedure 11(c). *See Islamic Shura Council of S. Cal. v. FBI*, 278 F.R.D. 538, 548 (C.D. Cal. 2011). The FBI argues that the sanctions order must be reversed because Shura Council served its motion after the district court decided the merits of the underlying dispute. We agree, and consequently reverse the district court's award of sanctions.[1]

"An appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

Rule 11 is intended to deter baseless filings in district court and imposes a duty of "reasonable inquiry" so that anything filed with the court is "well grounded in fact, legally tenable, and not interposed for any improper purpose." *Id.* at 393 (internal quotation marks omitted). A motion for

---

[1] The factual and procedural history of this case is described in the district court's order granting Shura Council's motion for sanctions. *See Islamic Shura Council*, 278 F.R.D. at 539–42; *see also Islamic Shura Council of S. Cal. v. FBI* ("*Islamic Shura Council II*"), 635 F.3d 1160, 1162–63 (9th Cir. 2011).

ISLAMIC SHURA COUNCIL OF SO. CAL. V. FBI     5

sanctions may not be filed, however, unless there is strict compliance with Rule 11's safe harbor provision. *See Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) (holding that we "enforce [Rule 11's] safe harbor provision strictly"); *see also Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (noting that "Rule 11 cases emerging in the wake of the 1993 amendments [to Rule 11] have found [compliance with] the 'safe harbor' provision to be an absolute requirement."). That provision provides that any motion for sanctions must be served on the offending party at least 21 days before the motion is filed with the court. Fed. R. Civ. P. 11(c)(2). The safe harbor provision further dictates that the motion may not be filed if the offending party timely "withdraw[s] or appropriately correct[s]" the challenged contention during the safe harbor period. *Id.*

Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it. *Id.* Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy. *See* Advisory Committee's Notes to the 1993 Amendments to Rule 11 (noting that a party may not serve a motion for Rule 11 sanctions after "judicial rejection of the offending contention"); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2 (3d ed.) (noting that one purpose of Rule 11 is to "encourag[e] the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process").

Shura Council argues that its motion complied with the safe harbor provision of Rule 11. Shura Council notes that it served its motion for sanctions on the FBI 25 days before it filed the motion with the district court. Shura Council further notes that the FBI did not change its original response to the complaint during this 25-day period. What Shura Council fails to observe, however, is that the district court had already resolved the underlying dispute at the time Shura Council filed its motion for sanctions. The FBI informed the court of the existence of additional documents after the court ordered an *in camera* proceeding. *Islamic Shura Council*, 278 F.R.D. at 541. On April 27, 2011, the district court ruled that the FBI should have told the court about these documents at the pleading stage of the litigation, when the FBI responded to Shura Council's 2007 FOIA complaint with redacted documents the FBI claimed were "outside the scope" of Shura Council's request. *Islamic Shura Council of S. Cal. v. FBI*, 779 F. Supp. 2d 1114, 1125 (C.D. Cal. 2011); *see also Islamic Shura Council II*, 635 F.3d at 1166. In the same order, the district court concluded that, in light of the FBI's *in camera* submissions, Shura Council was "not entitled to any further information regarding the Government's previous searches for documents, and that the Government need not conduct any additional searches for responsive documents." *Islamic Shura Council*, 278 F.R.D. at 542; *see also Islamic Shura Council*, 779 F. Supp. 2d at 1126. Shura Council has not appealed that determination.

Shura Council moved for sanctions on September 26, 2011, long after the district court had ruled on the adequacy of the government's eventual compliance with FOIA, and *a fortiori* after it had ruled the FBI's original response had been inadequate and misleading. *See Islamic Shura Council II*, 635 F.3d at 1163. We recognize that because of the *in*

*camera* nature of the proceedings, Shura Council could not have moved for sanctions before the inadequacy of the FBI's original response was made known to the court. Nevertheless, the motion for sanctions was made after "judicial rejection of the offending contention." Advisory Committee's Notes to the 1993 Amendments to Rule 11. The motion for sanctions should not have been granted.

The order granting the motion for sanctions is **REVERSED** and the order awarding fees **VACATED**.

Each party shall bear its own costs.